# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) <br> as Administrator and Personal ) <br> Representative of the ESTATE ) <br> OF ALBINA AGDASOVNA ) <br> SHARIFULLINA, deceased, ) <br> ) <br>     Plaintiff, ) <br> ) <br> **v.** ) <br> ) <br> **DANIEL B. SNYDER,** ) <br> ) <br>     Defendant. ) | **Case No.:** _____ |

### NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1334(b) AND 1452(a)

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), and gives notice of her removal of this action to the United States District Court for the Northern District of Alabama, Northeastern Division, from the Circuit Court of Cullman County, Alabama. As grounds for removal, Plaintiff submits the following:

**I.      INTRODUCTION**

    1.     The above-captioned lawsuit arises out of a fatal SeaDoo collision which occurred on Sunday, July 6, 2014 on Smith Lake in Cullman County, Alabama. The Plaintiff's decedent, Albina Sharifullina, was a passenger on the SeaDoo when it collided with a dock in the Sulphur Springs Slough. The Defendant, Daniel B. Snyder, was the driver and owner of the SeaDoo involved in the collision.

    2.     The Plaintiff filed her original Complaint against Daniel B. Snyder in the Circuit Court of Cullman County, Alabama on January 5, 2016. The case is styled *Marina Stewart-Magee,*

*as Administrator and Personal Representative of the Estate of Albina Sharifullina, deceased, v. Daniel B. Snyder,* Case No. 25-CV-2016-900001.

## II.     BANKRUPTCY PROCEEDING

3.     On August 18, 2021, the Defendant, Daniel B. Snyder, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, Case No. 21-01942-DSC7.

4.     The Defendant listed the Plaintiff and her attorneys, Mark Lee and Kendall Lee, as creditors in his bankruptcy petition and schedules.

5.     On August 18, 2021, the Defendant filed a Suggestion of Bankruptcy with the Circuit Court of Cullman County, advising the Court and the Plaintiff of the bankruptcy proceeding and stating that the provisions of 11 U.S.C. § 362 stayed any further action in the case.

6.     On November 10, 2021, the Plaintiff filed a Complaint against the Defendant in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, to determine the non-dischargeability of the Defendant's debt to the Plaintiff in the above-captioned lawsuit. The case number assigned to the Plaintiff's adversary proceeding is 21-00046-DSC.

## III.    REMOVAL PURSUANT TO 28 U.S.C. § 1452(a) IS PROPER BECAUSE THE ABOVE-STYLED ACTION IS RELATED TO A CASE UNDER TITLE 11 OF THE BANKRUPTCY CODE.

7.     The United States District Court for the Northern District of Alabama has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1452(a) because it is a civil proceeding that relates to a bankruptcy case under Title 11 of the Bankruptcy Code. See 28 U.S.C. §§ 1334(b), 1452(a).

8. Pursuant to 28 U.S.C. § 1452(a), a party may remove any civil claim or cause of action to the district court for the district where the claim or action is pending if the district court has jurisdiction over the claim under 28 U.S.C. § 1334. See 28 U.S.C. § 1452(a). Section 1334 establishes jurisdiction in the district court for claims that are, *inter alia,* "related to cases under title 11." 28 U.S.C. § 1334(b).

9. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Overton v. Chrysler Grp. LLC, No. 2:17-cv-01983-RDP, 2018 U.S. Dist. LEXIS 23262, at *9 (N.D. Ala. Feb. 13, 2018); Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340 (11th Cir. 1999) ("A claim is 'related to' a bankruptcy case within the meaning of § 1334(b) if it 'could conceivably have any effect' on the bankruptcy estate.").

10. The above-captioned lawsuit is related to the Defendant's pending bankruptcy proceeding because the outcome of said lawsuit could impact the Defendant and his bankruptcy estate. The Plaintiff maintains that the debt owed to her is non-dischargeable under 11 U.S.C. § 523(a)(6) and (9), and a judgment in favor of the Plaintiff will affect the Defendant's bankruptcy case.

11. The United States District Court for the Northern District of Alabama, Northeastern Division, is the United States District Court encompassing Cullman County, Alabama, where the state action is pending. See 28 U.S.C. § 81 (a)(2). Accordingly, removal to this Court is proper. See 28 U.S.C. § 1452(a).

**IV.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

12. Removal of this action is timely under Fed. R. Bankr. P. 9027(a)(2).

13. A copy of this Notice of Removal is being filed with the Circuit Court of Cullman County, Alabama, as required by Fed. R. Bankr. P. 9027(c).

14. Moreover, in accordance with Fed. R. Bankr. P. 9027(a)(1), a copy of all of the pleadings that were filed in the Circuit Court of Cullman County, Alabama are attached to this Notice as "Exhibit A: Volume 1," "Exhibit A: Volume 2," and "Exhibit A: Volume 3."

15. The Plaintiff does not consent to the entry of final orders or judgments by the bankruptcy court.

/s/ Kendall A. Lee
Mark W. Lee (ASB-4579-L59M)
Kendall A. Lee (ASB-1392-W21L)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 4th day of January, 2022, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this case:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com

/s/ Kendall A. Lee
OF COUNSEL