FILED
2022 Jan-05  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A: Volume 1

ELECTRONICALLY FILED
1/5/2016 8:53 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) <br> who sues as Administrator and ) <br> Personal Representative of the Estate ) <br> of **ALBINA AGDASOVNA** ) <br> **SHARIFULLINA, Deceased,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **DANIEL B. SNYDER;** Defendant No. ) <br> 1, being that person who was operating ) <br> the Sea Doo described in the Complaint ) <br> at the time set forth in the Complaint; ) <br> Defendants No. 2 & 3, being that ) <br> person or entity which caused or ) <br> contributed to cause the incident ) <br> described in the Complaint; Defendants ) <br> No. 4 & 5, being that person or entity ) <br> which provided alcoholic beverages to ) <br> the named Defendant in the hours ) <br> preceding the incident described in the ) <br> Complaint; All of whose true and ) <br> correct names are otherwise unknown ) <br> to Plaintiff at this time but will be ) <br> added by amendment when properly ) <br> ascertained. ) <br> ) <br> Defendants. ) | CIVIL ACTION: _____ |

## **COMPLAINT**

1.    Plaintiff, Marina Stewart-Magee is the duly appointed Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased.

2.    On or about, July 5, 2014, the Plaintiff's decedent was a passenger on a Sea Doo watercraft owned and operated by Defendant, Daniel B. Snyder. Plaintiff's decedent

1

had been the invited guest of Defendant to come to Smith Lake and visited the house of Defendant's friend on that lake that evening. Defendant had been drinking alcoholic beverages and had a blood alcohol level of 0.152 immediately after the incident made the basis of this suit and was greatly in excess of the level of legal intoxication.

3.     Defendant had visited the lake house of one of his friends, Jeffrey Hunter Whitlock, where he stayed from 6:30 p.m. until after 10:00 p.m. When the Defendant was about to leave on his Sea Doo with Plaintiff's decedent, Jeffrey Hunter Whitlock (along with others) told Defendant that it was dangerous and illegal to ride his Sea Doo at night under the dark conditions at Smith Lake. Whitlock offered to drive Defendant and Plaintiff's decedent to Defendant's cabin cruiser boat he kept at another location to sleep for the night. Defendant declined that offer and advice and told Whitlock "It's not very far and I have lights I can put on my Sea Doo." Defendant then left on the Sea Doo into the dark night on that lake in an intoxicated and impaired condition with Plaintiff's decedent as his passenger.

4.     At some point near midnight, the Defendant's Sea Doo was seen by John Barnes by its lights travelling in an erratic fashion at a high rate of speed. It then came to an abrupt stop with a loud noise as it struck a dock in the slew. Defendant was found slumped over a stabilizing cable for the dock. The body of the Plaintiff's decedent was not found until sometime later. Plaintiff's decedent died on July 6, 2014, from the injuries suffered in this collision of Defendant's Sea Doo with the dock.

5.     Plaintiff avers that Defendant, Snyder, was negligent in the operation of the Sea Doo in an intoxicated, impaired condition on a dark night on Smith Lake when

2

visibility would be difficult for even a completely sober operator. Defendant was negligent in operating her Sea Doo in this situation and at erratic and high speed under an impaired condition and in severe darkness. Defendant's negligence placed the life of plaintiff's decedent in risk and that risk became reality when the Sea Doo struck the dock as described above. As a proximate consequence of Defendant, Snyder's negligence, the Plaintiff's decedent was so injured that she died on July 6, 2014.

6.      Plaintiff further avers that at the same time and place set forth above, Defendant Synder was guilty of wanton misconduct which proximately caused the death of Plaintiff's decedent. Defendant consciously and callously declined offers to be driven to his boat with the Plaintiff's decedent and despite good advice to the contrary decided to operate his Sea Doo in an intoxicated and impaired condition on an extremely dark night and at erratic movements and high speed while Plaintiff's decedent was his passenger. Such conduct was willful and conscious even though impaired by alcohol and poor judgment under all of these attendant circumstances as set forth above. As a proximate consequence thereof, Plaintiff's decedent was so injured that she died on July 6, 2014.

Wherefore, Plaintiff demands judgment against Defendants, separately and severally, in such sums as a jury may assess after a full and fair consideration of the facts.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

3

**Plaintiff demands trial by struck jury on all issues raised herein.**

Stephen D. Heninger (HEN007)

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 326-3336
Facsimile:   (205) 326-3332
E-mail:   Steve@hgdlawfirm.com

**Plaintiff's Address:**

4104 Melanie Drive
Moody, Alabama 35004

**Serve Defendant via Certified Mail**

DANIEL B. SNYDER
84 Blue Sky Drive
Lacey Springs, Alabama 35754

ELECTRONICALLY FILED
1/5/2016 8:53 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: _____ |
| | ) | |
| **DANIEL B. SNYDER;** Defendant No. | ) | |
| 1, being that person who was operating | ) | |
| the Sea Doo described in the Complaint | ) | |
| at the time set forth in the Complaint; | ) | |
| Defendants No. 2 & 3, being that | ) | |
| person or entity which caused or | ) | |
| contributed to cause the incident | ) | |
| described in the Complaint; Defendants | ) | |
| No. 4 & 5, being that person or entity | ) | |
| which provided alcoholic beverages to | ) | |
| the named Defendant in the hours | ) | |
| preceding the incident described in the | ) | |
| Complaint; All of whose true and | ) | |
| correct names are otherwise unknown | ) | |
| to Plaintiff at this time but will be | ) | |
| added by amendment when properly | ) | |
| ascertained. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff and pursuant to Rule 33 A.R.C.P. requests Defendant to

answer the following Interrogatories within the time and manner prescribed by law:

1.     When did you meet with Plaintiff's decedent on July 5, 2014 and where?

2.     When did you first have Plaintiff's decedent on your Sea Doo on July 5, 2014?

1

3.      Please describe everything you did with Plaintiff's decedent in chronological order for July 5, 2014?

4.      Please state what type of alcoholic beverages you drank and the quantity for July 5, 2014.

5.      Please list every house you visited on Smith Lake on July 5, 2014, by stating the names of the owners and the purposes of the visits and times.

6.      Did Jeffrey Hunter Whitlock offer to give you and Plaintiff's decedent a ride to your boat so you wouldn't go from his house on your Sea Doo after 10 p.m. on July 5, 2014?

7.      Who was driving your Sea Doo as you left the Whitlock house?

8.      What was your destination?

9.      Had you operated your Sea Doo on that route from the Whitlock house before?

10.     What was the appropriate distance from the Whitlock house to your boat at Smith Lake?

11.     Where was your boat kept on July 5, 2014?

12.     Did you see the dock where the collision occurred before the collision on July 5, 2014? If not, please explain why not

13.     Please describe how the collision made the basis of this suit occurred.

14.     What was the top speed potential for your Sea Doo?

15.     How fast were you going just prior to the collision?

16.     Do you contend that Plaintiff's decedent was operating your Sea Doo at the time of this collision?

17.     Had Plaintiff's decedent ever operated your Sea Doo?

18.     Why did you decline Jeffrey Whitlock's offer to drive you to your boat?

19.    Do you contend that Plaintiff's decedent did or failed to do anything that caused or contributed to cause her death? If so, please state in detail the basis for this contention.

20.    Were you familiar with the specific area where the dock was located and the collision occurred?

21.    Where are you currently employed?

22.    Where did you drink alcoholic beverages on July 5, 2015, at Smith Lake?

23.    Did Plaintiff's decedent have any alcoholic beverages? If so, how much and where.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1ˢᵗ Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:       Steve@hgdlawfirm.com

**SERVE WITH PLAINTIFF'S COMPLAINT**

3

ELECTRONICALLY FILED
1/5/2016 8:53 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** who sues as Administrator and Personal Representative of the Estate of **ALBINA AGDASOVNA SHARIFULLINA, Deceased,** | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION: _____ |
| **DANIEL B. SNYDER;** Defendant No. 1, being that person who was operating the Sea Doo described in the Complaint at the time set forth in the Complaint; Defendants No. 2 & 3, being that person or entity which caused or contributed to cause the incident described in the Complaint; Defendants No. 4 & 5, being that person or entity which provided alcoholic beverages to the named Defendant in the hours preceding the incident described in the Complaint; All of whose true and correct names are otherwise unknown to Plaintiff at this time but will be added by amendment when properly ascertained. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT

COMES NOW the Plaintiff and pursuant to Rule 34 A.R.C.P. requests Defendant to produce and permit inspection and/or copying of the following items within the time and manner prescribed by law:

1.　　All photographs of the Sea Doo made the basis of this suit.

1

2.    All photographs of the boat you kept at Smith Lake in 2014.

3.    All cell phone text messages for the month of July 2014.

4.    All medical records regarding any injury you sustained in the incident made the basis of this suit.

5.    All photographs whether on cell phone or otherwise of this Defendant and/or Plaintiff's decedent taken at Smith Lake at any time before the incident made the basis of this suit.

6.    A copy of your boating license for 2014.

7.    All emails, text messages or correspondence of any type between Defendant and Plaintiff's decedent during the year 2014.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:        Steve@hgdlawfirm.com

**SERVE WITH PLAINTIFF'S COMPLAINT**

2

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 25-CV-2016-900001.00 |
| Form C-34   Rev 6/88 | | |

## IN THE CIRCUIT COURT OF CULLMAN COUNTY
## MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

NOTICE TO  DANIEL B. SNYDER, 84 BLUE SKY DRIVE, LACEY SPRINGS, AL 35754

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION
TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS
COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE
OPPOSING PARTY'S ATTORNEY STEPHEN DON HENINGER

WHOSE ADDRESS IS P. O. BOX 11310, BIRMINGHAM, AL 35202

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO
YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of
pursuant to the Alabama Rules of the Civil Procedure
Date  1/5/2016 8:54:11 AM   /s/ LISA MCSWAIN

Clerk/Register

500 2ND AVENUE SW, ROOM 303

CULLMAN, AL 35055

MARINA STEWART-MAGEE, WHO
SUES AS ADMINISTRATOR AND
PERSONAL REPRESENTATIVE OF THE
ESTATE OF ALBINA AGDASOVNA
SHARIFULLINA, DECEASED

☑ Certified Mail is hereby requested   /s/ STEPHEN DON HENINGER

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____

Date _____   Server's Signature _____

Type of Server _____   Server's Printed Name _____

25-CV-2016-
MARINA STEWART-MAGEE, WHO SUES AS AD

C001 - MARINA STEWART-MAGEE, WHO SUES AS
ADMINISTRATOR AND PERSONAL REPRESEN
THE ESTATE OF ALBINA AGDASOV
DECEASED

v.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

25-CV-900001 DSE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required       $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$   1.18

Sent To  Daniel Snyder

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

## SERVICE RETURN

DOCUMENT 1

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Daniel B. Snyder
84 Blue Sky Drive
Lacey Springs, AL 35754
CV16-900001    D001

9590 9403 0397 5163 3892 14

2. Article Number (Transfer from service label)

7015 0640 0005 6734 7375

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Ronald M Snyder   1-7-16

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**FILED IN OFFICE**

**JAN 11 2016**

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

UNITED STATES POSTAL SERVICE

AL 350

'07 JAN '16

PM 1 1

<table>
<tr><td>First-Class Mail</td></tr>
<tr><td>Postage & Fees Paid</td></tr>
<tr><td>USPS</td></tr>
<tr><td>Permit No. G-10</td></tr>
</table>

● Sender: Please print your name, address, and ZIP+4® in this box●

**LISA McSWAIN, CIRCUIT CLERK**
**500 2ND AVE SW – ROOM 303**
**CULLMAN, AL 35055-4137**

**USPS TRACKING#**

9590 9403 0397 5163 3892 14

ELECTRONICALLY FILED
1/28/2016 9:49 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGGE,  ) | |
| Who sues as Administrator and  ) | |
| Personal Representative of the Estate of  ) | |
| ALBINA AGDASOVNA  ) | |
| SHARIFULLINA, Deceased,  ) | |
| ) | |
| **Plaintiff,**  ) | **Case No.:  CV 16-900001** |
| ) | |
| **v.**  ) | |
| ) | |
| DANIEL B. SNYDER,  ) | |
| ) | |
| **Defendant.**  ) | |

## MOTION TO STAY PROCEEDINGS AS TO DANIEL B. SNYDER

COMES NOW the Defendant Daniel B. Snyder (hereinafter "Snyder") and requests this Honorable Court to stay all proceedings in this matter as to him.  As grounds in support of this motion, Snyder states as follows:

1.      On January 5, 2016, Plaintiff filed suit against Snyder alleging a cause of action for the wrongful death of Albina Agdasovna Sharifullina.  The complaint arises out of a series of events that occurred on July 5, 2014, when Sharifullina was killed in a jet ski accident on Smith Lake in Cullman County, Alabama.

2.      The complaint alleges Snyder was guilty of negligent and wanton conduct by operating the jet ski in an intoxicated and impaired condition, and operating the jet ski at an excessive speed in severe darkness.  The complaint asserts Snyder's alleged negligent and wanton conduct caused the death of Sharifullina.

3.      Snyder is aware that the Cullman County District Attorney investigated the incident to determine if an indictment and criminal charges against Snyder would be pursued.  To date, no such indictment or charges have been sought but there has been no confirmation that none will be

1

forthcoming.  There is no statute of limitations for murder or manslaughter charges, so an indictment or charges could conceivably come at a later date.

4.      Based upon the allegations of the Plaintiff's complaint, Snyder suffers a reasonable apprehension that he cannot defend himself in this suit without surrendering his constitutionality protected privilege against self-incrimination.  Snyder's privilege against self-incrimination will be violated unless this Court grants the relief requested.

5.      Snyder seeks this stay as to all proceedings against him pursuant to *Alabama Rule of Civil Procedure* 26(b)(1) which states, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ."  Furthermore, Snyder asserts that any testimony he might give through discovery could be used against him at a possible criminal trial, thus depriving Snyder of his Fifth Amendment right against self-incrimination.  See U.S. CONST. amend. V; see also Wehling v. Columbia Broadcasting Sys., 608 F.2d 1084, 1086 (5th Cir. 1979) citing Lefkowitz v. Cunningham, 431 U.S. 801, 805 (1977); McCarthy v. Arndstein, 266 U.S. 34, 40 (1924).  The right and ability to assert the Fifth Amendment privilege against self-incrimination exists in a civil proceeding equally as it does in a criminal proceeding.  Wehling, 608 F.2d at 1086; citing Lefkowitz, 431 U.S. at 805; McCarthy, 266 U.S. at 40, 45; see also *Ex parte* Ebbers, 871 So. 2d 776 (Ala. 2003).

5.      In *Ex parte* Ebbers, the Supreme Court of Alabama undertook a lengthy discussion of the eight factors Federal Courts around the country consider in determining whether or not a civil action should be stayed as to a defendant currently under criminal indictment or threatened with criminal indictment.  *Ex parte* Ebbers, 871 So. 2d at 789-90.

      1.      The interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation. Federal Savings & Loan Ins. Corp. v. Molinaro, 889 F.2d 899 (9th Cir. 1989); United States v. Private Sanitation Indus.

Ass'n of Nassau/Suffolk, Inc., 811 F.Supp 802 (E.D.N.Y. 1992)("PSI"); International Business Machines v. Brown, 857 F. Supp 1384 (C.D. Cal. 1994)("IBM"); Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134 (S.D.N.Y. 1995) ("Trustees"); Jackson v. Johnson, 985 F.Supp. 422 (S.D.N.Y. 1997); Federal Trade Comm'n v. J.K. Publ'ns, Inc., 99 F.Supp. 2d 1176 (C.D. Cal. 2000) ("FTC"); Morris v. American Fed'n of State, County & Municipal Employees (No. 66 Civ. 5125)(S.D.N.Y. February 9, 2001)(not published in F.Supp); Sterling Nat'l Bank v. A-1 Hotels, Int'l, Inc., 175 F. Supp. 2d 573 (S.D.N.Y. 2001); Public Credit Corp. v. Autorino (No. Civ.399CV286)(D.Conn. 2001)(not published in F.Supp); and WorldCom Litigation, supra.

2. The private interest of the defendant and the burden that any particular aspect of the proceedings may impose on the defendant. Molinaro, PSI, IBM, Jackson, FTC, Morris, Sterling, and WorldCom Litigation.

3. The extent to which the defendant's Fifth Amendment rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case. Molinaro, IBM, Trustees, Sterling, and WorldCom Litigation.

4. The convenience of the court in the management of its cases, and the efficient use of the judicial resources. Molinaro, PSI, IBM, Trustees, FTC, Morris, Sterling, Public Credit, and WorldCom Litigation.

5. The interest of the persons not parties to the civil litigation. Molinaro, PSI, Jackson, FTC, Morris, Sterling, and Public Credit.

6. The interest of the public in the pending civil and criminal litigation. Molinaro, PSI, Trustees, Jackson, Morris, Sterling, Public Credit and WorldCom Litigation.

7. The status of the criminal case, including whether the party moving for the stay has been indicted. Trustees, Morris, PSI, Sterling, Public Credit, and WorldCom Litigation.

8. The timing of the motion to stay. Public Credit.

*Ex parte* Ebbers, 871 So. 2d at 789-90.

6.      In reviewing the eight factors the Federal Courts routinely look at in determining whether a court should stay proceedings against a civil defendant when the defendant has been indicted criminally or is threatened with criminal indictment, the Supreme Court of Alabama determined that the trial court abused its discretion in not granting the defendant the requested

3

stay, even though the defendant had not been charged criminally and was only under the threat of criminal indictment. *Ex parte* Ebbers, 871 So. 2d at 796.

7.     In the instant action, Snyder has not been indicted or criminally charged but could possibly be indicted or charged in the future. Although it is undersigned counsel's understanding the District Attorney is not seeking an indictment there has been no confirmation that charges will not be brought at a later date.

8.     In reviewing the eight factors, Snyder acknowledges that the Plaintiff has an interest in proceeding expeditiously with the civil litigation.   In this litigation, however, Snyder is entitled to invoke his Fifth Amendment rights against self-incrimination.

9.     With regards to factor number two, Snyder has a strong interest in seeing the civil case against him stayed until such time as the potential criminal matter is resolved.  Otherwise, Snyder faces undue prejudice by being forced to testify in the civil matter.  Any testimony Snyder gives in the civil case could be used against him in a potential criminal case.  Further, if Snyder is forced to exercise his right against incrimination in a deposition in this case, he will effectively forfeit this action by prejudicing his ability to fight the plaintiff's allegations. Ebbers, at 791.

10.     The third factor is also applicable to Snyder as the issues in the criminal case overlap those in the instant matter.  Both cases arise out of an incident occurring on July 5, 2014 in Cullman County, Alabama in which Albina Agdasovna Sharifullina was killed in a jet ski accident on Smith Lake.  Any testimony Snyder might give in the civil case could be used against him.  Furthermore, it is recognized that Snyder's silence or his assertion of his Fifth Amendment rights could be used against him in the civil action, allowing an inference of guilt to be drawn by the jury in the civil case. Baxter v. Palmigiano, 425 U.S. 308, 318-19 (1976).

11.     With regards to the fourth factor, staying this action against Snyder should not inconvenience the Court in the management of its cases or in the efficient use of judicial resources. "When state concerns for judicial economy conflict with federal constitutional rights, the state concerns must give way."  *Ex parte* White, 551 So. 2d 923 (Ala. 1989).  The interests of justice dictate a stay as to Snyder.

12.     The fifth factor, the interest of persons not parties to the civil litigation, is not applicable to this case as Snyder is unaware of the interest of any persons that are not parties to the civil litigation.

13.     With regards to the sixth factor, the fact no charges have been brought at this time would seem to make this factor moot as there is no possible interest in a criminal action.

14.     As to factor number seven, Snyder has not been charged criminally and there has been no indictment.  However, there is nothing preventing an indictment in the future as there is no statute of limitation on potential charges of murder or manslaughter.

15.     Finally, Snyder has filed this motion to stay early in the discovery process of the civil case so as not to prejudice any of the parties.

16.     Snyder's Fifth Amendment right against self incrimination will be threatened by the civil proceedings.  "To sustain a parties Fifth Amendment right against self incrimination 'it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.' "  Rawls, at *6; quoting Baugh, 530 So. 2d at 241; quoting Hoffman v. United States, 341 U.S. 479, 486, 71 S. Ct. 814, 95 L. Ed. 1118 (1951).

17.     In reaching its decision, the court noted the differences in allowable discovery in civil proceedings and criminal proceedings.

In <u>Ex Parte Coastal Training, supra</u>, this Court discussed the differing nature of discovery in civil and criminal proceedings. The scope of civil discovery is broad, requiring almost complete disclosure; criminal discovery, on the other hand, is much more restricted. Allowing civil discovery to proceed while a criminal case is pending may allow the prosecution in the criminal case to use the broad scope of civil discovery to its advantage. <u>Coastal Training</u>.

This Court has also found that a moving party's Fifth Amendment right against self-incrimination is threatened when a court requires the party to participate in a deposition or a trial, allowing the party to remain quiet only for specific questions that may incriminate him or her. In <u>Coastal Training</u>, this Court discussed the dangers of allowing a defendant to remain quiet only for specific questions, including the possibility of a criminal investigator's being "planted" at the deposition in the civil proceeding, the possibility that the defendant could reveal the weak points of the case to a prosecutor by what he or she refuses to answer, and the opportunity for a prosecutor to conduct a point by point review of the case to find a " 'link in the chain of evidence'" that would lead to the defendant' s conviction. <u>583 So. 2d at 981</u> (quoting <u>Hoffman v. United States</u>, 341 U.S. at 486, 71 S. Ct. 814). Because of these dangers, it may be necessary to stay the civil proceedings in order for the defendant's Fifth Amendment rights to be protected.

<u>Rawls</u>, at *6.

18.    Any discovery sought from Snyder could possibly be used against Snyder in the criminal proceeding.

19.    If discovery is allowed to go forward as to Snyder, Snyder's Fifth Amendment rights will not just be threatened but will be fully compromised.    As such, this Court must stay all discovery as to Snyder.

20.    Finally, this Court must determine whether Snyder's Fifth Amendment rights outweigh the potential prejudice to the Plaintiff in the instant action. Clearly Snyder's Fifth Amendment rights will be prejudiced if the stay is not granted. The Supreme Court of Alabama in <u>Rawls</u>, discussed the eight factors previously espoused in <u>*Ex parte* Ebbers</u>, *supra*, that are to be used in determining prejudice.

21.    Requiring Snyder to sit for his deposition, or allow any discovery to proceed against Snyder, not knowing if criminal charges will be pursued requires Snyder to choose between his

Fifth Amendment right or participate fully in his defense of the civil proceeding. See <u>Dinkel</u>, at

*4. Either way, it requires Snyder to surrender one constitutional right in order to assert another,

something that is not looked at with approval. <u>Dinkel</u>, at *4; quoting <u>Baugh</u>, 530 So. 2d at 242;

quoting <u>Wehling</u>, 608 F.2d at 1088.

WHEREFORE, PREMISES CONSIDERED, Snyder respectfully requests this Honorable

Court enter an order staying these civil proceedings, including discovery propounded on Snyder,

as it pertains to Dewayne Snyder.

<u>/s/ Daniel S. Wolter</u>
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 983-6334 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2016, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Stephen D. Heninger
Heninger, Garrison, Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

/s/ Daniel S. Wolter
OF COUNSEL

ELECTRONICALLY FILED
1/28/2016 2:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, | ) |
| who sues as Administrator and | ) |
| Personal Representative of the Estate | ) |
| of **ALBINA AGDASOVNA** | ) |
| **SHARIFULLINA, Deceased,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **DANIEL B. SNYDER** | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION: CV 16-900001

## <u>PLAINTIFF'S OBJECTION TO MOTION TO STAY</u>

Defendant, Daniel B. Snyder, has filed a Motion to Stay this case alleging wrongful death. This attorney met with the District Attorney of Cullman County in December 2015 and was informed that the District Attorney was not going to pursue criminal charges against the Defendant or seek an indictment. The family of the decedent was present at this meeting. We were informed that no formal statement is even issued saying charges will not be pursued or announcing closure of the file but that was his decision to not go forward. We informed the DA that we would be pursuing a civil case and would subpoena his file and he stated he understood that while the DA's office was not saying the Defendant was innocent that his office would not pursue an indictment.

The motion filed by the Defendant does not reveal any threat of criminal indictment but simply says there could be such charge in the future. This hollow assertion does not support a stay of these proceedings. The Alabama Supreme Court has stated that while actual criminal charges are not necessary to justify the assertion of the Fifth Amendment privilege against self-incrimination, the party moving for a stay of a civil action must: "…clearly demonstrate to the

1

trial judge that a party is the subject of an ongoing and overlapping criminal investigation." *Ex Parte* Ebbers, 871 So.2d 776, 785 (Ala. 2003) It is for the trial court to determine whether a party's apprehension of a risk of self-incrimination is reasonable and well formed. Supra at p. 787.

There is no such showing here since the DA has closed his investigation and nothing to the contrary has been shown.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama  35203
Telephone:      (205) 326-3336
Facsimile:       (205) 326-3332
E-mail:           Steve@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing, upon all counsel, as listed below, via the AlaFile system on the 28th day of January, 2016.

Daniel S. Wolter, Esq.
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama  35223

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

ELECTRONICALLY FILED
1/29/2016 11:39 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA           AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                              )
                                        )
V.                                      ) Case No.:    CV-2016-900001.00
                                        )
SNYDER DANIEL B.,                       )
Defendant.                              )

## ORDER

Defendant's Motion To Stay, along with Objection filed herein on behalf of Plaintiff, shall be heard on the Court's Civil Motion Docket at **9:00 a.m. on the 16th day of March, 2016.**

The Court requests that a representative of the District Attorney's Office attend.  **The Clerk shall serve a copy of this Order upon the District Attorney.**

**DONE this 29th day of January, 2016.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/16/2016 11:25 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| ALBINA  AGDASOVNA  SHARIFULLINA, DECEASED MARINA STE, <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| V. | ) Case No.:    CV-2016-900001.00 <br> ) |
| SNYDER DANIEL B., <br> Defendant. | ) <br> ) <br> ) |

## ORDER

This case came before the Court on today's date for hearing on Defendant's Motion to Stay Discovery and the Plaintiff's Objection thereto.  Appearing in open Court were Attorneys Stephen Heninger, Daniel Wolter, Steve Griffith and District Attorney Wilson Blaylock.

After discussion, the attorneys announced to the Court it had been agreed that the attorneys would prepare an Order for this Court's electronic signature.  Same shall be filed through the Proposed Order Queue within ten days.

**DONE this 16th day of March, 2016.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| ALBINA AGDASOVNA | | |
| SHARIFULLINA, DECEASED | ) | |
| MARINA STE | | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2016-900001.00 |
| | ) | |
| SNYDER DANIEL B. | ) | |
| Defendant. | ) | |

**Records Under Se**

ORDER

Before the Court is the Motion to Stay Proceedings filed on behalf of Daniel Snyder.  The Court has been informed that there has been an agreement reached between the parties.  Pursuant to that agreement, any discovery filed on behalf of Daniel Snyder will be done "under seal."  Further, the deposition of Daniel Snyder will be taken "under seal."  Any motions, briefs, pleadings or other filings with any discovery and/or deposition excerpts attached or cited must be filed "under seal."  Plaintiff has agreed that she will not present any discovery provided by Daniel Snyder, the deposition of Daniel Snyder, or any documents filed "under seal" to the District Attorney for Cullman County, Alabama for any reason.  Based upon these agreements, the motion to stay proceedings is DENIED and discovery will proceed pursuant to this Order.


_____                          Honorable Martha Williams

Circuit Court Judge

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]

_____

CIRCUIT JUDGE

PROPOSED ORDER

ELECTRONICALLY FILED
4/6/2016 11:12 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA                      AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                                )
                                          )
V.                                        ) Case No.:    CV-2016-900001.00
                                          )
SNYDER DANIEL B.,                         )
Defendant.                                )

## ORDER

Before the Court is the Motion to Stay Proceedings filed on behalf of Daniel Snyder.  The Court has been informed that there has been an agreement reached between the parties.  Pursuant to that agreement, any discovery filed on behalf of Daniel Snyder will be done "under seal." Further, the deposition of Daniel Snyder will be taken "under seal."  Any motions, briefs, pleadings or other filings with any discovery and/or deposition excerpts attached or cited must be filed "under seal."  Plaintiff has agreed that she will not present any discovery provided by Daniel Snyder, the deposition of Daniel Snyder, or any documents filed "under seal" to the District Attorney for Cullman County, Alabama for any reason. Based upon these agreements, the motion to stay proceedings is DENIED and discovery will proceed pursuant to this Order.

**DONE this 6th day of April, 2016.**

                                        **/s/ MARTHA E. WILLIAMS**
                                        **CIRCUIT JUDGE**

ELECTRONICALLY FILED
4/7/2016 2:52 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGGE,** ) | |
| **Who sues as Administrator and** ) | |
| **Personal Representative of the Estate of** ) | |
| **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.:  CV 16-900001** |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

COMES NOW Daniel B. Snyder ("Snyder") and responds to plaintiff's complaint as follows:

### FIRST DEFENSE

Snyder pleads not guilty.

### SECOND DEFENSE

Snyder denies each and every material allegation of the complaint and demands strict proof thereof.

### THIRD DEFENSE

Snyder denies that he acted negligently on the occasion described in the plaintiff's complaint.

### FOURTH DEFENSE

Snyder pleads the affirmative defense of contributory negligence on the part of the decedent caused her death.

### FIFTH DEFENSE

Snyder denies committing any willful or wanton conduct.

## SIXTH DEFENSE

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So.2d 223 (Ala. 2000), as an affirmative defense.  Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## SEVENTH DEFENSE

Snyder asserts the defenses of collateral estopell, laches, accord, satisfaction.

## EIGHTH DEFENSE

This Defendant asserts that they are entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, with or not named herein, pursuant to Williams v. Colquitt, 272 Ala.577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## NINTH DEFENSE

Snyder denies he breached any duty to the decedent.

## TENTH DEFENSE

Snyder avers that there is no causal connection or relationship between any alleged negligence on the part of the defendant and the decedent's death.

## ELEVENTH DEFENSE

Snyder asserts the defense of assumption of the risk on the part of decedent.

## TWELFTH DEFENSE

Snyder denies the decedent's death was caused by any act or omission by Snyder.

## THIRTEENTH DEFENSE

Snyder pleads any other matter constituting avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this Answer to include any such avoidance or affirmative defense as they may become known or available.

## **FOURTEENTH DEFENSE**

With regard to punitive damages, this defendant pleads the following punitive damages defenses:

1.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.     It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

3

g.     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon  civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     Plaintiff's attempt to impose punitive or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct by  others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.     The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## FIFTEENTH DEFENSE

Snyder reserves the right to amend his answer as future discovery may dictate.

/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 983-6334 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2016, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Stephen D. Heninger
Heninger, Garrison, Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

/s/ Daniel S. Wolter_____
OF COUNSEL

DOCUMENT 24

ELECTRONICALLY FILED
6/9/2016 11:22 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
| | ) | |
| **DANIEL B. SNYDER** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

PLEASE TAKE NOTICE that the undersigned has this date served on counsel for

all parties the following:

(X)     Plaintiff's Notice of Taking Deposition of Daniel B. Snyder ("Under
Seal")

s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN-007)

Attorney for Plaintiff

<u>**OF COUNSEL:**</u>

**HENINGER GARRISON DAVIS, LLC**
P. O. Box 11310
Birmingham, Alabama  35202
Telephone:     (205) 326-3336
Facsimile:      (205) 326-3332
E-mail:    Steve@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon all counsel of

record, as listed below, via the AlaFile system, on the 9th day of June, 2016.

Daniel S. Wolter, Esq.
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama  35223


                              s/ Stephen D. Heninger
                              STEPHEN D. HENINGER (HEN-007)

ELECTRONICALLY FILED
4/8/2019 10:41 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| **as Administrator and Personal** ) | |
| **Representative of the ESTATE** ) | |
| **OF ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, deceased,** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | **CV-2016-900001** |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS
OF DEFENDANTS JEFF AND HUNTER WHITLOCK**

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased**, pursuant to Rule 37 of the Alabama Rules of Civil Procedure, and respectfully moves this Honorable Court to enter an Order compelling Defendants Jeffery Howard Whitlock ("Jeff Whitlock") and Jeffery Hunter Whitlock ("Hunter Whitlock") to appear and give testimony at a deposition within 30 days. As grounds for said Motion, Plaintiff submits the following:

1.     The above-captioned lawsuit arises out of a fatal SeaDoo collision which occurred in the early morning hours of Sunday, July 6, 2014 on Smith Lake in Cullman, Alabama. The Plaintiff's decedent, Albina Sharifullina, was a passenger on the SeaDoo with Daniel Snyder, the owner and driver of the SeaDoo, when it collided into a dock on the lake. Plaintiff's decedent was ejected from the SeaDoo upon impact and died of blunt force trauma.

2.     On January 5, 2016, Plaintiff Marina Stewart-Magee filed a Complaint against Daniel Snyder and Fictitious Defendants "1" through "5," seeking damages for the wrongful death

of her daughter, Albina Sharifullina. <u>See</u> Doc. 2, Plaintiff's Complaint.[1]

3.    On July 12, 2018, Plaintiff amended her original Complaint to substitute and add Jeff and Hunter Whitlock for Fictitious Defendants "2" through "5." <u>See</u> Doc. 162, Plaintiff's First Amended Complaint. Plaintiff alleges, *inter alia,* that Jeff and Hunter Whitlock voluntarily assumed and undertook a duty to protect the Plaintiff's decedent ("Albina") from the negligent, reckless, and wanton conduct of Defendant Daniel Snyder ("Snyder") and to warn Albina of the risks associated with traveling on a SeaDoo with Snyder in the dark. <u>Id.</u> at ¶ 14. Plaintiff further alleges that Jeff and Hunter Whitlock failed to provide and/or secure an alternative and safer means of transportation for Albina; failed to take sufficient and reasonable steps to prevent Snyder from operating his SeaDoo in the dark and while under the influence of alcohol; and failed to take sufficient and reasonable steps to prevent Albina from riding as a passenger on Snyder's SeaDoo, despite their actual and/or constructive knowledge that serious injury and/or death would likely or probably result. <u>Id.</u> at ¶ 15.

4.    On August 12, 2018, Defendant Jeff Whitlock filed an Answer to the Plaintiff's First Amended Complaint. <u>See</u> Doc. 176. The Answer filed by Jeff Whitlock contains a general denial of the Plaintiff's allegations and 30 affirmative defenses, including the defense of assumption of the risk (Eighth Defense); contributory negligence (Ninth Defense); superseding and/or intervening cause (Tenth Defense); voluntary intoxication (Twelfth Defense); and failure to mitigate damages (Nineteenth Defense). <u>Id.</u> An identical answer was filed by Hunter Whitlock

---

[1] As for the fictitiously named defendants, Plaintiff identified Fictitious Defendant "1" as the person "who was operating the Sea Doo described in the Complaint at the time set forth in the Complaint"; Fictitious Defendants "2" and "3" as the "person or entity which caused or contributed to cause the incident described in the Complaint"; and Fictitious Defendants "4" and "5" as the "person or entity which provided alcoholic beverages to the named Defendant in the hours preceding the incident described in the Complaint." Doc. 2, p. 1.

on October 30, 2018. <u>See</u> Doc. 205.

5.      Prior to being named as defendants in this action, Jeff and Hunter Whitlock were deposed as non-party fact witnesses. The depositions were taken by Plaintiff's prior counsel on August 1, 2017. The deposition of Hunter Whitlock was taken immediately prior to the deposition of Jeff Whitlock and lasted less than 30 minutes. <u>See</u> Doc. 223, Hunter Whitlock Dep., p. 8:8 ("beginning at 1:04 p.m."); <u>see also</u> Doc. 220, Jeff Whitlock Dep., p. 8:8 ("beginning at 1:32 p.m."). The deposition transcript of Hunter Whitlock is 37 pages in length and consists of only 27 pages of questions. Doc. 223.[2]  The deposition transcript of Jeff Whitlock is even shorter in length, and consists of only 23 pages of questions. Doc. 220.[3]

6.      The Plaintiff has attempted to schedule and take the depositions of Jeff and Hunter Whitlock in their capacities as named defendants for over five months. <u>See</u> Ex. 1, E-mail from Mark Lee to David Wells (Oct. 30, 2018). Counsel for the Whitlocks, David Wells, initially declined to make his clients available for deposition, but seemingly abandoned his position in mid-December 2018. <u>See</u> Ex. 2, E-mail from David Wells to Mark Lee (Oct. 30, 2018); Ex. 3, E-mail from Mark Lee to David Wells (Dec. 14, 2018) (requesting Jeff and Hunter Whitlock's availability for deposition); Ex. 4, E-mail from David Wells to Mark Lee (Dec. 14, 2018) (discussing Jeff and Hunter's schedule/availability to give their depositions and agreeing to consider possible dates in January 2019).

7.      On February 4, 2019, after receiving no response to her request for deposition dates, Plaintiff unilaterally noticed the depositions of Jeff and Hunter Whitlock for April 1, 2019. <u>See</u>

---

[2] A copy of Hunter Whitlock's deposition was filed with the Court as "Exhibit 5" to Plaintiff's Opposition to Defendant Daniel Snyder's Motion for Summary Judgment. <u>See</u> Doc. 223.

[3] A copy of Jeff Whitlock's deposition was filed with the Court as "Exhibit 3" to Plaintiff's Opposition to Defendant Daniel Snyder's Motion for Summary Judgment. <u>See</u> Doc. 220.

Docs. 293-94. After the notices were filed, the undersigned counsel received an e-mail from Mr. Wells' legal assistant, Susan Jackson, requesting alternative dates for the depositions of Jeff and Hunter Whitlock due to a conflict with Mr. Wells' schedule. See Ex. 5, E-mail from Susan Jackson to Kendall Lee (Feb. 5, 2019). Mr. Wells was copied on the e-mail. Id.

8.      On February 5, 2019, attorney Mark Lee sent an e-mail to Ms. Jackson and Mr. Wells in response to their request to reschedule the depositions of Jeff and Hunter Whitlock. See Ex. 6, E-mail from Mark Lee to Susan Jackson & David Wells (Feb. 5, 2019). Mr. Lee stated that the depositions needed to be taken either on or before April 1, 2019 and offered March 8, 2019 as an alternative date. Id. Neither Ms. Jackson nor Mr. Wells responded to Mr. Lee's e-mail, prompting the undersigned counsel to send a follow-up request for potential deposition dates. See Ex. 7, E-mail from Kendall Lee to Susan Jackson & David Wells (Mar. 4, 2018). Several weeks later, Mr. Wells advised that he would not produce Jeff and Hunter Whitlock for a second deposition absent an Order from this Court. See Ex. 8, E-mail from David Wells to Mark Lee (Mar. 29, 2019). This Motion follows.

9.      The Plaintiff should be permitted to take the depositions of Jeff and Hunter Whitlock in their capacities as named defendants for discovery purposes and without any further delay. Since December 2018, the Plaintiff and her attorneys have been laboring under the false impression that Jeff and Hunter Whitlock would be made available for deposition. See Ex. 2-7. Plaintiff's counsel made several phone calls and sent multiple e-mails to the Whitlock's attorney in a good faith effort to secure a mutually convenient date and time for their depositions. If the Plaintiff had known that Jeff and Hunter Whitlock would return to their original position on this issue, the Plaintiff would have sought judicial intervention several months ago.

10.     Because the Whitlocks have been named as defendants in this case, the Plaintiff

should be allowed to depose them as such. Rule 30 of the Alabama Rules of Civil Procedure specifically states that "any party may take the testimony of any person, *including a party*, by deposition upon oral examination." Ala. R. Civ. P. 30(a) (emphasis added). Nothing in Rule 30 precludes a witness, much less a party, from being deposed more than once. In fact, Trooper John Williams of the Alabama Law Enforcement Agency was deposed for the second time in this case on April 4, 2019.

11.    Furthermore, the Supreme Court of Alabama has repeatedly made clear that "[t]he Alabama Rules of Civil Procedure allow broad and liberal discovery." Patridge, Smith, P.C. v. Loube Consulting Int'l, Inc., 45 So. 3d 741, 748 (Ala. 2010); Ex parte St. Vincent's Hosp., 991 So. 2d 200, 208 (Ala. 2008); Ex parte Dumas, 778 So. 2d 798, 801 (Ala. 2000); Zaden v. Elkus, 881 So. 2d 993, 1005 (Ala. 2003) (Ala. R. Civ. P. 26 "contemplates a broad right of discovery"). "Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense." Zaden, 881 So. 2d at 1005.

12.    The depositions of Jeff and Hunter Whitlock will assist the Plaintiff in (a) proving her claims against the Whitlocks; (b) assessing the defenses asserted against her; and (c) preparing for trial on June 24, 2019. The Plaintiff is entitled to know the factual basis for the 30 affirmative defenses asserted by the Whitlocks in their Answers to the Plaintiff's First Amended Complaint. To prevent the Plaintiff from deposing the Whitlocks regarding their defenses would impair the Plaintiff's ability to properly prepare for and rebut those defenses at trial.

13.    The Plaintiff should also be allowed to depose the Whitlocks regarding their written discovery responses submitted on March 8, 2019. See Doc. 316. Several of the responses are vague, incomplete and/or inaccurate, and the Plaintiff should be allowed to question the Whitlocks about these deficiencies. Id. For example, Defendant Jeff Whitlock was asked to provide the

names, telephone numbers, and last known addresses of every person who visited his lake home on July 5, 2014. Doc. 316, p. 4, Defendant Jeff Whitlock's Response to Plaintiff's Interrogatories, Response 2. In response to this interrogatory, Jeff Whitlock provided only the names or generic labels of the individuals requested with no telephone numbers or addresses. Id. ("This Defendant's wife, Hunter Whitlock, Hollace Whitlock . . . Nick Sproul and his girlfriend . . . Jug Twit and his girlfriend, Jug Twit's girlfriend's daughter and her husband and children . . . .").

14.      As another example, Defendant Hunter Whitlock was asked to produce a copy of all written communications between himself and Daniel Snyder regarding the events described in the Plaintiff's First Amended Complaint, to which he responded as follows: "This Defendant does not have any copies of any text messages between himself and Daniel Snyder. However, he did send Snyder a text a few days later, advising he hoped he was doing okay." Doc. 316, p. 33, Hunter Whitlock's Response to Plaintiff's Request for Production of Documents, Request 6. The Plaintiff should be permitted to question Hunter Whitlock regarding the reasons for which he does not have a copy of his text message(s) to Daniel Snyder and any messages he may have received from Mr. Snyder in response. Plaintiff's prior counsel did not address these issues at the depositions on August 1, 2017 because Jeff and Hunter Whitlock had not been joined as defendants at the time their depositions were taken. For these additional reasons, the Court should grant the Plaintiff's motion and compel the Whitlocks to appear for depositions within 30 days.

## **CONCLUSION**

Based on the foregoing, and in the interest of justice, Plaintiff respectfully requests this Honorable Court to enter an Order requiring Defendants Jeff and Hunter Whitlock to appear and give testimony at a deposition within the next 30 days. In the event that the Defendants refuse to comply with the Court's Order, the Court should order other appropriate relief as necessary.

Respectfully submitted this 8<u>th</u> day of April, 2019.

/s/ Kendall A. Lee
**MARK W. LEE (LEE003)**
**KENDALL A. LEE (LEE091)**
Attorneys for Plaintiff
MARINA STEWART-MAGEE

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8<u>th</u> day of April, 2019, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

David R. Wells, Esq.
**MUDD, BOLVIG, LUKE**
**& WELLS, LLC**
2011 4<u>th</u> Avenue North
Birmingham, Alabama 35203
dwells@wmslawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

# Exhibit 1

# Kendall A. Lee

| | |
|---|---|
| **From:** | Mark Lee |
| **Sent:** | Tuesday, October 30, 2018 12:31 PM |
| **To:** | 'David Wells' |
| **Cc:** | Kendall A. Lee; Dyan D. Wurm |
| **Subject:** | RE: 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder: |

David,
In light of the defenses raised in Hunter's and Jeff's answer, I would like to take their depositions as well. We can do this on the same day. I realize they have been deposed, but not on the issues raised. If you feel the need to object, I understand and will try to get the relief from Judge Williams.
Thanks,
Mark

**From:** David Wells [mailto:dwells@wmslawfirm.com]
**Sent:** Tuesday, October 30, 2018 12:24 PM
**To:** Mark Lee
**Cc:** Kendall A. Lee; Dyan D. Wurm; 'Natalya Snow '
**Subject:** RE: 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder:

Mark,

I will speak with my clients and will let you know.

Thank you,

*David R. Wells*
**MUDD, BOLVIG, LUKE & WELLS, LLC**
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5317 (Direct)
(205) 639-5350 (Facsimile)
*www.wmslawfirm.com*

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

**From:** Mark Lee [mailto:mlee@pljpc.com]
**Sent:** Tuesday, October 30, 2018 12:22 PM
**To:** David Wells <dwells@wmslawfirm.com>
**Cc:** Kendall A. Lee <klee@pljpc.com>; Dyan D. Wurm <dwurm@pljpc.com>; 'Natalya Snow ' <IMCEAMAILTO-nsnow+40sn+2EAttys+2Epro@pljpc.com>
**Subject:** 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder:

1

David,

This follows our discussion last week.  I would like to depose Mrs. Whitlock as well as Jeff's daughter, Hollace.  Please let me know if you can produce the witnesses or should I issue a subpoena?

Thanks,

Mark

Mark W. Lee
(205) 326-6600 Telephone
(205) 324-7097 Facsimile
mlee@pljpc.com



PARSONS, LEE & JULIANO, P.C.

**Mailing Adress:**
P.O. Box 661228
Birmingham, Al. 35266

**Physical Address:**
600 Vestavia Parkway
Birmingham, Al. 35216

www.pljpc.com

# Exhibit 2

## Kendall A. Lee

| | |
|---|---|
| **From:** | David Wells <dwells@wmslawfirm.com> |
| **Sent:** | Tuesday, October 30, 2018 12:36 PM |
| **To:** | Mark Lee |
| **Cc:** | Kendall A. Lee; Dyan D. Wurm |
| **Subject:** | RE: 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder. |

Mark,

My clients have already been deposed by Ms. Magee's counsel.  Any issues that needed to be addressed should have been at that time.  I will not voluntarily put them up for deposition again.

Thank you,

*David R. Wells*
**MUDD, BOLVIG, LUKE & WELLS, LLC**
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5317 (Direct)
(205) 639-5350 (Facsimile)
www.wmslawfirm.com

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product  and is intended solely for the use of the addressee.  If you are not the intended recipient, you should immediately stop reading this message and delete it from your system.  Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited.  If you received this message in error, please notify me immediately at 205-639-5300.

# Exhibit 3

**Kendall A. Lee**

| | |
|---|---|
| **From:** | Mark Lee |
| **Sent:** | Friday, December 14, 2018 11:00 AM |
| **To:** | 'David Wells' |
| **Cc:** | Kendall A. Lee; Dyan D. Wurm; 'dwolter@wolterlawfirm.com' |
| **Subject:** | 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder: |

David,

We discussed taking the depositions of the Whitlocks, Jeff, Hunter, Mrs., and Hollace for 12.28. You were to check with them as to availability. Are they available? We can send out the notices today to get these tied down.

Thanks,
Mark

Mark W. Lee
(205) 326-6600 Telephone
(205) 324-7097 Facsimile
mlee@pljpc.com



PARSONS, LEE & JULIANO, P.C.

**Mailing Adress:**
P.O. Box 661228
Birmingham, Al. 35266

**Physical Address:**
600 Vestavia Parkway
Birmingham, Al. 35216

www.pljpc.com

1

# Exhibit 4

## Kendall A. Lee

| | |
|---|---|
| **From:** | David Wells <dwells@wmslawfirm.com> |
| **Sent:** | Friday, December 14, 2018 1:03 PM |
| **To:** | Mark Lee |
| **Cc:** | Kendall A. Lee; Dyan D. Wurm; 'dwolter@wolterlawfirm.com' |
| **Subject:** | RE: 1602-00254 Marina Stewart-Magee (Albina Sharifullina, dec.) v. Daniel Snyder: |

Mark,

I apologize that I didn't get back with you on these. When I met with Jeff & Hunter they indicated that weren't available the week between Christmas and New Year. If you want to get me dates in January we can look at them.

Thank you,

*David R. Wells*
**MUDD, BOLVIG, LUKE & WELLS, LLC**
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5317 (Direct)
(205) 639-5350 (Facsimile)
*www.wmslawfirm.com*

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

Exhibit 5

# Kendall A. Lee

| | |
|---|---|
| **From:** | Susan Jackson <SJackson@wmslawfirm.com> |
| **Sent:** | Tuesday, February 05, 2019 3:35 PM |
| **To:** | Kendall A. Lee |
| **Cc:** | David Wells |
| **Subject:** | Magee v. Snyder (2440.348) |

I just received the depo notices for the Whitlocks on April 1st. David has a whopping 7 trials set that date. Perhaps if you e-mail us some available dates, I can check David's calendar and run the dates by the Whitlocks to check on they're availability. Thanks!

Susan Jackson
*Legal Assistant to David R. Wells*
**Mudd, Bolvig, Luke & Wells, LLC**
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5305 (Direct)
(205) 639-5350 (Facsimile)
www.wmslawfirm.com

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

# Exhibit 6

## Kendall A. Lee

**From:**        Mark Lee
**Sent:**        Tuesday, February 05, 2019 4:13 PM
**To:**        'Susan Jackson '
**Cc:**        Kendall A. Lee; David Wells; Dyan D. Wurm
**Subject:**        RE: Magee v. Snyder (2440.348)

Hi Susan,
Kendall forwarded your email.
We can do them March 8 when Marilyn Whitlock is available. They must be taken by April 1 or before.
Thanks,
Mark

**From:** Kendall A. Lee
**Sent:** Tuesday, February 05, 2019 4:05 PM
**To:** Mark Lee
**Subject:** FW: Magee v. Snyder (2440.348)

**From:** Susan Jackson [mailto:SJackson@wmslawfirm.com]
**Sent:** Tuesday, February 05, 2019 3:35 PM
**To:** Kendall A. Lee
**Cc:** David Wells
**Subject:** Magee v. Snyder (2440.348)

I just received the depo notices for the Whitlocks on April 1st. David has a whopping 7 trials set that
date. Perhaps if you e-mail us some available dates, I can check David's calendar and run the dates by the
Whitlocks to check on they're availability. Thanks!

Susan Jackson
*Legal Assistant to David R. Wells*
## Mudd, Bolvig, Luke & Wells, LLC
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5305 (Direct)
(205) 639-5350 (Facsimile)
www.wmslawfirm.com

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

Exhibit 7

**Kendall A. Lee**

| | |
|---|---|
| **From:** | Kendall A. Lee |
| **Sent:** | Monday, March 04, 2019 11:31 AM |
| **To:** | 'Susan Jackson ' |
| **Cc:** | David Wells; Mark Lee; Dyan D. Wurm |
| **Subject:** | Depositions of Jeff & Hunter Whitlock - Requesting Dates - Magee v. Snyder (2440.348) |

Dear Susan:

We have not heard from you or David about the depositions of Hunter and Jeff Whitlock. It is my understanding that the depositions need to be rescheduled but we did not receive any alternative dates from your group. Please send us some dates so we can re-notice the depositions. Thanks so much.

**Kendall A. Lee | Attorney**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com



PARSONS, LEE & JULIANO, P.C.

NOTICE: This message is directed to and is for the use of the above-noted addressee only, and its contents may be legally privileged or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any distribution, dissemination, or copy of this message is strictly prohibited. If you have received this message in error, please delete it immediately and notify the sender. This message is not intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated herein.

**From:** Mark Lee
**Sent:** Tuesday, February 05, 2019 4:13 PM
**To:** 'Susan Jackson '
**Cc:** Kendall A. Lee; David Wells; Dyan D. Wurm
**Subject:** RE: Magee v. Snyder (2440.348)

Hi Susan,
Kendall forwarded your email.
We can do them March 8 when Marilyn Whitlock is available. They must be taken by April 1 or before.
Thanks,
Mark

**From:** Kendall A. Lee
**Sent:** Tuesday, February 05, 2019 4:05 PM

1

**To:** Mark Lee
**Subject:** FW: Magee v. Snyder (2440.348)

**From:** Susan Jackson [mailto:SJackson@wmslawfirm.com]
**Sent:** Tuesday, February 05, 2019 3:35 PM
**To:** Kendall A. Lee
**Cc:** David Wells
**Subject:** Magee v. Snyder (2440.348)

I just received the depo notices for the Whitlocks on April 1st. David has a whopping 7 trials set that date. Perhaps if you e-mail us some available dates, I can check David's calendar and run the dates by the Whitlocks to check on they're availability. Thanks!

Susan Jackson
*Legal Assistant to David R. Wells*
**Mudd, Bolvig, Luke & Wells, LLC**
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5305 (Direct)
(205) 639-5350 (Facsimile)
www.wmslawfirm.com

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

# Exhibit 8

**Kendall A. Lee**

| | |
|---|---|
| **From:** | David Wells <dwells@wmslawfirm.com> |
| **Sent:** | Friday, March 29, 2019 8:16 AM |
| **To:** | Mark Lee; Kendall A. Lee |
| **Cc:** | Carol Graves; Dyan D. Wurm; Susan Jackson; 'Danny Wolter' |
| **Subject:** | RE: Stewart-Magee v. Snyder |

Mark,

I just wanted to confirm that we are all on the same page that you understand that Jeff and Hunter Whitlock will not be in your office on Monday to give a deposition. I think my position has been clear that I will not agree to allow Jeff or Hunter to re-deposed absent a Court Order. Since you did notice them for Monday I wanted to touch base so there wasn't any misunderstanding.

Thank you,

David R. Wells
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300 (Main)
(205) 639-5317 (Direct)
(205) 639-5350 (Facsimile)
www.wmslawfirm.com

This communication and all attachments may be subject to the attorney-client privilege and/or considered attorney work-product and is intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message, or its attachments, is strictly prohibited. If you received this message in error, please notify me immediately at 205-639-5300.

ELECTRONICALLY FILED
6/21/2016 2:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE 32ND JUDICIAL CIRCUIT
# STATE OF ALABAMA

### STANDING PRE-TRIAL SCHEDULING ORDER
### FOR CIVL JURY CASES

The undersigned circuit judges of the 32nd Judicial Circuit of the State of Alabama having

determined that it would promote the interest of justice and provide greater efficiency in the trial

or settlement of all civil jury cases filed in the Circuit Court of Cullman County, Alabama, it is

hereby ORDERED that the following Standing Pre-Trial Scheduling Order that is attached

hereto is adopted and shall apply in all civil jury cases filed in this judicial circuit unless a

different scheduling order is entered by the Court in an individual case.

Done this the __23__ day of July, 2013.


_Gregory A. Nicholas_
Gregory A. Nicholas
Circuit Judge
32nd Judicial Circuit
State of Alabama

_Martha E. Williams_
Martha E. Williams
Circuit Judge
32nd Judicial Circuit
State of Alabama


**FILED IN OFFICE**

JUL 3 0 2013

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

# STANDING PRETRIAL ORDER FOR CIVIL JURY CASES

## DISCOVERY SCHEDULE.

1. All discovery, including depositions, shall be initiated in time to be completed no later than 30 days prior to *the initially set* trial date **unless** additional time has been requested by a party prior to that deadline and additional time granted by the Court. Additional time will be granted for good cause shown.

## DISCOVERY DISPUTES

2. Prior to filing a motion to compel discovery, the party seeking discovery shall first make a good faith effort to communicate with the counsel for the party from whom discovery is sought and all counsel shall attempt to amicably resolve the discovery issue. Any motion filed by an attorney requesting the Court to resolve any discovery dispute shall certify in the motion to compel all efforts made to resolve the discovery dispute with counsel representing the party from whom discovery is being sought.

## EXPERT WITNESSES

3. Considering that the identity of expert witnesses is usually a question included in discovery requests, the parties are reminded of the duty imposed by Rule 26(e)(1)(B) to seasonably and fully supplement responses. In any event, all parties must make initial disclosures of experts no later than 60 days prior to trial. Responsive experts must be disclosed no later than 30 days prior to trial.

"Disclosure" includes a statement of the subject matter on which each expert is expected to testify, as well as a summary of the facts and opinions to which each expert is expected to testify and the grounds for each. Unless otherwise agreed upon by the parties or subject to a

Motion and ruling by this Court, the parties are precluded from offering any expert witnesses not so identified.

**MEDIATION**.

4. The Court encourages the parties to engage in voluntary mediation. However, any motion for court ordered mediation must be filed at least 60 days prior to the trial date and mediation shall be completed at least 14 days prior to the trial date.

**DISPOSITIVE MOTIONS.**

5. Motions for Summary Judgment or other dispositive motions shall be filed electronically no later than 60 days before the scheduled trial date. The parties shall provide the Court with a written courtesy copy of all motions, supporting documents and legal authority at least ten (10) days prior to the scheduled hearing date. Each party may also electronically submit a proposed order with the motion. Any proposed order submitted shall be filed in a Word document format that permits text editing.

 **TRIAL SETTING.**

6. The Circuit Court Clerk shall set all civil jury cases for trial on the first available jury docket 270 days after the filing of the answer or other responsive pleading unless a party has filed a motion to continue the trial setting and the Court has granted that motion. If discovery has not been completed by that date or other good cause exists, a motion to continue may be filed requesting a different trial setting. Any motion to continue shall comply with the requirements set out in paragraph seven of this order.

**CONTINUANCES**

7. To allow parties, witnesses and opposing counsel an opportunity to receive notice of any continuance, every motion to continue a trial or hearing date shall be filed at least fourteen

(14) days prior to the scheduled trial or hearing date unless a bona fide emergency exists that would preclude an earlier filing. The motion shall state with specificity the reason(s) for the requested continuance. Further, prior to filing any motion to continue, counsel for the moving party shall first attempt to communicate with counsel for all other parties (or directly with a party if they are unrepresented litigants) and attempt to obtain an agreement regarding the continuance of the case. A case is not continued merely by the filing of a motion to continue and the case will be deemed continued only after the Court has entered a written order continuing the case.

## MOTIONS IN LIMINE

8. All motions in limine must be filed at least seven (7) days prior to trial.

## JURY INSTRUCTIONS, EXHIBITS, WITNESS LISTS.

9. At least ten (10) days prior to trial the parties shall:

(a) Exchange lists itemizing all damages claimed, showing the amount and, when applicable, the method of computation of such items.

(b) Exchange lists stating the names and addresses of all witnesses whom they expect to call as a trial witnesses. Any witness not so listed will be precluded from testifying at trial without leave of Court, which will be granted only for good cause shown or as justice may require, or the agreement of all parties. The listing of a witness does not require that witness to testify. Witnesses called by a party for impeachment or for rebuttal purposes only are not required to be listed.

(c) Exchange lists describing all exhibits which they may use at trial. When the lists are exchanged, each party shall make such exhibits available for inspection and copying by the other party.

Unless written objection to a listed exhibit is filed with the Circuit Court Clerk at least seven (7) days prior to the trial date, each party shall be deemed to have agreed for the purposes of this litigation:

 (i)  that such documents and exhibits are authentic and genuine;
 (ii)  that any photograph fairly and accurately represents the scene therein depicted;
 (iii)  that all bills for services or material are reasonable.
 (iv)  that the exhibits were kept in the ordinary course of business.
 (v)  that copies of the listed exhibits may be used at trial to the same extent as originals.

In the event an objection to an exhibit or jury instruction is timely made, the party making the objection shall state with specificity the basis for the objection and shall provide the Court with legal authority for the objection no later than the seven (7) days prior to the trial date.

Requested jury instructions shall be submitted to the Court not later than the close of the plaintiff's case in chief, subject to the right of any party to supplement the requested instruction based upon matters which could not be reasonably anticipated.

## MARKING EXHIBITS

10. Prior to jury selection, counsel for each party shall mark and number each exhibit and provide the official court reporter with a list of exhibits expected to be offered.

## REQUESTED STATUS CONFERENCE

11. A Status Conference or Settlement Conference will be set if requested by any party. If a Settlement or Status Conference is scheduled all lawyers, parties and any other individuals having settlement authority shall be present or otherwise available.

## DEVIATIONS FROM STANDING PRETRIAL ORDER

12. Nothing in this standing order shall preclude the parties from mutually agreeing to a different pretrial order. In the event all parties agree to a change in this standing pretrial order, a proposed pretrial order shall be submitted to the Circuit Court Clerk in the appropriate electronic format along with a joint motion duly signed by counsel of record for all parties and all self-represented litigants requesting that the Court adopt the proposed pretrial order of the parties.

FILED IN OFFICE

JUL 3 0 2013

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

ELECTRONICALLY FILED
10/6/2016 3:50 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| Defendant. ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this

Notice, Plaintiff, will apply to the Clerk of this Court for issuance of the attached subpoena directed

to the following non-party to produce documents or things at the time and place specified therein:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas  75202**


Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1ˢᵗ Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 326-3336
Facsimile:  (205) 326-3332
E-mail:     Steve@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on  October 6     , 2016, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send electronic notification of such filing to the following:

Daniel S. Wolter, Esq.
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
Telephone:  (205) 983-6440
Facsimile:  (205) 983-6334
*(Attorney for Daniel Snyder)*

                        Of Counsel

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| Defendant. ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS
## UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(B) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas 75202**

This the _____ day of _____, 2016.

s/CLERK_____

TO:    **Records Custodian**
       **AT&T Subpoena Center**
       **208 South Akard Street Suite 110**
       **Dallas, Texas 75202**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded

to do each of the following acts at the instance of the Plaintiff within fifteen (15) days after service

of this subpoena:

> **A complete copy of cellular phone records for ALBINA AGDASOVNA**
> **SHARIFULLINA, cellular phone number (205) 901-2363 account number**
> **578020388552, for the time period of July 5, 2014 through July 7, 2014. This**
> **request should include account numbers, itemized statements, long distance**
> **information, call details (for outgoing and incoming calls – phone numbers,**
> **dates and times of the calls), wireless data details, billing statements, text**
> **messages (incoming and outgoing), call lists (incoming and outgoing), phone**
> **call log informations, device location/tracking information, emails, notes or**
> **other forms of record related to this cell phone number.**

That you produce for inspection and copying the following documents or materials in

whatever format as kept in the usual course of business.  Such production and inspection is to take

place on at the law office of **Heninger, Garrison & Davis, LLC, 2224 1ˢᵗ Avenue North,**

**Birmingham, Alabama 35203, Attention: Stephen D. Heninger**, or you may comply with this

subpoena by mailing legible copies of the requested materials to the aforementioned address no

later than **15 days after service of this subpoena or on or before November 2, 2016.**

## HIPPA COMPLIANCE LANGUAGE

In compliance with 145 CFR 164.512(e)(1),(iii), the undersigned states as follows:

1.    The plaintiff has given or attempted to give the individual whose records we are

      seeking notice of this subpoena.  The notice of intent of this subpoena was issued at

      least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the

      patient has received this notice.

2.      The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and the particular designated person to whom this subpoena is issued, if this subpoena is issued to a particular individual, need not appear in person at the aforementioned time for production and inspection but may send a proxy in their stead.

You have the option to deliver or mail legible copies of documents or things designated above as specified herein.

You have the right to issue a formal objection to this subpoena in writing.  If you choose to object to this subpoena or any portion thereof, you must serve a written objection to undersigned counsel prior to the time designated for compliance.

DATED: _____, 2016.


_____
Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL**:

**HENINGER, GARRISON, DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
Steve@hgdlawfirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON SERVICE

I certify that I served the CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE by certified mail pursuant to the provisions of Rule 4 to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas  75202**

on the _____ day of _____, 2016.  Said subpoena was served upon the named company on the _____ day of _____, 2016.

_____
Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

ATTACHMENT A
ALABAMA RULE OF CIVIL PROCEDURE 45 (c) & (d)

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless    commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**(dc) District Court Rule.** Rule 45 applies in the district courts.

ELECTRONICALLY FILED
10/6/2016 3:51 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
| | ) | |
| **DANIEL B. SNYDER** | ) | |
| Defendant. | ) | |

## <u>NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY</u>

Take notice that upon the expiration of fifteen (15) days from the date of service of this

Notice, Plaintiff, will apply to the Clerk of this Court for issuance of the attached subpoena directed

to the following non-party to produce documents or things at the time and place specified therein:

**Records Custodian**
**Apple Inc.**
**1 Infinite Loop**
**Cupertino, CA 95014**


Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:      (205) 326-3336
Facsimile:      (205) 326-3332
E-mail:          Steve@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on  October 6      , 2016, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send electronic notification of such filing to the following:

Daniel S. Wolter, Esq.
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
Telephone:  (205) 983-6440
Facsimile:  (205) 983-6334
*(Attorney for Daniel Snyder)*

Of Counsel

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
| | ) | |
| **DANIEL B. SNYDER** | ) | |
|     Defendant. | ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(B) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Records Custodian**
**Apple Inc.**
**1 Infinite Loop**
**Cupertino, CA 95014**

This the _____ day of _____, 2016.

s/CLERK_____

TO:   **Records Custodian**
**Apple Inc.**
**1 Infinite Loop**
**Cupertino, CA 95014**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff within fifteen (15) days after service of this subpoena:

> **A complete copy of Iphone records for ALBINA AGDASOVNA SHARIFULLINA, Iphone serial number F2LMC29NFFFM and Apple ID: dreamisdestiny11@gmail.com, for the time period of July 5, 2014 through July 7, 2014. This request should include account numbers, itemized statements, iCloud data, GPS locations, long distance information, call details (for outgoing and incoming calls – phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log information, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

That you produce for inspection and copying the following documents or materials in whatever format as kept in the usual course of business. Such production and inspection is to take place on at the law office of **Heninger, Garrison & Davis, LLC, 2224 1st Avenue North, Birmingham, Alabama 35203, Attention: Stephen D. Heninger**, or you may comply with this subpoena by mailing legible copies of the requested materials to the aforementioned address no later than **15 days after service of this subpoena or on or before November 2, 2016.**

**HIPPA COMPLIANCE LANGUAGE**

In compliance with 145 CFR 164.512(e)(1),(iii), the undersigned states as follows:

1.   The plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena. The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

2.     The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.     That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and the particular designated person to whom this subpoena is issued, if this subpoena is issued to a particular individual, need not appear in person at the aforementioned time for production and inspection but may send a proxy in their stead.

You have the option to deliver or mail legible copies of documents or things designated above as specified herein.

You have the right to issue a formal objection to this subpoena in writing.  If you choose to object to this subpoena or any portion thereof, you must serve a written objection to undersigned counsel prior to the time designated for compliance.

DATED: _____, 2016.



Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER, GARRISON, DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
Steve@hgdlawfirm.com

**************************************************************************

### RETURN ON SERVICE

      I certify that I served the CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE by certified mail pursuant to the provisions of Rule 4 to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas 75202**

on the _____ day of _____, 2016.  Said subpoena was served upon the named company on the _____ day of _____, 2016.


                    _____
                    Stephen D. Heninger (HEN-007)
                    Attorney for Plaintiff

ATTACHMENT A
ALABAMA RULE OF CIVIL PROCEDURE 45 (c) & (d)

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless    commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**(dc) District Court Rule.** Rule 45 applies in the district courts.

Case 5:22-cv-00010-MHH   Document 1-1   Filed 01/04/22   Page 85 of 165

| State of Alabama | ORDER TO APPEAR | Case |
| Unified Judicial System | (SUBPOENA) | CV- |
| Form C-13 (front)   Rev. 6/07 | | |

ELECTRONICALLY FILED
10/24/2016 2:44 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
*(Circuit, District, or Municipal)*          *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):
☐ In the Matter of _____, a child

AT&T SUBPOENA CENTER

208 S AKARD ST STE 110

DALLAS, TX 75202

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   11/10/2016 10:00 AM

ROOM   Heninger Garrison & Davis

ADDRESS 2224 First Avenue North

Birmingham, AL 35203

_____

DATE ISSUED 10/24/2016 _____

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on _____
_____
_____
_____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

**Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)**

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| State of Alabama | ORDER TO APPEAR | Case | |
|---|---|---|---|
| Unified Judicial System | (SUBPOENA) | CV- | |
| Form C-13 (front)   Rev. 6/07 | | | |

ELECTRONICALLY FILED
10/24/2016 2:44 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
_(Circuit, District, or Municipal)_  _(Name of County or Municipality)_

☐ State of Alabama

☐ Municipality of _____

☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

APPLE, INC.

1 INFINITE LOOP

CUPERTINO, CA 95014

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: ___STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336___

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE ___11/10/2016 10:00 AM___

ROOM ___Heninger Garrison & Davis___

ADDRESS ___2224 First Avenue North___
___Birmingham, AL 35203___

_____

DATE ISSUED ___10/24/2016___

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

/s/ LISA MCSWAIN

Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

_(For Criminal cases only)_

☐ Served By Mail

_____

Date Mailed

_____
Sheriff                              Deputy Sheriff

| Form C-13 (back)    Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
11/4/2016 9:17 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

DOCUMENT 35

| Alabama Judicial System 13 (front)  Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) | Case Number: CV-2016-900001.00 |
|---|---|---|

CIRCUIT _____ COURT OF __CULLMAN_____, ALABAMA
(Circuit, District, or Municipal)                          (Name of County or Municipality)

of Alabama

ipality of _____

__MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT__

uvenile cases only):

e Matter of _____, a child

APPLE, INC.

1 INFINITE LOOP
CUPERTINO, CA 95014

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:  __STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336__

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE    __11/10/2016 10:00:00 AM__

ROOM    Heninger Garrison & Davis

ADDRESS  2224 First Avenue North
         Birmingham, AL 35203

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

DATE ISSUED  __10/24/2016__

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_Apple, Inc._
__ on _October 27, 2016_
_via certified mail._

_Dana L Nail    Process Server_
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

Date Mailed _____

Sheriff _____    Deputy Sheriff _____

SERVICE RETURN

02CV2000000000D001

DOCUMENT 35

English          Customer Service          USPS Mobile                                    Register / Sign In



# USPS Tracking®

Still Have Questions?
**Browse our FAQs ›**


**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70132250000170396156

**Updated Delivery Day: Thursday, October 27, 2016**

## Product & Tracking Information

Postal Product:                     Features:
                                    Certified Mail™

## Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **October 27, 2016 , 9:13 am** | **Delivered, To Agent** | **CUPERTINO, CA 95014** |

Your item has been delivered to an agent at 9:13 am on October 27, 2016 in CUPERTINO, CA 95014.

| | | |
|---|---|---|
| October 27, 2016 , 7:44 am | Arrived at Unit | CUPERTINO, CA 95014 |
| October 26, 2016 , 6:40 pm | Departed USPS Facility | SAN JOSE, CA 95101 |
| October 26, 2016 , 7:37 am | Arrived at USPS Facility | SAN JOSE, CA 95101 |
| October 26, 2016 , 6:21 am | In Transit to Destination | |
| October 25, 2016 , 12:21 am | Departed USPS Facility | BIRMINGHAM, AL 35203 |
| October 24, 2016 , 11:32 am | Arrived at USPS Facility | BIRMINGHAM, AL 35203 |

## Track Another Package

Tracking (or receipt) number

**Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.



**Sign up for My USPS ›**

**HELPFUL LINKS**

Contact Us

Site Index

FAQs

**ON ABOUT.USPS.COM**

About USPS Home

Newsroom

USPS Service Updates

Forms & Publications

Government Services

Careers

**OTHER USPS SITES**

Business Customer Gateway

Postal Inspectors

Inspector General

Postal Explorer

National Postal Museum

Resources for Developers

**LEGAL INFORMATION**

Privacy Policy

Terms of Use

FOIA

No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Records Custodian
Apple Inc.
1 Infinite Loop
Cupertino, CA 9501**

9590 9403 0622 5183 8555 18

2. Article Number *(Transfer from service label)*

7013 2250 0001 7039 6156

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

10-27

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

DOCUMENT 35

ELECTRONICALLY FILED
11/8/2016 8:01 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

DOCUMENT 37

| Alabama Judicial System 13 (front)   Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) | Case Number: CV-2016-900001.00 |
|---|---|---|

CIRCUIT _____ COURT OF __CULLMAN__ , ALABAMA
(Circuit, District, or Municipal)        (Name of County or Municipality)

of Alabama

pality of _____

__MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT__

uvenile cases only):

Matter of _____ , a child

AT&T SUBPOENA CENTER

208 S AKARD ST STE 110

DALLAS, TX 75202

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   11/10/2016 10:00:00 AM

ROOM   Heninger Garrison & Davis

ADDRESS 2224 First Avenue North
Birmingham, AL 35203

_____

DATE ISSUED 10/24/2016

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
___ AT&T
___ on October 28, 2016
via certified mail

Dana L Nail Process Server
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

Date Mailed

Sheriff                    Deputy Sheriff

SERVICE RETURN

02CV2000000000D001

English          Customer Service          USPS Mobile                                    Register / Sign In



# USPS Tracking®

**Still Have Questions?**
Browse our FAQs ›

**Get Easy Tracking Updates ›**
Sign up for My USPS.

---

**Tracking Number:** 70132250000170396057

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

## Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 28, 2016 , 11:02 am | Delivered, Left with Individual | DALLAS, TX 75202 |

Your item was delivered to an individual at the address at 11:02 am on October 28, 2016 in DALLAS, TX 75202.

| | | |
|---|---|---|
| October 28, 2016 , 5:25 am | Departed USPS Facility | DALLAS, TX 75260 |
| October 28, 2016 , 1:11 am | Arrived at USPS Facility | DALLAS, TX 75260 |

## Track Another Package

**Tracking (or receipt) number**

[                                        ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

DOCUMENT 37

DOCUMENT 37

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Dee Greer*   ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery<br>*Dee Greer* |

1. Article Addressed to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas 75202**

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0622 5183 8555 01

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number *(Transfer from service label)*

7013 2250 0001 7039 6057

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

ELECTRONICALLY FILED
1/19/2017 10:41 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
|  | ) | |
| **DANIEL B. SNYDER** | ) | |
| Defendant. | ) | |

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this

Notice, Plaintiff, will apply to the Clerk of this Court for issuance of the attached subpoena directed

to the following non-party to produce documents or things at the time and place specified therein:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas  75202**


_____
Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama  35203
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:    Steve@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2017, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send electronic notification of such filing to the following:

Daniel S. Wolter, Esq.
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
Telephone:  (205) 983-6440
Facsimile:  (205) 983-6334
*(Attorney for Daniel Snyder)*

                              Of Counsel

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
| | ) | |
| **DANIEL B. SNYDER** | ) | |
| Defendant. | ) | |

## <u>CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS</u>
## <u>UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE</u>

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(B) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas  75202**

This the ____ day of _____, 2017.

s/CLERK_____

TO:   **Records Custodian**
      **AT&T Subpoena Center**
      **208 South Akard Street Suite 110**
      **Dallas, Texas 75202**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff within fifteen (15) days after service of this subpoena:

**A complete copy of cellular phone records for ALBINA AGDASOVNA SHARIFULLINA, cellular phone number (205) 901-2363 account number 578020388552, for the time period of July 5, 2014 through July 7, 2014. This request should include account numbers, itemized statements, long distance information, call details (for outgoing and incoming calls – phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log informations, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

That you produce for inspection and copying the following documents or materials in whatever format as kept in the usual course of business. Such production and inspection is to take place on at the law office of **Heninger, Garrison & Davis, LLC, 2224 1st Avenue North, Birmingham, Alabama 35203, Attention: Stephen D. Heninger**, or you may comply with this subpoena by mailing legible copies of the requested materials to the aforementioned address no later than **15 days after service of this subpoena or on or before February 23, 2017.**

**HIPPA COMPLIANCE LANGUAGE**

In compliance with 145 CFR 164.512(e)(1),(iii), the undersigned states as follows:

1.   The plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena. The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

2.    The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and the particular designated person to whom this subpoena is issued, if this subpoena is issued to a particular individual, need not appear in person at the aforementioned time for production and inspection but may send a proxy in their stead.

You have the option to deliver or mail legible copies of documents or things designated above as specified herein.

You have the right to issue a formal objection to this subpoena in writing.  If you choose to object to this subpoena or any portion thereof, you must serve a written objection to undersigned counsel prior to the time designated for compliance.

DATED: _____, 2017.


_____
Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER, GARRISON, DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
Steve@hgdlawfirm.com

*************************************************************************

## RETURN ON SERVICE

I certify that I served the CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE by certified mail pursuant to the provisions of Rule 4 to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street Suite 110**
**Dallas, Texas  75202**

on the _____ day of _____, 2017.  Said subpoena was served upon the named company on the _____ day of _____, 2017.


Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

ATTACHMENT A
ALABAMA RULE OF CIVIL PROCEDURE 45 (c) & (d)

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless     commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**(dc) District Court Rule.** Rule 45 applies in the district courts.

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV- |
|---|---|---|

ELECTRONICALLY FILED<br>2/20/2017 8:57 AM<br>25-CV-2016-900001.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK

IN THE ___ CIRCUIT ___ COURT OF ___ CULLMAN ___, ALABAMA
_(Circuit, District, or Municipal)_         _(Name of County or Municipality)_

☐ State of Alabama

☐ Municipality of _____

☑ ___ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

RECORDS CUSTODIAN

AT&T SUBPOENA CENTER

208 SOUTH AKARD STREET SU

DALLAS, TX 75202

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   03/13/2017 10:00 AM

ROOM

ADDRESS   Stephen D. Heninger, Esq.

2224 1st Ave N

Birmingham, AL 35203

DATE ISSUED   2/20/2017

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

Any inspection or production of documents or records must be completed within 15 days.

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

_(For Criminal cases only)_

☐ Served By Mail

_____
Date Mailed

_____
Sheriff                          Deputy Sheriff

| Form C-13 (back)  Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
3/30/2017 1:12 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |


## NOTICE TO CLERK OF FILING DISCOVERY


TO:    Circuit Clerk of Cullman County

Cullman County Courthouse

Please take notice that the following discovery document has been filed on behalf of

defendant:


(X)    Deposition Notice




/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel B. Snyder


**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama  35223
(205) 983-6440 Telephone
(205) 983-6334 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2017, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Stephen D. Heninger
Heninger, Garrison, Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203


/s/ Daniel S. Wolter_____
OF COUNSEL

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| **Who sues as Administrator and** ) | |
| **Personal Representative of the Estate of** ) | |
| **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.:  CV 16-900001** |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF TAKING DEPOSITION

TO:   Stephen D. Heninger
      Heninger, Garrison, Davis, LLC
      2224 1st Avenue North
      Birmingham, Alabama 35203

Please take notice that at the time, date and place indicated below, the defendant will take the testimony by deposition upon oral examination of that party named.  Such deposition shall be taken for the purpose of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure and shall be taken before a certified court reporter and notary public, or some other person who is authorized to administer oaths under the laws of the State of Alabama.  The oral examination will continue from time to time until completed.

DATE:        June 6, 2017

TIME:        10:00 a.m.

DEPONENT:   Marina Stewart-Magee

PLACE:       Heninger, Garrison, Davis, LLC
            2224 1st Avenue North
            Birmingham, Alabama 35203

*/s/* Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel B. Snyder

3

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 983-6334 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2017, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Stephen D. Heninger
Heninger, Garrison, Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

/s/ Daniel S. Wolter_____
OF COUNSEL

ELECTRONICALLY FILED
6/1/2017 10:12 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SERVICE OF DISCOVERY

PLEASE TAKE NOTICE that the undersigned has this date, June 1, 2017, served on

counsel for all parties the following:

(X)    Notice of Intent to Serve Subpoena on Non-Party, AT&T Subpoena Center

STEPHEN D. HENINGER

_s/ Stephen D. Heninger_
STEPHEN D. HENINGER

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
P. O. Box 11310
Birmingham, Alabama  35202
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3
Email: Steve@hgdlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon all counsel of record, as

listed below, via the AlaFile system, on the 1st day of June, 2017.

Daniel S. Wolter, Esq.
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
Telephone:  (205) 983-6440
Facsimile:  (205) 983-6334
*(Attorney for Daniel Snyder)*

STEPHEN D. HENINGER

s/ Stephen D. Heninger
STEPHEN D. HENINGER

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| who sues as Administrator and | ) | |
| Personal Representative of the Estate | ) | |
| of **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: CV 16-900001 |
| | ) | |
| **DANIEL B. SNYDER** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this

Notice, Plaintiff, will apply to the Clerk of this Court for issuance of the attached subpoena directed

to the following non-party to produce documents or things at the time and place specified therein:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas  75202**

Stephen D. Heninger (HEN-007)

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama  35203
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332
E-mail:        Steve@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send electronic notification of such filing to the following:

Daniel S. Wolter, Esq.
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
Telephone:  (205) 983-6440
Facsimile:  (205) 983-6334
*(Attorney for Daniel Snyder)*

Of Counsel

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| ) | |
| Defendant. ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS
## UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(B) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas  75202**

This the _____ day of _____, 2017.

s/CLERK_____

TO:   **Records Custodian**
      **AT&T Subpoena Center**
      **208 South Akard Street, Suite 110**
      **Dallas, Texas  75202**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff within fifteen (15) days after service of this subpoena:

**A complete copy of cellular phone records for cellular phone number (205) 901-2363, for the time period of July 5, 2014 through July 7, 2014. This request should include account numbers, itemized statements, long distance information, call details (for outgoing and incoming calls – phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log information, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

That you produce for inspection and copying the following documents or materials in whatever format as kept in the usual course of business.  Such production and inspection is to take place on at the law office of **Heninger, Garrison & Davis, LLC, 2224 1st Avenue North, Birmingham, Alabama 35203, Attention:  Stephen D. Heninger**, or you may comply with this subpoena by mailing legible copies of the requested materials to the aforementioned address no later than **15 days after service of this subpoena or on or before July 8, 2017.**

**HIPPA COMPLIANCE LANGUAGE**

In compliance with 145 CFR 164.512(e)(1),(iii), the undersigned states as follows:

1.     The plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2.     The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought. This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.     That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and the particular designated person to whom this subpoena is issued, if this subpoena is issued to a particular individual, need not appear in person at the aforementioned time for production and inspection but may send a proxy in their stead.

You have the option to deliver or mail legible copies of documents or things designated above as specified herein.

You have the right to issue a formal objection to this subpoena in writing. If you choose to object to this subpoena or any portion thereof, you must serve a written objection to undersigned counsel prior to the time designated for compliance.

DATED: _____, 2017.


Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER, GARRISON, DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
Steve@hgdlawfirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RETURN ON SERVICE

      I certify that I served the CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS
AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE by certified
mail pursuant to the provisions of Rule 4 to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas 75202**

on the _____ day of _____, 2017. Said subpoena was served upon the named company
on the _____ day of _____, 2017 by certified mail.

                _____
                Stephen D. Heninger (HEN-007)
                Attorney for Plaintiff

ATTACHMENT A
ALABAMA RULE OF CIVIL PROCEDURE 45 (c) & (d)

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless     commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.**  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**(dc) District Court Rule.**  Rule 45 applies in the district courts.

ELECTRONICALLY FILED
6/6/2017 4:04 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV- |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___CULLMAN_____, ALABAMA
*(Circuit, District, or Municipal)*                                   *(Name of County or Municipality)*

☐ State of Alabama

☐ Municipality of _____

☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

JEFFREY HOWARD WHITLOCK

2250 BEAVER CREEK RD

COLUMBIANA, AL 35051

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☑ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   07/17/2017 09:00 AM

ROOM   HENINGER GARRISON & DAVIS

ADDRESS 2224 First Avenue North

Birmingham, AL 35203

DATE ISSUED 6/6/2017

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

___ on _____

_____

_____

_____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ Served By Mail

_____

Date Mailed

_____

Sheriff                              Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

State of Alabama
Unified Judicial System

Form C-13 (front)   Rev. 6/07

## ORDER TO APPEAR
## (SUBPOENA)

Case
CV-

ELECTRONICALLY FILED
6/6/2017 4:06 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE __CIRCUIT__ COURT OF __CULLMAN_____, ALABAMA
(Circuit, District, or Municipal)                (Name of County or Municipality)

☐ State of Alabama

☐ Municipality of _____

☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

JEFFREY HUNTER WHITLOCK

4113 CLOVERLEAF DR
BIRMINGHAM, AL 35243

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☑ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   07/17/6666 11:00 AM

ROOM   HENINGER GARRISON & DAVIS

ADDRESS  2224 First Avenue North

Birmingham, AL 35203

_____

DATE ISSUED  6/6/2017

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

## RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

_____

___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                          Deputy Sheriff

| Form C-13 (back)    Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
6/16/2017 9:24 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| | ORDER TO APPEAR (SUBPOENA) | Case Number: CV-2016-900001.00 |
|---|---|---|

...bama
...icial System
...front)   Rev. 6/07

...CUIT                                      COURT OF   CULLMAN                                    , ALABAMA
(Circuit, District, or Municipal)                              (Name of County or Municipality)

...labama

...ity of _____

MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

...enile cases only):

...ter of _____, a child

...HOWARD WHITLOCK

2250 BEAVER CREEK RD

COLUMBIANA, AL 35051

A. Issued at the request of :
1. [✓] Plaintiff/State
2. [ ] Defendant
3. [ ] Grand Jury

B. Special Instructions you are ordered to :
1. [ ] Appear at trial/hearing
2. [ ] Produce records or documents see attached schedule(s)
3. [✓] Appear at deposition
4. [ ] Other

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   7/17/2017 9:00:00 AM

ROOM   HENINGER GARRISON & DAVIS

ADDRESS   2224 First Avenue North

Birmingham, AL 35203

DATE ISSUED   6/6/2017

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
  Mrs. Jeffrey Howard Whitlock at the address above
  on Wednesday, June 14, 2017
by placing a copy of the subpoena in her hand at
which time she placed the subpoena on the gound
and stated that I must take the subpoena back.  I told
her I could not take it back because I had already
given it to her.

Ken Henry, Process Server
Signature and Title of Server

(For Criminal cases only)
[ ] Served By Mail

Date Mailed

Sheriff                                Deputy Sheriff

SERVICE RETURN

02CV2000000000D001

DOCUMENT 51

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

**ORDER TO APPEAR**
**(SUBPOENA)**

Case
CV-

ELECTRONICALLY FILED
6/20/2017 2:22 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
_(Circuit, District, or Municipal)_  _(Name of County or Municipality)_

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):
☐ In the Matter of _____, a child

AT&T SUBPOENA CENTER

RECORDS CUSTODIAN

208 SO. AKARD ST. STE 110

DALLAS, TX 75202

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   07/14/2017 10:00 AM

ROOM   Heninger Garrison Davis,

ADDRESS 2224 1st Avenue North

Birmingham, AL 35203

_____

DATE ISSUED 6/20/2017

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

You do not have to appear on the date and time listed if you mail the documents requested in the attached to our office at the address listed.

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

_(For Criminal cases only)_
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                          Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
6/20/2017 2:22 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| ) | |
| Defendant. ) | |

## <u>CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE</u>

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(B) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas  75202**

This the 20th day of June, 2017.

s/CLERK_____

**TO:**   **Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas  75202**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff within fifteen (15) days after service of this subpoena:

**A complete copy of cellular phone records for cellular phone number , for the time period of July 5, 2014 through July 7, 2014.  This request should include account numbers, itemized statements, long distance information, call details (for outgoing and incoming calls – phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log information, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

That you produce for inspection and copying the following documents or materials in whatever format as kept in the usual course of business.  Such production and inspection is to take place on at the law office of **Heninger, Garrison & Davis, LLC, 2224 1st Avenue North, Birmingham, Alabama 35203, Attention:  Stephen D. Heninger**, or you may comply with this subpoena by mailing legible copies of the requested materials to the aforementioned address no later than **15 days after service of this subpoena or on or before July 14, 2017.**

**HIPPA COMPLIANCE LANGUAGE**

In compliance with 145 CFR 164.512(e)(1),(iii), the undersigned states as follows:

1.     The plaintiff has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2.      The notice of intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production and the particular designated person to whom this subpoena is issued, if this subpoena is issued to a particular individual, need not appear in person at the aforementioned time for production and inspection but may send a proxy in their stead.

You have the option to deliver or mail legible copies of documents or things designated above as specified herein.

You have the right to issue a formal objection to this subpoena in writing.  If you choose to object to this subpoena or any portion thereof, you must serve a written objection to undersigned counsel prior to the time designated for compliance.

DATED: June 20, 2017.

s/Stephen D. Heninger
Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER, GARRISON, DAVIS, LLC**
2224 1ˢᵗ Avenue North
Birmingham, Alabama 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
Steve@hgdlawfirm.com

*******************************************************************************

## RETURN ON SERVICE

I certify that I served the CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45 OF ALABAMA RULES OF CIVIL PROCEDURE by certified mail pursuant to the provisions of Rule 4 to:

**Records Custodian**
**AT&T Subpoena Center**
**208 South Akard Street, Suite 110**
**Dallas, Texas 75202**

on the _____ day of _____, 2017. Said subpoena was served upon the named company on the _____ day of _____, 2017 by certified mail.


_____
Stephen D. Heninger (HEN-007)
Attorney for Plaintiff

ATTACHMENT A
ALABAMA RULE OF CIVIL PROCEDURE 45 (c) & (d)


**(c) Protection of Persons Subject to Subpoenas.**


(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable attorney fee.


(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless    commanded to appear for deposition, hearing or trial.


(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.


(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it


(i) fails to allow reasonable time for compliance;


(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or


(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or


(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) Contempt.**  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**(dc) District Court Rule.**  Rule 45 applies in the district courts.

ELECTRONICALLY FILED
6/30/2017 3:04 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| ...ama ...ial System ...(front)   Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) | Case Number: CV-2016-900001.00 |

...CUIT       COURT OF   CULLMAN           , ALABAMA

*(Circuit, District, or Municipal)*       *(Name of County or Municipality)*

...abama

...ty of

_____ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

...nile cases only):

...ter of _____, a child

...HUNTER WHITLOCK

4113 CLOVERLEAF DR
BIRMINGHAM, AL 35243

**A. Issued at the request of :**
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

**B. Special Instructions you are ordered to :**
1. ☐ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☑ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   7/17/6666 11:00:00 AM

ROOM   HENINGER GARRISON & DAVIS

ADDRESS   2224 First Avenue North
         Birmingham, AL 35203

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

DATE ISSUED   6/6/2017

/s/ LISA MCSWAIN
Signature of Court Clerk      Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I Certify that I personally Delivered a copy of this order to
_____ Josh Dickus on
_____ on   4113 Cloverleaf Dr.
      Birmingham, AL.
on this the 30th day of June, 2017.
      Ken Henry
Signature and Title of Server   Ken Henry, Process Server

*(For Criminal cases only)*
☐ Served By Mail

Date Mailed _____

Sheriff                        Deputy Sheriff

**SERVICE RETURN**

02CV2000000000D001

DOCUMENT 56

ELECTRONICALLY FILED
7/17/2017 8:19 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama | ORDER TO APPEAR | Case |
|---|---|---|
| Unified Judicial System | (SUBPOENA) | CV- |
| Form C-13 (front)   Rev. 6/07 | | |

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___ _____, ALABAMA
         *(Circuit, District, or Municipal)*              *(Name of County or Municipality)*

☐ State of Alabama

☐ Municipality of _____

☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

JEFFREY HOWARD WHITLOCK

2250 BEAVER CREEK RD

COLUMBIANA, AL 35051

A. Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :

1. ☐ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☑ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   08/04/2017 09:00 AM

ROOM   HENINGER GARRISON & DAVIS

ADDRESS 2224 First Avenue North

Birmingham, AL 35203

_____

DATE ISSUED 7/17/2017

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

/s/ LISA MCSWAIN

Signature of Court Clerk        Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

_____

___ on _____

_____

_____

_____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ Served By Mail

_____

Date Mailed

_____

Sheriff                              Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
7/17/2017 8:19 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

**ORDER TO APPEAR**
**(SUBPOENA)**

Case
CV-

IN THE __CIRCUIT__ COURT OF __CULLMAN__ , ALABAMA
(Circuit, District, or Municipal)          (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):
☐ In the Matter of _____ , a child

JEFFREY HUNTER WHITLOCK

4113 CLOVERLEAF DR
BIRMINGHAM, AL 35243

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☑ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35202 (205) 326-3336

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE     08/04/2017 09:00 AM
ROOM    HENINGER GARRISON & DAVIS
ADDRESS  2224 First Avenue North
         Birmingham, AL 35203
_____

DATE ISSUED   7/17/2017

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                           Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
7/26/2017 3:40 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SERVICE OF DISCOVERY

PLEASE TAKE NOTICE that the undersigned has this date, the 26th day of July,

2017, served on counsel for all parties the following:

(X)    Notice of Taking Deposition of Jeffrey Howard Whitlock;

(X)    Notice of Taking Deposition of Jeffrey Hunter Whitlock

Stephen D. Heninger (HEN-007)

s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN-007)

Attorney for Plaintiff

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:   Steve@hgdlawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have served a copy of the foregoing upon all counsel of

record, as listed below, via the AlaFile system, on the 26th day of July, 2017.

Daniel S. Wolter, Esq.
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama  35223

Jason Knight, Esq.
Knight & Knight, LLC
210 Second Street, SE
Cullman, Alabama 35055

Stephen D. Heninger (HEN-007)

s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN-007)

DOCUMENT 63

ELECTRONICALLY FILED
8/1/2017 1:04 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV-2 |
|---|---|---|

IN THE **CIRCUIT** COURT OF **CULLMAN**, ALABAMA
(Circuit, District, or Municipal)    (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
(For Juvenile cases only):
☐ In the Matter of _____, a child

AT&T SUBPOENA CENTER

RECORDS CUSTODIAN

208 SO. AKARD ST. STE 110

DALLAS, TX 75202

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Ap
4. ☐ Oth

You may contact: STEPHEN DON HENINGER P. O. BOX 11310 BIRMINGHAM, AL 35

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/
documents, or tangible things; and /or permit inspection of premises as stated below until o
deemed a contempt of court from which the subpoena was issued.

DATE 7/14/2017 10:00:00 AM
ROOM Heninger Garrison Davis,
ADDRESS 2224 1st Avenue North
Birmingham, AL 35203

DATE ISSUED 6/20/2017

/s/ LISA MCSWAIN

Signature of Court Clerk    Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You a
and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
AT+T Subpoena Center
on June 26, 2017 by Certified
mail

Signature and Title of Server

02CV2000000000D001

SERVICE RETURN

ELECTRONICALLY FILED
9/8/2017 4:08 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| who sues as Administrator and ) | |
| Personal Representative of the Estate ) | |
| of **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: CV 16-900001 |
| ) | |
| **DANIEL B. SNYDER** ) | |
| ) | |
| Defendant. ) | |

## MOTION TO WITHDRAW

Comes now Stephen D. Heninger of the law firm of Heninger, Garrison, Davis, LLC and hereby gives notice of his withdrawal as counsel of record for Plaintiff, Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased. In support thereof, undersigned states the following:

1.    On August 20, 2017, Plaintiff informed the undersigned she wishes to terminate her contract with him and no longer wishes Mr. Heninger and the law firm of Heninger, Garrison, Davis, LLC represent her in the above civil action.

WHEREFORE, PREMISES CONSIDERED, the undersigned requests this Court grant his Motion to Withdraw on the grounds stated above.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

1

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:      (205) 326-3336
Facsimile:       (205) 326-3332
E-mail:            Steve@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, upon all counsel, as listed below, via the AlaFile system on the ___8th___ day of September, 2017.

Daniel S. Wolter, Esq.
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

ELECTRONICALLY FILED
9/14/2017 12:19 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGGE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MOTION TO PLACE PLEADING UNDER SEAL</u>**

COMES NOW Daniel B. Snyder and moves the Court to place the recently filed Notice of Attorney Lien under seal.  As grounds for this motion Snyder states the following:

1.      On September 8, 2017 the Honorable Steven Heninger filed a Motion to Withdraw and Notice of Attorney Lien.

2.      In the Notice of Attorney Lien there are representations of facts made on the record that are disputed.  Specifically, there is no evidence on the record or otherwise that Daniel Snyder was driving the Sea-Doo when the accident at issue occurred.

3.      Further, the Notice of Attorney Lien provides specific information relating to settlement negotiations in this case.

4.      Settlement negotiations are not information that is to be disclosed to the Court and should not be part of the public record.

5.      Certain statements in the Attorney Lien have not been proven and these statements could prove detrimental to the reputation of Daniel Snyder.

1

WHEREFORE, PREMISES CONSIDERED, Daniel Snyder respectfully requests this Court to place the Notice of Attorney Lien under seal and remove it from the public record.

/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 983-6334 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2017, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Stephen D. Heninger
Heninger, Garrison, Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

/s/ Daniel S. Wolter_____
OF COUNSEL

2

3

ELECTRONICALLY FILED
9/14/2017 2:18 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA                          AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                            )
                                      )
V.                                    ) Case No.:    CV-2016-900001.00
                                      )
SNYDER DANIEL B.,                     )
Defendant.                            )

## ORDER

MOTION TO WITHDRAW filed by HENINGER STEPHEN DON is hereby
GRANTED.


**DONE this 14th day of September, 2017.**


                            **/s/ MARTHA E. WILLIAMS**
                            **CIRCUIT JUDGE**

HENINGER GARRISON DAVIS,LLC
2224 1st Avenue North,
Birmingham, Alabama, 35203

att: Stephen D.Heninger                                    August 20, 2017


copy: Lisa McSwain,
The Cullman County Circuit Clerc,
500 2 nd Avenue SW # 303
Cullman , Al,35055


Dear Mr. Heninger,

    Please be advised that I am terminating your services as my attorney and
Albina's attorney. Case # 25-CV-2016-900001.00 wrongful Death of Albina
A.Sharifullina.

    You are instructed to perform no further work on this matter and to
provide    me with a complete file by mail at the following address:
P.O. BOX 430081 Birmingham, Al 35243.

Sincerely,
    Marina Stewart-Magee

**FILED IN OFFICE**

AUG 23 2017

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

ELECTRONICALLY FILED
10/3/2017 11:35 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGGE,** ) | |
| **Who sues as Administrator and** ) | |
| **Personal Representative of the Estate of** ) | |
| **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.:  CV 16-900001** |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW Daniel B. Snyder (hereinafter "Snyder") pursuant to Alabama Rule of Civil Procedure 12(b) and 56(c), and moves this Court to dismiss this action, or in the alternative, to grant summary judgment in Snyder's favor.  As grounds for this motion Snyder asserts the following:

## STATEMENT OF UNDISPUTED FACTS

1.      Suit was filed on January 5, 2016.  [Doc.2]

2.      The plaintiff in the case is an Estate and not an individual. [Doc. 2]

3.      When suit was filed plaintiff was represented by the Honorable Stephen Heninger. [Doc.2]

4.      On September 8, 2017 Stephen Heninger filed a motion to withdraw as counsel for the plaintiff.  [Doc. 65]

5.      On September 14, 2017 this Court granted Stephen Heninger's motion to withdraw. [Doc. 81]

1

6.      Since the granting of the motion to withdraw, the plaintiff has not been represented by counsel.

7.      Undersigned counsel has not received any indication of a new attorney potentially representing the plaintiff.

## ARGUMENT

Plaintiff cannot proceed in this litigation pro se.  Alabama Courts have previously held that Alabama Code § 34-3-6(a) prohibits a non-attorney executor or personal representative from representing an estate before a Court of law.  Ex parte Ghafary, MD, 738 So. 2d 778 (1998). Alabama's position on this issue is consistent with other jurisdictions that have held a person not licensed to practice law may not represent an estate.  See Waite v. Carpenter, 496 N.W. 2d 1 (Nebraska Court of Appeals 1992); State Ex. Ael. Baker v. County Court of Rock County, 138 N.W. 2d 162, 166 (Wisconsin 1965); Frazee v. Citizen's Fidelity Bank & Trust Co., 393 S.W. 2d 778 (Kentucky 1964); State Bar Association v. Connecticut Bank & Trust Co., 153 Atlantic 2d 453 (Connecticut 1959); See also C.D. Summer, Annotation, Necessity that Executor or Administrator be represented by Counsel in Presenting Matters in Probate Court, 19 ALR 3d 1319 (1968).

Plaintiff's previous counsel has withdrawn from the case.  The motion to withdraw has been granted thereby leaving the plaintiff unrepresented.  Since plaintiff is an Estate, it cannot present its case in Court without representation by a licensed attorney.  Ghafary, 738 So. 2d at 780-781.  Therefore, plaintiff's case should be dismissed as a matter of law.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Daniel Snyder respectfully requests this

Court to order plaintiff to have counsel appear on its behalf within thirty (30) days or the case

will be dismissed with prejudice.

/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2017, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Marina Stewart-Magee
4104 Melanie Drive
Moody, Alabama 35004

/s/ Daniel S. Wolter_____
OF COUNSEL

ELECTRONICALLY FILED
10/12/2017 9:59 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| MARINA STEWART-MAGEE, ) | |
| Who sues as Administrator and Personal ) | |
| Representative of the Estate of ) | |
| ALBINA AGDASOVNA SHARFIFULLINA, ) | |
| Deceased, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | **CIVIL ACTION: CV-2016-900001** |
| ) | |
| DANIEL B. SNYDER, ) | |
| ) | |
|     Defendant. | |

**NOTICE OF APPEARANCE**

    Please take notice that Leroy Maxwell, Jr. hereby appears as counsel of record for Marina Stewart-Magee.  Please serve future correspondences and pleadings accordingly.

                    Respectfully submitted,

                    /s/ Leroy Maxwell, Jr.
                    Leroy Maxwell, Jr.
                    Attorney for Plaintiff

Of Counsel:
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
205-216-3304

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served the foregoing upon all parties to this proceeding by filing this notice, on www.AlaFile.gov on the 12th day of October, 2017.

                    /s/ Leroy Maxwell, Jr.
                    Leroy Maxwell, Jr.

ELECTRONICALLY FILED
10/18/2017 9:55 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE,                    )
**Who sues as Administrator and Personal**      )
**Representative of the Estate of**              )
ALBINA AGDASOVNA SHARFIFULLINA,          )
Deceased,                                )
                                         )
      **Plaintiff,**                      )
v.                                       )     **CIVIL ACTION: CV-2016-900001**
                                         )
DANIEL B. SNYDER,                        )
                                         )
      **Defendant.**

## PLAINTIFF STEWART-MAGEE'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

**COMES NOW** the Plaintiff Marina Stewart-Magee, by and through its undersigned counsel of record, and respectfully opposes Defendant Snyder's Motion for Summary Judgement entered against her, as follows:

Defendant filed a Motion for Summary Judgement on the fact that the Plaintiff did not have proper legal representation. According to Alabama Code 34-3-6(a) prohibits a non-attorney executor or personal representative from representing an estate before a Court of law. **Ex parte Ghafary, MD,** 738 So.2d 778 (1998).

Notice of appearance was filed on October 12, 2017, stating Leroy Maxwell as legal representation over the Estate. The Alabama Code 34-3-6(a) has not been violated, and Defendant's motion for summary judgement is due to be denied as moot.

**WHEREFORE,** Plaintiff Stewart-Magee requests that this Honorable Court, deny Defendant's Snyder's Motion for Summary Judgement

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

Of Counsel:
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
205-216-3304

## CERTIFICATE OF SERVICE

I hereby certify that on October 18th, 2017, I have served a copy of the above and forgoing on counsel for all parties by using the *Alafile* system which will send notification of such to the following:

Daniel B. Snyder
84 Blue Sky Drive
Lacey Springs, AL 35754

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.



ELECTRONICALLY FILED
10/18/2017 11:31 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA  AGDASOVNA  SHARIFULLINA,  )
DECEASED MARINA STE,                           )
Plaintiff,                                                         )
                                                                         )
V.                                                                       )  Case No.:      CV-2016-900001.00
                                                                         )
SNYDER DANIEL B.,                                     )
Defendant.                                                      )

## ORDER

Defendant's Motion for Summary Judgment is set on January 22, 2018, Civil Motion Docket at 9:00 a.m. The attorneys shall provide this Court with hard copies of Motions, Briefs (up to 20 pages), and arguments in support thereof, and any exhibits which is essential to support the argument no later than January 15, 2018.

**DONE this 18th day of October, 2017.**

                                        **/s/ MARTHA E. WILLIAMS**
                                        **CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/18/2017 1:55 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| ALBINA               AGDASOVNA SHARIFULLINA, DECEASED MARINA) STE, | |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2016-900001.00 |
| | ) |
| SNYDER DANIEL B., | ) |
| Defendant. | ) |

**ORDER**

    This Court's Order setting hearing on Motion For Summary Judgment for 1/22/18 is hereby SET ASIDE.  This matter remains set for trial on the 13th day of November, 2017.

**DONE this 18th day of October, 2017.**

                    **/s/ MARTHA E. WILLIAMS**
                    **CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/24/2017 1:38 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGGE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION TO CONTINUE

COME NOW all parties and jointly move the Court to continue the case from the current November 13, 2017 trial setting.  As grounds for this motion the parties state the following:

1.      Counsel for the plaintiff has only recently been retained in the case and needs additional time to review the discovery that has already taken place to determine if any additional discovery needs to occur.

2.      The parties still need to exchange Rule 26 Expert Information.

3.      Neither party will be prejudiced by a continuance of the matter.

4.      The parties are trying to negotiate a resolution of the matter.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request this Court continue the case from the current November 13, 2017 trial setting and reset the case for trial approximately six (6) months out.

/s/ Leroy Maxwell w. permission
Leroy Maxwell
Attorney for Marina Stewart-Magee
who sues as Administrator and Personal
Representative of the Estate of Albina
Agdasovna Sharifullina

**OF COUNSEL:**

Leroy Maxwell, Jr.
Maxwell Law Firm
2100 1st. Ave. N, Ste. 370
Birmingham, AL. 35203

/s/ Daniel S. Wolter
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**

Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223



ELECTRONICALLY FILED
10/25/2017 11:18 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,,   )
DECEASED MARINA STE,                          )
Plaintiff,                                                   )
                                                                  )
V.                                                               )   Case No.:        CV-2016-900001.00
                                                                  )
SNYDER DANIEL B.,                                )
Defendant.                                               )

### ORDER

A Joint Motion to Continue having been filed herein by the parties over the November 13, 2017, Civil Jury Trial Docket is hereby GRANTED.

This case shall be reset on the next available Civil Jury Trial Docket thereafter.

**DONE this 25th day of October, 2017.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
12/13/2017 3:34 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, ) | |
| Who sues as Administrator and Personal ) | |
| Representative of the Estate of ) | |
| ALBINA AGDASOVNA SHARFIFULLINA, ) | |
| Deceased, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION: CV-2016-900001** |
| ) | |
| DANIEL B. SNYDER et al., ) | |
| ) | |
| **Defendants.** | |

## <u>MOTION FOR LEAVE OF COURT TO  AMEND THE COMPLAINT</u>

**COME NOW** the Plaintiff, Marina Stewart-MaGee, by and through her undersigned counsel, and hereby moves this Honorable Court to Grant her motion to amend original complaint for grounds as follows:

1. Plaintiff retained undersigned counsel as of October 12, 2017.

2. As of today's date counsel has had time to review entire file and discovered that fictitious Defendants 4 and 5 need to be amended as counsel is now aware of persons or entities which provided alcohol beverages of the named Defendant in the hours proceeding the incident described in the complaint.

3. In addition, additional claims must be added as a result of the information undersigned counsel discovered during his review of witness deposition.

4. This motion is made interest of justice and poses no undue burden on the Defendant and not to cause delay of further proceedings.

**WHEREFORE**, Marina Stewart-MaGee as Personal Representative of the Estate of Albina Sharfifullina request the Honorable Court Grant this Motion for Leave and allow time to amend original complaint.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

Of Counsel:
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
205-216-3304
maxwell@mxlawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served the foregoing upon all parties to this proceeding by filing this notice, on *Alafile* on the 13th day of December, 2017.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.



ELECTRONICALLY FILED
12/27/2017 11:10 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA                    AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                              )
                                        )
V.                                      ) Case No.:    CV-2016-900001.00
                                        )
SNYDER DANIEL B.,                       )
Defendant.                              )

### ORDER

MOTION FOR LEAVE OF COURT TO  AMEND THE COMPLAINT filed by ALBINA
AGDASOVNA SHARIFULLINA, DECEASED MARINA STE is hereby GRANTED.

**DONE this 27th day of December, 2017.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
2/8/2018 4:16 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGGE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>JOINT MOTION TO CONTINUE</u>**

COME NOW all parties and jointly move the Court to continue the case from the current February 26, 2018 trial setting.  As grounds for this motion the parties state the following:

1.      Counsel for the plaintiff has been granted the right to amend the complaint to add additional defendants.  Counsel for plaintiff is working on an amendment.

2.      The parties still need to exchange Rule 26 Expert Information.

3.      Neither party will be prejudiced by a continuance of the matter.

4.      The parties are trying to negotiate a resolution of the matter.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request this Court continue the case from the current February 26, 2018 trial setting and reset the case for trial approximately six (6) months out.

/s/ Leroy Maxwell w. permission

Leroy Maxwell
Attorney for Marina Stewart-Magee
who sues as Administrator and Personal
Representative of the Estate of Albina
Agdasovna Sharifullina

**OF COUNSEL:**

Leroy Maxwell, Jr.
Maxwell Law Firm
2100 1st. Ave. N, Ste. 370
Birmingham, AL. 35203

/s/ Daniel S. Wolter

Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder

**OF COUNSEL:**

Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223



ELECTRONICALLY FILED
2/9/2018 2:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED) MARINA STE,<br>Plaintiff, | )<br>) |
| V. | ) Case No.:  CV-2016-900001.00 |
|  | ) |
| SNYDER DANIEL B.,<br>Defendant. | )<br>) |

## ORDER of CONTINUANCE

Upon Joint Motion filed herein, this case is continued beyond its current 2/26/18 setting and shall be reset by the Clerk on the Court's next available Civil Jury Trial Docket thereafter.

**DONE this 9th day of February, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**