ELECTRONICALLY FILED
2/15/2018 9:28 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**FILED**
2016 Jan-05 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE TO CLERK OF FILING DISCOVERY

TO:   Circuit Clerk of Cullman County

Cullman County Courthouse

Please take notice that the following discovery document has been filed on behalf of defendant:

(X)   Responses to Plaintiff's Interrogatories and Request for Production

*/s/* Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel B. Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, Inc.
402 Office Park Drive, Ste 100
Birmingham, Alabama  35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2018, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Leroy Maxwell, Jr.
Maxwell Law
2100 1st Avenue North, Ste 370
Birmingham, Alabama 35203

/s/ Daniel S. Wolter_____
OF COUNSEL

ELECTRONICALLY FILED
2/22/2018 3:53 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| Who sues as Administrator and Personal | ) | |
| Representative of the Estate of ALBINA | ) | |
| AGDASOVNA SHARFIFULLINA, | ) | |
| Deceased | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No.: CV-2016-900001 |
| | ) | |
| DANIEL B. SNYDER et al., | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENA

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this notice, Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, will apply to the Clerk of this Court for issuance of the attached Subpoena directed to Alabama Department of Forensic Sciences, who is not a party and whose address is 716 Arcadia Circle, Huntsville, Alabama 35801, to produce the documents or things at the time and place specified in the subpoena.

DATED this the 22nd day of February, 2018.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Ave. N. Ste. 370
Birmingham, AL 35203
(205) 216-3304
Maxwell@mxlawfirm.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this notice by *Alafile* on this 22nd day of February, 2018.

/s/ Leroy Maxwell Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA,** | ) | |
| **Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO**:   **Alabama Department of Forensic Sciences**
**Huntsville Medical Examiner's Office**
**716 Arcadia Circle**
**Huntsville, Alabama 35801**

You are hereby commanded to do each of the following acts at the instant of the Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, within fifteen (15) days after the service of this subpoena:

> Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

## PLEASE CERTIFY RECORDS.  A BLANK CERTIFICATION IS ATTACHED FOR YOUR CONVENIENCE

As stated in the NOTICE section on page two of the subpoena, you may mail legible copies of documents or things to:

**Leroy Maxwell, Jr.**
**2100 1st Ave North, Suite 370**
**Birmingham, AL 35203**

Plaintiff agrees to reimburse for records based on the provisions of §12-21-6.1, Code of Alabama 1975 (1995 Repl. Vol.). Rule 45(c) and (d) of the Alabama Rules of Civil Procedure instructs you as follows:

> The reasonable cost of reproducing copies of written of types documents or Reports shall not be more than one dollar ($1) for each page if the first 25 pages, not more than 50 cents ($.50) for each page in the excess of 25 pages, and a search fee if five dollars ($5).

**PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.**
**PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You may mail legible copies of documents or things to Leroy Maxwell, Jr. 2100 1st Ave North, Suite 370 Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in part, as follows:

**(c) Protection of Persons Subject to Subpoenas**.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the

subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)       fails to allow reasonable time for compliance;

    (ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)    subjects a person to undue burden.

**(B) If a subpoena**

    (i)       requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of a party, or

    (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to a Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claims shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
Maxwell@mxlawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion by *Alafile* on this 22nd day of February, 2018.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.

| State of Alabama<br>Unified Judicial System<br><br>Form C-13 (front)   Rev. 6/07 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | **Case Number**<br>CV-2016-900001 |
|---|---|---|

IN THE _____Circuit_____ COURT OF _____Cullman_____ , ALABAMA
*(Circuit, District, or Municipal)*     *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____ v. _____ , **Defendant**
☑ Plaintiff ___Marina Stewart-Magee___ v. ___Daniel B. Snyder___ , **Defendant**

**(For Juvenile cases only):**
☐ In the Matter of: _____ , a child

Alabama Department of Forensic Sciences
Huntsville Medical Examiner's Office
716 Arcadia Circle
Huntsville, Alabama 35801

A. Issued at the request of:
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand jury
B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: Leroy Maxwell, Jr., Attorney for Plaintiff at 205-216-3304

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: _____
TIME: _____
ROOM: _____
ADDRESS: _____
_____
_____
_____
Date Issued

_____ [ ]
Signature of Court Clerk    **Deputy Clerk Initials**

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to _____
_____ on _____, _____

_____
Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** _____

[ ]
_____
Sheriff    Deputy Sheriff

| Form C-13 (back) | Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) |
|---|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala.R.Civ.P., subdivisions  (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service, or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
2/22/2018 3:55 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA,** | ) | |
| **Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENA</u>

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this notice, Plaintiff, Marina Stewart-Magee, who sues

as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina,

will apply to the Clerk of this Court for issuance of the attached Subpoena directed to Cullman

County District Attorney, who is not a party and whose address is 500 2nd Avenue South West,

Cullman, Alabama 35055, to produce the documents or things at the time and place specified in

the subpoena.

DATED this the 22nd day of February, 2018.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Ave. N. Ste. 370
Birmingham, AL 35203
(205) 216-3304
Maxwell@mxlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this notice by *Alafile* on this 22nd day of February, 2018.

/s/ Leroy Maxwell Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA,** | ) | |
| **Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO:** **Cullman County District Attorney**
**500 2ⁿᵈ Avenue South West**
**Cullman, Alabama 35055**
**Phone: 256-736-2800**

You are hereby commanded to do each of the following acts at the instant of the Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, within fifteen (15) days after the service of this subpoena:

> Your entire file, including, but not limited to, all records, writings,
> documents, reports, or other written material contained in your file,
> in your possession or under your control of ALBINA AGDASOVNA
> SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of
> Birth: 11/15/1989 and Date of Death: 6/06/2014

## PLEASE CERTIFY RECORDS.  A BLANK CERTIFICATION IS ATTACHED FOR YOUR CONVENIENCE

As stated in the NOTICE section on page two of the subpoena, you may mail legible copies of documents or things to:

**Leroy Maxwell, Jr.**
**2100 1ˢᵗ Ave North, Suite 370**
**Birmingham, AL 35203**

Plaintiff agrees to reimburse for records based on the provisions of §12-21-6.1, Code of Alabama 1975 (1995 Repl. Vol.). Rule 45(c) and (d) of the Alabama Rules of Civil Procedure instructs you as follows:

> The reasonable cost of reproducing copies of written of types documents or Reports shall not be more than one dollar ($1) for each page if the first 25 pages, not more than 50 cents ($.50) for each page in the excess of 25 pages, and a search fee if five dollars ($5).

**PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00. PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You may mail legible copies of documents or things to Leroy Maxwell, Jr. 2100 1st Ave North, Suite 370 Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in part, as follows:

**(c) Protection of Persons Subject to Subpoenas**.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the

subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i)       fails to allow reasonable time for compliance;

      (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv)    subjects a person to undue burden.

**(B) If a subpoena**

      (i)       requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of a party, or

      (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to a Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claims shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
Maxwell@mxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion by *Alafile* on this 22nd day of February, 2018.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.

| State of Alabama<br>Unified Judicial System<br><br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number<br><br>CV-2016-900001 |
| --- | --- | --- |

**IN THE** _____ Circuit _____ **COURT OF** _____ Cullman _____ **, ALABAMA**

*(Circuit, District, or Municipal)*      *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____  v. _____ , **Defendant**
☒ Plaintiff _____ Marina Stewart-Magee _____  v. _____ Daniel B. Snyder _____ , **Defendant**

**(For Juvenile cases only):**
☐ In the Matter of: _____ , a child

Cullman County District Attorney
500 2nd Avenue South West
Cullman, Alabama 35055
Phone: 256-736-2800

A. Issued at the request of:
1. ☒ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or
documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: **Leroy Maxwell, Jr., Attorney for Plaintiff at 205-216-3304**

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused.  Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:** _____

**TIME:** _____

**ROOM:** _____

**ADDRESS:** _____

_____

_____

Date issued

_____    [   ]

Signature of Court Clerk      **Deputy Clerk Initials**

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or
records must be completed within 15 days.

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a
copy of this order to _____
_____ on _____ , _____

_____

Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
     **Date mailed** _____

                       |  |

_____

Sheriff                    Deputy Sheriff

| Form C-13 (back) | Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) |
|---|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala.R.Civ.P., subdivisions  (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| State of Alabama | ORDER TO APPEAR | |
|---|---|---|

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

**ORDER TO APPEAR**
**(SUBPOENA)**

Case No.
CV-

ELECTRONICALLY FILED
2/22/2018 4:14 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE __CIRCUIT__ COURT OF __CULLMAN__ , ALABAMA
*(Circuit, District, or Municipal)*  *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):
☐ In the Matter of _____, a child

ALABAMA DEPARTMENT OF FORENSIC SCIENCES

716 ARCADIA CIRCLE
HUNTSVILLE, AL 35801

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☑ Appear at trial/hearing
2. ☐ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   03/12/2018 05:00 PM
ROOM
ADDRESS  2100 1st Ave North
Suite 370
Birmingham, AL 35203

DATE ISSUED  2/22/2018

/s/ LISA MCSWAIN
Signature of Court Clerk        Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on _____
_____
_____
_____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                    Deputy Sheriff

| Form C-13 (back)    Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

**ORDER TO APPEAR**
**(SUBPOENA)**

Case
CV-

ELECTRONICALLY FILED
2/22/2018 4:34 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
_(Circuit, District, or Municipal)_          _(Name of County or Municipality)_

☐ State of Alabama

☐ Municipality of _____

☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

(For Juvenile cases only):

☐ In the Matter of _____, a child

ALABAMA DEPARTMENT OF FORENSIC SCIENCES

716 ARCADIA CIRCLE

HUNTSVILLE, AL 35801

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   03/12/2018 05:00 PM

ROOM

ADDRESS  2100 1st Ave North

Suite 370

Birmingham, AL 35203

DATE ISSUED  2/22/2018

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

___ on
_____
_____
_____
_____
_____

_____
Signature and Title of Server

_(For Criminal cases only)_

☐ Served By Mail

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)     Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

**ORDER TO APPEAR**
**(SUBPOENA)**

Case
CV-

ELECTRONICALLY FILED
2/22/2018 4:39 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___ , ALABAMA
   *(Circuit, District, or Municipal)*                    *(Name of County or Municipality)*

☐ State of Alabama

☐ Municipality of _____

☑ ___MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT___

(For Juvenile cases only):

☐ In the Matter of _____ , a child

CULLMAN COUNTY DISTRICT ATTORNEY

500 2ND AVENUE SOUTH WEST

CULLMAN, AL 35055

A. Issued at the request of :

1. ☑ Plaintiff/State

2. ☐ Defendant

3. ☐ Grand Jury

B. Special Instructions you are ordered to :

1. ☐ Appear at trial/hearing

2. ☑ Produce records or documents see attached schedule(s)

3. ☐ Appear at deposition

4. ☐ Other _____

You may contact: ___LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304___

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE ___03/12/2018 05:00 PM___

ROOM _____

ADDRESS ___2100 1st Ave North___

___Suite 370___

___Birmingham, AL 35203___

DATE ISSUED ___2/22/2018___

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

___/s/ LISA MCSWAIN___

Signature of Court Clerk          Deputy Clerk Initials

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____
_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ Served By Mail

_____

Date Mailed

_____

Sheriff                                              Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
2/22/2018 4:44 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2015-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF TAKING NON-PARTY DEPOSITION

**COMES NOW** the named Plaintiff to the above-styled cause, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, appearing by and through the undersigned counsel, and gives notice to this Honorable Court that it has filed the following discovery in this action:

1. Notice of Taking Non-Party Deposition of John Williams.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

OF COUNSEL:
**MAXWELL LAW FIRM**
2100 1st Ave. N., Suite 370
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Maxwell@mxlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of February, 2018, this document has been filed Electronically through *Alafile* and served upon the following via email and U.S. MAIL.

**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223

Cc:

ALEA Marine Police Division
Attention: John Williams
64 North Union Street #438
Montgomery, Alabama 36130
john.williams@alea.gov.com

Respectfully submitted,

<u>/s/ Leroy Maxwell Jr.</u>
Leroy Maxwell, Jr.
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2015-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF TAKING NON-PARTY DEPOSITION

TO:          Daniel Wolter Law Firm, LLC
                402 Officce Park Drive, Suite 100
                Birmingham, Alabama 35223

                Cc:

                ALEA Marine Police Division
                Attention: John Williams
                64 North Union Street #438
                Montgomery, Alabama 36130

DEPONENT:      John Williams

TIME:            10:00 a.m.

DATE:            March 9th, 2018

LOCATION:      To Be Determined

          PLEASE TAKE NOTICE that the MAXWELL LAW FIRM, attorneys for

Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of

the Estate of Albina Agdasovna Sharfifullina, will take deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths and

swear witnesses in Houston County, State of Alabama. The oral examination will continue

from day to day until completed and you are invited to attend if you so desire.


Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2018, this document has been filed Electronically through *Alafile* and served upon the following via email and U.S. MAIL.


**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223

Cc:

ALEA Marine Police Division
Attention: John Williams
64 North Union Street #438
Montgomery, Alabama 36130
john.williams@alea.gov.com


Respectfully submitted,

/s/ Leroy Maxwell Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

ELECTRONICALLY FILED
2/26/2018 3:03 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF TAKING NON-PARTY DEPOSITION

**COMES NOW** the named Plaintiff to the above-styled cause, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, appearing by and through the undersigned counsel, and gives notice to this Honorable Court that it has filed the following discovery in this action:

1. Notice of Taking Non-Party Deposition of John Williams.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

OF COUNSEL:
**MAXWELL LAW FIRM**
2100 1st Ave. N., Suite 370
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Maxwell@mxlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of February, 2018, this document has been filed Electronically through *Alafile* and served upon the following via email and U.S. MAIL.

**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223

Cc:

ALEA Marine Police Division
Attention: John Williams
64 North Union Street #438
Montgomery, Alabama 36130
john.williams@alea.gov.com

Respectfully submitted,

<u>/s/ Leroy Maxwell Jr.</u>
Leroy Maxwell, Jr.
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2015-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>NOTICE OF TAKING NON-PARTY DEPOSITION</u>**

TO:             Daniel Wolter Law Firm, LLC
                402 Officce Park Drive, Suite 100
                Birmingham, Alabama 35223

                Cc:

                ALEA Marine Police Division
                Attention: John Williams
                64 North Union Street #438
                Montgomery, Alabama 36130

DEPONENT:      John Williams

TIME:          10:00 a.m.

DATE:          March 21st, 2018

LOCATION:      To Be Determined

        PLEASE TAKE NOTICE that the MAXWELL LAW FIRM, attorneys for

Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of

the Estate of Albina Agdasovna Sharfifullina, will take deposition of the deponent named

above, at the time, date and location indicated above, upon oral examination pursuant to the

Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths and

swear witnesses in Houston County, State of Alabama. The oral examination will continue

from day to day until completed and you are invited to attend if you so desire.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2018, this document has been filed
Electronically through *Alafile* and served upon the following via email and U.S. MAIL.

**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223

Cc:

ALEA Marine Police Division
Attention: John Williams
64 North Union Street #438
Montgomery, Alabama 36130
john.williams@alea.gov.com

Respectfully submitted,

/s/ Leroy Maxwell Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

**FILED IN OFFICE**

| | | |
|---|---|---|
| MARINA STEWART-MAGGE, | ) | |
| Who sues as Administrator and | ) | **FEB 27 2018** |
| Personal Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | LISA McSWAIN |
| SHARIFULLINA, Deceased, | ) | CIRCUIT CLERK |
| | ) | CULLMAN COUNTY |
| PLAINTIFF, | ) | Case No.: CV 2016-900001 |
| | ) | |
| VS. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MOTION TO QUASH

Comes now the undersigned, as representative of the Cullman County District Attorney's office, and files the following motion to quash the subpoena filed by the Defendant and as grounds states as follows:

1. The Defendant has filed a subpoena and served the same on the Cullman County District Attorney's office requesting the Cullman County District Attorney appear and produce a criminal file involving the Plaintiff and Defendant.
2. The subpoena is improper in that the file requested is not subject to subpoena or discovery as it is the work product of the District Attorney's office and not subject to a discovery motion.
3. Any evidence that the attorney could attempt to elicit from said District Attorney regarding the handling of the case would fall under work product and/or settlement negotiations and are not subject to subpoena, discovery or testimony.
4. Furthermore, the District Attorney does not have any paperwork in its possession regarding the requested incident.

WHEREFORE, the premises considered, the Cullman County District Attorney's Office requests this Court to quash the subpoena served upon the Cullman County District Attorney.

_____
Jeffrey H Roberts
ADA Cullman County

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on attorney for defendant, Hon. Leroy Maxwell, Jr. by placing the same in the US Mail, properly addressed to: 2100 First Ave. N., Ste. 370, Birmingham, AL 35203.

This the 27th day of February 2018.

Jeffrey H Roberts
ASSISTANT DISTRICT ATTORNEY

State of Alabama
Unified Judicial System
Form C-13 (front)   Rev. 6/07

# ORDER TO APPEAR
## (SUBPOENA)

**Case Number:**
CV-2016-900001.00

IN THE __CIRCUIT__ COURT OF __CULLMAN__, ALABAMA
_(Circuit, District, or Municipal)_ _(Name of County or Municipality)_

☐ State of Alabama

☐ Municipality of _____

☑ __MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT__

(For Juvenile cases only):

☐ In the Matter of _____, a child

CULLMAN COUNTY DISTRICT ATTORNEY

500 2ND AVENUE SOUTH WEST

CULLMAN, AL 35055

A. Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :

1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: __LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304__

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   3/12/2018 5:00:00 PM

ROOM

ADDRESS 2100 1st Ave North

Suite 370

Birmingham, AL 35203

DATE ISSUED 2/22/2018

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

## RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to _Cullman County District Attorney_

on _February 26, 2018_

_/s/ William Gorby_
Signature and Title of Server

(For Criminal cases only)

☐ Served By Mail

Date Mailed

FILED IN OFFICE

FEB 27 2018

LISA MCSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

Deputy Sheriff

## SERVICE RETURN

02CV2000000000D001

C/O Wilson Blaylock District Attorney

DOCUMENT 130

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>CV-2016-900001.00 |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
_(Circuit, District, or Municipal)_ _(Name of County or Municipality)_

☐ State of Alabama

☐ Municipality of _____

☑ ___MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT___

(For Juvenile cases only):

☐ In the Matter of _____, a child

ALABAMA DEPARTMENT OF FORENSIC SCIENCES

716 ARCADIA CIRCLE

HUNTSVILLE, AL 35801

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   3/12/2018 5:00:00 PM

ROOM

ADDRESS 2100 1st Ave North
Suite 370
Birmingham, AL 35203

DATE ISSUED  2/22/2018

/s/ LISA MCSWAIN
Signature of Court Clerk        Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

Your entire file, including, but not limited to, all records, writings, documents, reports, or other written material contained in your file, in your possession or under your control of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

**FILED IN OFFICE**

FEB 28 2018

LISA MCSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

___ on

Signature and Title of Server

_(For Criminal cases only)_
☐ Served By Mail

Date Mailed
EXECUTED BY MAILING THE WITHIN NAMED A COPY OF SUBPOENA THIS 26 DAY OF Feb 20 18.
BLAKE L. DORNING, SHERIFF
_____, DEPUTY SHERIFF
Sheriff                    Deputy Sheriff

**SERVICE RETURN**

02CV2000000000D001

ELECTRONICALLY FILED
3/7/2018 2:32 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA                  AGDASOVNA )
SHARIFULLINA, DECEASED MARINA )
STE, )
Plaintiff, )
 )
V. ) Case No.:    CV-2016-900001.00
 )
SNYDER DANIEL B., )
Defendant. )

## ORDER

MOTION TO QUASH filed by CULLMAN COUNTY DISTRICT ATTORNEY'S OFFICE is hereby GRANTED.

**DONE this 7th day of March, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/15/2018 1:29 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA,** | ) | |
| **Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENA

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this notice, Plaintiff, Marina Stewart-Magee, who sues as

Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, will

apply to the Clerk of this Court for issuance of the attached Subpoena directed to Alabama Law

Enforcement Agency, who is not a party and whose address is 1624 Richard Arrington Jr Blvd S,

Birmingham, AL 35205, to produce records, documents or things at the time and place specified

in the subpoena.

DATED this the 15th day of March, 2018.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Ave. N. Ste. 370
Birmingham, AL 35203
(205) 216-3304
Maxwell@mxlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this notice by *Alafile* on this 15th day of March, 2018.

/s/ Leroy Maxwell Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and Personal** | ) | |
| **Representative of the Estate of ALBINA** | ) | |
| **AGDASOVNA SHARFIFULLINA,** | ) | |
| **Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-2016-900001** |
| | ) | |
| **DANIEL B. SNYDER et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO**:    **Alabama Law Enforcement Agency**
**1624 Richard Arrington Jr Blvd S,**
**Birmingham, AL 35205**

You are hereby commanded to do each of the following acts at the instant of the Plaintiff, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, within fifteen (15) days after the service of this subpoena:

Your entire file on ALBINA AGDASOVNA SHARFIFULLINA including, but not limited to, all records, writings, documents, reports, or other written material and Marine Police Investigator John Williams' entire investigation report of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

## PLEASE CERTIFY RECORDS.  A BLANK CERTIFICATION IS ATTACHED FOR YOUR CONVENIENCE

As stated in the NOTICE section on page two of the subpoena, you may mail legible copies of documents or things to:

**Leroy Maxwell, Jr.**
**2100 1st Ave North, Suite 370**
**Birmingham, AL 35203**

Plaintiff agrees to reimburse for records based on the provisions of §12-21-6.1, Code of Alabama 1975 (1995 Repl. Vol.). Rule 45(c) and (d) of the Alabama Rules of Civil Procedure instructs you as follows:

> The reasonable cost of reproducing copies of written of types documents or Reports shall not be more than one dollar ($1) for each page if the first 25 pages, not more than 50 cents ($.50) for each page in the excess of 25 pages, and a search fee if five dollars ($5).

**PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You may mail legible copies of documents or things to Leroy Maxwell, Jr. 2100 1st Ave North, Suite 370 Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in part, as follows:

**(c) Protection of Persons Subject to Subpoenas**.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the

subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)       fails to allow reasonable time for compliance;

    (ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)    subjects a person to undue burden.

**(B) If a subpoena**

    (i)       requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of a party, or

    (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to a Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claims shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Avenue North Suite 370
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
Maxwell@mxlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion by *Alafile* on this 15th day of March, 2018.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.

| State of Alabama | ORDER TO APPEAR | Case |
|---|---|---|
| Unified Judicial System | (SUBPOENA) | CV- |
| Form C-13 (front)   Rev. 6/07 | | |

ELECTRONICALLY FILED
3/15/2018 2:56 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
*(Circuit, District, or Municipal)*  *(Name of County or Municipality)*

☐ State of Alabama

☐ Municipality of _____

☑ ___MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT___

(For Juvenile cases only):

☐ In the Matter of _____, a child

ALEA

1624 RICHARD ARRINGTON JR
BLVD S
BIRMINGHAM, AL 35205

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: ___LEROY MAXWELL JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304___

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   ___03/30/2018 12:00 AM___

ROOM   Maxwell Law Firm

ADDRESS ___2100 1st Ave North___
___Suite 370___
___Birmingham, AL 35203___

DATE ISSUED ___3/15/2018___

___/s/ LISA MCSWAIN___
Signature of Court Clerk        Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

Your entire file on ALBINA AGDASOVNA SHARFIFULLINA including, but not limited to, all records, writings, documents, reports, or other written material and Marine Police Investigator John Williams' entire investigation report of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on _____
_____
_____
_____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ Served By Mail

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ELECTRONICALLY FILED
4/20/2018 4:55 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, ) | |
| **Who sues as Administrator and Personal** ) | |
| **Representative of the Estate of ALBINA** ) | |
| **AGDASOVNA SHARFIFULLINA, Deceased** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No.: CV-2016-900001** |
| ) | |
| **DANIEL B. SNYDER et al.,** ) | |
| ) | |
| **Defendant.** ) | |

_____

### MOTION TO WITHDRAW AND CONTINUENCE

_____

**COMES NOW,** the named Plaintiff to the above-styled cause, Marina Stewart-Magee, who sues as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, appearing by and through Undersigned Counsel hereby moves this Court for a withdrawal as attorney of record and continuance from its present setting. As grounds, therefore, the Undersigned would show as follows:

1. This case is scheduled for a hearing on Monday, May 14, 2018 starting at 9:00 a.m.

2. On April 20, 2018 Undersigned Counsel was terminated without cause, and the termination was not due to any malfeasance or other improper actions on the part of the petitioner.

3. A continuance would be in the interest of fairness and justice.

**WHEREFORE,** the undersigned prays that this Honorable Court grants the withdrawal and a continuance from its present setting until a reasonable time thereafter.

Respectfully submitted,

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.

**<u>Of Counsel:</u>**
**Maxwell Law Firm**
2100 First Ave N. Suite 370
Birmingham, AL 35203
T: 205-216-3304
F: 205-409-4145
MxLawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion on www.alafile.gov 20th day of April, 2018.

<u>/s/ Leroy Maxwell, Jr.</u>
Leroy Maxwell, Jr.

ELECTRONICALLY FILED
4/20/2018 4:56 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| Who sues as Administrator and Personal | ) | |
| Representative of the Estate of | ) | |
| ALBINA AGDASOVNA SHARFIFULLINA, | ) | |
| Deceased, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION: CV-2016-900001 |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

Now comes, the Petitioner, **Leroy Maxwell Jr**, pursuant to Ala. Code 1975 § 34-3-61, and states as follows:

1.    The Petitioner is an attorney at law admitted to practice before the courts of this state, and files this Petition to establish his lien for attorney's fees as set forth hereinafter.

2.    On or about October 11, 2017, Petitioner was retained and employed by the Plaintiff, Marina Stewart-Magee as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, pursuant to a contingent fee agreement, to pursue a claim for her personal injuries arising out of the death of Albina Agdasovna Sharfifullina that occurred on July 5, 2014. (Exhibit A)

3.    Pursuant to the above agreement, the Petitioner filed a Notice of Appearance in this matter on behalf of the Plaintiff.

4.    From the date the Petitioner was authorized to proceed on behalf of the Plaintiff,

the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of Plaintiff's claim, and has taken all steps necessary to prosecute that claim, including conducting substantial discovery, filing several motions.

5.     The Petitioner has expended 35 hours in his representation of Plaintiff in pursuit of her claim, those hours were billed at a rate of $350.00 an hour and the fee incurred was $12,250.00 which was reasonably and necessarily expended in pursuit of that claim. (See Exhibit A)

6.     The Petitioner has also incurred an $ 3,000.45 in reasonable and necessary expenses in pursuit of Plaintiff's claim.

7.     The Plaintiff has recently discharged the Petitioner as her attorney in this matter, and it is expected that a new attorney will shortly be entering an appearance for the Plaintiff in this action.

8.     The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner. (Exhibit B)

9.     The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by the Plaintiff in this action.

WHEREFORE, the Petitioner prays:

1)     That his attorney's lien be established.

2)     That the amount of the lien be established in the amount of $15,250.45;

3)     That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action.

4)     That the Defendant or Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied;

5)     For such other and further relief as this Court deems just.

Respectfully submitted,
/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Petitioner

Of Counsel:
**Maxwell Law Firm**
2100 1st Avenue North, Suite 370
Birmingham, AL. 35203
205-216-3304
maxwell@mxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion on www.alacourt.gov on this 20th day of April 2018.

/s/ Leroy Maxwell, Jr.

Leroy Maxwell, Jr.

## AGREEMENT TO EMPLOY COUNSEL (Contingency Fee)

This agreement is made by and between **THE MAXWELL LAW FIRM ("Attorney")** and **MARINA MCGEE ("Client(s)")**. The misspelling of any of the party's names shall not make this contract void or voidable, nor shall it change the nature of this agreement or the intent of the parties. Client(s) hereby employs Attorney to represent and/or counsel Client(s) with regard to the following matter(s):

*Sharri fullina*

*Client desires Attorney to represent The Estate of Albina ~~Phenis~~ civil lawsuit against Daniel Snyder (CV-2016-900001)*

Attorney hereby accepts said employment upon the following terms: Attorney promises to use best efforts and skill in carrying out said employment; Attorney does not guarantee any particular result in any litigation or proceeding. Attorney reserves the right to associate with outside counsel where it is deemed in the best interest of Client(s).

EXHIBIT

A

**THE FEE FOR ATTORNEY SERVICES AND EMPLOYMENT SHALL BE AS FOLLOWS:**

1. A **contingency fee** of 35 % will be charged to Client if Attorney settles Client's case prior to trial. A **contingency fee** of 40 % will be charged to Client if Attorney takes Client's case to trial. Client shall be responsible for all fees, such as court costs. Client will not be charged if Attorneys do not recover funds for Client.

2. This fee is exclusive of any prior payments rendered, including without limitation, the Attorneys' consultation fee.

3. The client hereby acknowledges that approximately $0.00 of the above amount may be expended on filing fees, newspaper advertisement or expenses. Said expenses include, but are not limited to, long distance telephone charges, travel, telegram charges, court costs, cost of copies of documents, parking tolls, air fare, deposition expenses, photocopying documents in Attorneys' office in excess of five pages per item at the rate of ten cents per page; and out of town automobile expenses at the rate of fifty-five cents per mile plus travel time.

4. Attorneys' expenses incurred in connection with the representation of Client shall remain the sole responsibility of the Client to pay or reimburse to Attorney.

5. Pre-payment of expenses will be accepted from the client by Attorney and held on behalf of client in Attorneys' trust account and all expenses shall remain the sole responsibility of Client. Any expenses held in trust for the Client but not used shall be promptly returned to the Client at the conclusion of this matter.

Client's initials
Attorney's initials

2100 1st Ave North, Suite 370, Birmingham, Alabama 35203 | Phone:(205)216-3304 | Fax:(205)409-4145 maxLawfirm.com

6.  It is expressly understood that Attorney has made no promises of success or guarantees regarding the outcome of the case to Client. Attorney has explained the risks that are a necessary part of litigation. Client fully understands that such risks exist.

7.  In the event that Client decides to terminate Attorneys' representation of Client prior to the fulfillment of that representation, Client shall be charged at a rate of $350.00 per hour.

Done this the ___11___ day of _____October_____ , **2017**.

CLIENT: *Maxine, Stewart Mapu*        Date *10 - 11 - 2017*

ATTORNEYS _____        Date *10/11/17*

MAXWELL LAW FIRM

2100 1st Avenue North, #370

Birmingham, Alabama, 35203

Attn: Leroy Maxwell Jr.



April 20, 2018

Dear Mr. Maxwell,

Please be advised that I am terminating your services as my attorney and Albina's attorney. Case # 25-CV-2016-900001.00 wrongful Death of Albina A. Sharifullina.

Please file a motion to continue based on substitution of counsel and include in the motion counsel for the defendant has been contacted and does not oppose the continuance.

I'll drop by your office and pick up the file on Wednesday April 25, 2018.

Sincerely,

Marina Stewart-Magee

1

*Insert adins* *Not* *wanted ...* (handwritten)

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>**CV-2016-900001.00** |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___CULLMAN___, ALABAMA
   *(Circuit, District, or Municipal)*         *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____
☑ ___MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT___
   (For Juvenile cases only):
☐ In the Matter of _____, a child

ALEA   *313 M$* (handwritten)

1624 RICHARD ARRINGTON JR
BLVD S
BIRMINGHAM, AL 35205

**A.** Issued at the request of :
  1. ☑ Plaintiff/State
  2. ☐ Defendant
  3. ☐ Grand Jury

**B.** Special Instructions you are ordered to :
  1. ☐ Appear at trial/hearing
  2. ☑ Produce records or documents see attached schedule(s)
  3. ☐ Appear at deposition
  4. ☐ Other _____

You may contact: ___LEROY MAXWELL, JR. 2100 1st Ave North Suite 370 BIRMINGHAM, AL 35203 (205) 216-3304___

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE ___3/30/2018 12:00:00 AM___

ROOM ___Maxwell Law Firm___

ADDRESS ___2100 1st Ave North___
     ___Suite 370___
     ___Birmingham, AL 35203___

DATE ISSUED ___3/15/2018___

/s/ LISA MCSWAIN
_____    |___
Signature of Court Clerk      Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

Your entire file on ALBINA AGDASOVNA SHARFIFULLINA including, but not limited to, all records, writings, documents, reports, or other written material and Marine Police Investigator John Williams' entire investigation report of ALBINA AGDASOVNA SHARFIFULLINA, Social Security Number: XXX-XX-8056, Date of Birth: 11/15/1989 and Date of Death: 6/06/2014

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

### RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on
_____
_____
_____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

Date Mailed
_____

Sheriff _____    Deputy Sheriff

## SERVICE RETURN

02CV20000000000001

#IS WRIT RETURNED "NOT FOUND"
IN JEFFERSON COUNTY THIS _____
DAY OF _____ APR 0 2 2018 _____ 20 ____

**FILED IN OFFICE**

FOR THE FOLLOWING REASONS
- ☐ 2   MOVED
- ☐ 8.   INSUFFICIENT ADDRESS
- ☐ 6.   DOES NOT RESIDE AT ADDRESS
- ☐ 7   NOT EMPLOYED AT LISTED LOCATION.
- ☐ 12   NO SUCH ADDRESS
- ☐ 9.   AVOIDING SERVICE
- ☐ 13.   RECEIVED TOO LATE FOR SERVICE
- ☐ 14.   UNABLE TO CONTACT
- ☐ 16.   OTHER _____

APR 20 2018

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

MIKE HALE, Sheriff M. Jefferson County

By _____   D.S

ELECTRONICALLY FILED
4/25/2018 10:49 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA            AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                    )
                              )
V.                            ) Case No.:    CV-2016-900001.00
                              )
SNYDER DANIEL B.,             )
Defendant.                    )

## ORDER

Motion to Withdraw as counsel for Plaintiff, filed herein by Hon. Leroy Maxwell, Jr., is GRANTED.

Plaintiff shall cause new counsel to enter an appearance herein or shall be prepared to proceed as self-representing.

**DONE this 25th day of April, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
4/25/2018 10:53 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA                  AGDASOVNA
SHARIFULLINA, DECEASED MARINA)
STE,
Plaintiff,                              )
                                        )
V.                                      ) Case No.:    CV-2016-900001.00
                                        )
SNYDER DANIEL B.,                       )
Defendant.                              )

## ORDER

PETITION TO ESTABLISH ATTORNEY'S LIEN filed by Hon. Leroy Maxwell, Jr. is GRANTED.

**DONE this 25th day of April, 2018.**

/s/ MARTHA E. WILLIAMS
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
4/26/2018 8:11 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGGE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO CONTINUE

COMES NOW Daniel B. Snyder (hereinafter "Snyder") and respectfully requests this Honorable Court to continue this matter from the current May 14, 2018 trial setting.  As grounds in support of this motion, Snyder states as follows:

1.  On April 21, 2018 counsel for plaintiff filed a motion to withdraw and a motion to continue as well as a request for a lien relating to his attorney's fees.

2.  On April 25, 2018 this Court entered an order granting plaintiff counsel's motion to withdraw and granting plaintiff counsel's request for an attorney's fee lien.

3.  The Court did not rule on the Motion to Continue trial setting.

4.  Since the plaintiff in this case is an estate the plaintiff must be represented by counsel.

5.  Therefore, the trial cannot go forward on May 14, 2018 without plaintiff having counsel.

6.  Undersigned counsel has been contacted by an attorney that indicated he might be taking over this case and asked undersgiend counsel if I would object to a

1

continuance.  Undersigned counsel told that attorney that I would not object to a continuance based upon his getting involved at this late date.

7.      As of this date no one has appeared on behalf of the plaintiff.

8.      Snyder would respectfully request that this Court continue the case from the May 14, 2018 trial date and enter an Order requiring plaintiff to obtain new counsel within thirty (30) days or face possible dismissal for failure to prosecute.

WHEREFORE, PREMISES CONSIDERED, Snyder respectfully requests this Honorable Court enter an order continuing this case from May 14, 2018 trial docket.


/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel Snyder


**OF COUNSEL:**
Daniel Wolter Law Firm, Inc.
402 Office Park Drive, Ste 100
Birmingham, Alabama  35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2018, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

/s/ Daniel S. Wolter_____

OF COUNSEL

ELECTRONICALLY FILED
4/26/2018 10:20 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,
DECEASED MARINA STE,
Plaintiff, )

V. ) Case No.:    CV-2016-900001.00

SNYDER DANIEL B., )
Defendant. )

## ORDER

A Motion to Continue having been filed herein over the May 14, 2018, Civil Jury Trial Docket, is hereby GRANTED.

This case shall be reset on the next available Civil Jury Trial Docket thereafter.

**DONE this 26th day of April, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
5/11/2018 2:57 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, <br> who sues as Administrator and <br> Personal Representative of the Estate <br> of ALBINA AGDASOVNA <br> SHARIFULLINA, Deceased, <br><br>     Plaintiff <br><br> v. <br><br> DANIEL B. SNYDER <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION:  CV-16-900001 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF APPEARANCE

COMES NOW the undersigned, Mark W. Lee of Parsons, Lee & Juliano, P.C., and

hereby enters an appearance as counsel on behalf of the plaintiff, Marina Stewart-

Magee.

                                          *s/Mark W. Lee*
                                          Mark W. Lee
                                          Attorney for Plaintiff

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300, Shelby Building
[P.O. Box 661228  35266-1228]
Birmingham, AL 35216
(205) 326-6600

## CERTIFICATE OF SERVICE

   I hereby certify that I have on this the 11th day of May, 2018, electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223


        *s/Mark W. Lee*
        OF COUNSEL

DOCUMENT 155

ELECTRONICALLY FILED
6/25/2018 1:46 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | |
| **OF ALBINA AGDASOVNA** | ) | |
| **SHARFIFULLINA, deceased,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **CV-2016-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF APPEARANCE

COMES NOW Kendall A. Lee of Parsons, Lee & Juliano, P.C., and hereby files her Notice of Appearance in the above-styled matter as additional counsel on behalf of the Plaintiff, Marina Stewart-Magee.

Respectfully submitted this 25<u>th</u> day of June, 2018.

/s/ Kendall A. Lee
Kendall A. Lee (LEE091)
Attorney for Plaintiff

**OF COUNSEL**:
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com

1

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25<u>th</u> day of June, 2018, electronically filed the foregoing notice with the Clerk of the Court using the AlaFile electronic filing system which will effect service of such filing on the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
7/10/2018 4:19 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, DECEASED, | ) ) ) ) ) ) ) | CIVIL ACTION No. CV 2016-900001 |
| Plaintiff, | ) ) ) | |

v.

DANIEL B. SNYDER, ET AL.,

    Defendants.

---

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

---

Take notice that upon expiration of fifteen (15) days from the date of service of this notice the defendant, DANIEL B. SNYDERGAINES LLC, will apply to the Clerk of this Court for issuance of the attached subpoena directed to AT&T NATIONAL COMPLAINCE CENTER who is not a party and whose address is 11760 U.S. Highway One, Suite 600,  North Palm Beach, FL 33408 to produce copies of the documents specified in the attached subpoena.

                                   *s/Mark W. Lee*
                                   Mark W. Lee (LEE003)

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this <u>10th</u> day of <u>July</u>, 2018 electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record:

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223


<u>s/Mark W. Lee</u>
OF COUNSEL

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, DECEASED, | ) ) ) ) ) ) ) | CIVIL ACTION No. CV 2016-900001 |
| Plaintiff, | ) ) ) | |
| v. | | |
| DANIEL B. SNYDER, ET AL., | | |
| Defendant. | | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:      Custodian of Records
**AT&T NATIONAL COMPLAINCE CENTER**
**11760 U.S. Highway One**
**Suite 600**
**North Palm Beach, FL  33408**

You are hereby commanded to do each of the following acts at the instance of the defendant, DANIEL B. SNYDER  GAINES LLC, within fifteen (15) days after service of this subpoena, (no sooner than 15 days unless ordered by the Court).

That you produce and permit defendant to inspect and copy each of the following documents:

**A complete copy of cellular phone records for cellular phone number (205) 901-2363, for the time period of July 5, 2014 through July 7, 2014. This request should include account numbers, itemized statements, long distance information, call details (for outgoing and incoming calls - phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log information, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents or things to MARK W. LEE, PARSONS, LEE & JULIANO, P.C., P.O. BOX 661228, BIRMINGHAM, AL 35266-1228, but you may condition such activity on your part upon the payment in advance by Parsons, Lee & Juliano, P.C. of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THE SUBPOENA.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised.  See 45 CFR, Subpart E, § 164.512(e)(1), and see accompanying documentation.**

Rule 45 of the Alabama Rules of Civil Procedure provides, in part, as follows:

(c)     **Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need

not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i)     fails to allow reasonable time for compliance;

   (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(13)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv)    subjects a person to undue burden.

(B)   If a subpoena

   (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## (d)    Duties in Responding to Subpoena.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DATED _____ , 2018           s/Lisa McSwain _____
                                        CLERK

                                        s/ Mark W. Lee _____
                                        Mark W. Lee (LEE003)

OF COUNSEL:
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600

RETURN ON SERVICE: Executed by leaving a copy with _____ on this

the _____day of_____, 2018.

                                        _____
                                        SHERIFF
                                        _____
                                        DEPUTY SHERIFF

ELECTRONICALLY FILED
7/12/2018 10:28 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | **CIVIL ACTION NO.** |
| **OF ALBINA AGDASOVNA** | ) | **CV-2016-900001** |
| **SHARFIFULLINA, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | **REQUESTED** |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARFIFULLINA, deceased**, pursuant to this Honorable Court's Order entered on December 27, 2017 (Doc. 103), and hereby amends her original Complaint (Doc. 2) to substitute and add Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock for Fictitious Defendants "2" through "5" as follows:

1.     Plaintiff adopts and re-alleges all allegations, claims, and demands in her original Complaint (Doc. 2) as if fully set forth herein.

2.     Defendant Jeffrey Howard Whitlock is an individual over the age of 19 years and a resident of Shelby County, Alabama.

3.     Defendant Jeffrey Hunter Whitlock is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

4.      Venue is proper in Cullman County, Alabama pursuant to Ala. Code § 6-3-2 (1975) because the accident made the basis of this lawsuit occurred in Cullman County, Alabama.

5.      Jurisdiction is proper in the Circuit Court of Cullman County, Alabama pursuant to Ala. Code § 12-11-30 (1975) because the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs. See Ala. Code § 12-11-30(1) (1975).

6.      On or about July 5, 2014, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock hosted a social dinner gathering at their private lake home located at 680 County Road Highway 218, Bremen, Alabama 35033.

7.      Defendant Daniel B. Snyder and the Plaintiff's decedent, Albina Agdasovna Sharfifullina, attended the aforementioned dinner gathering hosted by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock.

8.      Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock provided and/or allowed to be provided alcoholic beverages to Defendant Daniel B. Snyder during the social dinner gathering, and Daniel B. Snyder became intoxicated while attending said dinner gathering.

9.      At approximately 10:00 p.m. on July 5, 2014, Defendant Daniel B. Snyder, while intoxicated, left the aforementioned dinner gathering on a SeaDoo personal watercraft (hereinafter "SeaDoo"), and with the Plaintiff's decedent as his passenger, drove said SeaDoo into the dark and ultimately collided it into a dock nearby. As a result of the collision, the Plaintiff's decedent suffered fatal injuries and died.

10.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe and illegal for Daniel B. Snyder to operate his

SeaDoo in the dark and while under the influence of alcohol.

11.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe for the Plaintiff's decedent to travel as a passenger on a SeaDoo being driven by Daniel B. Snyder under the conditions described in paragraph 10.

12.     Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock told Daniel B. Snyder that it was "dangerous and illegal" to operate a SeaDoo at night, and offered to take Daniel B. Snyder to his cabin cruiser boat at Ryan Creek Marina, where Daniel B. Snyder and the Plaintiff's decedent could stay for the night.

13.     Upon information and belief, Defendant Daniel B. Snyder initially accepted a ride from the Defendants to Ryan Creek Marina, but subsequently changed his mind.

14.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, through their own actions, voluntarily assumed and undertook a duty to protect the Plaintiff's decedent from the negligent, reckless, and wanton conduct of Daniel B. Snyder and to warn the Plaintiff's decedent of the risks associated with traveling on a SeaDoo with Daniel B. Snyder in the dark.

15.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock negligently, recklessly, and wantonly breached their duty of care to the Plaintiff's decedent by:

> (a) failing to warn the Plaintiff's decedent of the risks associated with riding a SeaDoo in the dark;
>
> (b) failing to provide and/or secure an alternative and safer means of transportation for the Plaintiff's decedent;

(c)  failing to take sufficient and reasonable steps to prevent Daniel B. Snyder from operating his SeaDoo in the dark and while under the influence of alcohol, despite their actual or constructive knowledge that serious injury and/or death would likely or probably result; and

(d)  failing to take sufficient and reasonable steps to prevent the Plaintiff's decedent from riding as a passenger on the aforementioned SeaDoo under the conditions described in subsection (c), despite their actual or constructive knowledge that serious injury and/or death would likely or probably result.

16.    As a direct and proximate result of the Defendants' negligent, reckless, and wanton conduct, Plaintiff's decedent, Albina Agdasovna Sharfifullina, suffered fatal injuries and died.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, Daniel B. Snyder, Jeffrey Howard Whitlock, and Jeffrey Hunter Whitlock, in an amount deemed appropriate by a jury which will adequately reflect the enormity of the Defendants' wrongful conduct, in the form of punitive damages, plus interest and costs of this proceeding.

Respectfully submitted this 12th day of July, 2018.

/s/ Mark W. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## **JURY DEMAND**

Plaintiff demands a trial by struck jury on all issues raised herein.

/s/ Mark W. Lee
OF COUNSEL

## **SERVE VIA CERTIFIED MAIL**

Mr. Jeffrey Howard Whitlock
2250 Beaver Creek Road
Columbiana, Alabama 35051

Mr. Jeffrey Hunter Whitlock
4113 Clover Leaf Drive
Birmingham, Alabama 35243

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 12th day of July, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system which will effect service of such filing on the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Mark W. Lee
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>25-CV-2016-900001.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA
### MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT

**NOTICE TO:** JEFFREY HOWARD WHITLOCK, 2250 BEAVER CREEK ROAD, COLUMBIANA, AL 35051

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENDALL A. LEE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 661228, BIRMINGHAM, AL 35266

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[ ] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[✓] Service by certified mail of this Summons is initiated upon the written request of ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE

pursuant to the Alabama Rules of the Civil Procedure.  *[Name(s)]*

| 7/12/2018 10:29:24 AM | /s/ LISA MCSWAIN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[✓] Certified Mail is hereby requested.   /s/ KENDALL A. LEE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

Alabama on _____

*(Name of Person Served)*    *(Name of County)*    *(Date)*

*(Type of Process Server)*    *(Server's Signature)*

*(Server's Printed Name)*

**25-CV-2016-90**

MARINA STEWART-MAGEE, WHO SUES AS ADMIN

C001 - ALBINA AGDASOVNA SHARIFULLINA, DECEASED  v.
MARINA STE
*(Plaintiff)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>25-CV-2016-900001.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**
**MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

**NOTICE TO:** JEFFREY HUNTER WHITLOCK, 4113 CLOVER LEAF DRIVE, BIRMINGHAM, AL 35243

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
KENDALL A. LEE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 661228, BIRMINGHAM, AL 35266

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 7/12/2018 10:29:24 AM | /s/ LISA MCSWAIN | By: | |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ KENDALL A. LEE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____

*(Date)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*

*(Server's Printed Name)*

**25-CV-2016-900**

MARINA STEWART-MAGEE, WHO SUES AS ADMINIS

C001 - ALBINA AGDASOVNA SHARIFULLINA, DECEASED   v.
MARINA STE

*(Plaintiff)*



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To Jeffrey Hunter Whitlock

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

ELECTRONICALLY FILED
7/20/2018 3:58 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2016-900001.00 |
| | ) |
| SNYDER DANIEL B., | ) |
| WHITLOCK JEFFREY HOWARD, | ) |
| WHITLOCK JEFFREY HUNTER, | ) |
| Defendants. | ) |

## ORDER

Defendant's Motion for Summary Judgment is set on November 16, 2018, Civil Motion Docket at 9:00 a.m. The attorneys shall provide this Court with hard copies of Motions, Briefs (up to 20 pages), and arguments in support thereof, and any exhibits which is essential to support the argument no later than November 9, 2018.

This case shall be continued from it's current trial setting and reset on the next available trial docket thereafter.

**DONE this 20th day of July, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
7/23/2018 10:54 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, ) | |
| as Administrator and Personal ) | |
| Representative of the Estate of ) | |
| ALBINA AGDASOVNA ) | |
| SHARFIFULLINA, ) | |
| ) | CV-16-900001 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DANIEL B. SNYDER, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Daniel Snyder and files this Answer to Plaintiff's First Amended

Complaint.  With respect to the specifically numbered paragraphs in the First Amended

Complaint Daniel Snyder states the following:

1.      Snyder denies all allegations, claims and demands made in the original Complaint.

2.      Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

3.      Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

4.      Snyder does not dispute venue of this action being in Cullman County, Alabama.

5.      Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

6.      Snyder admits spending time at the Whitlock residence at 680 County Road Highway 218, Bremen, Alabama 35033 on July 5, 2014.

7.      Snyder admits spending time at the Whitlock residence at 680 County Road Highway 218, Bremen, Alabama 35033 on July 5, 2014.

8.      Snyder denies the allegations of this paragraph.

9.      Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

10.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

11.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

12.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

13.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

14.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

15.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

16.     Snyder is without sufficient information to admit or deny the allegations of this paragraph.  Therefore, they are denied.

Snyder denies the allegations contained in the prayer for relief to the First Amended Complaint.

Snyder asserts the following affirmative defenses:

## **FIRST DEFENSE**

Snyder pleads not guilty.

## **SECOND DEFENSE**

Snyder denies each and every material allegation of the complaint and demands strict proof thereof.

## **THIRD DEFENSE**

Snyder denies that he acted negligently on the occasion described in the plaintiff's complaint.

## FOURTH DEFENSE

Snyder pleads the affirmative defense of contributory negligence on the part of the decedent caused her death.

## FIFTH DEFENSE

Snyder denies committing any willful or wanton conduct.

## SIXTH DEFENSE

Snyder asserts the defenses of collateral estopell, laches, accord, satisfaction.

## SEVENTH DEFENSE

Snyder asserts that he is entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, with or not named herein, pursuant to Williams v. Colquitt, 272 Ala.577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## EIGHTH DEFENSE

Snyder denies he breached any duty to the decedent.

## NINETH DEFENSE

Snyder avers that there is no causal connection or relationship between any alleged negligence on the part of Snyder and the decedent's death.

## TENTH DEFENSE

Snyder asserts the defense of assumption of the risk on the part of decedent.

## ELEVENTH DEFENSE

Snyder denies the decedent's death was caused by any act or omission by Snyder.

## TWELFTH DEFENSE

Snyder pleads any other matter constituting avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this Answer to include any such avoidance or affirmative defense as they may become known or available.

## THIRTEENTH DEFENSE

With regard to punitive damages, this defendant pleads the following punitive damages defenses:

1.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

     a.      It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

     b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

     c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

     d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

     e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

     f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same

or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.      Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon  civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct by  others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-

1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## FOURTEENTH DEFENSE

Snyder reserves the right to amend his answer as future discovery may dictate.

*/s/ Daniel S. Wolter*
Daniel S. Wolter
**Attorney for Daniel B. Snyder**

**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:     205-983-6443
**Attorney for Daniel B. Snyder**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on July 23, 2018.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

*/s/ Daniel S. Wolter*

OF COUNSEL

ELECTRONICALLY FILED
8/3/2018 11:54 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Cas<br>25-( |
|---|---|---|

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

AT&T NATIONAL COMPLIANCE CENTER

11760 US HIGHWAY ONE
SUITE 600
NORTH PALM BEACH, FL 33408

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   MARK W. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|
| **DATE:** | 08/19/2018 09:00 AM | Any inspection or production of documents or records<br>must be completed within 15 days |
| **ROOM:** | | |
| **ADDRESS:** | Parsons, Lee & Juliano | Produce Documents Only |
| | 600 Vestavia Parkway, Suite 300 | No Attendance Require |
| | Birmingham, AL 35216 | See Civil Subpoena Attached |
| **DATE ISSUED:** | 8/3/2018 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk         Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:** court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____  on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff         Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/3/2018 11:54 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, DECEASED, | ) ) ) ) ) ) ) | CIVIL ACTION No. CV 2016-900001 |
|    Plaintiff, | ) ) ) | |
| v. | | |
| DANIEL B. SNYDER, ET AL., | | |
|    Defendant. | | |

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:     Custodian of Records
**AT&T NATIONAL COMPLAINCE CENTER**
**11760 U.S. Highway One**
**Suite 600**
**North Palm Beach, FL  33408**

You are hereby commanded to do each of the following acts at the instance of the defendant, DANIEL B. SNYDER  GAINES LLC, within fifteen (15) days after service of this subpoena, (no sooner than 15 days unless ordered by the Court).

That you produce and permit defendant to inspect and copy each of the following documents:

**A complete copy of cellular phone records for cellular phone number (205) 901-2363, for the time period of July 5, 2014 through July 7, 2014. This request should include account numbers, itemized statements, long distance information, call details (for outgoing and incoming calls - phone numbers, dates and times of the calls), wireless data details, billing statements, text messages (incoming and outgoing), call lists (incoming and outgoing), phone call log information, device location/tracking information, emails, notes or other forms of record related to this cell phone number.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents or things to MARK W. LEE, PARSONS, LEE & JULIANO, P.C., P.O. BOX 661228, BIRMINGHAM, AL 35266-1228, but you may condition such activity on your part upon the payment in advance by Parsons, Lee & Juliano, P.C. of the reasonable costs of the making of such copies. PLEASE ATTACH A COPY OF THE SUBPOENA.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, § 164.512(e)(1), and see accompanying documentation.**

Rule 45 of the Alabama Rules of Civil Procedure provides, in part, as follows:

(c)     **Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need

not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)      fails to allow reasonable time for compliance;

    (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(13)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)    subjects a person to undue burden.

(B)    If a subpoena

    (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur
          substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or
modify the subpoena or, if the party in whose behalf the subpoena is issued shows a
substantial need for the testimony or material that cannot be otherwise met without
undue hardship and assures that the person to whom the subpoena is addressed will be
reasonably compensated, the court may order appearance or production only upon
specified conditions.

**(d)     Duties in Responding to Subpoena.**

(1)     A person responding to a subpoena to produce documents shall produce
them as they are kept in the usual course of business or shall organize and label them to
correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is
privileged or subject to protection as trial preparation materials, the claim shall be made
expressly and shall be supported by a description of the nature of the documents,
communications, or things not produced that is sufficient to enable the demanding
party to contest the claim.

DATED _____ , 2018          s/Lisa McSwain_____
                                     CLERK

                                     s/ Mark W. Lee_____
                                     Mark W. Lee (LEE003)

OF COUNSEL:
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600

RETURN ON SERVICE: Executed by leaving a copy with _____ on this

the _____day of_____, 2018.

                                     _____
                                     SHERIFF
                                     _____
                                     DEPUTY SHERIFF

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br><br>25-CV-2016-900001.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT
  (For Juvenile cases only):
☐ In the Matter of _____

AT&T NATIONAL COMPLIANCE CENTER

11760 US HIGHWAY ONE
SUITE 600
NORTH PALM BEACH, FL 33408

W013

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   MARK W. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | ADDITIONAL INSTRUCTIONS |
|---|---|---|
| | | Any inspection or production of documents or records<br>must be completed within 15 days |
| DATE: | 8/19/2018 9:00:00 AM | |
| ROOM: | | Produce Documents Only |
| ADDRESS: | Parsons, Lee & Juliano | No Attendance Require |
| | 600 Vestavia Parkway, Suite 300 | See Civil Subpoena Attached |
| | Birmingham, AL 35216 | |
| DATE ISSUED: | 8/3/2018 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk        Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve
**OR ANY AUTHORIZED PERSON:**                  court.

**RETURN ON SEF**

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____
_____
Signature and Title of Server

25-CV-2016-900001.00-W013

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com .

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____      Postmark
☐ Certified Mail Restricted Delivery $ _____      Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$   6.88
Sent To   AT&T
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Howard Whitlock
2250 Beaver Creek Rd.
Columbiana, AL 35051

CV16-900001 D002

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4050 8079 6558 94

2. Article Number (Transfer from service label)

7018 0360 0000 6965 4142

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Marilyn W Whitlock
☐ Agent
☐ Addressee

B. Received by (Printed Name)

Marilyn W Whitlock

C. Date of Delivery

7-27-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail
☐ Registered Mail Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted

PS Form 3811, July 2015 PSN 7530-02-000-9053

USPS TRACKING #

9590 9402 4050 8079 6558 94

FILED IN OFFICE

JUL 30 2018

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4 in this box•

LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

LISA McSWAIN, CIRCUIT CLERK
500 2ND AVE SW – ROOM 303
CULLMAN, AL 35055-4137

ELECTRONICALLY FILED
8/12/2018 7:56 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE, )
As Administrator and Personal )
Representative of the ESTATE OF )
ALBINA AGDASOVNA )
SHARFIFULLINA, deceased, )
)
     Plaintiff, )
)
v. )     Civil Action No.: CV 2016-900001
)
DANIEL B. SNYDER, *et al.* )
)
     Defendant. )

## ANSWER

COMES NOW, the Defendant, Jeffrey Howard Whitlock, and for Answer to the Plaintiff's First Amended Complaint, and to each count and paragraph thereof, sets forth and assigns the following separate and several defenses:

## FIRST DEFENSE

The Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This Defendant denies each and every material averment of the Plaintiff's First Amended Complaint and demands strict proof thereof.

## THIRD DEFENSE

With respect to each and every material averment of the Plaintiff's First Amended Complaint, this Defendant pleads not guilty.

## FOURTH DEFENSE

This Defendant denies he acted negligently as alleged in the Plaintiff's First Amended Complaint and denies any alleged negligence on his part proximately caused or contributed to cause the Plaintiff's injuries and/or damages.

## FIFTH DEFENSE

This Defendant denied he acted recklessly and/or wantonly as alleged in the Plaintiff's First Amended Complaint and denies that any alleged recklessness and/or wantonness on his part proximately caused or contributed to cause the Plaintiff's injuries and/or damages.

## SIXTH DEFENSE

This Defendant denies there is any causal relationship between any of his alleged actions and/or conduct and the injuries and/or damages allegedly sustained by the Plaintiff.

## SEVENTH DEFENSE

This Defendant denies that he breached any alleged duty owed to the Plaintiff and demands strict proof thereof.

## EIGHTH DEFENSE

This Defendant pleads assumption of the risk as a defense.

## NINTH DEFENSE

This Defendant pleads contributory negligence as a defense.

## TENTH DEFENSE

This Defendant alleges that if the Plaintiff suffered any damages, the damages were caused in whole, or in part, by the efficient intervening and/or superseding acts or omissions of third parties for whom this Defendant should not be held responsible.

## ELEVENTH DEFENSE

This Defendant pleads the general issue as a defense.

## TWELFTH DEFENSE

This Defendant pleads voluntary intoxication (APJI 3d 30.02) as a defense.

## THIRTEENTH DEFENSE

This Defendant pleads estoppel, waiver and laches as defenses.

## FOURTEENTH DEFENSE

This Defendant pleads lack of service of process as a defense.

## FIFTEENTH DEFENSE

This Defendant pleads insufficient service of process as a defense.

## SIXTEENTH DEFENSE

This Defendant pleads improper venue as a defense.

## SEVENTEENTH DEFENSE

This Defendant pleads the applicable statute of limitations as a defense.

## EIGHTEENTH DEFENSE

This Defendant denies the Plaintiff was injured and/or damaged to the nature and extent claimed and contests damages.

## NINTEENTH DEFENSE

This Defendant says the Plaintiff has failed to mitigate her alleged damages.

## TWENTIETH DEFENSE

This Defendant says that an award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

**TWENTY-FIRST DEFENSE**

This Defendant says that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

**TWENTY-SECOND DEFENSE**

This Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY-THIRD DEFENSE**

This Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY-FOURTH DEFENSE**

This Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

**TWENTY-FIFTH DEFENSE**

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are

penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SIXTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on the Plaintiff, which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-EIGHTH DEFENSE

This Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-NINTH DEFENSE

This Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in Section 27-1-17, Code of Alabama 1975, as amended.

## **THIRTIETH DEFENSE**

This Defendant asserts any and all applicable statutory caps or limitations to any claim for punitive damages, including but not limited to, Section 6-11-21, <u>Code of Alabama</u> 1975, as amended.

_/s/ David R. Wells_
DAVID R. WELLS (WEL016)
Attorney for the Defendant,
Jeffrey Howard Whitlock

OF COUNSEL:

WHITAKER, MUDD, LUKE & WELLS, L.L.C.
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 _facsimile_
dwells@wmslawfirm.com

**DEFENDANT JEFFREY HOWARD WHITLOCK
DEMANDS TRIAL BY STRUCK JURY**

_/s/ David R. Wells_
OF COUNSEL

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a complete copy of the foregoing instrument upon the following attorney of record via the electronic ALAFILE system, on this 12th day of August, 2018.

Mark W. Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300
Birmingham, AL 35216
(205)   326-6600
mlee@pljpc.com
klee@pljpc.com

Daniel S. Wolter
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive
Suite 100
Birmingham, AL 35223
dwolter@wolterlawfirm.com

*/s/ David R. Wells*
OF COUNSEL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AT&T National Compliance
Ctr.
11760 US. Hwy One Ste. 600
North Palm Beach, FL 33408
CV16-900001 Subp.

9590 9402 3778 8032 6244 64

2. Article Number (Transfer from service label)

7018 0360 0000 6964 9278

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
8/9/18

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

**FILED IN OFFICE**

**AUG 13 2018**

LISA MCKNIGHT
CIRCUIT CLERK
CHAPMAN COUSINS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

9590 9402 3778 8032 6244 64

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

LISA McSWAIN, CIRCUIT CLERK
500 2ND AVE SW – ROOM 303
CULLMAN, AL 35055-4137

ELECTRONICALLY FILED
8/21/2018 8:39 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, | ) |
| As Administrator and Personal | ) |
| Representative of the ESTATE OF | ) |
| ALBINA AGDASOVNA | ) |
| SHARFIFULLINA, deceased, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: CV 2016-900001 |
| | ) |
| DANIEL B. SNYDER, *et al.* | ) |
| | ) |
|     Defendant. | ) |

## **NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

COMES NOW the Defendant, Jeffrey Howard Whitlock, by and through counsel, and gives notice to the Clerk of this Court that the following discovery documents have been served upon opposing counsel in the above-styled cause.

1.     Defendant's Interrogatories to Plaintiff; and

2.     Defendant's Request for Production to Plaintiff.

*/s/ David R. Wells*
DAVID R. WELLS (WEL016)
Attorney for the Defendant,
Jeffrey Howard Whitlock

OF COUNSEL:

WHITAKER, MUDD, LUKE & WELLS, L.L.C.
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 *facsimile*
dwells@wmslawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have served a complete copy of the foregoing instrument upon the following attorney of record via the electronic ALAFILE system, on this 21st day of August, 2018.

Mark W. Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300
Birmingham, AL 35216
(205)   326-6600
mlee@pljpc.com
klee@pljpc.com

Daniel S. Wolter
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive
Suite 100
Birmingham, AL 35223
dwolter@wolterlawfirm.com

                    */s/ David R. Wells*
                    OF COUNSEL

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| As Administrator and Personal | ) | |
| Representative of the ESTATE OF | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARFIFULLINA, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV 2016-900001 |
| | ) | |
| DANIEL B. SNYDER, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S INTERROGATORIES TO PLAINTIFF

COMES NOW, the Defendant, Jeffrey Howard Whitlock, and propounds the following Interrogatories to Plaintiff Marina Steward-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, deceased, to be answered in accordance with the applicable Alabama Rules of Civil Procedure:

1.      State Albina Agdasovna Sharfifullina's full name, date of birth, Social Security Number, residence address and any aliases by which Albina Agdasovna Sharfifullina was known at any time in her life.

2.      State the name, address and place of employment for any of your relatives, or Albina Agdasovna Sharfifullina's relatives, by blood or marriage, over the age of eighteen (18) years, residing in Cullman County, Alabama.

3.      State whether you have ever filed, presented a demand, or a lawsuit against any person, firm, corporation or other entity.  If you answered affirmatively, please identify fully each said claim, lawsuit or demand, (including, but not limited to, claim number, person against

whom the claim or lawsuit was filed, the full style and venue of the lawsuit, the status or resolution of said claim or lawsuit, and the injury or damage that you claimed or alleged).

4.      Please state the name and current address of each and every doctor, hospital, chiropractor, physical therapist, counselor, psychologist, psychiatrist, or any other medical provider Albina Agdasovna Sharfifullina saw in the 10 years immediately preceding the date of the subject accident.

5.      In regard to the preceding Interrogatory, please identify each and every injury, ailment or sickness for which Albina Agdasovna Sharfifullina sought treatment from any of the above-listed medical providers.

6.      Please state in chronological order a description of how the subject accident occurred.

7.      Please state the name and current address of any and all witnesses to the subject accident.

8.      Did Albina Agdasovna Sharfifullina consume any alcoholic beverages, drugs or medication in the 24 hours prior to the subject accident?  If you answered affirmatively, please state the type of alcoholic beverage, drug or medication Albina Agdasovna Sharfifullina took in the 24-hours preceding the subject accident.

9.      Please state the name and current address for each and every individual from whom you, or your representatives, have obtained a written or oral statement regarding the subject accident made the basis of your Complaint.

10.     State the name and present address of each and every person whom you expect to call as an expert witness at the Trial of this case, and which respect to each such expert witness, please state the following:

(a)     the education background, experience and facts constituting the basis of the qualifications of each such expert witness;

(b)     the subject matter to which the expert is expected to testify;

(c)     the substance of any facts or opinions to which the expert is expected to testify; and;

(d)     please attach to your answers to these Interrogatories, a summary setting forth the grounds  for the basis of each such opinion to which the expert is expected to testify in the Trial of this case.

11.     Please state the name, present address and qualifications of any and all expert witnesses with whom you, or your representatives, have consulted, hired or retained in connection with the preparation of this case.

12.     Please state the name and current address of each and every individual you expect to call as a witness at the Trial of this case.

*Note: By Federal law, specifically Section 111 of the Medicare, Medicaid, and SCHIP Reporting Extension Act of 2007 and the Medicare as Secondary Payer Act, 42 U.S.C. 1395y as amended, the following information in Interrogatory 27, including sub-parts, is requested*:

13.     Please state whether Albina Agdasovna Sharfifullina ever held or received a Medicare Card/Medicare Beneficiary Card.

(a)     Please state whether Albina Agdasovna Sharfifullina was a Medicare beneficiary, or whether Albina Agdasovna Sharfifullina applied for Medicare beneficiary status or Social Security Disability since the date of the accident alleged in your complaint.

(b) Please state whether Albina Agdasovna Sharfifullina applied for Medicare beneficiary status or Social Security Disability at any point before the date of the accident alleged in your complaint.

(c) If Albina Agdasovna Sharfifullina was a beneficiary of, or had applied for these programs, please state the nature and amount of any Medicare lien asserted by Medicare directly, or asserted through the MSPRC, for medical treatment provided which you contend is related to or attributed to injuries you allegedly sustained during the subject accident, and any such lien, provide full contact information and lien amounts.

(d) State whether Albina Agdasovna Sharfifullina was ever enrolled in Medicare Part A or Part B?

(e) State Albina Agdasovna Sharfifullina's full name, prior full name(s) including maiden name(s), any Medicare claim number for you, your Social Security Number, your date of birth and your sex.

(f) Did Albina Agdasovna Sharfifullina ever applied for Social Security benefits?

(g) Was Albina Agdasovna Sharfifullina ever denied an application for any Social Security or Social Security Disability benefits? If the answer to this is affirmative, answer h below; if not, proceed to number "i."

(h) Did Albina Agdasovna Sharfifullina appeal any decision that denied benefits?

(i) Did Albina Agdasovna Sharfifullina re-filing for Social Security Disability benefits?

(j) Was Albina Agdasovna Sharfifullina 62 years or older at the time of the accident complained of?

(k) Was Albina Agdasovna Sharfifullina ever diagnosed with end stage renal disease or ALS (Lou Gehrig's disease)?

(l) Please provide details for a "yes" response to any of the questions set forth in sections a-l above.

14.     Please state Albina Agdasovna Sharfifullina's cellular phone number(s), cellular phone service provider(s), and the name on the cell phone account on the date of incident made the basis of this lawsuit.

15.     Please state if Albina Agdasovna Sharfifullina was speaking with anyone on a mobile device, texting on a mobile device or in any way engaged on a mobile device when the incident made the basis of this lawsuit occurred.

16.     Please state the name of each person(s) Albina Agdasovna Sharfifullina spoke with, texted, emailed, messaged, or otherwise communicated with from a mobile phone or other electronic device during the hour before and hour after the incident (whether incoming or outgoing), and describe each communication in detail.

17.     Identify all of your social media or other internet service you have used to communicate with any person from the date of the incident made the basis of your Complaint until the present, including but not limited to Facebook, Twitter, Instagram, Skype, Snapchat, Reddit, Tumblr, etc. This request includes any email account used by you. For each social media service, email account or other responsive online service, identify the following:

a. Your account name(s)/username(s)/login ID(s)/email address(es);

b. Each and every communication, posting, statement, or other online interaction that references, refers to, or is in any other way related to the incident made the basis of your Complaint.

*/s/ David R. Wells*
DAVID R. WELLS (WEL016)
Attorney for the Defendant,
Jeffrey Howard Whitlock

OF COUNSEL:

WHITAKER, MUDD, LUKE & WELLS, L.L.C.
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 *facsimile*
dwells@wmslawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that I have served a complete copy of the foregoing instrument upon the following attorney of record via the electronic ALAFILE system, on this 21st day of August, 2018.

Mark W. Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300
Birmingham, AL 35216
(205)   326-6600
mlee@pljpc.com
klee@pljpc.com


Daniel S. Wolter
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive
Suite 100
Birmingham, AL 35223
dwolter@wolterlawfirm.com

*/s/ David R. Wells*
OF COUNSEL

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, | ) |
| As Administrator and Personal | ) |
| Representative of the ESTATE OF | ) |
| ALBINA AGDASOVNA | ) |
| SHARFIFULLINA, deceased, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: CV 2016-900001 |
| | ) |
| DANIEL B. SNYDER, *et al.* | ) |
| | ) |
|      Defendant. | ) |

## **DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFF**

COMES NOW, the Defendant, Jeffrey Howard Whitlock, and propounds the following Request for Production to Plaintiff Marina Steward-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharfifullina, deceased, to be answered in accordance with the applicable Alabama Rules of Civil Procedure:

1.    Please produce copies of any statements obtained by you or on your behalf, including, but not limited to statements from this Defendant.

2.    Please produce copies of any expert reports from any experts hired by you or on your behalf for purposes of this case.

3.    Please produce any and all documents or materials which in any way substantiate your allegations of damage in your Complaint.

4.    Please produce any and all documents or materials which in any way substantiate your allegations that this Defendant is liable to you for the allegations made the basis of your Complaint.

5.      Please produce copies of any photographs, videotapes, drawings, diagrams, sketches or other depictions taken at the scene of the subject accident.

6.      Please produce a copy of your current Alabama Driver's License.

7.      Please produce any and all documents or materials which substantiate your allegation that Defendant Jeffrey Howard Whitlock acted negligently and/or wantonly.

                                        */s/ David R. Wells*
                                        DAVID R. WELLS (WEL016)
                                        Attorney for the Defendant,
                                        Jeffrey Howard Whitlock

OF COUNSEL:

WHITAKER, MUDD, LUKE & WELLS, L.L.C.
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 *facsimile*
dwells@wmslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a complete copy of the foregoing instrument upon the following attorney of record via the electronic ALAFILE system, on this 21ˢᵗ day of August, 2018.

Mark W. Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300
Birmingham, AL 35216
(205)   326-6600
mlee@pljpc.com
klee@pljpc.com

Daniel S. Wolter
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive
Suite 100
Birmingham, AL 35223
dwolter@wolterlawfirm.com

*/s/ David R. Wells*
OF COUNSEL

ELECTRONICALLY FILED
8/28/2018 10:04 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | |
| **OF ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, deceased,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **CV-2016-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

---

**PLEASE TAKE NOTICE** that, upon the expiration of fifteen (15) days from the date of service of this notice, Plaintiff **Marina Stewart-Magee,** by and through her attorneys, Kendall A. Lee and Mark W. Lee, will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Custodian of Records, T-Mobile Subpoena Compliance, 4 Sylvan Way, Parsippany, New Jersey 07054**, to produce and certify copies of the documents, materials and/or electronically stored information specified in the attached subpoena.

Respectfully submitted this 28th day of August, 2018.

/s/ Kendall A. Lee
Kendall A. Lee (LEE091)
Mark W. Lee (LEE003)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com
mlee@pljpc.com

---

**CERTIFICATE OF SERVICE**

---

     I hereby certify that I have on this <u>28th</u> day of August, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system, which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

David R. Wells, Esq.
**Whitaker, Mudd, Luke & Wells, LLC**
2011 4th Avenue North
Birmingham, Alabama 35203
dwells@wmslawfirm.com

                           /s/ Kendall A. Lee
                           OF COUNSEL

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE,<br>as Administrator and Personal<br>Representative of the ESTATE<br>OF ALBINA AGDASOVNA<br>SHARIFULLINA, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL B. SNYDER, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                                        CIVIL ACTION NO.
                                        CV-2016-900001

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER ALA. R. CIV. P. 45

**TO:**     **Custodian of Records**
           **T-Mobile Subpoena Compliance**
           **4 Sylvan Way**
           **Parsippany, New Jersey 07054**

      Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff, Marina Stewart-Magee, within fifteen (15) days after service of this subpoena:

      That you produce a certified, accurate, legible, and complete copy of original records and permit the Plaintiff to inspect and copy each of the following documents:

      1.     Any and all cellular telephone records and billing statements **from June 29, 2014 until July 6, 2014,** including, but not limited to, all such documents reflecting outgoing phone calls and incoming phone calls, outgoing text messages and incoming text messages, including the date, time, duration, and telephone number called or texted, or from which all such calls or text messages were received, relative to the cellular telephone of the following individual:

           **Name:**      **Daniel Benjamin Snyder**
           **DOB:**        **8/26/1974**
           **Cellular No.:** **(205) 706-0274**

      2.     Any and all cellular telephone records or related documents **from June 29, 2014 until July 6, 2014** reflecting Internet access use and outgoing and incoming e-mail messages, including the date, time, duration, and e-mail address to which or from which all such messages were sent or received, and all websites accessed, relative to the cellular telephone of the following individual:

**Name:**      **Daniel Benjamin Snyder**
**DOB:**       **8/26/1974**
**Cellular No.:**  **(205) 706-0274**

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You may mail a certified, accurate, legible and complete copy of the requested documents or things to **Kendall A. Lee, Parsons, Lee & Juliano, P.C., 600 Vestavia Parkway, Suite 300, Birmingham, Alabama 35216**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS**.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in relevant part, as follows:

(c)   **Protection of Persons Subject to Subpoenas.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall

not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)      subjects a person to undue burden.

(B)   If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably

compensated, the court may order appearance or production only upon specified conditions.

(d)   **Duties in Responding to Subpoena.**

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ala. R. Civ. P. 45(c)-(d)(1)(2).

Dated this _____day of _____, 2018.

/s/ Kendall A. Lee_____
Kendall A. Lee (LEE091)
Attorney for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com

RETURN ON SERVICE:                        _____
Executed by leaving a copy with            Clerk of the Court

_____

_____

on this the _____ day of                  By _____
_____, 2018.                                            Deputy Clerk

BY:_____
  Deputy Sheriff or
  Process Server



CERTIFIED MAIL

LISA McSWAIN, CIRCUIT CLERK
ROOM 303 COURTHOUSE
500 2ND AVENUE S.W.
CULLMAN, ALABAMA 35055

7018 0360 0000 6965 4159

To:  JEFFREY HUNTER WHITLOCK
4113 CLOVER LEAF DRIVE
BIRMINGHAM, AL 35243

35243-5827I3
350055>41555

NIXIE          352    DE 1

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 35055415599          0008/31/18
*1139-02070-12-37

FILED IN OFFICE
SEP 04 2018
LISA McSWAIN
CIRCUIT CLERK
CULLMAN COUNTY

CIRCUIT CLERK
CULLMAN COUNTY
SEP 0  2018

$001.90

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Hunter Whitlock
4113 Cavindaof Dr.
Birmingham, AL 35243
CV16-900601 D003

9590 9402 4050 0079 6558 87

2. Article Number (Transfer from service label)

7018 0360 0000 6965 4159

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED
9/21/2018 5:27 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | CV-2016-900001 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased**, and hereby gives notice of serving the following discovery documents on all counsel of record via electronic mail and United States mail:

☒ Plaintiff's Response to Defendant Jeffrey Howard Whitlock's Interrogatories;

☒ Plaintiff's Response to Defendant Jeffrey Howard Whitlock's Request for Production of Documents.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this <u>21st</u> day of September, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

David R. Wells, Esq.
**Whitaker, Mudd, Luke & Wells, LLC**
2011 4th Avenue North
Birmingham, Alabama 35203
dwells@wmslawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
9/24/2018 2:48 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☒ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

T-MOBILE SUBPOENA COMPLIANCE

CUSTODIAN OF RECORDS
4 SYLVAN WAY
PARSIPPANY, NJ 07054

A.  Issued at the request of :
1. ☒ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  10/09/2018 09:00 AM
**ROOM:**  _____
**ADDRESS:**  Parsons, Lee & Juliano
  600 Vestavia Parkway, Suite 300
  Birmingham, AL 35216
**DATE ISSUED:**  9/24/2018

/s/ LISA MCSWAIN
Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Produce Documents Only
See Civil Subpoena Attached
No Attendance Required

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                    court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____  on  _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____                    _____
Sheriff                                      Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

    (3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

    (4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

    (5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

    (6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
9/24/2018 2:48 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **CV-2016-900001** |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER ALA. R. CIV. P. 45

**TO:  Custodian of Records**
**T-Mobile Subpoena Compliance**
**4 Sylvan Way**
**Parsippany, New Jersey 07054**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff, Marina Stewart-Magee, within fifteen (15) days after service of this subpoena:

That you produce a certified, accurate, legible, and complete copy of original records and permit the Plaintiff to inspect and copy each of the following documents:

1.  Any and all cellular telephone records and billing statements **from June 29, 2014 until July 6, 2014,** including, but not limited to, all such documents reflecting outgoing phone calls and incoming phone calls, outgoing text messages and incoming text messages, including the date, time, duration, and telephone number called or texted, or from which all such calls or text messages were received, relative to the cellular telephone of the following individual:

**Name:**        **Daniel Benjamin Snyder**
**DOB:**         **8/26/1974**
**Cellular No.:** **(205) 706-0274**

2.  Any and all cellular telephone records or related documents **from June 29, 2014 until July 6, 2014** reflecting Internet access use and outgoing and incoming e-mail messages, including the date, time, duration, and e-mail address to which or from which all such messages were sent or received, and all websites accessed, relative to the cellular telephone of the following individual:

**Name:**        Daniel Benjamin Snyder
**DOB:**          8/26/1974
**Cellular No.:**  (205) 706-0274

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You may mail a certified, accurate, legible and complete copy of the requested documents or things to **Kendall A. Lee, Parsons, Lee & Juliano, P.C., 600 Vestavia Parkway, Suite 300, Birmingham, Alabama 35216**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS**.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in relevant part, as follows:

(c)    **Protection of Persons Subject to Subpoenas.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall

not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)      subjects a person to undue burden.

(B)   If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably

compensated, the court may order appearance or production only upon specified conditions.

**(d)    Duties in Responding to Subpoena.**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ala. R. Civ. P. 45(c)-(d)(1)(2).

Dated this _____ day of _____, 2018.

/s/ Kendall A. Lee
Kendall A. Lee (LEE091)
Attorney for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com

**RETURN ON SERVICE:**
Executed by leaving a copy with
_____
_____

Clerk of the Court

By _____

Deputy Clerk

on this the _____ day of _____, 2018.

BY:_____
  Deputy Sheriff or
  Process Server

DOCUMENT 110

ELECTRONICALLY FILED
9/26/2018 11:38 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | **CIVIL ACTION NO.** |
| **OF ALBINA AGDASOVNA** | ) | **CV-2016-900001** |
| **SHARFIFULLINA, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | **REQUESTED** |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARFIFULLINA, deceased**, pursuant to this Honorable Court's Order entered on December 27, 2017 (Doc. 103), and hereby amends her original Complaint (Doc. 2) to substitute and add Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock for Fictitious Defendants "2" through "5" as follows:

1.      Plaintiff adopts and re-alleges all allegations, claims, and demands in her original Complaint (Doc. 2) as if fully set forth herein.

2.      Defendant Jeffrey Howard Whitlock is an individual over the age of 19 years and a resident of Shelby County, Alabama.

3.      Defendant Jeffrey Hunter Whitlock is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

4.      Venue is proper in Cullman County, Alabama pursuant to Ala. Code § 6-3-2 (1975) because the accident made the basis of this lawsuit occurred in Cullman County, Alabama.

5.      Jurisdiction is proper in the Circuit Court of Cullman County, Alabama pursuant to Ala. Code § 12-11-30 (1975) because the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs. See Ala. Code § 12-11-30(1) (1975).

6.      On or about July 5, 2014, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock hosted a social dinner gathering at their private lake home located at 680 County Road Highway 218, Bremen, Alabama 35033.

7.      Defendant Daniel B. Snyder and the Plaintiff's decedent, Albina Agdasovna Sharfifullina, attended the aforementioned dinner gathering hosted by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock.

8.      Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock provided and/or allowed to be provided alcoholic beverages to Defendant Daniel B. Snyder during the social dinner gathering, and Daniel B. Snyder became intoxicated while attending said dinner gathering.

9.      At approximately 10:00 p.m. on July 5, 2014, Defendant Daniel B. Snyder, while intoxicated, left the aforementioned dinner gathering on a SeaDoo personal watercraft (hereinafter "SeaDoo"), and with the Plaintiff's decedent as his passenger, drove said SeaDoo into the dark and ultimately collided it into a dock nearby. As a result of the collision, the Plaintiff's decedent suffered fatal injuries and died.

10.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe and illegal for Daniel B. Snyder to operate his

SeaDoo in the dark and while under the influence of alcohol.

11.    Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe for the Plaintiff's decedent to travel as a passenger on a SeaDoo being driven by Daniel B. Snyder under the conditions described in paragraph 10.

12.    Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock told Daniel B. Snyder that it was "dangerous and illegal" to operate a SeaDoo at night, and offered to take Daniel B. Snyder to his cabin cruiser boat at Ryan Creek Marina, where Daniel B. Snyder and the Plaintiff's decedent could stay for the night.

13.    Upon information and belief, Defendant Daniel B. Snyder initially accepted a ride from the Defendants to Ryan Creek Marina, but subsequently changed his mind.

14.    Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, through their own actions, voluntarily assumed and undertook a duty to protect the Plaintiff's decedent from the negligent, reckless, and wanton conduct of Daniel B. Snyder and to warn the Plaintiff's decedent of the risks associated with traveling on a SeaDoo with Daniel B. Snyder in the dark.

15.    Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock negligently, recklessly, and wantonly breached their duty of care to the Plaintiff's decedent by:

    (a)  failing to warn the Plaintiff's decedent of the risks associated with riding a SeaDoo in the dark;

    (b)  failing to provide and/or secure an alternative and safer means of transportation for the Plaintiff's decedent;

3

    (c)   failing to take sufficient and reasonable steps to prevent Daniel B. Snyder from operating his SeaDoo in the dark and while under the influence of alcohol, despite their actual or constructive knowledge that serious injury and/or death would likely or probably result; and

    (d)   failing to take sufficient and reasonable steps to prevent the Plaintiff's decedent from riding as a passenger on the aforementioned SeaDoo under the conditions described in subsection (c), despite their actual or constructive knowledge that serious injury and/or death would likely or probably result.

16.    As a direct and proximate result of the Defendants' negligent, reckless, and wanton conduct, Plaintiff's decedent, Albina Agdasovna Sharfifullina, suffered fatal injuries and died.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, Daniel B. Snyder, Jeffrey Howard Whitlock, and Jeffrey Hunter Whitlock, in an amount deemed appropriate by a jury which will adequately reflect the enormity of the Defendants' wrongful conduct, in the form of punitive damages, plus interest and costs of this proceeding.

Respectfully submitted this 12th day of July, 2018.

/s/ Mark W. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues raised herein.

/s/ Mark W. Lee
OF COUNSEL

## SERVE VIA CERTIFIED MAIL

Mr. Jeffrey Howard Whitlock
2250 Beaver Creek Road
Columbiana, Alabama 35051

Mr. Jeffrey Hunter Whitlock
4113 Clover Leaf Drive
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of July, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system which will effect service of such filing on the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Mark W. Lee
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>25-CV-2016-900001.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT
  (For Juvenile cases only):
☐ In the Matter of _____

T-MOBILE SUBPOENA COMPLIANCE

CUSTODIAN OF RECORDS
4 SYLVAN WAY
PARSIPPANY, NJ 07054

W014

**A.** Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
**B.** Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other

You may contact:   KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:**   10/9/2018 9:00:00 AM
**ROOM:**
**ADDRESS:**   Parsons, Lee & Juliano
             600 Vestavia Parkway, Suite 300
             Birmingham, AL 35216
**DATE ISSUED:**   9/24/2018

/s/ LISA MCSWAIN

Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Produce Documents Only
See Civil Subpoena Attached
No Attendance Required

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve th
**OR ANY AUTHORIZED PERSON:**                court.

**RETURN ON SERVI**

I certify that I personally delivered a copy of this order
to _____
_____ on _____

_____
Signature and Title of Server

☐ Se

Date M

25-CV-2016-900001.00-W014

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$  10.88
Sent To   T-Mobile
Street and Apt. No., or PO Box No.
City, State, ZIP+4

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

ELECTRONICALLY FILED
10/17/2018 2:22 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION NO. |
| | ) | CV-2016-900001 |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR HIPAA ORDER

Comes now the Plaintiff, **MARINA STEWART-MAGEE**, **as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and respectfully moves this Honorable Court for a qualified protective order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") to allow the Plaintiff to obtain from all health care providers and health plans all information relating to the medical treatment and physical condition of Defendant Daniel B. Snyder following the incident made the basis of this lawsuit, including all information relating to the provision of health care to Daniel B. Snyder as a result of the subject incident. A proposed HIPAA Order is attached to this Motion for the Court's consideration.

Respectfully submitted this 17th day of October, 2018.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 17th day of October, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

David R. Wells, Esq.
**Whitaker, Mudd, Luke & Wells, LLC**
2011 4th Avenue North
Birmingham, Alabama 35203
dwells@wmslawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/17/2018 2:22 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA
SHARIFULLINA, DECEASED )
MARINA STE
                     Plaintiff, )
                              )
V.                        )     **Case No.:**  CV-2016-900001.00
                              )
SNYDER DANIEL B., )
WHITLOCK JEFFREY HOWARD, )
WHITLOCK JEFFREY HUNTER, )
                Defendants. )

## HIPAA ORDER IN CIVIL ACTION

     Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to the medical treatment and physical condition of Daniel B. Snyder following the incident made the basis of this lawsuit, including all information relating to the provision of health care to Daniel B. Snyder as a result of the subject incident. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

     **This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

     Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing  or sexually transmitted disease.

     Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  The parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation or proceeding for which such information was requested" pursuant to the requirements of 45 C.F.R. § 164.512(e)(1)(v)

(A).

At the immediate conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If a written request is not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserve the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of the Order shall be deemed as an original.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]

CIRCUIT JUDGE

ELECTRONICALLY FILED
10/19/2018 6:11 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,, )
DECEASED MARINA STE, )
Plaintiff, )
     )
V. ) Case No.:     CV-2016-900001.00
     )
SNYDER DANIEL B., )
WHITLOCK JEFFREY HOWARD, )
WHITLOCK JEFFREY HUNTER, )
Defendants. )

### HIPAA ORDER IN CIVIL ACTION

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to the medical treatment and physical condition of Daniel B. Snyder following the incident made the basis of this lawsuit, including all information relating to the provision of health care to Daniel B. Snyder as a result of the subject incident. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. The parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation or proceeding for which such information was requested" pursuant to the requirements of 45 C.F.R. § 164.512(e)(1)(v)(A).

At the immediate conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If a written request is not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserve the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of the Order shall be deemed as an original.

**DONE this 19th day of October, 2018.**

**/s/ MARTHA E. WILLIAMS**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
10/22/2018 10:08 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

AlaFile E-Notice

25-CV-2016-900001.00

To:   KENDALL A. LEE
      klee@pljpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT
25-CV-2016-900001.00

The following complaint was FILED on 7/12/2018 10:29:24 AM

Notice Date:      7/12/2018 10:29:24 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654

ELECTRONICALLY FILED
7/12/2018 10:28 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | **CIVIL ACTION NO.** |
| **OF ALBINA AGDASOVNA** | ) | **CV-2016-900001** |
| **SHARFIFULLINA, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | **REQUESTED** |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARFIFULLINA, deceased**, pursuant to this Honorable Court's Order entered on December 27, 2017 (Doc. 103), and hereby amends her original Complaint (Doc. 2) to substitute and add Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock for Fictitious Defendants "2" through "5" as follows:

1.      Plaintiff adopts and re-alleges all allegations, claims, and demands in her original Complaint (Doc. 2) as if fully set forth herein.

2.      Defendant Jeffrey Howard Whitlock is an individual over the age of 19 years and a resident of Shelby County, Alabama.

3.      Defendant Jeffrey Hunter Whitlock is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

4.      Venue is proper in Cullman County, Alabama pursuant to Ala. Code § 6-3-2 (1975) because the accident made the basis of this lawsuit occurred in Cullman County, Alabama.

5.      Jurisdiction is proper in the Circuit Court of Cullman County, Alabama pursuant to Ala. Code § 12-11-30 (1975) because the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs. See Ala. Code § 12-11-30(1) (1975).

6.      On or about July 5, 2014, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock hosted a social dinner gathering at their private lake home located at 680 County Road Highway 218, Bremen, Alabama 35033.

7.      Defendant Daniel B. Snyder and the Plaintiff's decedent, Albina Agdasovna Sharfifullina, attended the aforementioned dinner gathering hosted by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock.

8.      Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock provided and/or allowed to be provided alcoholic beverages to Defendant Daniel B. Snyder during the social dinner gathering, and Daniel B. Snyder became intoxicated while attending said dinner gathering.

9.      At approximately 10:00 p.m. on July 5, 2014, Defendant Daniel B. Snyder, while intoxicated, left the aforementioned dinner gathering on a SeaDoo personal watercraft (hereinafter "SeaDoo"), and with the Plaintiff's decedent as his passenger, drove said SeaDoo into the dark and ultimately collided it into a dock nearby. As a result of the collision, the Plaintiff's decedent suffered fatal injuries and died.

10.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe and illegal for Daniel B. Snyder to operate his

2

SeaDoo in the dark and while under the influence of alcohol.

11.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe for the Plaintiff's decedent to travel as a passenger on a SeaDoo being driven by Daniel B. Snyder under the conditions described in paragraph 10.

12.     Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock told Daniel B. Snyder that it was "dangerous and illegal" to operate a SeaDoo at night, and offered to take Daniel B. Snyder to his cabin cruiser boat at Ryan Creek Marina, where Daniel B. Snyder and the Plaintiff's decedent could stay for the night.

13.     Upon information and belief, Defendant Daniel B. Snyder initially accepted a ride from the Defendants to Ryan Creek Marina, but subsequently changed his mind.

14.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, through their own actions, voluntarily assumed and undertook a duty to protect the Plaintiff's decedent from the negligent, reckless, and wanton conduct of Daniel B. Snyder and to warn the Plaintiff's decedent of the risks associated with traveling on a SeaDoo with Daniel B. Snyder in the dark.

15.     Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock negligently, recklessly, and wantonly breached their duty of care to the Plaintiff's decedent by:

>    (a)  failing to warn the Plaintiff's decedent of the risks associated with riding a SeaDoo in the dark;

>    (b)  failing to provide and/or secure an alternative and safer means of transportation for the Plaintiff's decedent;

    (c)   failing to take sufficient and reasonable steps to prevent Daniel B. Snyder from operating his SeaDoo in the dark and while under the influence of alcohol, despite their actual or constructive knowledge that serious injury and/or death would likely or probably result; and

    (d)   failing to take sufficient and reasonable steps to prevent the Plaintiff's decedent from riding as a passenger on the aforementioned SeaDoo under the conditions described in subsection (c), despite their actual or constructive knowledge that serious injury and/or death would likely or probably result.

16.    As a direct and proximate result of the Defendants' negligent, reckless, and wanton conduct, Plaintiff's decedent, Albina Agdasovna Sharfifullina, suffered fatal injuries and died.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, Daniel B. Snyder, Jeffrey Howard Whitlock, and Jeffrey Hunter Whitlock, in an amount deemed appropriate by a jury which will adequately reflect the enormity of the Defendants' wrongful conduct, in the form of punitive damages, plus interest and costs of this proceeding.

Respectfully submitted this 12th day of July, 2018.

/s/ Mark W. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

**JURY DEMAND**

Plaintiff demands a trial by struck jury on all issues raised herein.

/s/ Mark W. Lee
OF COUNSEL

**SERVE VIA CERTIFIED MAIL**

Mr. Jeffrey Howard Whitlock
2250 Beaver Creek Road
Columbiana, Alabama 35051

Mr. Jeffrey Hunter Whitlock
4113 Clover Leaf Drive
Birmingham, Alabama 35243

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 12th day of July, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system which will effect service of such filing on the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Mark W. Lee
OF COUNSEL