FILED
2022 Jan-05  AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A:
# Volume 3

ELECTRONICALLY FILED
4/8/2021 1:29 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## CIVIL SUBPOENA FOR PRODUCTION OF
## DOCUMENTS UNDER ALA. R. CIV. P. 45

TO:    **Alabama Law Enforcement Agency**
**Department of Public Safety**
**Marine Patrol Division**
**Attn: Custodian of Records**
**301 South Ripley Street**
**Montgomery, Alabama 36104**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff, Marina Stewart-Magee, within fifteen (15) days after service of this subpoena:

That you produce a <u>certified</u>, accurate, legible, and complete copy of original records and permit the Plaintiff to inspect and copy the following documents:

**All documents and records concerning the below-named individual including, without limitation, boat/vessel license information; a front and back copy of the actual license and/or operator certification(s); a copy of all applications for a boat/vessel license; registration of all boats, vessels, and personal watercrafts; boat/vessel license suspensions, revocations, and reinstatements; all boating tickets and/or citations; license/identification cards; all accident or incident reports involving the below-named individual; boating education courses and testing; boating education records and/or training; and all other documents, records, and correspondence pertaining to the following individual:**

**Daniel Benjamin Snyder**
**Alabama Driver's License No. 6493531**

**DOB:** 8/26/1974
**SSN:** xxx-xx-6318
**Sex:** Male
**Race:** White

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You may mail a certified, accurate, legible and complete copy of the requested documents or things to **Kendall A. Lee, Parsons, Lee & Juliano, P.C., 600 Vestavia Parkway, Suite 300, Birmingham, Alabama 35216**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in relevant part, as follows:

(c)     **Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the

subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)    If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

    (d)    **Duties in Responding to Subpoena.**

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ala. R. Civ. P. 45(c)-(d)(1)(2).

    Dated this <u>8th</u> day of April, 2021.

                   /s/ Kendall A. Lee_____
                   Kendall A. Lee (LEE091)
                   Attorney for Plaintiff

**<u>OF COUNSEL:</u>**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com

**<u>RETURN ON SERVICE:</u>**
Executed by leaving a copy with

                                  _____
                                  Clerk of the Court
_____

_____    By: _____
                                      Deputy Clerk

on this the _____ day of _____, 2021.

By: _____
     Deputy Sheriff or Process Server

ELECTRONICALLY FILED
4/9/2021 9:27 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT
(For Juvenile cases only):
☐ In the Matter of _____

ALEA - DEPT. OF PUBLIC SAFETY

MARINE PATROL DIVISION
301 SOUTH RIPLEY STREET
MONTGOMERY, AL 36104

W033

A. Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other

You may contact:   KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE:   4/24/2021 12:00:00 AM
ROOM:
ADDRESS:   600 Vestavia Parkway, Suite 300
Birmingham, AL 35216

DATE ISSUED:   4/8/2021

/s/ LISA MCSWAIN
Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

Please produce the documents, records, and information requested in the attached subpoena. For questions, please contact Kendall Lee at (205) 566-8164.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:** court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to   Delores Faircur
on   April 5th 2021

Signature and Title of Server   Server

(For Criminal cases only)
☐ Served By Mail

Date Mailed

Sheriff                    Deputy Sheriff

25-CV-2016-900001.00-W033

# SERVICE RETURN COPY

ELECTRONICALLY FILED
4/12/2021 2:30 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, | ) | |
| | ) | CV-2016-900001 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CONTINUE AND REQUEST FOR PRIORITY TRIAL SETTING

COMES NOW counsel for Daniel Snyder, and hereby respectfully requests this Court to continue this case from the May 3, 2021 trial docket and reset the case in the fall of 2021 on a priority setting.  As grounds for this motion Snyder states the following:

1.      Counsel for Snyder has spoken with plaintiff counsel and discussed the status of the May 3, 2021 trial docket.  All counsel understand that criminal cases will be taking a precedence over civil cases on this trial docket.  Therefore, whether this case would go to trial May 3, 2021 is far from certain.

2.      Counsel for defendant has two expert witnesses from Michigan that will be flying in for the trial.  Due to travel schedules, defendant needs more certainty with respect to a trial setting.

3.      It would be in the best interest of all parties for the case to be continued and given a priority trial setting when the Court has the availability.  All parties have witnesses from out of town and the parties need a priority setting to coordinate with witness schedules.

4.      Counsel for defendant has spoken with plaintiff counsel.  Plaintiff counsel has indicated that he does not intend to object to this motion.

WHEREFORE, PREMISES CONSIDERED, Daniel Snyder respectfully requests the Court to continue the case from May 3, 2021 trial docket and reset the case in fall 2021 when it can be given a priority setting.

/s/ Daniel S. Wolter
Daniel S. Wolter
**Attorney for Daniel B. Snyder**

<u>**OF COUNSEL**</u>**:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:      205-983-6440
Facsimile:       205-900-8095
**Attorney for Daniel B. Snyder**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on April 12, 2021.

Marcus W. Lee, Esq.
Kendall A. Lee, Esq.
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Ave. N.
Birmingham, AL  35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd St. SE
Cullman, AL  35055-3508


_/s/ Daniel S. Wolter_____
OF COUNSEL

ELECTRONICALLY FILED
4/13/2021 1:22 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,     )
DECEASED MARINA STE,               )
Plaintiff,                          )
                                    )
V.                                  )   Case No.:      CV-2016-900001.00
                                    )
SNYDER DANIEL B.,                   )
WHITLOCK JEFFREY HOWARD,            )
WHITLOCK JEFFREY HUNTER,            )
Defendants.                         )

### ORDER

MOTION TO CONTINUE filed by SNYDER DANIEL B. is hereby GRANTED.
Case is reset for trial on the next available docket.

**DONE this 13th day of April, 2021.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
8/16/2021 9:41 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Cas<br>25-0 |

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

**(For Juvenile cases only):**

☐ **In the Matter of** _____

HOLLACE WHITLOCK

1303 CLEERMONT DRIVE SE
HUNTSVILLE, AL 35801

A.   Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B.   Special Instructions
You are ordered to:

1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**            08/23/2021 09:00 AM

**ROOM:**           3rd Floor Courtroom

**ADDRESS:**      Cullman County Courthouse

                           500 2nd Avenue SW, Room 303

                           Cullman, AL 35055

**DATE ISSUED:**  8/16/2021

/s/ LISA MCSWAIN

Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

Please be on call for testimony during the week of August 23 - August 27, 2021. For questions, please contact Kendall Lee at (205) 566-8164.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                     court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order

to _____

_____ on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____

Date Mailed

_____

Sheriff                                              Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
|---|---|---|

ELECTRONICALLY FILED<br>8/16/2021 10:09 AM<br>25-CV-2016-900001.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

MARILYN WHITLOCK

680 COUNTY ROAD HIGHWAY 2
BREMEN, AL 35033

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**          08/23/2021 09:00 AM
**ROOM:**        3rd Floor Courtroom
**ADDRESS:**   Cullman County Courthouse
                       500 2nd Avenue SW, Room 303
                       Cullman, AL 35055
**DATE ISSUED:**  8/16/2021

/s/ LISA MCSWAIN
Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Please be on call for testimony during the week of August 23 - August 27, 2021. For questions, please contact Kendall Lee at (205) 566-8164.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                  court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/16/2021 10:09 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

JEFFERY WHITLOCK

680 COUNTY ROAD HIGHWAY 2
BREMEN, AL 35033

A.  Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B.  Special Instructions
   You are ordered to:

1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|
| **DATE:** | 08/23/2021 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of August 23 - August 27, 2021. For questions, please contact Kendall Lee at (205) 566-8164. |
| | 500 2nd Avenue SW, Room 303 | |
| | Cullman, AL 35055 | |
| **DATE ISSUED:** | 8/16/2021 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk        Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**      court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed


_____
Sheriff                Deputy Sheriff

| Form C-13 (back) | Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/16/2021 10:12 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
   **(For Juvenile cases only):**
☐ **In the Matter of** _____

HUNTER WHITLOCK

4113 CLOVERLEAF DRIVE
BIRMINGHAM, AL 35243

A.   Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.   Special Instructions
   You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|
| **DATE:** | 08/23/2021 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of August 23 - August 27, 2021. For questions, please contact Kendall Lee at (205) 566-8164. |
| | 500 2nd Avenue SW, Room 303 | |
| | Cullman, AL 35055 | |
| **DATE ISSUED:** | 8/16/2021 | |

/s/ LISA MCSWAIN
_____       _____
Signature of Court Clerk                 Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____                    _____
Sheriff                                             Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/16/2021 10:19 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

AGENT JOHN WILLIAMS

ALEA, SBI
6050 MIMOSA CIRCLE
TUSCALOOSA, AL 35405

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | ADDITIONAL INSTRUCTIONS |
|---|---|---|
| **DATE:** | 08/23/2021 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please appear for testimony during the week of August 23 - August 27, 2021. |
| | 500 2nd Avenue SW, Room 303 | |
| | Cullman, AL 35055 | |
| **DATE ISSUED:** | 8/16/2021 | |

/s/ LISA MCSWAIN
_____                    _____
Signature of Court Clerk                                        Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**                court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____       on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____                    _____
Sheriff                                                            Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/16/2021 5:23 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
| --- | --- | --- |

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

JARED JOHNSON

CRANE HILL FIRE DEPT.
15123 COUNTY ROAD 222
CRANE HILL, AL 35053

A.   Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B.   Special Instructions
  You are ordered to:

1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

| | | **ADDITIONAL INSTRUCTIONS** |
| --- | --- | --- |
| **DATE:** | 08/23/2021 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of August 23 - August 27, 2021. For questions, please contact Kendall Lee at (205) 566-8164. |
| | 500 2nd Avenue SW, Room 303 | |
| | Cullman, AL 35055 | |
| **DATE ISSUED:** | 8/16/2021 | |

/s/ LISA MCSWAIN

Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                    court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____

Date Mailed

_____

Sheriff                                        Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/18/2021 3:38 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

DOCUMENT 542

IN THE CIRCUIT COURT
OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| rina Stewart-Magee, Administrator and | ) | |
| sonal Representative of the Estate of | ) | |
| ina Agdasovna Sharifullina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-2016-900001 |
| | ) | |
| Daniel B. Snyder, | ) | |
| | ) | |
| Defendant(s). | ) | |

## SUGGESTION OF BANKRUPTCY

COMES NOW the Defendant, Daniel B. Snyder, in the above-entitled civil action, and gives notice to this Honorable Court to stay these proceedings pursuant to the Automatic Stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 363. The Defendant has filed a petition for relief pursuant to the provisions of Title 11, United States Code, Chapter 7 in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, under case number 21-01942. The case was filed on August 18, 2021. The firm of C. TAYLOR CROCKETT, P.C. appears herein for the limited purpose of advising the court of the above-mentioned bankruptcy proceeding.

C. Taylor Crockett

OF COUNSEL:
C. Taylor Crockett, P.C.
2067 Columbiana Road
Birmingham, AL 35216
Telephone: (205) 978-3550

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the following by electronic filing this the 18th day of August, 2021.

Marcus Wesley Lee, Esq.
VIA Email: mlee@pljpc.com
Kendall Ann Lee, Esq.
VIA Email: klee@pljpc.com

C. Taylor Crockett

ELECTRONICALLY FILED
9/22/2019 3:17 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, ) | |
| as Administrator and Personal ) | |
| Representative of the Estate of ) | |
| ALBINA AGDASOVNA ) | |
| SHARIFULLINA, ) | CIVIL ACTION NO. |
| ) | 25-CV-2016-900001 |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| DANIEL B. SNYDER, ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT DANIEL B. SNYDER'S REPLY TO
## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER ENTERED AUGUST 27, 2019

Defendant Daniel B. Snyder ("Snyder") respectfully submits this Reply the Response to the Court's Order Entered August 27, 2019 filed by Plaintiff Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina ("Stewart-Magee" or "Plaintiff"). (Doc. 402).

Plaintiff seeks relief from the Court's April 6, 2016 Order Motion for the sole reason to unseal Snyder's deposition transcript and present it to the District Attorney for Cullman County, Alabama. Snyder provided a deposition in this case in reliance upon a) the District Attorney's stated intention not to prosecute Snyder and b) Plaintiff's agreement to maintain the confidentiality of Snyder's deposition. The District Attorney has not sought Snyder's deposition transcript from Snyder and does not join Plaintiff here in her request to modify the Court's April 6, 2016 Order.

Plaintiff attempts to cast the instant issue as unique to Alabama law. Namely, whether an agreement by the parties, ratified by the court, can satisfy the standard set forth in *Holland v. Eads*, 614 So. 2d 1012, 1016 (Ala. 1993). The only novelty existing here is Plaintiff's effort to have the Court undo its confidentiality order entered after Snyder provided a deposition and waived his

Fifth Amendment privilege in reliance upon the Plaintiff's promise of confidentiality.  The sole reason that Snyder's deposition exists at all is because Snyder waived his Fifth Amendment rights in reliance upon Plaintiff's promise of confidentiality.  Now that Plaintiff has received what she sought from her discovery agreement with Snyder, she wants to break her promise and strip him of his Fifth Amendment privilege by producing his deposition to the District Attorney.  It is fundamentally unfair for Plaintiff to obtain evidence from Snyder by inducing him to forego his Constitutional rights by entering into an agreement and then breaching that agreement.  Granting relief to Plaintiff would both chill judicially facilitated discovery coordination and encourage party abuses of discovery agreements.

Plaintiff identifies no cases that support granting her requested relief in a similar situation. The Alabama federal court case, and those from other jurisdictions, that Plaintiff suggests support her position are neither relevant nor persuasive.  *Clark v. Bamberger*, 2016 WL 1183180, Case No. 1:12cv1122-MHT, (M.D. Ala. Mar. 28, 2016) involved a joint motion by the parties to seal the record in a fairness hearing in a wrongful-death suit against Rolls-Royce Corporation and its employee Joey Bamberger involving a helicopter crash at Fort Rucker, Alabama.  The *Clark* court denied the motion to seal, except for two documents that contained names on minors.  *Id.* at *3. As noted in *Clark*, even though a party agreement cannot dictate court sealing, Courts need to nonetheless seal documents that should be confidential.  *See also Whitewater West Indus. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118-BEN- BLM, 2019 U.S. Dist. LEXIS 63617, at *3-4 (S.D. Cal. Apr. 11, 2019) (granting many of the multiple motions to seal to maintain confidentiality of sensitive documents).

This case is in an entirely different procedural posture as was *Clark* and many of the other cases cited by Plaintiff.  The Court is not being asked to grant a motion to seal based upon an

agreement by the parties, by the request of a party, or to unseal records at the request of an intervenor. Instead, Plaintiff asks this Court to undo its agreed-upon April 6, 2016 Order. The Court long-ago determined to enter this limited protective order to seal certain filings and maintain limited confidentiality with no objections by any party. Prior to its entry, not only did the Court ratify the parties' discovery agreement, but the Court also received briefing and oral argument to make findings sufficient to satisfy the standards set for by *Holland*. The April 6, 2016 Order does require the sealing of the entire record *in toto*. Rather, the April 6, 2016 is narrowly tailored to the sealing of discovery provided by Daniel Snyder and requiring that his deposition and discovery be kept confidential. The confidentiality of much of this case file, including discovery provided by Plaintiff, is not restricted by the April 6, 2016 Order.

This is not a case where the person requesting access to court filings and discovery materials is empty-handed. Plaintiff here already has access to Snyder's deposition. In *Holland*, unlike this case, a third-party intervenor requested to unseal court records to obtain access. *See also Ex parte Birmingham News Co., Inc.,* 624 So. 2d 1117 (Ala. Cr. App. 1993) (Intervenor Birmingham News successfully sought access to certain pretrial proceedings in criminal proceedings concerning former Governor Guy Hunt). Importantly, the District Attorney, who Plaintiff seeks to produce Snyder's deposition to, has made no indication that he even wants a copy of Snyder's deposition. The District Attorney is not appearing before this Court to join Plaintiff in her efforts to unseal Snyder's deposition.

Therefore, Plaintiff's Motion for Relief should be DENIED. Should this Court grant Plaintiff's Motion for Relief, in order to protect his Constitutional Fifth Amendment Privilege and for the additional reasons expressed in his original Motion to Stay and his Opposition to Plaintiff's Motion to Vacate or Modify, Snyder respectfully requests that this Court enter an appropriate

HIPAA Order and Stay this action until any future criminal investigation and prosecution initiated

by the District Attorney are completed.


DATED:  September 22, 2019                    Respectfully submitted,


                                              /s/ Daniel S. Wolter
                                              Daniel S. Wolter
                                              **Attorney for Daniel B. Snyder**


**OF COUNSEL**:
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, INC.**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:     205-983-6443
**Attorney for Daniel B. Snyder**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on September 22, 2019.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055
***Attorneys for Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock***

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
***Attorney for Daniel B. Snyder***

*/s/ Daniel S. Wolter*
OF COUNSEL

ELECTRONICALLY FILED
9/24/2019 3:07 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,  )
DECEASED MARINA STE,                    )
Plaintiff,                          )
                            )
V.                            )  Case No.:      CV-2016-900001.00
                            )
SNYDER DANIEL B.,            )
WHITLOCK JEFFREY HOWARD,   )
WHITLOCK JEFFREY HUNTER,    )
Defendants.                 )

## ORDER

This is a wrongful death action stemming from a Sea Doo collision. On January 28, 2016, the Defendant filed a motion to stay this civil proceeding because he was concerned that information obtained from him through the discovery process might be used against him in a potential criminal prosecution, in violation of his Fifth Amendment privilege against self-incrimination. The Plaintiff objected to the stay and the matter was set for hearing before Judge Williams.

Before the hearing began, the parties announced that an agreement had been reached and the court instructed counsel to prepare a proposed order that incorporated their agreement. On April 6, 2016 the court entered an order that adopted the party's agreement to seal portions of the record, and which also barred the Plaintiff from providing the District Attorney with a copy of the Defendant's deposition or any other discovery provided to the Plaintiff by the Defendant. The Order did not state any reason for the decision to seal portions of the record.

On July 19, 2019, the Plaintiff filed a motion requesting the court to vacate the April 6,

2019 Order entered by Judge Williams and allowing the Plaintiff to provide the District Attorney with a copy of the Defendant's deposition.  Based on the statements of counsel at the hearing on the motion to vacate, the Defendant's deposition testimony does not directly incriminate him in any criminal act.

A hearing was held on the Plaintiff's motion September 23, 2019. The Defendant maintains that the _Holland_ test for sealing court records has been satisfied and further, that the Defendant should be bound by the agreement previously made. Generally, the court would agree that a party should be required to comply fully with all agreements made, but the issue is somewhat more complicated in this instance.

_May a court properly ratify an agreement of the parties to seal a portion of the court record without a hearing and without an independent finding by the court that there exists a clear and convincing right to seal that portion of the record and without making specific written findings?_

In a recent decision of the Alabama Court of Civil Appeals, the court provided a through recitation of the history related to the sealing of court records and the standard to be applied before such records are to be sealed. Quoting liberally from _Holland_, the seminal case dealing with the sealing of court records, the court in _Ex parte Gentry_, 228 So. 3d 1016 (Ala. Civ. App. 2017", noted:

" 'Generally, trials are open to the public. However, public access must be balanced with the effect on the parties.' _Ex parte Balogun_, 516 So.2d 606, 610 (Ala. 1987). Nevertheless, the decision concerning access to the court records has long been recognized as within the trial court's discretion. _Nixon v. Warner Communications, Inc_., 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This does not mean that the trial court's discretion should be unfettered; rather, it should be governed by legal rules and standards.
"....
"The United States Supreme Court has recognized a common law right of public access to judicial records. _Nixon v. Warner Communications, Inc.,_ 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). ' "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." ' _United States v. Criden_, 648 F.2d 814, 819 (3d Cir. 1981), quoting _Nixon_, supra, 435 U.S. at 597, 98 S.Ct. at 1312. In fact, this right of the public to inspect and copy judicial records antedates

the United States Constitution. *Criden*, supra.

"It has long been the rule of this State to allow public inspection of judicial records. *Brewer v. Watson*, 61 Ala. 310, 311 (1878). More than a century ago, this Court held that '[a]n inspection of the records of judicial proceedings kept in the courts of the country, is held to be the right of any citizen.' Id. at 311; see also *Ex parte Balogun*, 516 So.2d 606, 612 (Ala. 1987) (holding that 'the public generally has a right of reasonable inspection of public records required by law to be kept, except where inspection is merely out of curiosity or speculation or where it unduly interferes with the public official's ability to perform his duties'); *Excise Comm'n of Citronelle v. State ex rel. Skinner*, 179 Ala. 654, 657, 60 So. 812, 813 (1912). The public's right to inspect court records derives from the 'universal policy underlying the judicial systems of this country [that] secrecy in the exercise of judicial power ... is not tolerable or justifiable.' *Jackson v. Mobley,* 157 Ala. 408, 411–12, 47 So. 590, 592 (1908).

"In addition to a common law presumption of permitting public inspection of judicial records, which has been recognized by the United States Supreme Court and by this Court, public access to court records is permitted by statute. Ala. Code 1975, § 36–12–40, grants the public the right to inspect and copy 'public writings,' which term has been interpreted to include judicial records. *Ex parte Balogun*, supra; *Stone v. Consolidated Publishing Co.*, 404 So.2d 678, 681 (Ala. 1981) (interpreting a 'public writing' to be 'a record as is reasonably necessary to record the business and activities required to be done or carried on by a public officer so that the status and condition of such business and activities can be known by our citizens'); *State ex rel. Kernells v. Ezell*, 291 Ala. 440, 442–43, 282 So.2d 266, 268 (1973) (holding that records of the office of the probate judge are 'public writings' within the meaning of the predecessor to § 36–12–40 and are 'free for examination [by] all persons, whether interested in the same or not'); *Excise Comm'n of Citronelle,* supra; *Brewer*, supra.

"Limitations of the public's right to inspect 'must be strictly construed and must be applied only in those cases where it is readily apparent that disclosure will result in undue harm or embarrassment to an individual, or where the public interest will clearly be adversely affected, when weighed against the public policy considerations suggesting disclosure.' *Chambers v. Birmingham News Co.*, 552 So.2d 854, 856 (Ala. 1989). The party refusing disclosure bears the burden of 'proving that the writings or records sought are within an exception and warrant nondisclosure of them.' *Chambers*, at 856–57; *Ex parte CUNA Mutual Ins. Society*, 507 So.2d 1328, 1329 (Ala. 1987); *Ex parte McMahan*, 507 So.2d 492, 493 (Ala. 1987). This Court has held that the following types of records do not warrant disclosure: '[r]ecorded information received by a public officer in confidence, sensitive personnel records, pending criminal investigations, and records the disclosure of which would be detrimental to the best interests of the public.' *Stone*, 404 So.2d at 681.

"Most other courts that have addressed this issue have recognized a similar presumption of a right of public access to judicial proceedings and records and have placed the burden on the party seeking secrecy. *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Bank of America National Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343 (3d Cir. 1986); *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir. 1983), cert. denied,

465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984); In re *National Broadcasting Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981); *Barron v. Florida Freedom Newspapers, Inc.*, 531 So.2d 113, 118 (Fla. 1988).

"The Court of Appeals for the Eleventh Circuit holds that the trial court must apply a balancing test in determining whether to seal a record, ' "weighing the competing interests of preserving the district court's authority in encouraging settlement agreements and the public's right to access to public trials" ' and records. *Brown v. Advantage Engineering, Inc.*, supra, at 1015, quoting *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569 (11th Cir. 1985).

"The Court of Appeals for the Sixth Circuit also recognizes a public right of access to judicial records. *Brown & Williamson Tobacco Corp.*, supra. The Sixth Circuit has noted that few reasons warrant closure of public records. Id. The court indicated that some of these reasons include a defendant's right to a fair trial, certain privacy rights of participants or third parties, trade secrets, and national security. Id.

"The Court of Appeals for the Third Circuit holds that, in balancing the factors for and against access, the interest in settling disputes does not outweigh the common law presumption of open access to court documents and orders. *Bank of America National Trust, s*upra.

"We have examined the different approaches used in other jurisdictions. In light of the public policy in favor of public access and the prevailing analysis of this presumption in most American courts, we hold that if a motion to seal is filed, then the trial court *shall conduct a hearing*. The trial court *shall not seal court records except upon a written finding* that the moving party has proved by clear and convincing evidence that the information contained in the document sought to be sealed:

"(1) constitutes a trade secret or other confidential commercial research or information; see Brown & Williamson Tobacco Corp., supra, at 1179; or
"(2) is a matter of national security; see Barron, supra, at 118; or
"(3) promotes scandal or defamation; or
"(4) pertains to wholly private family matters, such as divorce, child custody, or adoption; see Warner, supra; Balogun, supra; Holcombe v. State ex rel. Chandler, 240 Ala. 590, 200 So. 739 (1941); or
"(5) poses a serious threat of harassment, exploitation, physical intrusion, or other particularized harm to the parties to the action; or
"(6) poses the potential for harm to third persons not parties to the litigation.

"If any one of the above criteria is satisfied, then the trial court may seal the record, or any part of the record, before trial, during trial, or even after a verdict has been reached. "This approach limits, but does not abolish, the range of judicial discretion. There is a presumption in favor of openness, which can be overcome only by clear and convincing evidence that an individual's privacy interest (as set out above) rises above the public interest in access."
*Holland,* 614 So.2d at 1013–16 (final two emphases added).
…

"Any order sealing any portion of the record <u>must contain written findings in compliance with</u>
<u>Holland</u> <u>that clear and convincing evidence supports a conclusion that the relevant "privacy</u>
<u>interest (as set out [in</u> <u>Holland</u>] ) rises above the public interest in access."</u> <u>Holland,</u> 614 So.2d at
1016. (Emphasis supplied)

<u>Ex parte Gentry</u>, 228 So. 3d 1016, 1022-1025 (Ala. Civ. App. 2017).

If the agreement of the parties in this case related solely to matters of a wholly private

nature, then any agreement by them could be ratified by the court without the necessity of an

evidentiary hearing. However, because of the public interest involved, any "[l]imitations of the

public's right to inspect 'must be strictly construed'." <u>Holland,</u> 614 So.2d at 1015 (quoting

<u>Chambers v. Birmingham News Co</u>., 552 So.2d 854, 856 (Ala. 1989)).

In this case, it appears from the record and from the comments of counsel for the parties

at the hearing on the motion to vacate, that an evidentiary hearing was never held for the court to

weigh the public and private interests. Further, there were "no written findings in compliance

with <u>Holland</u> that clear and convincing evidence supports a conclusion that the relevant 'privacy

interest (as set out [in <u>Holland</u>] ) rises above the public interest in access." <u>Ex parte Gentry</u>, 228

So. 3d 1016, 1025 (Ala. Civ. App. 2017) quoting <u>Holland</u>, 614 So.2d at 1016. Because the

procedural requirements of <u>Holland</u> have not been satisfied, it is hereby ORDERED that the

previous order sealing court records is vacated. If a party wishes to seal any portion of the court

record, the procedural requirements of <u>Holland</u> must be satisfied.

<u>Whether the Plaintiff is barred from disclosing the Defendant's deposition testimony and</u>
<u>other information obtained from the Defendant through discovery</u>.

That portion of the April 6, 2016 order relating to nondisclosure of the Defendant's

deposition testimony requires a different analysis separate and apart from <u>Holland.</u>  Depositions

and discovery responses are not generally filed with the clerk and made part of the court record.

Rule 5, Alabama Rules of Civil Procedure.  Discovery is "essentially a private process". *U.S. v. Anderson,* 799 F.2nd 1438, 1441 (11th Cir. 1986).

In this case, the parties entered into a nondisclosure agreement in which the Defendant agreed to sit for his deposition and to respond to the Plaintiff's discovery requests in exchange for the Plaintiff's promise not to disclose such information to the District Attorney. Agreements between parties are binding, provided that all the necessary elements of a contract have been satisfied.  Further, "[a]n attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court. A settlement agreement entered into between the parties is binding and will be summarily enforced." *Contractor Success Group, Inc. v. Service Thrust Organization, Inc*., 681 So.2d 212 (Ala.Civ.App.1996). See, also, Section 34–3–21, Ala.Code 1975.

The court finds that the parties entered into a valid agreement with respect to nondisclosure of discovery obtained by the Plaintiff from the Defendant, including the Defendant's deposition testimony. Therefore, it is hereby ORDERED that the Plaintiff is prohibited from making any third-party disclosures that would violate the agreement of the parties as reflected in the April 6, 2016 court order. It is further ORDERED that the Plaintiff shall not submit as an exhibit with any court filing any excerpt of the Defendant's deposition or discovery response without first providing at least 10 days' notice to the Defendant of such intent so that the Defendant can file a response or make a motion for a *Holland* hearing to be held prior to the filing.  The court does not make any ruling with respect to whether it is proper for the district attorney to issue a subpoena or other court process to obtain the discovery information from the Plaintiff, since that issue is not presently before the court.

**DONE this 24th day of September, 2019.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

DOCUMENT 408

ELECTRONICALLY FILED
9/30/2019 2:04 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA, )
DECEASED MARINA STE, )
Plaintiff, )
 )
V. ) Case No.:        CV-2016-900001.00
 )
SNYDER DANIEL B., )
WHITLOCK JEFFREY HOWARD, )
WHITLOCK JEFFREY HUNTER, )
Defendants. )

## ORDER

Within 30 days of this Order, Counsel for the Plaintiff shall file his response to the motion to show cause filed by the Defendant herein, unless the Defendant files a motion to withdraw the show cause motion.

**DONE this 30th day of September, 2019.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/3/2019 10:36 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, DECEASED | ) ) ) ) ) ) ) | CIVIL ACTION CV 2016-900001 |
| Plaintiff | ) ) |  |
| v. | ) ) |  |
| DANIEL B. SNYDER, ET AL. | ) ) |  |
| Defendant | ) |  |

### MOTION FOR TRIAL SETTING

COMES NOW the plaintiff, **Marina Stewart-Magee,** and moves the Court to set this case for trial. For grounds therefore, the plaintiff sets forth and assigns the following:

1. This case has been set for trial on May 14, 2019, June 24, 2019, August 26, 2019, all settings that were continued on motion of the defendant, Daniel Snyder.

2. The case was filed on January 5, 2016 and is due to be set for trial.

3. The hearing on defendant, Whitlock's, motion for summary judgment is currently set for November 14, 2019.

4. The plaintiff would respectfully move the Court to schedule a trial setting as soon as possible after the November 14 hearing.

s/Mark W. Lee
_____
Mark W. Lee
Attorney for Plaintiff

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300, Shelby Building
Birmingham, AL 35216
(205) 326-6600
(205) 324-7097
mlee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 3rd day of October, 2019, electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Floyd D. Gaines
Gaines LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
(205) 598-5089/(205) 598-5066 (F)

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL 35223
(205) 983-6440/(205) 983-6443 (F)

*s/*Mark W. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/24/2019 2:28 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** | ) |
| **as Administrator and Personal** | ) |
| **Representative of the Estate of** | ) |
| **ALBINA AGDASOVNA** | ) |
| **SHARFIFULLINA**, | ) |
| | )  **01-CV-2016-900001** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **DANIEL B. SNYDER,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT DANIEL B. SNYDER'S
### MOTION TO WITHDRAW MOTION TO SHOW CAUSE

COMES NOW Defendant Daniel B. Snyder, pursuant to the Court's September 30, 2019

Order, and hereby withdraws his previously filed Motion to Show Cause.

DATED:  October 24, 2019                         Respectfully submitted,

                                                 */s/ Daniel S. Wolter*
                                                 Daniel S. Wolter
                                                 *Attorney for Daniel B. Snyder*

**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:     205-983-6443
*Attorney for Daniel B. Snyder*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 24, 2019.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055
***Attorneys for Jeffrey Howard Whitlock and
Jeffrey Hunter Whitlock***

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
***Attorney for Daniel B. Snyder***

/s/ Daniel S. Wolter
OF COUNSEL

DOCUMENT 416

ELECTRONICALLY FILED
10/24/2019 3:40 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE,<br>Plaintiff, | )<br>)<br>)<br>) |
| V. | ) Case No.:       CV-2016-900001.00 |
| | ) |
| SNYDER DANIEL B.,<br>WHITLOCK JEFFREY HOWARD,<br>WHITLOCK JEFFREY HUNTER,<br>Defendants. | )<br>)<br>)<br>)<br>) |

**ORDER**

The Defendant's motion for summary judgment is set for hearing November 14, 2019 at 9:00 a.m. in circuit court room number one.

**DONE this 24th day of October, 2019.**

/s/ **GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/24/2019 3:40 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

ALBINA AGDASOVNA SHARIFULLINA, )
DECEASED MARINA STE, )
Plaintiff, )
)
V. ) Case No.:        CV-2016-900001.00
)
SNYDER DANIEL B., )
WHITLOCK JEFFREY HOWARD, )
WHITLOCK JEFFREY HUNTER, )
Defendants. )

**ORDER**

The Defendant having filed a MOTION TO WITHDRAW his request for a show cause hearing, that matter is now moot and no hearing on the motion will be set.

**DONE this 24th day of October, 2019.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
11/14/2019 2:57 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE, Plaintiff, | ) ) ) ) |
| V. | ) Case No.:     CV-2016-900001.00 ) |
| SNYDER DANIEL B., WHITLOCK JEFFREY HOWARD, WHITLOCK JEFFREY HUNTER, Defendants. | ) ) ) ) ) |

## ORDER

This matter is before the Court on the Motion for Summary Judgment filed by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, pursuant to Ala. R. Civ. P. 56(b).

It is appropriate to grant a motion for summary judgment only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The moving party has the burden of showing that no genuine issue of material fact exists and is entitled to a judgment as a matter of law. *Burner v. Caldwell*, 543 So.2d 686 (Ala. 1989); *Blue Cross & Blue Shield of Alabama v. Hodurski*, 899 So.2d 949 (Ala. 2004). Once the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Ala.Code 1975, Section 12-21-12. *Bass v. SouthTrust Bank of Baldwin County*, 538 So.2d 794, 797 (Ala.1989). '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved. *West v. Founders Life Assur. Co. of Fla.*, 547 So.2d 870, 871 (Ala. 1989). In considering a motion for summary

judgment a reviewing court must view the record in the light most favorable to the non-moving party and must accord the non-moving party all reasonable favorable inferences from the evidence and resolve all reasonable doubts against the moving party. *Hurst v. Alabama Power Co.,* 675 So.2d 397 (Ala. 1996); *Fuqua v. Ingersoll-Rand Co.,* 591 So.2d 486 (Ala. 1992).

Having considered the motion for summary judgment, the evidentiary submissions, the response and arguments of counsel for the Plaintiff and Defendant at a hearing held on the motion, the Court is of the opinion that the motion for summary judgment is due to be granted and that the Defendants are entitled to a judgment as a matter of law. It is therefore ORDERED and ADJUDGED that the motions for summary judgment filed by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, are granted. All claims asserted by the Plaintiff in this action against Defendants are hereby dismissed, with prejudice, and judgment is rendered in favor of the said defendants on all counts as a matter of law.

**DONE this 14ᵗʰ day of November, 2019.**

/s/ **GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
1/22/2020 5:20 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE, WHO )
SUES AS ADMINISTRATOR AND )
PERSONAL REPRESENTATIVE OF )
THE ESTATE OF ALBINA )
AGDASOVNA SHARIFULLINA, )   CIVIL ACTION CV 2016-900001
DECEASED )
                         )
   Plaintiff )
                         )
v. )
                         )
DANIEL B. SNYDER, ET AL. )

   Defendant

## MOTION TO SET CASE FOR TRIAL

COMES NOW the plaintiff and moves the Court to set this case for trial at the

May 18, 2020 trial setting.  For grounds therefore, the plaintiff sets forth and assigns the

following:

    1.  This case has been mediated and it is clear it will need to be tried.

    2.  The case was last set for trial on August 26, 2019 and is due to be reset for

trial.

    WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the

Court to reset this case for trial on May 18, 2020.

                       s/Mark W. Lee
                       Mark W. Lee
                       Attorney for Plaintiff

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300, Shelby Building
Birmingham, AL 35216
(205) 326-6600
(205) 324-7097
mlee@pljpc.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 22nd day of January, 2020, electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Floyd D. Gaines
Gaines LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL  35205
(205) 598-5089/(205) 598-5066 (F)

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223
(205) 983-6440/(205) 983-6443 (F)

                                    s/Mark W. Lee
                                      OF COUNSEL

ELECTRONICALLY FILED
2/7/2020 12:44 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2016-900001.00 |
| | ) |
| SNYDER DANIEL B., | ) |
| WHITLOCK JEFFREY HOWARD, | ) |
| WHITLOCK JEFFREY HUNTER, | ) |
| Defendants. | ) |

## ORDER

MOTION TO SET CASE FOR TRIAL filed by ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE is hereby GRANTED. Case is set for trial on the next available docket.

**DONE this 7th day of February, 2020.**

**/s/ GREGORY A NICHOLAS**

**CIRCUIT JUDGE**

ELECTRONICALLY FILED
2/11/2020 12:16 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK



# DANIEL WOLTER
## LAW FIRM, LLC

DANIEL S. WOLTER
ALSO ADMITTED IN LOUISIANA*

TELEPHONE: 205-983-6440
FACSIMILE: 205-983-6443
DWOLTER@WOLTERLAWFIRM.COM

February 11, 2020

Honorable Gregory Nicholas
500 2nd Avenue SW
Cullman, Alabama 35055

Re: Marina Stewart-Magee v. Daniel Snyder, et al.
    In the Circuit Court of Cullman County; Case No.: CV 16-900001
    Our File No.: 19022.316

Honorable Tamara Harris Johnson
Jefferson County Circuit Court Judge
716 Richard Arrington Jr. Blvd. N.
Birmingham, Alabama 35203

Re: Southern Management, et al v. Continental Underwriting, et al.
    In the Circuit Court of Jefferson County; Case No.: CV 17-000153
    Our File No.: 5100.257

Dear Honorable Judges:

In accordance with the Administrative Order of November 29, 1990 relative to attorney conflict resolution, please be advised that the above referenced cases are set for the week of **May 18, 2020**. I will continue to work with all of you but wanted all parties to be aware of my potential conflict.

Should any of you have any questions, please don't hesitate to give me a call.

Sincerely,

/s/ Daniel S. Wolter

Daniel S. Wolter
DSW/csg
Cc: All Counsel of Record

ELECTRONICALLY FILED
3/3/2020 1:32 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE TO CLERK OF FILING DISCOVERY</u>

TO:   Circuit Clerk of Cullman County
       Cullman County Courthouse

       Please take notice that the following discovery document has been filed on behalf of defendant:

       (X)      Non-Party Rule 45 Subpoena to Alabama Marine Patrol

/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel B. Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama  35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of March 2020 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216

David R. Wells
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205

/s/ Daniel S. Wolter_____
OF COUNSEL

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
|       **Defendant.** | ) | |

**<u>NOTICE OF INTENT TO SERVE SUBPOENA ON A NON-PARTY</u>**

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this notice that the **DEFENDANT** will apply to the Clerk

of this Court for issuance of a subpoena directed to:

      Records Custodian
      ALEA Marine Patrol
      301 S. Ripley Street
      Montgomery, Alabama 36104

to produce the documents or things at the time and place specified on the subpoena.


                                              */s/* Daniel S. Wolter_____
                                            Daniel S. Wolter (WOL012)
                                            Attorney for Daniel B. Snyder

**<u>OF COUNSEL:</u>**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2020 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Mark Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216

David R. Wells
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205

/s/ Daniel S. Wolter_____
OF COUNSEL

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGGE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULE 45

**TO:**    Records Custodian
ALEA Marine Patrol
301 S. Ripley Street
Montgomery, Alabama 36104

You are hereby commanded, at the instance of the **Defendant**, within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A COPY OF ANY AND ALL investigative reports for any boating or personal water craft accident investigations prepared by Trooper John Williams.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **This subpoena does not expire and shall remain valid and enforceable throughout the duration of the aforementioned litigation.**

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us**

**if the reasonable copy cost will be over $50.00.  If the cost exceeds $50.00 and advance notice is not given, the undersigned reserved the right to return records and refuse payment.**

**Should you choose to mail legible copies of the records requested,** Please deliver or mail them to: **Daniel Wolter, Daniel Wolter Law Firm, Inc, 402 Office Park Drive, Suite 100, Birmingham, Alabama, 35223,** within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

**(c)      Protection of Persons Subject to Subpoenas:**

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party service the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of

6

service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)    Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to

the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.


DATED: _____


                                        /s/ Daniel S. Wolter
                                        Daniel S. Wolter (WOL012)
                                        Attorney for Defendant

ELECTRONICALLY FILED
3/20/2020 8:59 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

ALEA MARINE PATROL

301 S. RIPLEY STREET
MONTGOMERY, AL 36104

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   DANIEL SERENUS WOLTER MR. 402 Office Park Drive, Ste 100 BIRMINGHAM, AL 35223 (205) 983-6440

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  04/06/2020 09:00 AM

**ROOM:**  Daniel Wolter Law Firm

**ADDRESS:**  402 Office Park Drive, Ste 100

Birmingham, AL 35223

**DATE ISSUED:**  3/20/2020

/s/ LISA MCSWAIN

Signature of Court Clerk                    Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records
must be completed within 15 days

Please see enclosed subpoena for records.

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to

_____   on   _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                        Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
4/29/2020 10:33 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUN**

| | | |
|---|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2016-900001.00 |
| | ) | |
| SNYDER DANIEL B., | ) | |
| WHITLOCK JEFFREY HOWARD, | ) | |
| WHITLOCK JEFFREY HUNTER, | ) | |
| Defendants. | ) | |

**ORDER**

The May 18, 2020 Civil Jury Trial docket having been canceled, the above styled action is reset for trial on the next available docket.

**DONE this 29th day of April, 2020.**

**/s/ GREGORY A NICHOLAS**

**CIRCUIT JUDGE**

ELECTRONICALLY FILED
8/3/2020 11:29 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK



# DANIEL WOLTER
## LAW FIRM, INC.

DANIEL S. WOLTER                                    TELEPHONE: 205-983-6440
ALSO ADMITTED IN LOUISIANA*                         FACSIMILE: 205-900-8095
                                          DWOLTER@WOLTERLAWFIRM.COM

August 3, 2020

Honorable Gregory Nicholas
500 2nd Avenue SW
Cullman, Alabama 35055

Re:  Marina Stewart-Magee v. Daniel Snyder, et al.
     In the Circuit Court of Cullman County; Case No.: CV 16-900001
     Our File No.: 19022.316

Honorable Javan Patton
716 Richard Arrington, Jr. Blvd.
Birmingham, Alabama 35203

Re:  Nathalie Oliver v. Eastview Health & Rehabilitation
     In the Circuit Court of Jefferson; Case No.: CV 19-904484
     Our File No.: 18013.238

Dear Honorable Judges:

In accordance with the Administrative Order of November 29, 1990 relative to attorney conflict resolution, please be advised that the above referenced cases are set for the week of **November 2, 2020**.  I will continue to work with all of you but wanted all parties to be aware of my potential conflict.

Should any of you have any questions, please don't hesitate to give me a call.

Sincerely,

/s/ Daniel S. Wolter

Daniel S. Wolter
DSW/csg
Cc:  All Counsel of Record

ELECTRONICALLY FILED
8/27/2020 4:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, WHO | ) | |
| SUES AS ADMINISTRATOR AND | ) | |
| PERSONAL REPRESENTATIVE OF | ) | |
| THE ESTATE OF ALBINA | ) | |
| AGDASOVNA SHARIFULLINA, | ) | CIVIL ACTION NO. CV 2016-900001 |
| DECEASED, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | | |
| DANIEL B. SNYDER, ET AL., | | |
| | | |
| Defendant | | |

## **NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

COMES NOW the plaintiff, by and through her attorney, Mark W. Lee, and gives notice of filing the following discovery documents in the above-styled cause and serving a copy of same upon all attorneys of record.

☐ First Interrogatories to Plaintiff.
☐ Request for Production of Documents.
☐ Request for Admissions.
X Notices of Taking Deposition of Robert Taylor and Chris Van Ee.
☐ Response to Request for Production.
☐ Answers to Interrogatories.
☐ Response to Request for Admissions.
☐ Other:

s/Mark W. Lee
Mark W. Lee
Attorney for Plaintiff

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
P. O. Box 661228 (35266)
Birmingham, AL 35216

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of August, 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223

s/Mark W. Lee
OF COUNSEL

ELECTRONICALLY FILED
8/27/2020 4:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, WHO ) | |
| SUES AS ADMINISTRATOR AND ) | |
| PERSONAL REPRESENTATIVE OF ) | |
| THE ESTATE OF ALBINA ) | |
| AGDASOVNA SHARIFULLINA, ) | |
| DECEASED, ) | CIVIL ACTION CV 2016-900001 |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. | |
| | |
| DANIEL B. SNYDER, ET AL., | |
| | |
|    Defendants. | |

### NOTICE OF TAKING THE DEPOSITION
### PURSUANT TO THE ORDER OF THE SUPREME COURT OF ALABAMA

     Pursuant to the Order of the Supreme Court of Alabama of March 24, 2020, the plaintiff will be taking the audio-video deposition of **Robert Taylor** remotely.  Please take notice that on the date and at the time and place indicated below, the plaintiff, will take the deposition upon oral examination of the person named.  The deposition will be taken for the purposes of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure.  The deposition will be taken by a court reporter via remotely and/or some other officer authorized by law to administer oaths.  The deposition will continue from hour to hour and day to day until completed.  You are invited to attend the deposition remotely and examine the witness as you see fit.

     **DEPONENT:**    **ROBERT TAYLOR**

     **DATE:**       **SEPTEMBER 4, 2020**

     **TIME:**        **9:00 A.M.**

**PLACE:**              **VIA ZOOM**

The deponent is requested to bring with him and produce at the deposition the following documents:

1. Any and all documents, notes, memoranda, correspondence, emails, worksheets generated by you or anyone working with you in conjunction with any of the work done in this case.

2. Any and all photographs, video tapes or any other type of photographic recording taken by you provided or used by you in connection with your work in this case.

3. Any and all standards, rules, regulations, statutes, ordinances, texts, treatises of any type upon which you rely in expressing any opinions in this case.

4. Any and all materials, documents, authorities, rules, regulations, etc. that you intend to use during live testimony at trial.

5. Your current Curriculum Vitae.

6. Your complete file regarding this matter, including documents provided to you and generated by you as well as billing records.

7. List of all cases which you have testified as an expert.

Any articles, literature or scientific studies that support the opinions you are offering in this case.

*s/ Mark W. Lee*

Mark W. Lee

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223

This the 27th day of August, 2020.

*s/ Mark W. Lee*
OF COUNSEL

cc:    Birmingham Reporting

ELECTRONICALLY FILED
8/27/2020 4:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE, WHO           )
SUES AS ADMINISTRATOR AND           )
PERSONAL REPRESENTATIVE OF          )
THE ESTATE OF ALBINA                )
AGDASOVNA SHARIFULLINA,             )
DECEASED,                           )       CIVIL ACTION CV 2016-900001
                                    )
    Plaintiff,                )
                                    )
v.

DANIEL B. SNYDER, ET AL.,

    Defendants.

### NOTICE OF TAKING THE DEPOSITION
### PURSUANT TO THE ORDER OF THE SUPREME COURT OF ALABAMA

      Pursuant to the Order of the Supreme Court of Alabama of March 24, 2020, the plaintiff will be taking the audio-video deposition of **Chris Van Ee** remotely.  Please take notice that on the date and at the time and place indicated below, the plaintiff, will take the deposition upon oral examination of the person named.  The deposition will be taken for the purposes of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure.  The deposition will be taken by a court reporter via remotely and/or some other officer authorized by law to administer oaths.  The deposition will continue from hour to hour and day to day until completed.  You are invited to attend the deposition remotely and examine the witness as you see fit.

      **DEPONENT:**    **CHRIS VAN EE**

      **DATE:**      **SEPTEMBER 4, 2020**

      **TIME:**      **9:00 A.M.**

**PLACE:**              **VIA ZOOM**

The deponent is requested to bring with him and produce at the deposition the following documents:

1.  Any and all documents, notes, memoranda, correspondence, emails, worksheets generated by you or anyone working with you in conjunction with any of the work done in this case.

2.  Any and all photographs, video tapes or any other type of photographic recording taken by you provided or used by you in connection with your work in this case.

3.  Any and all standards, rules, regulations, statutes, ordinances, texts, treatises of any type upon which you rely in expressing any opinions in this case.

4.  Any and all materials, documents, authorities, rules, regulations, etc. that you intend to use during live testimony at trial.

5.  Your current Curriculum Vitae.

6.  Your complete file regarding this matter, including documents provided to you and generated by you as well as billing records.

7.  List of all cases which you have testified as an expert.

Any articles, literature or scientific studies that support the opinions you are offering in this case.

*s/ Mark W. Lee*
Mark W. Lee

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223

This the 27th day of August, 2020.

*s/ Mark W. Lee*
OF COUNSEL

cc:    Birmingham Reporting

ELECTRONICALLY FILED
8/31/2020 5:12 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, DECEASED )))))))) | CIVIL ACTION CV 2016-900001 |
| Plaintiff )) | |
| v. ))) | |
| DANIEL B. SNYDER, ET AL. )) | |
| Defendant | |

## <u>MOTION TO EXTEND DEADLINE FOR IDENTIFYING EXPERTS</u>

COMES NOW the plaintiff and moves the Court for an Order extending the deadline to name any additional experts that are needed.  For grounds therefore, the plaintiff sets forth and assigns the following:

1.  Counsel for the defendant has identified two individuals as accident reconstruction experts.

2.  There have been numerous attempts to depose these experts, but through the fault of no one, they are now scheduled for September 4.  The deadline for identifying experts is September 3.

3.  Counsel for the plaintiff had contracted the corona virus and had been unable to attend to many of his regular duties until he recovered.

4.  The plaintiff would respectfully request the deadline be extended twenty-one days from the date of the deposition to September 25 for the naming of additional experts, if any are needed.

5.   This case is set for trial on November 2 and such will not in any way delay the progress of this trial.

WHEREFORE, PREMISES CONSIDERED, the plaintiff would respectfully request the Court to extend the deadline for identifying experts twenty-one days from September 4 to September 25, 2020.

Respectfully submitted,

*s*/Mark W. Lee
Mark W. Lee
Attorney for Plaintiff

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300, Shelby Building
Birmingham, AL 35216
(205) 326-6600
(205) 324-7097
mlee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 31st day of August, 2020, electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Floyd D. Gaines
Gaines LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL  35205
(205) 598-5089/(205) 598-5066 (F)

Daniel S. Wolter
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Suite 100
Birmingham, AL  35223
(205) 983-6440/(205) 983-6443 (F)

*s*/Mark W. Lee
OF COUNSEL

DOCUMENT 446

ELECTRONICALLY FILED
9/2/2020 3:42 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:      CV-2016-900001.00 |
| | ) |
| SNYDER DANIEL B., | ) |
| WHITLOCK JEFFREY HOWARD, | ) |
| WHITLOCK JEFFREY HUNTER, | ) |
| Defendants. | ) |

**ORDER**

MOTION FOR EXTENSION OF TIME filed by Plaintiff is hereby GRANTED and it is hereby
ORDERED that deadlines are extended 21 days.

**DONE this 2nd day of September, 2020.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
|---|---|---|

ELECTRONICALLY FILED<br>10/6/2020 4:09 PM<br>25-CV-2016-900001.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

MARILYN WHITLOCK

2250 BEAVER CREEK ROAD
COLUMBIANA, AL 35051

A.   Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.   Special Instructions
   You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**          11/02/2020 09:00 AM
**ROOM:**          3rd Floor Courtroom
**ADDRESS:**      Cullman County Courthouse
                       500 2nd Avenue SW
                       CULLMAN, AL 35055
**DATE ISSUED:**  10/6/2020

/s/ LISA MCSWAIN
_____
Signature of Court Clerk            Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

Please be on call for testimony during the week of November 2, 2020 - November 6, 2020.

For questions, please contact Kendall Lee at (205) 314-7967.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                         court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____    on _____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                                Deputy Sheriff

Case 5:22-cv-00010-MHH   Document 1-5   Filed 01/04/22   Page 73 of 233

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
|---|---|---|

ELECTRONICALLY FILED<br>10/6/2020 4:14 PM<br>25-CV-2016-900001.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

JEFFREY HOWARD WHITLOCK

2250 BEAVER CREEK ROAD
COLUMBIANA, AL 35055

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | ADDITIONAL INSTRUCTIONS |
|---|---|---|
| **DATE:** | 11/02/2020 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of November 2, 2020 - November 6, 2020. |
| | 500 2nd Avenue SW | |
| | Cullman, AL 35055 | For questions, please contact Kendall Lee at (205) 314-7967. |
| **DATE ISSUED:** | 10/6/2020 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)  Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/6/2020 4:26 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

HUNTER WHITLOCK

4113 CLOVERLEAF DRIVE
BIRMINGHAM, AL 35243

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|

Any inspection or production of documents or records must be completed within 15 days

**DATE:**          11/02/2020 09:00 AM
**ROOM:**          3rd Floor Courtroom
**ADDRESS:**     Cullman County Courthouse
                      500 2nd Avenue SW
                      Cullman, AL 35055
**DATE ISSUED:** 10/6/2020

Please be on call for testimony during the week of November 2, 2020 - November 6, 2020.

For questions, please contact Kendall Lee at (205) 314-7967.

/s/ LISA MCSWAIN
_____
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                          court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____  on  _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                                    Deputy Sheriff

| Form C-13 (back)     Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/6/2020 5:29 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

HOLLACE WHITLOCK

1303 CLEERMONT DRIVE SE
HUNTSVILLE, AL 35801

A.  Issued at the request of :

1. ☑ Plaintiff/State

2. ☐ Defendant

3. ☐ Grand Jury

B.  Special Instructions
  You are ordered to:

1. ☑ Appear at trial

2. ☐ Produce records or documents-See attached schedule(s)

3. ☐ Appear at deposition

4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

|  |  | ADDITIONAL INSTRUCTIONS |
|---|---|---|
| **DATE:** | 11/02/2020 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of November 2, 2020 - November 6, 2020. |
| | 500 2nd Avenue SW | |
| | Cullman, AL 35055 | For questions, please contact Kendall Lee at (205) 314-7967. |
| **DATE ISSUED:** | 10/6/2020 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk          Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

| Form C-13 (back)      Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/14/2020 10:37 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | |
| **OF ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, deceased,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **CV-2016-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENT

Comes now the Plaintiff, **MARINA STEWART-MAGEE**, **as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased**, and gives notice of serving the following discovery document on all counsel of record in the above-captioned lawsuit:

☒  Plaintiff's Notice of Video Deposition of William T. Koepsel, Jr.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff
Marina Stewart-Magee

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 14<u>th</u> day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system, and have served a copy of the same via electronic mail to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/14/2020 10:37 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE,               )
as Administrator and Personal       )
Representative of the ESTATE        )
OF ALBINA AGDASOVNA                 )
SHARIFULLINA, deceased,             )               Case No.
                                    )               CV-2016-900001
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
DANIEL B. SNYDER,                   )
                                    )
    Defendant.                      )

---

### NOTICE OF VIDEO DEPOSITION OF WILLIAM T. KOEPSEL, JR.

---

TO:   **Daniel S. Wolter, Esq.**
      **DANIEL WOLTER LAW FIRM, LLC**
      **402 Office Park Drive, Suite 100**
      **Birmingham, Alabama 35223**
      **dwolter@wolterlawfirm.com**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Alabama Rules of Civil Procedure, Plaintiff Marina Stewart-Magee, by and through her attorneys, Mark W. Lee and Kendall A. Lee, will take the videotaped deposition upon oral examination of William T. Koepsel, Jr. for the purpose of discovery and/or for use as evidence in the above-captioned lawsuit. The deposition will be taken before a court reporter and/or some other officer authorized by law to administer oaths. The deposition will continue from day to day until complete. You are invited to attend the video deposition and examine the witness as you see fit.

|          |          |
|----------|----------|
| **Deponent:** | **William T. Koepsel, Jr.** |
| **Date:** | **October 21, 2020** |
| **Time:** | **2:00 p.m.** |
| **Location:** | **Parsons, Lee & Juliano, P.C.** |
|          | **600 Vestavia Parkway, Suite 300** |
|          | **Birmingham, Alabama 35216** |

**Court Reporter:**          **Veritext**

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff
Marina Stewart-Magee

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 14th day of October, 2020, electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

Case 5:22-cv-00010-MHH   Document 1-5   Filed 01/04/22   Page 84 of 233

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas |
|---|---|---|

ELECTRONICALLY FILED<br>10/14/2020 3:06 PM<br>25-CV-2016-900001.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK

25-0

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

AGENT JOHN WILLIAMS

ALEA, SBI
6050 MIMOSA CIRCLE
TUSCALOOSA, AL 35055

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|
| **DATE:** | 11/02/2020 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please appear for testimony during the week of November 2, 2020 - November 6, 2020. |
| | 500 2nd Avenue SW | |
| | Cullman, AL 35055 | |
| **DATE ISSUED:** | 10/14/2020 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk             Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:** court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff             Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/23/2020 12:23 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| MARINA STEWART-MAGEE, )<br>as Administrator and Personal )<br>Representative of the ESTATE )<br>OF ALBINA AGDASOVNA )<br>SHARIFULLINA, deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL B. SNYDER, et al., )<br>)<br>Defendants. ) | **CIVIL ACTION NO.**<br>**CV-2016-900001** |

**PLAINTIFF'S ITEMIZATION OF DAMAGES**

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and pursuant to the Court's Standing Pre-Trial Scheduling Order (Doc. 26), submits the following itemization of the damages being claimed in this matter:

| TYPE | AMOUNT | METHODOLOGY |
|---|---|---|
| Punitive Damages | To be determined by the trier of fact | N/A |

Respectfully submitted this 23rd day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097

mlee@pljpc.com
klee@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I have on this 23rd day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com


/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/23/2020 2:15 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S WITNESS AND EXHIBIT LIST

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and reserves the right to call the following witnesses and introduce the following exhibits into evidence at the trial of this case:

### WITNESS LIST

1.  Marina Stewart-Magee
    c/o Parsons, Lee & Juliano, P.C.
    600 Vestavia Parkway, Suite 300
    Birmingham, Alabama 35216

2.  Daniel Snyder
    3358 Rosemary Lane
    Vestavia, Alabama 35216

3.  William T. Koepsel, Jr.
    3444 Country Brook Lane
    Vestavia, Alabama 35243

4.  Hunter Whitlock
    4113 Cloverleaf Drive
    Birmingham, Alabama 35243

5.      Hollace Whitlock
        1303 Cleermont Drive SE
        Huntsville, Alabama 35801

6.      Marilyn Whitlock
        680 County Road Highway 218
        Bremen, Alabama 35033

7.      Jeffery Whitlock
        680 County Road Highway 218
        Bremen, Alabama 35033

8.      Leffie John Barnes
        2311 Greenwood Drive SE
        Decatur, Alabama 35601

9.      Jack Horner
        4226 Bellevue Lane
        Mobile, Alabama 36608

10.     Lieutenant Daniel Cummings
        Cullman County Sheriff's Office
        1910 Beech Avenue SE
        Cullman, Alabama 35055

11.     Lieutenant Brannon Hammick
        Hanceville Police Department
        203 Bangor Avenue SE
        Hanceville, Alabama 35077

12.     Major Scott Clay
        971 County Road 1107
        Vinemont, Alabama 35179

13.     Donald Taylor
        Cullman Emergency Medical Services
        601 2nd Avenue SW
        Cullman, Alabama 35055

14.     Bart Bolling
        Cullman Emergency Medical Services
        601 2nd Avenue SW
        Cullman, Alabama 35055

15.     Jared Johnson
        Crane Hill Fire Department
        15123 County Road 222
        Crane Hill, Alabama 35053

16.     Wes Sweatmon
        Crane Hill Fire Department
        15123 County Road 222
        Crane Hill, Alabama 35053

17.     Yaricet Saliba
        5212 7th Avenue South
        Birmingham, Alabama 35212

18.     Carissa Brock, RN
        Huntsville Hospital
        101 Sivley Road SW
        Huntsville, Alabama 35801

19.     Pamela J. Sims, Pharm., D., Ph.D
        University of Alabama at Birmingham
        1919 7th Avenue South
        Birmingham, Alabama 35233

20.     Agent John Williams
        Alabama Law Enforcement Agency
        State Bureau of Investigation
        6050 Mimosa Circle
        Tuscaloosa, Alabama 35405

21.     Robert K. Taylor, M.S., P.E
        Design Research Engineering
        46475 Desoto Court
        Novi, Michigan 48377

22.     Chris A. Van Ee, PhD
        Design Research Engineering
        46475 Desoto Court
        Novi, Michigan 48377

23.     Any and all witnesses who attend the trial of this case pursuant to a civil subpoena;

24.     Any and all witnesses listed by any other party in this lawsuit;

25.     Any and all witnesses identified in the discovery conducted in this case;

3

26.    Any and all witnesses necessary to authenticate documents and/or materials; and

27.    Any and all witnesses who may be needed for rebuttal or impeachment.

## EXHIBIT LIST

| NO. | EXHIBIT |
|---|---|
| 1 | Deposition of Daniel B. Snyder and exhibits attached thereto |
| 2 | Defendant Daniel B. Snyder's Verified Response to Plaintiff's First Interrogatories |
| 3 | Defendant Daniel B. Snyder's Response to Plaintiff's First Request for Production of Documents |
| 4 | Facebook messages between Daniel B. Snyder and Albina Sharifullina |
| 5 | Text messages between Daniel B. Snyder and Albina Sharifullina |
| 6 | Bill of Sale for 2009 SeaDoo RXT-X 255 to Daniel B. Snyder (Dated April 19, 2013) |
| 7 | Records produced by Air Methods Corporation d/b/a Life Saver |
| 8 | Medical records of Daniel B. Snyder from Huntsville Hospital |
| 9 | Affidavit of Carissa Brock, R.N. with attached exhibit |
| 10 | Video Deposition of William T. Koepsel, Jr. |
| 11 | Affidavit of William T. Koepsel, Jr. |
| 12 | Deposition of Jeff Whitlock and exhibits attached thereto |
| 13 | Witness Statement of Jeff Whitlock |
| 14 | Deposition of Hunter Whitlock and exhibits attached thereto |
| 15 | Witness Statement of Hunter Whitlock |
| 16 | Deposition of Marilyn Whitlock and exhibits attached thereto |
| 17 | Deposition of Hollace Whitlock and exhibits attached thereto |

| 18 | AT&T cellular telephone records of Albina Sharifullina |
|---|---|
| 19 | Screen shot printout from cell phone of Albina Sharifullina |
| 20 | Photographs from cell phone of Albina Sharifullina depicting the interior of Jeff Whitlock's lake home on July 5, 2014 |
| 21 | Deposition of Lieutenant Daniel Cummings and exhibits attached thereto |
| 22 | Cullman County Sheriff's Office (Call Detail Report) |
| 23 | Records produced by the Cullman County Sheriff's Office |
| 24 | Deposition of Trooper John Williams and exhibits attached thereto (Deposition Date: March 21, 2018) |
| 25 | Deposition of Trooper John Williams and exhibits attached thereto (Deposition Date: April 4, 2019) |
| 26 | Investigative file of Trooper John Williams |
| 27 | Department of Conservation & Natural Resources: Boating Accident Investigation Report (Boating State Case No. 20140706AL215-1) |
| 28 | Application and Affidavit for Search Warrant executed by Trooper John Williams on July 8, 2014 |
| 29 | Search warrant issued by the Circuit Court of Morgan County on July 8, 2014 |
| 30 | Post-accident photographs of the SeaDoo involved in the subject accident |
| 31 | Post-accident photographs of the area where the subject accident occurred |
| 32 | Photographs of Daniel Snyder's boat and boat slip at Ryan Creek Marina |
| 33 | Photograph of parking lot at Ryan Creek Marina |
| 34 | Photographs of the lake home owned by Jeff and Marilyn Whitlock on Smith Lake |
| 35 | Google Earth images depicting the lake home owned by Jeff and Marilyn Whitlock on Smith Lake |
| 36 | Google Earth images depicting the area of Smith Lake where the subject accident occurred |

| | |
|---|---|
| 37 | Post-accident photographs of Daniel B. Snyder |
| 38 | Autopsy photographs of Albina Sharifullina |
| 39 | Records produced by the Alabama Department of Forensic Sciences, including autopsy records of Albina Sharifullina |
| 40 | Alabama Death Certificate of Albina Sharifullina |
| 41 | Alabama Driver's License of Albina Sharifullina |
| 42 | Witness Statement of Donald Taylor (Cullman Emergency Medical Services) |
| 43 | Witness Statement of Jared Johnson (Crane Hill Fire Dept.) |
| 44 | Witness Statement of Wes Sweatmon (Crane Hill Fire Dept.) |
| 45 | Witness Statement of Jonathan Eubanks |
| 46 | Witness Statement of Billy M. Cosper III |
| 47 | Witness Statement of John Barnes |
| 48 | Curriculum Vitae of Pamela J. Sims, Pharm., D., Ph.D |
| 49 | Calculations by Dr. Pamela J. Sims relative to the blood alcohol content for Daniel Snyder at times pertinent to the subject accident |
| 50 | Deposition of Chris A. Van Ee, PhD and exhibits attached thereto |
| 51 | Deposition of Robert K. Taylor, M.S., P.E. and exhibits attached thereto |
| 52 | Pre-accident photographs of Albina Sharifullina |
| 53 | Pre-accident photograph of Albina Sharifullina and Marina Stewart-Magee |
| 54 | Pre-accident photograph of Albina Sharifullina and Yaricet Saliba |
| 55 | Text messages and/or Facebook messages between Brandon Hill and Albina Sharifullina |
| 56 | Text messages between Daymeon Fishback and Albina Sharifullina |
| 57 | Text messages between Albina Sharifullina and Garrett Armstrong |

6

| 58 | Text messages between Albina Sharifullina and Marina Stewart-Magee |
| 59 | Documents and materials produced by the parties in this case |
| 60 | Pleadings filed by the parties in the above-captioned lawsuit |
| 61 | Any and all depositions that have been taken in the above-captioned lawsuit |
| 62 | Any and all exhibits necessary for impeachment or rebuttal |
| 63 | Any and all exhibits listed by the Defendant |
| 64 | Demonstrative exhibits and summary aids to assist the jury in understanding the facts and issues involved in this case |

Plaintiff reserves the right to amend this witness and exhibit list in compliance with the Alabama Rules of Civil Procedure and the local rules of Cullman County, Alabama. Plaintiff further reserves the right to display all exhibits by Trial Director or by enlargement.

Respectfully submitted this 23rd day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/23/2020 4:11 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, | ) | |
| | ) | **01-CV-2016-900001** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT DANIEL B. SNYDER'S WITNESS LIST

COMES NOW Daniel B. Snyder and submits the following list of witnesses that he may call at the trial of this matter.

1. Robert Taylor
   c/o Daniel S. Wolter

2. Chris VanEe
   c/o Daniel S. Wolter

3. Daniel B. Snyder
   c/o Daniel S. Wolter

4. Jeffrey Howard Whitlock
   2250 Beaver Creek Road
   Columbiana, Alabama 35051

5. Jeffrey Hunter Whitlock
   4113 Clover Leaf Drive
   Birmingham, Alabama

6. Marilyn Whitlock
   2250 Beaver Creek Road
   Columbiana, Alabama 35051

7. Mary Hollace Whitlock
   1303 Cleermont Drive SE
   Huntsville, Alabama 35801

8.      Jack Horner
        Mobile, Alabama

9.      Johnny Barnes
        Decatur, Alabama

10.     Joseph Newman
        205 Fern Galley Drive
        Seffner, Florida 33584

11.     John Noble
        1497 County Road 855
        Ponte Vedra, Florida 32004

12.     Nurse Hornsby
        Lifesaver Air Ambulance

13.     Paramedic Jackson
        Lifesaver Air Ambulance

14.     C. Brock
        Registered Nurse

15.     Wilson Blaylock
        Cullman County District Attorney

15.     Custodian of Records for Alabama Department of Forensic Sciences.

16.     Custodian of Records for Huntsville Hospital.

17.     Custodian of Records for LifeSaver Air Ambulance.

18.     Custodian of Records for Alabama Law Enforcement Agency

19.     Any person listed on opposing party's witness list.

20.     Any person identified or referenced in any deposition.

21.     Any witness needed for impeachment.

22.     Any witness needed for rebuttal.

23.     Defendant reserves the right to supplement this witness list as discovery progresses.

*/s/ Daniel S. Wolter*

Daniel S. Wolter
***Attorney for Daniel B. Snyder***

**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:      205-900-8095

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 23rd, 2020.

Marcus W. Lee, Esq.
Kendall A. Lee, Esq.
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Plaintiff Marina Stewart-Magee***

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Ave. N.
Birmingham, AL  35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd St. SE
Cullman, AL  35055-3508
***Attorneys for Defendants Jeffrey Howard Whitlock and
Jeffrey Hunter Whitlock***

*/s/ Daniel S. Wolter* _____
OF COUNSEL

ELECTRONICALLY FILED
10/23/2020 4:31 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, | ) | |
| | ) | **01-CV-2016-900001** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DANIEL B. SNYDER'S EXHIBIT LIST

COMES NOW Daniel B. Snyder and submits the following list of Exhibits that he may use at the trial of this matter.

1.      Curriculum Vitae of Robert Taylor.

2.      Curriculum Vitae of Chris VanEe.

3.      Daniel B. Snyder's Rule 26 Expert Disclosures.

4.      Any documents calculations, drawings, photographs, videos, or graphics that were created by or prepared by Design Research Engineering, Robert Taylor or Chris VanEe in reaching their opinions.  All such documents were provided to opposing counsel prior to the depositions of Robert Taylor and Chris VanEe.

5.      Photographs taken by Dr. VanEe of the site of the accident, of the personal watercraft and of defendant on April 17, 2019 which have been provided to opposing counsel.

6.      Site Inspection photographs taken on April 17, 2019 by Design Research Engineering which have been provided to opposing counsel.

7.      Personal watercraft photographs taken on April 17, 2019 by Design Research

Engineering which have been provided to opposing counsel.

8.      Google earth area view, attached to Robert Taylor's deposition as Exhibit 1.

9.      Photograph of Sea Doo attached to Robert Taylor's deposition as Exhibit 2.

10.     Photograph showing deformation of handrail, attached to Chris VaneEe's deposition as Exhibit 1.

11.     Portions of Snyder's medical records from Huntsville Hospital, attached to Chris VaneEe's deposition as Exhibit 2.

12.     Portions of Medical Records from Huntsville Hospital.

13.     Medical Records from LifeSaver Air Ambulance.

14.     Copy of death certificate.

15.     A copy of the toxicology report for Albina Sharifullina.

16.     Photograph of Sea Doo after the accident, attached to Daniel Snyder's deposition as Exhibit 6.

17.     Photograph showing the white all around light on Sea Doo, attached to Daniel Snyder's deposition as Exhibit 9.

18.     Photograph showing the red and green light on Sea Doo, attached to Daniel Snyder's deposition as Exhibit 10.

19.     Photograph of dock where the accident occurred, attached to Daniel Snyder's deposition as Exhibit 12.

20.     Photograph of dock indicating where Sea Doo impacted, attached to Daniel Snyder's deposition as Exhibit 14.

21.     Witness diagram, attached to Daniel Snyder's deposition as Exhibit 23.

22.     Photograph indicating where Albina Sharifullina's body was located, attached to Daniel Cummings' deposition as Exhibit 1.

23.     Photograph of boat dock where accident occurred, attached to Daniel Cummings' deposition as Exhibit 2.

24.    Photographs of Daniel Snyder showing body marks, attached to Daniel Cummings' deposition as Exhibit 3.

25.    Hand drawn diagram from Whitlocks' house to the accident scene, attached to Jeffrey Hunter Whitlocks' deposition as Exhibit 1.

26.    Photographs showing the dock where the incident occurred and point of impact, attached to Trooper Williams' deposition taken on March 21, 2018 as Exhibit 1.

27.    Photographs showing the dock where the incident occurred and point of impact at a different angle, attached to Trooper Williams' deposition taken on March 21, 2018 as Exhibit 2.

28.    Photographs showing the dock and the guidewire, attached to Trooper Williams' deposition taken on March 21, 2018 as Exhibit 3.

29.    Email chain between Kendall Lee and Trooper Williams on October 31, 2018, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 2.

30.    Email chain dated January 12-14, 2015 between Glenda Tidwell and Trooper John Williams, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 3.

31.    Drawing with measurements of dock where incident occurred, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 6.

32.    Photographs showing point of impact, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibits 9 and 10.

33    Photographs of dock where accident occurred, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 11, 12 and 13.

34.    Photograph showing gouge marks in dock, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 14.

35.    Photograph of Sea Doo handlebars, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibits 15 and 16.

36.    Photograph of Sea Doo, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibits 17, 18 and 19.

37.    Photograph of Sea Doo, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 20.

38.    Photograph of support beam on dock, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibit 21.

39.     Photographs of Daniel Snyder, attached to Trooper Williams' deposition taken on April 4, 2019 as Exhibits 22, 23 and 24.

40.     March 22, 2017 correspondence from Wilson Blaylock to Sheriff Matt Gentry.

41.     Complete copy of Alabama Law Enforcement Agency Investigation file relating to the accident.

42.     Any exhibit listed by any other party.

43.     Any document referenced in or attached to any deposition.

44.     Any documents needed for impeachment.

45.     Any documents needed for rebuttal

46.     Daniel Snyder reserves the right to supplement this exhibit list as discovery progresses.


                                        */s/ Daniel S. Wolter*_____
                                        Daniel S. Wolter
                                        **Attorney for Daniel B. Snyder**


**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:      205-983-6443
**Attorney for Daniel B. Snyder**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 23, 2020.

Marcus W. Lee, Esq.
Kendall A. Lee, Esq.
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Plaintiff Marina Stewart-Magee***

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Ave. N.
Birmingham, AL  35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd St. SE
Cullman, AL  35055-3508
***Attorneys for Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock***

             */s/ Daniel S. Wolter*
             OF COUNSEL

ELECTRONICALLY FILED
10/26/2020 1:45 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| **as Administrator and Personal** ) | |
| **Representative of the Estate of** ) | |
| **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA**, ) | **CIVIL ACTION NO.** |
| ) | **25-CV-2016-900001** |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT DANIEL B. SNYDER'S MOTION *IN LIMINE*

Defendant Daniel B. Snyder ("Snyder"), respectfully move this Honorable Court pursuant to Alabama Rules of Evidence 104, 402, 403, 404, 701, 702, 703, 704 and 802 for an Order *in Limine*, to exclude a) all testimony and opinions from Trooper John M. Williams ("Trooper Williams," the "expert" proffered by Plaintiff Marina Stewart-Magee ("Plaintiff")), b) all opinions from Lieutenant Daniel P. Cummings ("Lieutenant Cummings," another "expert" proffered by Plaintiff), c) all testimony from Plaintiff herself, d) any evidence from any witness relating to i) the age or physical condition of Albina Agdasovna Sharifullina ("Alya"), ii) pre-accident photographs of Alya, iii) Alya's text messages and Facebook messages iv) Snyder's financial condition and occupation, v) Snyder's blood-alcohol level, vi) Snyder's drivers license and vehicle/vessel registration history, and vi) the contents of the Sea-Doo's storage compartment; and f) insurance coverage. In further support, Snyder states as follows:

## I.   INTRODUCTION

This case arises from a personal watercraft accident on Smith Lake involving Plaintiff's daughter Albina Agdasovna Sharifullina ("Alya") and her friend Snyder. While riding a personal watercraft on the lake late at night, the pair collided into a dock. Alya died from the collision and

Snyder was seriously injured.  In dispute is whether Snyder was the driver of the Sea-Doo  at the time of the accident.   There are no witnesses or direct evidence that identifies Snyder as the driver of the Sea-Doo at the time of the accident.  Snyder anticipates that Plaintiff intends to exclusively rely upon the testimony of Trooper Williams and Lieutenant Cummings at trial to support her theory that Snyder was driving.  Trooper Williams was the investigating marine police officer who arrived at the scene well-after the crash.  Lieutenant Cummings, also not a witness to the Sea-Doo collision, was a patrol deputy with the Cullman County Sheriff's Office who arrived on the scene following the crash as part of an agency assist call to help first responders.

Neither Trooper Williams nor Lieutenant Cummings are qualified to meet the required standards in Alabama to offer expert testimony on biomechanics and accident reconstruction to offer competent opinions as to who was driving the Sea-Doo.  Plaintiff's testimony should be excluded from trial too because she did not witness the accident.  Because, the only measure of damages for a wrongful death claim pursuant to Ala. Code § 6-5-410 is punitive, any testimony about her daughter Alya would be irrelevant.  Finally, any evidence concerning Alya's age or physical condition, pre-accident photographs of Alya, Alya's text messages and Facebook messages, Snyder's blood-alcohol level, Snyder's drivers license and vehicle/vessel registration history, and the contents of the Sea-Doo's storage compartment are not relevant to establish that Snyder was the driver of the Sea-Doo.  Without any factual or reliable expert opinions available that place Snyder as the Sea-Doo driver, the admission into evidence of the contents of the Sea-Doo would cause prejudice against Snyder, confuse the issue in the case and unfairly inflame the jury.

Accordingly, Snyder respectfully requests that the Court exclude *in limine* from trial all testimony of Trooper Williams, Lieutenant Cummings and Plaintiff.  Snyder further requests the

exclusion of any and all evidence concerning Alya's age or physical condition, pre-accident photographs of Alya, Alya's text messages and Facebook messages, Snyder's blood-alcohol level, Snyder's drivers license and vehicle/vessel registration history, and the contents of the Sea-Doo's storage compartment.

## II.   SUMMARY OF PROPOSED EVIDENCE TO BE EXCLUDED

### A.   Summary of Trooper Williams' Opinions

Snyder expects that Plaintiff will attempt to elicit the following four improper conclusions of Trooper Williams at trial:

1. That Snyder was seated in the front/driver's seat of the Sea-Doo at the time of impact.
2. That Snyder made a sudden, evasive left turn immediately before colliding into the dock.
3. That Alya was positioned behind Snyder in the rear/passenger's seat of the Sea-Doo at the time of impact.
4. That Alya was catapulted over the Sea-Doo upon impact and into the horizontal support beam of the dock.

Trooper Williams' testimony as to these areas is inadmissible and irrelevant because they are a legal conclusion relating to an "ultimate issue" under Alabama Rule of Evidence 704 and Alabama case authority.  Moreover, Trooper Williams does not have personal knowledge of these ultimate issues.  As a result, Trooper William should not be allowed to provide testimony on these matters because his opinions are either pure legal opinions, based entirely on speculation and unsupported assumptions, unqualified, unreliable, based on hearsay or irrelevant facts.  Trooper Williams has also given inconsistent testimony already in this case between his affidavit and deposition.   Finally, Trooper Williams is unqualified as an expert witness to render opinions in this case about the biomechanical reconstruction of the accident and forensic biological evidence he uses to purportedly identify the Sea-Doo driver.  He does not have the knowledge, skill,

experience, training, or education required under Alabama Rule of Evidence 702 to opine upon the forensic evidence and biomechanics of the accident scene to determine who was driving.

### B.      Summary of Lieutenant Cummings' Opinions

Snyder expects that Plaintiff will attempt to elicit the following improper conclusions of Lieutenant Cummings at trial:

1. That Snyder was driver of Sea-Doo at time of accident.
2. That Snyder operated the Sea-Doo under the influence of alcohol while an unlicensed operator in a reckless, dangerous manner.
3. That Snyder caused the death of Alya.

Lieutenant Cummings' testimony as to these areas is inadmissible as irrelevant and because they are a legal conclusion relating to an "ultimate issue" under Alabama Rule of Evidence 704 and Alabama case authority.  Moreover, Lieutenant Cummings does not have personal knowledge of these ultimate issues.  As a result, Lieutenant Cummings should not be allowed to provide testimony on these matters because  his opinions are either pure legal opinions, based entirely on speculation and unsupported assumptions, unqualified, unreliable, based on hearsay or irrelevant facts.  Finally, Lieutenant Cummings is unqualified as an expert witness to render opinions in this case about the reconstruction of the accident and forensic biological evidence he uses to purportedly identify the Sea-Doo driver.  He does not have the knowledge, skill, experience, training, or education required under Alabama Rule of Evidence 702 to opine upon the forensic evidence and biomechanics of the accident scene to determine who was driving.

### 4.      Summary of Plaintiff's Testimony

Snyder expects that Plaintiff will attempt to provide testimony concerning the emotional impact of the loss of her daughter Alya to invoke sympathy from the jury.  Plaintiff may also improperly try to introduce evidence of Alya's age, physical condition and other irrelevant character evidence.  Plaintiff has already admitted that she has no personal knowledge as to who

was driving the Sea-Doo when the accident happened.  (Deposition of Marina Stewart-Magee at p. 9:10-16).  Because Plaintiff is not a witness to the accident and punitive damages are the only measure of damages for wrongful death in Alabama, any testimony by the Plaintiff would be irrelevant under Alabama Rule of Evidence 402.

### 5.      Summary of Other Evidence Sought to be Excluded

Snyder expects that Plaintiff will attempt to introduce evidence of the following from one or more witnesses:

1. That Alya was relatively young and healthy;
2. Multiple pre-accident photographs of Alya from her childhood, college graduation and other candid shots to invoke sympathy from the jury;
3. That Alya sent text messages and Facebook messages to Plaintiff, as well as friends (Brandon Hill, Daymeon Fishback and Garrett Armstrong), on the day of the accident regarding her plans for the day;
4. That Snyder is an attorney and his corresponding financial condition;
5. That Snyder's blood-alcohol level at the time of the accident was above 0.08%;
6. That Snyder was not licensed to drive a vessel and not the registered owner of the Sea-Doo;
7. That a small bottle of Crown Royal and packaged condoms were left in the storage compartment of the Sea-Doo;
8. That Snyder has insurance coverage.

Because compensatory damages are not recoverable in a wrongful death action in Alabama, any evidence concerning Alya's age, health and physical appearance are not relevant and can only serve to unfairly prejudice the jury in favor of Plaintiff and against Snyder.   Alya's communications with her friends the day of the accident should not be admissible because they do not bear any relevance to the causation of the Sea-Doo crash and would confuse the jury.  Because Snyder and Alya were each riding on the Sea-Doo at the time of the accident, evidence of Snyder's BAC level, his license and vessel registration and the contents of the Sea-Doo would not be relevant to establish who was actually driving at the time of impact.  Thus, exclusion of all these items is proper under Alabama Rule of Evidence 402.  Even if any of these items had the slimmest

of marginal relevancy, exclusion is proper under Alabama Rule of Evidence 403 because the admission of any of this evidence poses a severe risk of unfair prejudice to Snyder by enflaming the jury's passion and bias against Snyder.

## III.   <u>ARGUMENT</u>

### A.   **All Expert Opinion Testimony from Trooper Williams and Lieutenant Cummings Should be Excluded**

Because Plaintiff has no direct evidence nor competent expert testimony to support her theory that Snyder was driving the Sea-Doo, Plaintiff will attempt to transform Trooper Williams and Lieutenant Cummings, who are not even eye-witnesses, into accident reconstruction and biomechanics experts.  Their testimony is not admissible because 1) they did not observe the accident and the bodies had been moved prior to their accident scene inspections, 2) their testimony is based upon hearsay and would be inadmissible as evidence and 3) they are completely unqualified to present what essentially is expert opinion testimony.

#### 1.   **Standard for the admissibility of expert testimony**

"The proponent of the expert testimony carries a substantial burden under Rule 702." *Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1107 (11th Cir. 2005); *see also Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999) ("The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence."); *Hampton v. Bruno's, Inc.*, 646 So. 2d 597, 599 (Ala. 1994) (the party offering the evidence has the burden of proving its admissibility).[1] "[W]hether a particular witness will be allowed to testify as an expert is left to the sound discretion

---

[1]  "Alabama Rule of Evidence 702 is identical to the Federal Rule of Evidence 702." *Barber v. State*, 952 So. 2d 393, 411 (Ala. Crim. App. 2005).  Therefore, "cases construing the federal rules are to be considered authority for this state's courts when construing the Alabama rules."  *Shoney's Inc. v. Barnett*, 773 So. 2d 1015, 1029 (Ala. Civ. App. 1999).

of the trial court, whose decision will not be disturbed on appeal except for abuse of that discretion." *Bagley v. Mazda Motor Corp.*, 864 So. 2d 301, 304 (Ala. 2003); *see also* Ala. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or *the admissibility of evidence shall be determined by the court. . . .*) (emphasis added).  In addition, the Advisory Committee's Notes to Rule 702 explain that "[a]s under preexisting Alabama law, both questions—whether a witness is qualified as an expert and whether, if so qualified, that witness may give expert opinion or testimony on the subject in question—are left largely to the discretion of the trial judge." Ala. R. Evid. 702 Advisory Comm.'s Notes.

### 2.     Trooper Williams and Lieutenant Cummings cannot offer testimony on the accident upon personal knowledge

Trooper Williams and Lieutenant Cummings cannot provide competent testimony concerning the accident as fact witnesses because they have no personal knowledge of who was driving the Sea-Doo.  Alabama Rule of Evidence 602 unequivocally requires that, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Trooper Williams previously admitted that he was not a witness to this accident.  Specifically, he testified that at 12:35 AM on July 6, 2014, he received a call reporting the accident.  (Williams deposition at pp. 15:9-17:6; 58:5-9, Doc. 158, Exhibit E to Snyder's Motion for Summary Judgment).  Similarly, Lieutenant Cummings received an agency assist call after the accident occurred around midnight.  (Deposition of Lieutenant Cummings at pp. 13:15-14:13).  There is no evidence that the witness who made the call could see who was driving the Sea-Doo.  This neighbor from across the lake, John Barnes, was unable to report to Trooper Williams the identity of who was driving the Sea-Doo.  (Williams deposition at p. 58:1-4, Doc. 158, Exhibit E to Snyder's Motion for Summary Judgment).

Lieutenant Cummings arrived on the scene at 12:53 AM to find the Crane Hill Fire Department already administering care to Snyder on the dock. (Cummings deposition at p. 16:1-12, 18:1-4). Shortly thereafter, a first responder discovered Alya's body floating in the lake and jumped in to get her. (Cummings deposition at p. 70:16-4). According to his Boating Accident Investigation Report, Trooper Williams did not even arrive on the scene until 1:30 AM, nearly one hour after receiving reports of the accident. (Boating Accident Investigation Report, Doc. 217 at 1). When Trooper Williams finally arrived at the accident scene, not only were multiple Cullman County first responders present, Alya's and Snyder's bodies had been moved from their locations following impact with the dock. (Williams deposition at pp. 17:9-20, 58:10-12, 58:22-59:18, Doc. 158, Exhibit E to Snyder's Motion for Summary Judgment). Trooper Williams learned that Alya had passed away and Snyder had been airlifted to Huntsville Hospital. (Williams deposition 18:14-19:12, Doc. 158, Exhibit E to Snyder's Motion for Summary Judgment).

With absolutely no personal knowledge, eyewitness account or otherwise, Trooper Williams and Lieutenant Cummings provide opinions as to who was driving the Sea-Doo, which are based upon inadmissible complete hearsay. These types of second-hand accounts, legal conclusions and arguments are clearly improper testimony for a jury. Under Ala. R. Evid. 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Because Trooper Williams and Lieutenant Cummings are clearly not biomechanical experts in determining who was driving a Sea-Doo, any testimony they provide would be an opinion or inference based on their perceptions of the events. Also, under Alabama Rule of Evidence 701, "If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on

the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue."  Here, Trooper Williams and Lieutenant Cummings cannot offer testimony under Alabama Rule of Evidence 701 because they did not perceive the accident and thus cannot offer any rationally based opinion or inference.  Therefore, their opinions and analyses would not be helpful to provide a clear understanding for their testimony.

Trooper Williams' and Lieutenant Cummings' opinion testimony as to who was driving the Sea-Doo is also inadmissible pursuant to Rules 702 and 703 of the Alabama Rules of Evidence on grounds that they offer opinions that embrace and involve ultimate issues, legal definitions, and conclusions, which are properly within the exclusive province of the Court and the trier of fact. "Alabama case law has traditionally embraced the principle that a witness, whether expert or lay, cannot give an opinion when such constitutes a legal conclusion or the application of a legal definition."  C. Gamble, *McElroy's Alabama Evidence* § 128.07 (5th Ed. 1996).  Because an ultimate issue in this case is who was driving the Sea-Doo, Trooper Williams cannot offer this type of impermissible evidence.

### 3. Trooper Williams' and Lieutenant Cummings proposed testimony is based upon inadmissible hearsay

In addition to not having personal knowledge of the Sea-Doo driver's identity, this Court should exclude Trooper Williams' and Lieutenant Cummings' testimony because they base their opinions and conclusions upon the observations and accounts of other persons as identified in Trooper Williams' Boating Accident Investigation Report and Lieutenant Cummings' Report. This is a huge evidentiary problem.  Alabama courts routinely recognize that second-hand accounts and police reports are inherently unreliable and constitute inadmissible hearsay because the officer completing the report typically did not witness the alleged incident made subject of the report. "Alabama courts have acknowledged the general principle that police reports, whether of accidents

or other events, may be excluded as hearsay." *Crusoe v. Davis*, 176 So. 3d 1200, 1203 (Ala. 2015). *See also Vest v. Gay,* 154 So. 2d 297, 300 (Ala. 1963) (acknowledging "the settled rule in our jurisdiction that the reports of investigating officers are not admissible in evidence, as being hearsay").

The Alabama Supreme Court in *Crusoe* examined this rule and associated exceptions in depth. *Crusoe* involved an injured motorist's appeal whether the trial court improperly excluded testimony by a responding officer as to the statements in his police report. *Id.* at 1201. The plaintiff motorist desired to admit testimony of the responding officer of the accident, who was a 21-year tenured officer of the Bessemer Police Depart who was a "certified accident reconstruction specialist" that had reconstructed approximately 100 accidents and investigated thousands more. *Id.* at 1202-1203. The trial judge refused to allow the officer to read his narrative from the accident report or offer it as testimony. *Id.* at 1203. The officer had no firsthand knowledge of the actual accident, but rather reflected his investigative information from witnesses after the incident. *Id.* at 1205.

The trial court marked the report as an exhibit for an offer of proof, which contained the narrative handwritten completed section, "Officer's Opinion of What Happened." *Id.* On appeal, the Alabama Supreme Court examined whether the report could be admissible under the past recollected recorded hearsay exception:

> The doctrine of past recollection recorded does not of itself convert hearsay statements in the accident report into admissible evidence.
>
> > "A writing which would otherwise be inadmissible hearsay may be admitted if it qualifies as a 'past recollection recorded.' To fall within this exception, however, the statements in that writing must be statements which the witness would have been able to testify to if he had had a present recollection of the event at the time of the trial. In this case, *the officer had no first hand knowledge of the accident* and the plaintiff did not attempt to qualify him as an expert

> who could testify as to the cause of the collision.
> His *hearsay statements on the report were not made admissible*
> *merely by putting them in writing,* and nothing else appears in this
> case to make his hearsay admissible."

*Id.* at 1205 (quoting *Worsham v. Fletcher,* 454 So. 2d 946, 948 (Ala. 1984) (emphasis added)).

*See also Stevens v. Stanford,* 766 So. 2d 849, 852 (Ala. Civ. App.1 999) (noting that "the accident report in this case was inadmissible because neither of the investigating officers was a witness to the accident and their report recounts the statements and conclusions of others"). Recognizing that the "sole purpose" of the plaintiff's proposed questioning of the investigative officer was to learn what others had told him about the crash, the Alabama Supreme Court affirmed the trial court by holding that the doctrine of past recollection recorded was applicable hearsay exception for police reports when the officer, had no underlying independent first-hand knowledge of the accident. *Id.* at 1205.

Much like the plaintiff in *Crusoe,* Plaintiff will attempt to use Trooper Williams and Lieutenant Cummings to transform the personal knowledge of various witness accounts into their own conclusions and testimony. For example, Trooper Williams admits his affidavit conclusions are based upon the personal knowledge of others, not him:

- "In furtherance of my investigation, I met with, interviewed, and obtained statements from multiple witnesses who had knowledge of the accident
- "As a law enforcement officer with specialized training and experience in boating accident investigation and reconstruction, it is customary and routine for those in my field to interview witnesses and rely on information provided…"
- "In the course of my investigation, I learned that Mr. Snyder was found slumped over a stabilizing cable
- "I also learned that the body of Albina Sharifullina was found…"

(Williams affidavit, Doc. 216 at 3, ¶¶ 10-11). When examining Trooper Williams' underlying Boating Accident Investigation Report, it reveals even more significant unsubstantiated witness statements, such as the following:

- "According to witness statements and evidenced gathered, Vessel # 1 was traveling northbound …."
- "A witness heard the crash and came to the scene."
- "The witness saw Mr. Daniel Snyder in the water …"
- "When investigators and medical personnel arrived, they found a female subject …"
- "She was pronounced deceased by the Cullman County Coroner at the scene."
- "Paramedics still on scene informed me that she was deceased …"
- "Further in my investigation, information was given to me by multiple witnesses on the scene that they saw a male slumped over the stabilizing cable…"
- "Also the witnesses informed me they saw the male's head down in the water …"
- "Upon talking with paramedics on scene, I was informed that the male had head injuries…"
- "Upon being informed he was alive …"
- "Later on the same date of July 6, 2014, I was informed that Daniel Benjamin Snyder had been released…"
- "Upon talking with Snyder's father I asked for Snyder…"
- "Multiple witnesses were interviewed to determine Mr. Snyder's and Miss Sharifullnia's whereabouts and driving history…"

(Boating Accident Investigation Report, Doc. 217).

Lieutenant Cummings testified in his deposition that his accident report and conclusions are based upon the second-hand observations of first responders and other witnesses:

- Lieutenant Cummings testifies as to Snyder's alleged accounts as to the driver based upon second-hand information:  "I believe he [Snyder] gave that to Huntsville Hospital."  (Cummings deposition at p. 27:2-3).  "He [Snyder] told the paramedics that name."  (Cummings deposition at p. 27:8-9).
- "[T]hey [the witnesses from across the lake to the accident] had just stated that they didn't witness the crash but that they did observe the Sea-Doo driving fast prior to the crash."  (Cummings deposition at p. 39:22-40:2).
- "The fire department said that the kill switch lanyard must not have been used…."  (Cummings deposition at p. 40:18-19).
- "I don't recall what the BAC was, but I do remember learning that they did draw his blood for alcohol."  (Cummings deposition at p. 19:17-19).
- "I have not seen those photographs [of Snyder's bruising]"  Cummings deposition at p. 37:20-38:1.

Plaintiff clearly desires to use testimony of Trooper Williams and Lieutenant Cummings at trial, along with their reports, not because of anything they can competently provide about their

recollections and accounts of the accident, but because of all their underlying opinions of what others told them about the crash.  In addition to their testimony, this Court should exclude the admission Trooper Williams' and Lieutenant Cummings' reports, along with any information contained therein regarding the facts and circumstances of the accident.  *See* Ala. Code §3-10-11; *Crusoe v. Davis*, 176 So. 3d 1200, 1203 (Ala. 2015) ("Alabama courts have acknowledged the general principle that police reports, whether of accidents or other events, may be excluded as hearsay.").  Because there is no Alabama rule or law to escape the complete bar of this inadmissible testimony, the testimony of Trooper Williams and Lieutenant Cummings must be excluded.

### 4.    Trooper Williams and Lieutenant Cummings are not qualified to provide expert testimony on biomechanics to support of their conclusion Snyder was the Sea-Doo driver

Because Trooper Williams and Lieutenant Cummings do not have personal knowledge and may not testify based upon hearsay, the only other potential avenue upon which Plaintiff could seek admission of their potential trial testimony would be if they qualified as experts under Alabama Rules of Evidence.  Rule 702(a), states, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."  However, Trooper Williams and Lieutenant Cummings are unable to provide competent biomechanical expert testimony on the issue of who was driving.  Not only was the accident scene substantially altered upon their arrivals, Trooper Williams and Lieutenant Cummings are not qualified to offer competent testimony on biomechanics and accident reconstruction.  They do not have the knowledge, skill, experience,

training, or education required under Alabama Rule of Evidence 702 to opine upon who was driving the Sea-Doo.

Plaintiff seeks to use Trooper Williams to offer testimony concerning the driver of the Sea-Doo based upon his review of coroner photographs of Alya and photographs taken of Snyder days after the accident. Plaintiff wants to use Lieutenant Cummings for the same purpose even though Cummings admits he never even saw the photographs of Snyder's bruising. Their testimony must be excluded because Trooper Williams and Lieutenant Cummings are not qualified as a forensic scientists and any testimony they present on this subject would be inherently unreliable. Essentially, the only actual objective evidence that Trooper Williams uses to base his conclusion that Snyder was the driver are the victim photographs of Snyder and Alya. Although Lieutenant Cummings did actually observe Snyder and Alya on the scene, Snyder's body had been moved by the time he arrived and Alya's body was shortly thereafter pulled from the lake. Following Trooper Williams admission that he heavily relied upon hearsay accounts of other persons, Trooper Williams claims he also bases his opinions on the driver identity following his review of a) photographs taken of Snyder days after the incident on July 8, 2014, b) medical records obtained from Huntsville Hospital concerning Snyder, and c) autopsy photographs of Alya received from the Alabama Department of Forensic Sciences. (Williams affidavit, Doc. 216 at 4-5, ¶¶ 13-16). Trooper Williams claims that Snyder's bruising was "consistent with bruising that would be caused by an impact to the steering mechanism of the SeaDoo." (Williams affidavit, Doc. 216 at 4, ¶ 13). Then, Trooper Williams states that he reviewed photographs of Alya taken by the Alabama Department of Forensic Sciences on July 4, 2014 and concludes "did not observe any injuries, bruising, or markings consistent with striking the steering mechanism of the SeaDoo." (Williams affidavit, Doc. 216 at 4-5, ¶ 16). Trooper Williams does not state when he actually reviewed these

photographs.  Lieutenant Cummings bases his opinions on hypothetical accounts of photographs of Snyder's bruising that he admittedly never reviewed.  (Cummings depo at p. 37:20-38:1, 50:18-52:8).  Additionally, Lieutenant Cummings proceeds to provide opinions on whether Snyder was driving the Sea-Doo recklessly based upon a) hearsay witness accounts of speed, b) hypothetical hospital records of blood alcohol levels, c) Snyder's unverified license status.

From the photographs of Snyder's bruising, Trooper Williams claims that Snyder had bruising consistent with impacting the steering mechanism of the Sea-Doo.  Even though Lieutenant Cummings had not seen photographs of Snyder's bruising, when asked whether his marks would be caused by the Sea-Doo's handle bars, he only responded, "I would assume so." (Cummings depo at p. 37:20-38:7).  Trooper Williams and Lieutenant Cummings provide no indication that they have any training in autopsy reporting or autopsy report analysis.  Neither Trooper Williams nor Lieutenant Cummings provide a foundational background of any experience or training in interpreting bruises on bodies at necropsy or after incidents of trauma on live bodies.

While Trooper Williams has some experience in marine policing, Lieutenant Cummings role with the sheriff's department primarily consists of crime prevention and service calls.  Neither has specialized knowledge or training that can serve as the basis to offer expert testimony on biomechanical accident reconstruction based upon physiological evidence such as bruising and bodily injuries.  They do not claim to have any specific experience in providing opinions to the driver identification in personal water craft accidents where the identification of the driver is in dispute and there are no witnesses.  They do not explain any analysis they performed of the Sea-Doo's steering mechanism, including the size of the handles, and how Snyder's bruising corresponded only to that of the steering mechanism and nothing else.  Trooper Williams and Lieutenant Cummings completely avoid the issue that Snyder (who was found unconscious on the

dock) could have sustained bruises from the impact of the dock. They also make no mention of any other injuries Alya has sustained that would be consistent with driving the Sea-Doo. Trooper Williams and Lieutenant Cummings provide no indication of what education or training they have in examining photographs and biological evidence of human bruising to extrapolate opinions of accident impact and projections from Sea-Doos.

"The proponent of the expert testimony carries a substantial burden under Rule 702." *Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1107 (11th Cir. 2005); *see also Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999) ("The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence."); *Hampton v. Bruno's, Inc.*, 646 So. 2d 597, 599 (Ala. 1994) (the party offering the evidence has the burden of proving its admissibility).[2] "[W]hether a particular witness will be allowed to testify as an expert is left to the sound discretion of the trial court, whose decision will not be disturbed on appeal except for abuse of that discretion." *Bagley v. Mazda Motor Corp.*, 864 So. 2d 301, 304 (Ala. 2003); *see also* Ala. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or *the admissibility of evidence shall be determined by the court*. . . .) (emphasis added). In addition, the Advisory Committee's Notes to Rule 702 explain that "[a]s under preexisting Alabama law, both questions—whether a witness is qualified as an expert and whether, if so qualified, that witness may give expert opinion or testimony on the subject in question—are left largely to the discretion of the trial judge." Ala. R. Evid. 702 Advisory Comm.'s Notes.

---

[2] "Alabama Rule of Evidence 702 is identical to the Federal Rule of Evidence 702." *Barber v. State*, 952 So. 2d 393, 411 (Ala. Crim. App. 2005). Therefore, "cases construing the federal rules are to be considered authority for this state's courts when construing the Alabama rules." *Shoney's Inc. v. Barnett*, 773 So. 2d 1015, 1029 (Ala. Civ. App. 1999).

Under Alabama Rule of Evidence 702, a witness can be qualified as an expert by "knowledge, skill, experience, training, or education." Ala. R. Evid. 702. However, "[a]n expert generally will not be allowed to give testimony outside their field of expertise." Charles W. Gamble, I MCELROY'S ALABAMA EVIDENCE § 127.02(2) (6th ed. 2009); *see also Ex parte Layton*, 911 So. 2d at 1057–58 (Ala. 2005) (affirming (in non-medical malpractice case) the exclusion of psychiatrist's opinion because he did not have any experience in the relevant field of child psychiatry); *Kyser v. Harrison*, 908 So. 2d 914, 919–20 (Ala. 2005) (affirming (in non-medical malpractice case) the exclusion of plaintiff's pathologist because he did not have experience in the relevant field of pediatric pathology); *Central Aviation Co. v. Perkinson*, 112 So. 2d 326, 331 (Ala. 1959) ("an expert may not testify to his opinion on matters outside of his field of training and experience.").

To determine whether an expert has sufficient "knowledge, skill, experience, training, or education" to render an opinion under Rule 702, courts generally ask five questions: whether the proffered expert (a) has relevant expertise, (b) has ever worked in the industry at issue, (c) has ever published any articles or studies relating to the issue in the case, (d) has conducted any independent, non-litigation research or studies related to the issues in the case, and/or (e) is a member of an accredited organization for individuals employed in the relevant field. *See, e.g., Swanstrom v. Teledyne Continental Motors, Inc.*, 43 So. 3d 564, 581 (Ala. 2009) (holding that an expert was not qualified to render opinions on the cause of the fuel pump failure in an airplane where he lacked any education and training in the area of fire-causation or fire-origin analysis, other than his general experience investigating aviation accidents that involved fires); *Townsend v. General Motors Corp.,* 642 So. 2d 411, 423 (Ala. 1994) (excluding proffered expert who had never worked in the automotive industry on the design of garbage compaction trucks); *see also In*

*re Polypropylene Carpet Antitrust Litig.*, 93 F. Supp. 2d 1348, 1353 (N.D. Ga. 2000), *Cooper v. Toshiba Home Tech. Corp.,* 76 F. Supp. 2d 1269, 1278 (M.D. Ala. 1999); *Wolf v. Ramsey*, 253 F. Supp. 2d 1323, 1345 (N.D. Ga. 2003).  As discussed below, Trooper Williams cannot demonstrate that he holds a sufficient amount of the requisite criteria and is not qualified to serve as an expert in this case.

"[A] witness qualifies as an expert when he or she has specialized knowledge, whether by background, experience, or education, in the areas on which the litigation focuses."  *Huffman v. Electrolux Home Products, Inc.*, 2 015 WL 5451461, *8 (N.D. Ohio Sept. 17, 2015); *see also. Swanstrom* 43 So. 3d at 581l; *see also Townsend,* 642 So. 2d at 423 (considering the proffered expert's "lack of formal training or practical experience in designing garbage trucks . . . and his lack of training or experience in the 'biomechanics' of accidents of this kind" in finding the expert not qualified to render his opinions); *Lingefelt v. Int'l Paper Co.*, 57 So. 3d 118, 127 (Ala. Civ. App. 2010) (engineer not qualified to render an opinion regarding welding failures when the engineer had no experience regarding welds); *Furin v. City of Huntsville*, 3 So. 3d 256, 261-62 (Ala. Civ. App. 2008) (finding civil and aerospace engineer not qualified to render opinions on flood damage, its causes, hydrology or storm-water management because he had no expertise in these areas that were the basis of the litigation).

While Alabama courts have allowed law enforcement officers to provide testimony concerning accidents, their testimony is generally limited to areas such as speed and point of impact – issues not in material dispute here.  *See, e.g., McKelvy v. Darnell*, 587 So. 2d 980, 985 (Ala. 1991) ("In Alabama, the rule seems to be clear that opinion testimony is proper, assuming the witness is determined to be qualified, and assuming that the witness details the facts upon which the witness's conclusion is based.")  No Alabama appellate case has involved what Plaintiff

seeks to do here:  use officers to provide expert testimony on biomechanics to resolve a dispute over who was driving.  To testify as a biomechanical expert in this case concerning the issue of who was driving the Sea-Doo, Trooper Williams and Lieutenant Cummings require expertise in not only accident reconstruction, but also expertise in biomechanical engineering and forensic science to adequately evaluate bodily injuries and bruise locations, which they claim to base their conclusions upon.  Trooper Williams' extensive past experience in marine law enforcement and prior accident investigations reveals not one other incident where he was called upon to investigate the identification of a personal watercraft driver based upon examination of bruising.  Further, Trooper Williams' prior investigation experience gives no indication of a single time he used photographs of bruising or medical records to determine the mechanism of injury.  Lieutenant Cummings admittedly does not necessarily work traffic accidents and has zero training in investigating marine accidents.  (Cummings depo at pp. 11:6-21, 61:5-8).  Trooper Williams and Lieutenant Cummings offer no examples of specialized education or professional experience in the types of forensic science that would be necessary to provide these types opinions.

In order to determine a proffered expert's capacity to testify, a court also inquires into whether the expert has ever worked in the relevant industry or industries. *See Townsend*, 642 So. 2d at 419-20.  Trooper Williams and Lieutenant Cummings have absolutely no experience or education and training concerning autopsy analysis, diagnostic analysis of bruising and forensic science needed to derive the types of conclusions they make based on upon events of which they do not have first-hand knowledge.  At the time of the accident, Lieutenant Cummings had the much lower rank of patrol deputy.  (Cummings depo at p. 8:16-18).  In his deposition, Lieutenant Cummings testified that his only formal training was the minimum standards set forth by the Alabama Peace Officers Standards & Training Commission ("APOST Commission").

(Cummings depo at pp. 9:18-10:14). The APOST Commission only had a very brief, non-in-depth training for standards concerning investigations of accidents, as it typically is not one of his primary functions. (Cummings depo at pp. 10:15-22, 60:17-22). Lieutenant Cummings has not had any other formal accident investigation training since. (Cummings depo at pp. 60:23-61:3).

Courts also inquire into whether the proffered expert has published articles or studies related to the issues in the case. *See, e.g.*, *In re Polypropylene Carpet Antitrust Litig.*, 93 F. Supp. 2d 1348, 1353 (N.D. Ga. 2000); *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1278 (M.D. Ala. 1999). Trooper Williams and Lieutenant Cummings do not provide any evidence that they have ever written any peer reviewed publications, articles, or presentations on accident reconstruction, biomechanical training, autopsy report analysis, bruising diagnostics or driver identification.

Trooper Williams and Lieutenant Cummings also have not provided any indication that they have ever published any articles or studies relating to accident reconstruction and photography analysis; conducted any independent, non-litigation research or studies related to the issues in the case; or is a member of an accredited organization for individuals employed in the relevant field of forensic science. In sum, Trooper Williams and Lieutenant Cummings meet *none of the factors* necessary to render expert opinions in this case. Alabama courts have disqualified expert witnesses who were *much more qualified* than Trooper Williams and Lieutenant Cummings. For instance, in *Lingefelt v. International Paper, Co.*, the Alabama Court of Civil Appeals affirmed the disqualification of an engineer who testified about a faulty weld, even though the engineer had experience and education in welding. 57 So. 3d at 126. In fact, the expert held degrees in mechanical engineering, had taken classes in mechanical design and metallurgy, and had professional experience involving welding, industrial duct work, and mechanical furnaces. *Id.*

20

Despite these qualifications, the court held that the trial court properly disqualified him because he had never been involved in instances where a weld broke loose from a piece of stationary equipment, and had never provided expert testimony regarding welding for ducting associated with a lime kiln. *Id.*

Likewise, in *Swanstrom v. Teledyne Continental Motors, Inc.*, the Alabama Supreme Court held that the trial court properly excluded expert testimony regarding an in-flight fire in a lawsuit involving a plane crash even though the proffered expert had extensive aviation accident reconstruction experience. 43 So. 2d at 579-80.  Ultimately, the court excluded the expert because he had no experience in fire safety or fire investigation and lacked experience in the analysis of fire patterns. *Id.* at 579.  In other words—despite the fact that the experts in *Lingfelt* and *Swanstrom* had some expertise in the relevant fields—their testimony exceeded the bounds of their respective specialties.[3]  Similarly, Trooper Williams' and Lieutenant Cummings' testimony in this case, which involves the evaluation of forensic evidence, photography analysis and development of complex accident reconstruction methods, *goes far beyond* their general experience in marine and general

---

[3] Other jurisdictions are in accord with Alabama law.  Courts routinely exclude purported experts for these reasons and this Court should too. *See, e.g.*, *Wilson v. Woods*, 163 F.3d 935, 938 (5th Cir. 1999) (finding proposed accident reconstruction expert who had not taught accident reconstruction courses, never experimented, conducted field studies, or published on the subject, was not qualified as expert witness); *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997) (finding expert not qualified to render an opinions on "industry standards" where "he had never before analyzed a safe, engaged in the manufacture or design of safes, or received any training regarding safes"); *Sun Ins. Marketing Network, Inc. v. AIG Life Ins. Co.*, 254 F. Supp. 2d 1239, 1245 (M.D. Fla. 2003) (holding accountant was not qualified as an expert where he had never appraised insurance agencies, had no background information on long term care insurance industry, had done no work in that industry in last 10 years, and did no research or analysis of the long term care insurance market prior to providing valuation, except for reading some articles on the internet); *Saudi v. S/T Marine Atl.*, No. Civ.A. H-99-2367, 2001 WL 34106158, at *3 (S.D. Tex. Jan. 29, 2001) (finding expert not qualified to render an opinion on inspection and maintenance standards where he lacked "training or experience in the inspection of cranes, and [was] generally unaware of the rules, regulations and industry standards governing the maintenance and inspection of cranes"); *Trumps v. Toastmaster, Inc.*, 969 F. Supp. 247, 252 (S.D.N.Y. 1997) (holding that mechanical engineer was not qualified to testify in a product defect case where, among other reasons, his work experience embraced only limited involvement with electrical engineering, he belonged to no electrical engineering professional societies, and had published no articles in that field).

policing.  Consequently, Trooper Williams and Lieutenant Cummings are not qualified to render such opinions in this case.

### 5.    Trooper Williams and Lieutenant Cummings are not reliable

Setting aside the threshold barriers that must require the exclusion of Trooper Williams and Lieutenant Cummings, their proposed testimony is completely unreliable.  Over four years after the accident, Trooper Williams came forth for the very first time in his November 1, 2018 affidavit to claim that he believes Snyder was driving the Sea-Doo.  This is directly contrary both to his accident report and to his sworn deposition testimony.  Trooper Williams' unreliability is magnified because his testimony identifying Snyder as the driver is completely contradictory with his prior sworn testimony and the Boating Accident Investigation Report.  On the Boating Accident Investigation Report, Trooper Williams writes a lengthy summary of his investigation and makes not one single mention that he believed Snyder was the driver.  Rather, he identifies vaguely, "Operator Inattention" as a contributing factor.  (Boating Accident Investigation Report, Doc. 217 at 1).  The report also mentions that he would submit his report to the Cullman County District attorney's office on July 21, 2014.  (*Id.*)  In his deposition, Trooper Williams admitted that Snyder was never cited for a BUI because there needs to first be a driver.  (Deposition of John Williams at p. 45:5-6, Doc. 158).  Specifically, Trooper Williams testified as follows:

> Q.    I believe you said there was no – not even a boating-under-the-influence citation brought against him, correct?
>
> A.    Gotta have a driver first.

(Deposition of John Williams at p. 68:20-23, Doc. 158).  Trooper Williams also testified that the Cullman County District Attorney C. Wilson Blaylock chose not to file criminal charges and declined to pursue further prosecution against Snyder.  (Deposition of John Williams at p. 63:7-64:14, Doc. 158, Exhibit E to Snyder's Motion for Summary Judgment).

Lieutenant Cummings did not provide an opinion on who was driving the Sea-Doo until his April 10, 2019 deposition, conducted nearly five years after the accident. Only when supplied with hearsay and hypothetical assumptions did Lieutenant Cummings provide an opinion on the driver. Even if Trooper Williams and Lieutenant Cummings were properly qualified to present expert testimony on this accident reconstruction, their testimony on this subject area is based upon unfounded speculation, improper assumptions, and the piling of inference upon inference. In a nutshell, Trooper Williams' and Lieutenant Cummings' conclusions regarding Snyder are based on speculation, unfounded assumptions, and disregard of the complete lack of any reliable evidence or eyewitness accounts that prove that Snyder was the Sea-Doo driver. Indeed, as noted above, Trooper Williams' and Lieutenant Cummings' opinions *require* the improper stacking of inference upon inference. *Sullivan*, 790 So. 2d at 950. For these reasons, Trooper Williams' and Lieutenant Cummings' opinions should be excluded in their entirety. *See, e.g., Sullivan*, 790 So. 2d at 950.

**B.    All Testimony of Plaintiff Should Be Excluded**

Snyder anticipates that Plaintiff will attempt to testify about her deceased daughter Alya to illicit sympathy from the jury and unfairly prejudice Snyder. Any testimony by Plaintiff is not relevant nor admissible because she cannot provide competent testimony concerning any element towards a claim or defense in the case. With wrongful death being her lone claim in this action, all relevant evidence must be related to the alleged wrongful conduct of Snyder. Because Plaintiff did not observe the accident, any testimony she could offer as to causation would be  based upon hearsay. Plaintiff also cannot offer competent testimony on damages because compensatory damages are not recoverable in a wrongful death claim.

**1.    Plaintiff cannot offer testimony on the accident upon personal knowledge**

Alabama's wrongful death statute enables persons to bring suit for the wrongful death of another based upon "the wrongful act, omission, or negligence of any person…" Ala. Code § 6-5-410.  Thus, any evidence in the trial must be directly related to whether Snyder committed a wrongful act, made an omission or was negligent.  Plaintiff previously admitted that she was not a witness to this accident and has no personal knowledge as to who was driving the Sea-Doo when the accident happened.  Therefore, Alabama Rule of Evidence 602 bars Plaintiff from offering any testimony concerning the Sea-Doo accident because she has no personal knowledge to provide competent testimony as fact witnesses.  Plaintiff cannot offer opinion testimony under Alabama Rule of Evidence 701 because she did not perceive the accident and would be unable to offer any rationally based opinion or inference.  Any of her proposed testimony as to who was driving the Sea-Doo would also be inadmissible pursuant to Rules 702 and 703 of the Alabama Rules of Evidence on grounds that she seeks to offer opinions that embrace and involve ultimate issues, legal definitions, and conclusions, which are properly within the exclusive province of the Court and the trier of fact.  Therefore, her opinion and analysis would not be helpful for the jury.

### 2.     Plaintiff's testimony is irrelevant for damages

In addition to her inability to provide admissible fact or opinion testimony concerning the accident, Plaintiff should be excluded from testifying concerning damages in the case.  "[T]he Wrongful Death Act provides only for punitive damages, and compensation is not a factor in a wrongful death claim." *King v. National Spa and Pool Institute, Inc.*, 607 So. 2d 1241, 1246 (Ala. 1992) (citing *Barnes v. Oswalt,* 579 So. 2d 1319 (Ala. 1991); *Brown v. Morgan County,* 518 F. Supp. 661 (N.D. Ala. 1981)).  The *Alabama Pattern Jury Instructions* explicatory describe the damages available:

The damages in this case are punitive and not compensatory. Punitive damages are awarded to preserve human life, to punish (name of defendant) for (his/her/its) wrongful conduct, and to deter or discourage (name of defendant) and others from doing the same or similar wrongs in the future.

The amount of damages must be directly related to (name of defendant)'s culpability, and by that I mean how bad (his/her) wrongful conduct was. You do not consider the monetary value of (name of decedent)'s life because the damages are not to compensate (name of plaintiff) or (name of decedent)'s family from a monetary standpoint because of (his/her) death.

The amount you award is within your discretion based on the evidence and the guidelines in this instruction.

1 Ala. Pattern Jury Instr. Civ. 11.28 (3d ed.)

Alabama's appellate courts have repeatedly affirmed the "punitive-only" principle by refusing to allow traditional compensatory damages to be recovered in a wrongful death claim. *See, e.g., Ex parte Rodgers*, 141 So. 3d 1038, 1042 (Ala. 2013) (personal representative not entitled to compensation from proceeds of wrongful death action); *Trott v. Brinks, Inc.*, 972 So. 2d 81 (Ala. 2007) (recognizing medical expenses not recoverable in a wrongful death action); *Board of Trustees of University of Ala. v. Harrell*, 188 So. 2d 555, 557(Ala. App. 1965) (damages for last illness, funeral expenses or creditors are not recoverable in a wrongful death action); *Buckalew v. Tennessee Coal, Iron & R.R.*, 20 So. 606 (Ala. 1896) (evidence of actual, pecuniary loss is irrelevant and inadmissible in death action).

Should the Court find that Plaintiff's testimony had some marginal relevancy on any unknown issue in the case, exclusion is proper under Alabama Rule of Evidence 403 because the admission of any of this evidence poses a severe risk of unfair prejudice to Snyder. During her deposition, Plaintiff was understandably highly emotional and repeatedly cried when discussing the loss of Alya. Because Alabama's wrongful death statute looks only to the culpability of the defendant – and not the emotional impact on the deceased's family – Plaintiff's testimony creates

a substantial risk of unfairly prejudicing Snyder by allowing Alya's mother to invoke the sympathy of the jury when none of her testimony is relevant to the elements or defenses to her claim. Thus, all of her testimony must be excluded.

**C.     The Court Should Exclude Evidence of Alya's age and health, Snyder's financial condition and occupation, Snyder's blood-alcohol level, Snyder's drivers license and vehicle/vessel registration history, and the contents of the Sea-Doo's storage compartment.**

Snyder anticipates that Plaintiff will attempt to introduce into evidence through one or more witnesses information concerning a) Alya's age and health, b) pre-accident photographs of Alya, c) Alya's text messages and Facebook messages, d) Snyder's blood alcohol level at the time of the accident, e) Snyder's drivers license and vehicle/vessel registration history and f) the contents of the Sea-Doo's storage compartment. None of these items have any remote relevancy to determining the central issue of whether Snyder was driving at the time of the accident. This evidence is also not germane to the issue of damages. Should the jury be allowed to consider any of these items, there would be a major risk of a flawed verdict improperly influenced by enflaming the jury's passion and prejudice.

**1.     Alya's age and health is not relevant to causation or damages**

It would be wholly improper for any witness to provide testimony concerning Alya's age, physical condition and general health. This information is not relevant to causation or damages. It would only serve to wrongfully influence the jury's consideration of damages. *See Kurn v. Counts*, 22 So. 2d 725, 729 (Ala. 1945) ("The evidence as to the age, health, and absence of physical defects of decedent was not material on any issue in the case."). *See also Airheart v. Green*, 104 So. 2d 687, 689 (Ala. 1958) (recognizing that age of decedent in a wrongful death action is inadmissible and a jury should not consider age in determining damages); *Louisville &*

*N.R. Co. v. Tegnor*, 28 So. 510 (Ala. 1900) (the age of the deceased to show value of the life is inadmissible, as is evidence of physical and mental condition).

By all accounts, Alya was a generally healthy and young adult woman at the time of the accident. Because Alabama's wrongful death statute looks solely to the conduct of the defendant – and not to the value of life of the deceased – allowing the jury to hear evidence of Alya's age and health condition is not relevant and due to be excluded under Alabama Rule of Evidence 402. This evidence also poses a risk of unfairly influencing the jury to inflate any damages award should they determine Snyder was wrongful. Moreover, because Alya was several years younger than Snyder at the time of the accident, it would be unfair to Snyder for any juror to improperly have bias against him due to having a friendship with a younger female.

### 2. Pre-accident photographs of Alya are inadmissible in a wrongful-death action

Under the guidance in *Kurn*, because the age and health of the deceased is not relevant in a wrongful death, neither are photographs of the deceased prior to the accident. Plaintiff has listed multiple photographs of Alya on her exhibit list that are completely unrelated to any issue in this case. These photographs include a childhood picture, a college graduation picture and multiple candid shots of Alya. The Alabama Supreme Court has a general rule that "[a] photograph is relevant and admissible in order to explain and apply the evidence when it helps the jury to better understand the persons, objects, locale or conditions which are in issue." *Olympia Spa v. Johnson*, 547 So.2d 80, 83 (Ala. 1989) (allowing admission of photographs of death causing injuries in wrongful death action) (quoting *Maffett v. Roberts,* 388 So. 2d 972 (Ala. 1980) (citing *Moon v. Nolen,* 318 So. 2d 690, 693 (Ala. 1975)). When photographs of the deceased have the potential to impose prejudice on the defendant, a Court can properly exclude them. *See Bagley v. Grime*, 220 So. 2d 876, 880 (Ala. 1969) ("We cannot see that a photograph of this crumpled body lying

in a distorted position could shed any light on the issues of this case. The possible, if not probable, prejudicial quality is self-established. The court properly excluded this photograph.").

Admission of photographs of the deceased prior to a death causing accident are rarely admissible, and typically allowed only on relevancy grounds when there is a dispute as to the cause of death and the physical condition of the deceased is in dispute. *See, e.g., Sweeney v. Purvis*, 665 So. 2d 926, 930 (Ala. 1995) (allowing photographs of deceased taken two-days prior to death in a wrongful death case where there was a dispute as to causation between medical malpractice and repeated domestic abuse). Unlike the *Sweeney* case, there is no dispute that Alya died from the Sea-Doo accident. Therefore, there is no probative value that her pre-accident pictures can bring to the jury. The more likely result is similar to the *Bagley* case, Plaintiff's pre-accident photographs of Alya will unfairly enable her to gain sympathy from the jury at the expense of unfairly prejudicing Snyder. These photographs should be excluded under Alabama Rules of Evidence 402 and 403.

> **3.      Alya's text messages and Facebook messages are not admissible for any issue**

Snyder expects that Plaintiff will attempt to introduce text messages and Facebook messages between Alya and Plaintiff, as well as with her friends (Brandon Hill, Daymeon Fishback and Garrett Armstrong) exchanged on the day of the accident to regarding her plans. None of these persons were at the lake with Alya and Snyder on the day in question and they did not witness the accident. These messages add no probative value to establish causation or the alleged culpability of any alleged wrongdoing of Snyder. Therefore, they should be excluded under Alabama Rule of Evidence 402.

> **4.      All evidence concerning the financial condition and occupation of Snyder**

The Court should exclude any testimony, evidence, references reflecting the financial condition of Snyder, including his occupation, wealth or poverty.  Snyder anticipates that Plaintiff will attempt to offer non-relevant evidence of Snyder's occupation as an attorney to raise an impermissible inference of concerning his economic condition. "There is a general exclusionary rule in Alabama precluding the admission of evidence as to the wealth or poverty of litigants when offered to aggravate or mitigate damages." *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 72 (Ala. 2001) (internal quotation and citation omitted); *see generally* GAMBLE'S ALABAMA RULES OF EVIDENCE § 414, at 150 (2d ed. 2002) ("A civil litigant is precluded generally from making the jury privy to the litigant's own poverty or an opponent's wealth."). Reference by any party regarding the wealth or economic condition of a litigant is improper and prejudicial.  *See Holt v. State Farm Mut. Auto. Ins. Co.*, 507 So. 2d 388 (Ala. 1986). The Court should, therefore, preclude any evidence of Snyder's financial condition, occupation or any other similar information.

### 5. Snyder's blood-alcohol level is not relevant to establish he was driving the Sea-Doo

Because Snyder had alcohol in his system following the accident, Snyder anticipates that Plaintiff will seek admission of his blood-alcohol level to support her theory that Snyder was not only driving the Sea-Doo at impact, but was doing so in an impaired, and reckless manner. Snyder's blood-alcohol level could potentially have relevancy in this case if Plaintiff had competent evidence that supported her theory that Snyder was driving the Sea-Doo at impact. Because Plaintiff has no competent evidence to place Snyder as the actual driver at impact, admission of Snyder's blood-alcohol level would only serve to inflame the jury's passion and prejudices against him.  Thus, it should be excluded under Alabama Rule of Evidence 402.

In *Roberts v. Brown*, 384 So. 2d 1047 (Ala., 1980), a case factually similar to Plaintiff's claim, the Alabama Supreme Court reversed a wrongful death case when there was insufficient evidence to support the identity of the driver.  The *Roberts* case arose from a three-person fatal automobile accident in Pickens County when three people were returning to Tuscaloosa after attending a concert of one of their friends in Columbus, Mississippi.  *Id.* at 1047-1048.  Although there were no eyewitnesses to the accident, the responding officer who arrived at the scene after midnight reported the car had left "Dead Man's Curve" and found all three occupants killed.  *Id.* at 1048   The officer did not know the speed of the vehicle nor the identity driver, but learned the owner of the vehicle was occupant Donald Gore.  *Id.*

At trial, the jury heard evidence that the Gore had drunk beers at a fraternity rush party at Lake Tuscaloosa earlier in the day, that he had driven the vehicle and that he left the lake party, and that he was driving when they left Columbus between 7:00 PM and 8:00 PM that night.  *Id.* Following a jury verdict on the issue of wantonness in favor of the plaintiff, the defendant appealed, arguing that there was no evidence as to a) who was driving the vehicle, b) the speed of the vehicle at the time it left the highway or at any time prior thereto, c) why the vehicle left the highway, and d) that the operator of the vehicle was under the influence of intoxicants at the time of the accident.  *Roberts*, 384 So. 2d at 1048.  The defendant argued that the mere fact the vehicle left the highway for an unexplained reason was not provide proper evidence, but was conjecture and speculation, for a jury to reasonably infer wanton conduct.  *Id.*  In opposition, the plaintiff contended that because Gore allegedly owned the vehicle, had been seen driving it earlier in the day prior to the accident and was drinking beer earlier in the day, the jury could reasonably infer Gore proximately caused plaintiff's death.  *Id.* at 1050.  The defendant further argued that this

evidence could not support such an inference and that the decedent had also driven Gore's car

before. *Id.*

The Alabama Supreme Court flatly rejected plaintiff's contention and reversed and

remanded the case, holding that [s]uch speculation and conjecture cannot support a verdict of

wantonness:

> We agree that the evidence is completely lacking as to who was driving the
> automobile at the time of the accident. The mere fact Mr. Gore drove the car many
> hours earlier that day in Tuscaloosa would not necessarily support an inference that
> he was driving the automobile on the return trip from Columbus. The evidence is
> even tenuous that Mr. Gore owned the Volkswagen.  Moreover, to infer from the
> evidence that Mr. Gore was intoxicated on the return trip from Mississippi solely
> because he had several beers many hours earlier that day, that he entered the curve
> with full knowledge that he was in that condition, that he knew the danger of the
> curve, that he knew that attempting to negotiate the curve in an intoxicated
> condition would likely result in serious injury, and that nevertheless, with reckless
> indifference to these consequences, he consciously, and intentionally, did some
> wrongful act or omitted some duty while attempting to negotiate the curve, which
> produced the death of Hickman, exceeds the bounds of reasonableness and
> legitimacy. The essential elements of wantonness were at best left to conjecture or
> speculation.

*Id.*

In order to recover, "one must present substantial evidence tending to show that the

conduct complained of, whether negligent or wanton, produced the harm in question.  *Wal-Mart

Stores, Inc. v. Langham*, 794 So. 2d 1170, 1172 (Ala. Civ. App. 2001) (citing *Brushwitz v.

Ezell,* 757 So. 2d 423 (Ala. 2000), and *Ellis v. Alabama Power Co.,* 431 So. 2d 1242 (Ala. 1983).

Plaintiff must be able to demonstrate how Daniel caused Alya's death in order to prevail on her

wrongful death claim.  Without any witness or evidence to prove that Snyder was actually driving,

Plaintiff's attempt to use his blood-alcohol level is wholly irrelevant and due to be excluded under

Alabama Rule of Evidence 402.

      **6.**     **Snyder's drivers license and vehicle/vessel registration history is not
relevant**

Snyder expects that Plaintiff will attempt to introduce evidence of his drivers license and vehicle/vessel registration history.  At the time of the accident, Snyder had not yet completed his vessel registration for his drivers license.  He also had not yet registered the Sea-Doo in his name. Neither of these facts, nor any other potential driver and registration issues of Snyder, are relevant to establish that Snyder was driving the Sea-Doo at impact.  Any testimony or evidence regarding the driving record of Snyder or his vessel/vehicle registration prior or subsequent to the accident made the basis of this action is not relevant and should be excluded under Alabama Rule of Evidence 402.  Alabama of Evidence Rule 404(b) states that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  Specifically, plaintiffs may use other acts the purpose of showing negligent character and that, acting consistent therewith, a defendant was negligent on the occasion being litigated. *See Mason v. New*, 475 So.2d 854 (Ala. 1985).  In addition, such evidence should be excluded under Alabama Rule of Evidence Rule 403 because the probative value of such evidence would be outweighed by its prejudicial effect.

### 7.   The contents of the Sea-Doo's storage compartment must be excluded

Snyder seeks to prevent Plaintiff from introducing highly prejudicial evidence of the contents found in the Sea-Doo's storage compartment, which included a small bottle of Crown Royal and unopened condoms.  Like the other evidence sought to be excluded, these items bear no relevancy on the central issue of whether Snyder was driving the Sea-Doo at impact.  Although there is nothing improper for Snyder or Alya to have stored alcohol or condoms in the Sea-Doo, should the jury hear evidence of these items, the risk of unfair prejudice to Snyder would be severe. This evidence should be excluded under Alabama Rule of Evidence 402.

### D.   All Evidence or References to Liability Insurance Should be Excluded

Snyder seeks to exclude all testimony or references related to the existence of liability insurance, insurance coverage, dealings with insurance adjusters, statements or documents in any form to indicate or suggest that there may or may not be liability insurance available, including any reference during the voir dire segment of the trial.  Under Alabama law, "[t]he principle that reference to indemnification or insurance of an opposing party is highly prejudicial and grounds for a mistrial or a new trial is firmly established." *Cook v. Anderson*, 512 So. 2d 1310, 1311 (Ala. 1987) (citing *Coffee v. Seaboard System Railroad*, 507 So.2d 476 (Ala. 1987); *Otwell v. Bryant*, 497 So.2d 111 (Ala. 1986); *Eathorne v. State Farm Mutual Auto. Ins*. Co., 404 So.2d 682 (Ala. 1981); *Robins Engineering, Inc.*, 354 So.2d 1 (Ala. 1977); *Colquett v. Williams*, 264 Ala. 214, 86 So.2d 381 (1956)). A reference to the existence of insurance need not be a direct statement to that effect. *See Wiggins v. Perlman*, 583 So.2d 269, 270 (Ala. 1991) (finding that counsel's statement that he was not asking the jury to punish the Defendant and that the Defendant himself would not be punished along with a reference to payments made by the Defendant's insurance company for property damages, constituted improper reference to the existence of insurance).

Plaintiff and her attorney should also be excluded from identifying any employee or agent of Snyder's insurance carrier, who may be present in the Courtroom during the trial of the case, as an employee or agent of his insurer, or allude to that relationship while in the presence of the jury.

IV.   **<u>CONCLUSION</u>**

For the foregoing reasons, Snyder respectfully requests that this Court exclude:

a)  The testimony of Trooper Williams;

b)  The testimony of Lieutenant Cummings;

c)  The testimony of Plaintiff;

d)  Any evidence concerning Alya's age and health;

e)  All pre-accident photographs of Alya;

f)  All of Aly's text messages and Facebook messages;

g)  Any evidence concerning Snyder's financial condition and occupation;

h)  Any evidence concerning Snyder's blood-alcohol level;

i)  Any evidence concerning Snyder's drivers license and vehicle/vessel registration history;

j)  Any evidence concerning the contents of the Sea-Doo; and

k)  All evidence or references to liability insurance.

DATED:  October 26, 2020                          Respectfully submitted,


                                                  */s/ Daniel S. Wolter*
                                                  Daniel S. Wolter
                                                  **Attorney for Daniel B. Snyder**


**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, INC.**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:     205-983-6443
**Attorney for Daniel B. Snyder**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 26, 2020.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
***Attorney for Daniel B. Snyder***


*/s/ Daniel S. Wolter*
OF COUNSEL

ELECTRONICALLY FILED
10/26/2020 1:52 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, | ) |
| as Administrator and Personal | ) |
| Representative of the Estate of | ) |
| ALBINA AGDASOVNA | ) |
| SHARIFULLINA, | )    **CIVIL ACTION NO.** |
| | )    **25-CV-2016-900001** |
|    **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **DANIEL B. SNYDER,** | ) |
| | ) |
|    **Defendant.** | ) |

## DEFENDANT DANIEL B. SNYDER'S OBJECTIONS
## TO PLAINTIFF'S WITNESS AND EXHIBIT LIST

Defendant Daniel B. Snyder ("Snyder") respectfully submits the following Objections to

the Witness and Exhibit List submitted by Plaintiff  Marina Stewart-Magee ("Plaintiff") (Doc.

463):

I.     **SNYDER'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

    A.     **General Objections**

Snyder preserves each of the following general objections to each and every witness listed

by Davis:

    1.     Any and all objections as to competence;

    2.     Any and all objections as to personal knowledge;

    3.     Any and all objections as to prior disclosure; and

    4.     Any and all objections as to any other ground(s) not mentioned herein but supported

by the *Alabama Rules of Civil Procedure*, the *Alabama Rules of Evidence*, or other applicable

substantive law.

5.      Snyder objects to the offering and admission of any evidence, oral or documented, with regard to liability or medical issues, which constitute hearsay and that are not deemed authentic and not first shown to be reasonable and necessary to the issues of the case.

6.      Snyder objects to "any and all witnesses identified in the discovery conducted in this case."  Such description is vague.

7.      Snyder objects to "any and all witnesses necessary to authenticate documents and/or materials."  Such description is vague.

8.      Snyder objects to "any and all witnesses who may be needed for rebuttal or impeachment."  Such description is vague.

**B.      Specific Objections**

Snyder further offers the following specific objections to Plaintiff's Witness List:

1.      Objections to lay witnesses without personal knowledge:  Marina Stewart-Magee; William T. Koepsel, Jr.; Hunter Whitlock; Hollace Whitlock; Marilyn Whitlock; Jeffery Whitlock; Lieutenant Daniel Cummings; Lieutenant Brannon Hammick; Major Scott Clay; Donald Taylor; Bart Bolling; Jared Johnson; Wes Sweatmon; Yaricet Saliba; Carissa Brock, RN; Pamela J. Sims, Pharm., D., Ph.D; and Agent John Williams.  Snyder objects each of these witnesses because they did not personally witness the accident.  These witnesses include Plaintiff, individuals who were with Albina Agdasovna Sharifullina ("Alya") and Snyder on the day of the accident, first responders to the accident and medical providers of Snyder.  Under Alabama Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  The only material disputed issue of fact in this case concerns who was driving the Sea-Doo at the time of the accident.  Because

none of these witnesses can offer competent, reliable evidence concerning the identity of the driver, their testimony should be excluded.

      2.     Objections to Plaintiff's proposed accident reconstruction and biomechanical expert witnesses:  Agent John Williams and Lieutenant Daniel Cummings.  Snyder objects to any testimony by these witnesses as experts pursuant to Alabama Rules of Evidence 702 and 703.  Their testimony is not admissible because 1) they did not observe the accident and the bodies had been moved prior to their accident scene inspections, 2) their testimony is based upon hearsay and would be inadmissible as evidence and 3) they are completely unqualified to present what essentially is expert opinion testimony.  Snyder objects to their testimony under Alabama Rule of Evidence 704 as they seek to provide testimony on an ultimate issue for the jury.   Snyder objects for the additional reasons set forth in his Motion in Limine.

      3.     Objection to Plaintiff's proposed pharmacology expert witness:  Pamela J. Sims, Pharm., D., Ph.D.  Snyder objects to this witness pursuant to Alabama Rule of Evidence 402 and 702.  Because Plaintiff has no witness with personal knowledge or qualified expert to provide competent testimony that Snyder was the driver of the Sea-Doo at the time of the accident, any proposed testimony concerning his BAC level is irrelevant as to causation.  Therefore, expert testimony would not reasonable assist the jury on this issue.

## II.    <u>SNYDER'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST</u>

### A.    General Objections

Snyder preserves each of the following general objections to each and every exhibit listed by Plaintiff:

      1.     Any and all objections as to relevancy and/or materiality;

      2.     Any and all objections as to inadmissible hearsay;

3.      Any and all objections as to privilege;

4.      Any and all objections as to authenticity;

5.      Any and all objections as to reasonableness and/or necessity of medical bills and records;

6.      Any and all objections as to any materials not previously produced during the course of discovery and/or in accordance with the *Alabama Rules of Civil Procedure*;

7.      Any and all objections as to lack of specificity; and

8.      Any and all objections as to any other ground(s) not mentioned herein but supported by the *Alabama Rules of Civil Procedure*, the *Alabama Rules of Evidence*, or other applicable substantive law.

9.      Snyder objects to the offering and admission of any evidence, oral or documented, with regard to liability or medical issues, which constitute hearsay and that are not deemed authentic and not first shown to be reasonable and necessary to the issues of the case.

10.     Snyder objects to the introduction of any photograph, map, diagram or demonstrative exhibit of the Sea-Doo or accident scene not previously disclosed during the discovery process, unless agreed to by Defendant.

**B.      Specific Objections**

Snyder further offers the following specific objections to Plaintiff's Exhibit List:

1.      Objections to depositions, affidavits and witness statements:  Exhibits 1, 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 21, 24, 25, 42, 43, 44, 45, 46, 47, 50, 51 and 61.  Snyder objects to the admission of any deposition, affidavit and witness statement as hearsay under Alabama Rule of Evidence 802.  Snyder further objects to the deposition, affidavit or statement from any witness who did not personally witness the accident under Alabama Rule of Evidence 602 for lack of

personal knowledge.  Although Snyder has no objection to the proper use of deposition testimony as governed by the Alabama Rules of Civil Procedure, Snyder objects to the actual admission of transcripts and exhibits into evidence, as well as his actual interrogatory responses.

2.      Objections to pleadings and non-verified discovery responses: Exhibits 3, 59 and 60.  Snyder objects to the admission of any non-verified pleading, interrogatory or other discovery response on relevancy grounds (Alabama Rule of Evidence 402), hearsay (Alabama Rule of Evidence 802) and authenticity (Alabama Rule of Evidence 901).

3.      Objections to Facebook messages and text messages between Alya and any person: Exhibits 4, 5, 55, 56, 57 and 58.  Snyder objects to the admission of these messages on relevancy grounds (Alabama Rule of Evidence 402), hearsay (Alabama Rule of Evidence 802) and authenticity (Alabama Rule of Evidence 901).  Other than Snyder, none of these persons involved in these communications were at the lake with Alya on the day in question and they did not witness the accident.  The proposed messages also have no bearing on the issue as to who was driving the Sea-Doo at the time of the accident.

4.      Objections to Sea-Doo bill of sale:  Exhibit 5.  Snyder objects to the admission of this document on relevancy grounds (Alabama Rule of Evidence 402) and authenticity (Alabama Rule of Evidence 901).  The ownership of the Sea-Doo has no bearing on the issue of who was driving it at the time of the accident.

5.      Objections to Snyder's medical records:  Exhibits 7 and 8.  Snyder objects to the admission of his medical records as to the extent they constitute hearsay (Alabama Rule of Evidence 802) and are not properly authenticated (Alabama Rule of Evidence 901).  Snyder further objects to any portions of his medical records that are not relevant, including, but not limited to any reference to his BAC level, under Alabama Rule of Evidence 402.

6.      Objections to cellular telephone records and screen shot printout of Alya's cell phone:  Exhibits 18 and 19.  Snyder objects to the admission of these documents on relevancy grounds (Alabama Rule of Evidence 402) and authenticity (Alabama Rule of Evidence 901).  Alya's cell phone records have no bearing on the issue as to who was driving the Sea-Doo at the time of the accident.

7.      Objections to scene photographs not of the accident scene:  Exhibit 20, 32, 33, 34 and 35.  Snyder objects to the admission of these photographs (the Whitlock home, Snyder's boat and boat slip and Ryan Creek Marina parking lot) on relevancy grounds (Alabama Rule of Evidence 402).  These photos have no probative value in assisting the jury in determining who was driving the Sea-Doo at the time of the accident.

8.      Objections to Cullman County Sheriff's office records:  Exhibits 22 and 23.  Snyder objects to the admission of these documents to the extent they contain hearsay (Alabama Rule of Evidence 802) or are not properly authenticated (Alabama Rule of Evidence 901).

9.      Objections to accident and investigative reports:  Exhibits 26 and 27.  Snyder objects to the admission of these reports as hearsay (Alabama Rule of Evidence 802) and to the extent they are not authenticated (Alabama Rule of Evidence 901).  "Alabama courts have acknowledged the general principle that police reports, whether of accidents or other events, may be excluded as hearsay." *Crusoe v. Davis*, 176 So. 3d 1200, 1203 (Ala. 2015).  *See also Vest v. Gay,* 154 So. 2d 297, 300 (Ala. 1963) (acknowledging "the settled rule in our jurisdiction that the reports of investigating officers are not admissible in evidence, as being hearsay").

10.      Objections to search warrants:  Exhibits 28 and 29.  Snyder objects to these documents on relevancy grounds (Alabama Rule of Evidence 402), hearsay (Alabama Rule of Evidence 802) and authenticity (Alabama Rule of Evidence 901).  Snyder was not arrested or

indicted for any wrongful act related to the accident.  Documents related to any search warrant are not relevant to establish whether he was driving the Sea-Doo.  Snyder further objects to these documents pursuant to Alabama Rule of Evidence 403 as being unfairly prejudicial.

11.    Objections to autopsy records and photographs of Alya:  Exhibits 38 and 39. Snyder objects to the admission of these documents to the extent they are not properly authenticated (Alabama Rule of Evidence 901) or are unfairly prejudicial pursuant to Alabama Rule of Evidence 403.

12.    Objections to Alya's death certificate and drivers license:  Exhibits 40 and 41. Snyder objects to these documents on relevancy grounds (Alabama Rule of Evidence 402) and to the extent they do not redact her age.  Alya's age is not relevant to causation or damages.  It would only serve to wrongfully influence the jury's consideration of damages.  *See Kurn v. Counts*, 22 So. 2d 725, 729 (Ala. 1945) ("The evidence as to the age, health, and absence of physical defects of decedent was not material on any issue in the case.").  *See also Airheart v. Green*, 104 So. 2d 687, 689 (Ala. 1958) (recognizing that age of decedent in a wrongful death action is inadmissible and a jury should not consider age in determining damages); *Louisville & N.R. Co. v. Tegnor*, 28 So. 510 (Ala. 1900) (the age of the deceased to show value of the life is inadmissible, as is evidence of physical and mental condition).

13.    Objections to Pamela J. Sims CV and calculations:  Exhibits 48 and 49.  Snyder objects to this document because this witness should not be allowed to testify pursuant to Alabama Rule of Evidence 402 and 702 as stated above.

14.    Objections to pre-accident photographs of Alya:  Exhibits 52, 53 and 54.  Snyder objects to these documents on relevancy grounds (Alabama Rule of Evidence 402) because the age and health of Alya is not relevant in a wrongful death case.  The Alabama Supreme Court has

a general rule that "[a] photograph is relevant and admissible in order to explain and apply the evidence when it helps the jury to better understand the persons, objects, locale or conditions which are in issue." *Olympia Spa v. Johnson*, 547 So.2d 80, 83 (Ala. 1989) (allowing admission of photographs of death causing injuries in wrongful death action) (quoting *Maffett v. Roberts,* 388 So. 2d 972 (Ala. 1980) (citing *Moon v. Nolen,* 318 So. 2d 690, 693 (Ala. 1975)). Snyder also objects to these photographs as unfairly prejudicial under Alabama Rule of Evidence 403. When photographs of the deceased have the potential to impose prejudice on the defendant, a Court can properly exclude them. *See Bagley v. Grime*, 220 So. 2d 876, 880 (Ala. 1969) ("We cannot see that a photograph of this crumpled body lying in a distorted position could shed any light on the issues of this case. The possible, if not probable, prejudicial quality is self-established. The court properly excluded this photograph.").

15.     Objections to impeachment or rebuttal exhibits: Exhibit 62. Snyder objects to these exhibits as being undefined and vague.

16.     Objections to demonstrative exhibits: Exhibit 64. Snyder objects to these exhibits as being undefined and vague. Snyder also objects to these exhibits to the extent Plaintiff did not previously disclose or serve in accordance with this Court's Scheduling Order.

Snyder reserves the right to amend these objections to the extent permitted by the trial court.

DATED:  October 26, 2020                                Respectfully submitted,

                                                                         */s/ Daniel S. Wolter*
                                                                        Daniel S. Wolter
                                                                        ***Attorney for Daniel B. Snyder***

**<u>OF COUNSEL</u>:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, INC.**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:      205-983-6440
Facsimile:      205-983-6443
***Attorney for Daniel B. Snyder***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 26, 2020.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
***Attorney for Daniel B. Snyder***

*/s/ Daniel S. Wolter*
OF COUNSEL

ELECTRONICALLY FILED
10/26/2020 4:25 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

BART BOLLING

CEMS
601 2ND AVENUE SW
CULLMAN, AL 35055

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:** 11/02/2020 09:00 AM
**ROOM:** 3rd Floor Courtroom
**ADDRESS:** Cullman County Courthouse
500 2nd Avenue SW
Cullman, AL 35055
**DATE ISSUED:** 10/26/2020

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

Please be on call for testimony during the week of November 2, 2020 - November 6, 2020.

For questions, please contact Kendall Lee at (205) 326-6600 or klee@pljpc.com.

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order to _____ on _____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____          _____
Sheriff                        Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service, or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/26/2020 4:28 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

**(For Juvenile cases only):**

☐ **In the Matter of** _____

DONALD TAYLOR

CEMS
601 2ND AVENUE SW
CULLMAN, AL 35055

A.  Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B.  Special Instructions
You are ordered to:

1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. **Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**          11/02/2020 09:00 AM

**ROOM:**          3rd Floor Courtroom

**ADDRESS:**    Cullman County Courthouse

500 2nd Avenue SW

Cullman, AL 35055

**DATE ISSUED:**  10/26/2020

/s/ LISA MCSWAIN
_____
Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Please be on call for testimony during the week of November 2, 2020 - November 6, 2020.

For questions, please contact Kendall Lee at (205) 326-6600 or klee@pljpc.com.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**                  court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order

to _____

_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.



ELECTRONICALLY FILED
10/26/2020 7:17 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and pursuant to the Court's Standing Pre-Trial Scheduling Order (Doc. 26), asserts the following objections to Defendant's Witness List (Doc. 465):

## I.    GENERAL OBJECTIONS

1.     Plaintiff objects to the proposed testimony of all witnesses who are not specifically identified in the Defendant's Witness List by name and address, in violation of the Standing Pre-Trial Scheduling Order of the Circuit Court of Cullman County. See Doc. 26, ¶ 9(b).

2.     Plaintiff objects to the introduction of any undisclosed expert testimony and opinions at trial.  Plaintiff further objects to the introduction of any expert witnesses who were not properly and timely identified by the Defendant in response to the Plaintiff's discovery requests or pursuant to the Defendant's obligations under the Alabama Rules of Civil Procedure and/or the Standing Pre-Trial Scheduling Order of the Circuit Court of Cullman County. See Doc. 26, ¶ 3; Ala. R. Civ. P. 26(a), 37(c); Ala. R. Evid. 403.

## II.    **SPECIFIC OBJECTIONS**

Plaintiff asserts the following specific objections to Defendant's Witness List (Doc. 465):

| DEFENDANT'S WITNESS LIST | | |
|---|---|---|
| Witness No. | Description | Objection(s) |
| 15 | Wilson Blaylock | Plaintiff objects to any testimony or opinions from Wilson Blaylock on the grounds that Mr. Blaylock is the District Attorney of Cullman County and he is not a necessary fact witness in this case. The Defendant cannot demonstrate a compelling need to call Mr. Blaylock as a witness, and any testimony or opinions to be offered by Mr. Blaylock in this case would be (1) based on hearsay within hearsay; (2) irrelevant, immaterial, unduly prejudicial, inflammatory, confusing, and misleading to the jury; and (3) inadmissible under Alabama law.  See Ala. R. Evid. 401-403, 801-802, 805; see also Gadsden v. Head, 429 So. 2d 1005, 1007 (Ala. 1983)  ("An acquittal in a criminal case is not dispositive of the issues presented in a civil proceeding arising out of the same set of operative facts . . . . [A] judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto . . . . A judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved."); Bredeson v. Croft, 326 So. 2d 735, 736 (Ala. 1976) ("a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different"). The Plaintiff will be substantially and |

| | | irreparably prejudiced if Mr. Blaylock is permitted to testify as a witness at the trial of this case. |
|---|---|---|
| 20 | Any person identified or referenced in any deposition | Plaintiff objects to this category of witnesses on the grounds that it is vague, overly broad, and unclear as to which witness(es) the Defendant is referencing. Plaintiff reserves the right to assert additional objections in response to any witnesses who may be called pursuant to this category. |
| 21 | Any witness needed for impeachment | Plaintiff objects to this category of witnesses on the grounds that it is vague, overly broad, and unclear as to which witness(es) the Defendant is referencing. Plaintiff reserves the right to assert additional objections in response to any witnesses who may be called pursuant to this category. |
| 22 | Any witness needed for rebuttal | Plaintiff objects to this category of witnesses on the grounds that it is vague, overly broad, and unclear as to which witness(es) the Defendant is referencing. Plaintiff reserves the right to assert additional objections in response to any witnesses who may be called pursuant to this category. |

Respectfully submitted this 26th day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

3

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26<u>th</u> day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL



ELECTRONICALLY FILED
10/26/2020 7:20 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| **as Administrator and Personal** ) | |
| **Representative of the ESTATE** ) | |
| **OF ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA, deceased,** ) | **CIVIL ACTION NO.** |
| ) | **CV-2016-900001** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DANIEL B. SNYDER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and pursuant to the Court's Standing Pre-Trial Scheduling Order (Doc. 26), asserts the following objections to Defendant's Exhibit List (Doc. 467):

## I.   GENERAL OBJECTIONS

1.      Plaintiff objects to the use of any exhibits that have not previously been produced by the Defendant during the course of discovery and/or in accordance with the Alabama Rules of Civil Procedure and the Standing Pre-Trial Scheduling Order of the Circuit Court of Cullman County (Doc. 26).

2.      To the extent that the Defendant plans to introduce any portion of any deposition at trial, Plaintiff reserves all objections to those portions that may be offered.

## II.   <u>SPECIFIC OBJECTIONS</u>

Plaintiff asserts the following specific objections to Defendant's Exhibit List (Doc. 467):

| DEFENDANT'S EXHIBIT LIST | | |
|---|---|---|
| **Exhibit No.** | **Description** | **Objection(s)** |
| 1 | Curriculum Vitae of Robert Taylor | Plaintiff objects to this exhibit on the grounds that the Curriculum Vitae of Robert Taylor is hearsay, unauthenticated, irrelevant, immaterial, unduly prejudicial, confusing, and misleading to the jury. <u>See</u> Ala. R. Evid. 401-403, 801-802, 901. |
| 2 | Curriculum Vitae of Chris Van Ee | Plaintiff objects to this exhibit on the grounds that the Curriculum Vitae of Chris Van Ee is hearsay, unauthenticated, irrelevant, immaterial, unduly prejudicial, confusing, and misleading to the jury.  <u>See</u> Ala. R. Evid. 401-403, 801-802, 901. |
| 3 | Daniel B. Snyder's Rule 26 Expert Disclosures | Plaintiff objects to this exhibit on the grounds that the Rule 26 Expert Disclosures filed by the Defendant is hearsay, unauthenticated, irrelevant, immaterial, unduly prejudicial, confusing, and misleading to the jury. <u>See</u> Ala. R. Evid. 401-403, 801-802, 901. |
| 11 | Portions of Snyder's medical records from Huntsville Hospital | Plaintiff objects to this exhibit on the grounds that it is vague, overly broad, and unclear as to which specific documents the Defendant is referencing. Plaintiff further objects to this exhibit on the grounds that it violates the rule of completeness found at Rule 106 of the Alabama Rules of Evidence. <u>See</u> Ala. R. Evid. 106. |
| 12 | Portions of medical records from Huntsville Hospital | Plaintiff objects to this exhibit on the grounds that it is vague, overly broad, and unclear as to which specific documents the Defendant is referencing. Plaintiff further objects to this exhibit on the grounds that it violates the rule of completeness found at |

| | | |
|---|---|---|
| | | Rule 106 of the Alabama Rules of Evidence. <u>See</u> Ala. R. Evid. 106. |
| 29 | Email chain between Kendall Lee and Trooper Williams on October 31, 2018 | Plaintiff objects to this exhibit on the grounds that the e-mail chain between Kendall Lee and Trooper Williams is hearsay, unauthenticated, irrelevant, immaterial, unduly prejudicial, confusing, and misleading to the jury. <u>See</u> Ala. R. Evid. 401-403, 801-802, 901. |
| 30 | Email chain dated January 12-14, 2015 between Glenda Tidwell and Trooper John Williams | Plaintiff objects to this exhibit on the grounds that the e-mail chain between Glenda Tidwell and Trooper Williams is hearsay, unauthenticated, irrelevant, immaterial, unduly prejudicial, confusing, and misleading to the jury. <u>See</u> Ala. R. Evid. 401-403, 801-802, 901. |
| 40 | March 22, 2017 correspondence from Wilson Blaylock to Sheriff Matt Gentry | Plaintiff objects to this exhibit on the grounds that it is irrelevant, immaterial, unauthenticated, hearsay, unduly prejudicial, inflammatory, confusing and misleading to the jury, and inadmissible under Alabama law. <u>See</u> Ala. R. Evid. 401-403, 801-802, 805, 901; <u>see also</u> <u>Gadsden v. Head</u>, 429 So. 2d 1005, 1007 (Ala. 1983)  ("An acquittal in a criminal case is not dispositive of the issues presented in a civil proceeding arising out of the same set of operative facts . . . . [A] judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto . . . . A judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved."); <u>Bredeson v. Croft</u>, 326 So. 2d 735, 736 (Ala. 1976) ("a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the |

| | | criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different"). |
|---|---|---|
| 41 | Complete copy of Alabama Law Enforcement Agency Investigation file relating to the accident | Plaintiff objects to this exhibit to the extent that it contains any information concerning the matters sought to be excluded in Plaintiff's Motions in Limine. Plaintiff further objects to the extent that it includes any documents or information which are hearsay, irrelevant, immaterial, unauthenticated, unduly prejudicial, inflammatory, or inadmissible for any other purpose under Alabama law and/or the Alabama Rules of Evidence. See Ala. R. Evid. 401-403, 801-802, 805, 901. Plaintiff reserves the right to assert additional objections in response to any documents or materials being offered pursuant to this exhibit category. |
| 43 | Any document referenced in or attached to any deposition | Plaintiff objects to this exhibit on the grounds that it is vague, overly broad, and unclear as to which specific documents the Defendant is referencing. Plaintiff further objects to this exhibit to the extent that it contains any information concerning the matters sought to be excluded in Plaintiff's Motions in Limine. Plaintiff further objects to the extent that it includes any documents which are hearsay, irrelevant, immaterial, unauthenticated, unduly prejudicial, or inadmissible for any other purpose under Alabama law and/or the Alabama Rules of Evidence. See Ala. R. Evid. 401-403, 801-802, 805, 901. Plaintiff reserves the right to assert additional objections in response to any documents being offered pursuant to this exhibit category. |
| 44 | Any documents needed for impeachment | Plaintiff objects to this exhibit on the grounds that it is vague, overly broad, and unclear as to which specific documents the Defendant is referencing. Plaintiff further objects to this exhibit to the extent that it contains any information concerning the |

| | | |
|---|---|---|
| | | matters sought to be excluded in Plaintiff's Motions in Limine. Plaintiff further objects to the extent that it includes any documents which are hearsay, irrelevant, immaterial, unauthenticated, unduly prejudicial, or inadmissible for any other purpose under Alabama law and/or the Alabama Rules of Evidence. See Ala. R. Evid. 401-403, 801-802, 805, 901. Plaintiff reserves the right to assert additional objections in response to any documents being offered pursuant to this exhibit category. |
| 45 | Any documents needed for rebuttal | Plaintiff objects to this exhibit on the grounds that it is vague, overly broad, and unclear as to which specific documents the Defendant is referencing. Plaintiff further objects to this exhibit to the extent that it contains any information concerning the matters sought to be excluded in Plaintiff's Motions in Limine. Plaintiff further objects to the extent that it includes any documents which are hearsay, irrelevant, immaterial, unauthenticated, unduly prejudicial, or inadmissible for any other purpose under Alabama law and/or the Alabama Rules of Evidence. See Ala. R. Evid. 401-403, 801-802, 805, 901. Plaintiff reserves the right to assert additional objections in response to any documents being offered pursuant to this exhibit category. |

Respectfully submitted this 26th day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/26/2020 7:21 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE,      )
as Administrator and Personal      )
Representative of the ESTATE      )
OF ALBINA AGDASOVNA      )
SHARIFULLINA, deceased,      )      CIVIL ACTION NO.
      )      CV-2016-900001
      Plaintiff,      )
      )
v.      )
      )
DANIEL B. SNYDER,      )
      )
      Defendant.      )

## PLAINTIFF'S MOTIONS IN LIMINE

Comes now the Plaintiff, **MARINA STEWART-MAGEE**, **as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA,** and respectfully moves this Honorable Court to enter an order prohibiting the Defendant, the Defendant's attorney(s), and all witnesses called by or on behalf of the Defendant from making any statement in the presence of the jury or offering any testimony or evidence concerning the following matters:

**1.    Defendant's Children**

The Defendant should be precluded from offering any evidence or testimony concerning his minor children, Victoria and Benjamin Snyder, who were born after the date of the subject accident. It is anticipated that the Defendant will offer evidence of his children to elicit sympathy from the jury and/or imply that the Defendant has financial obligations which may be affected if a monetary judgment is rendered against him. However, the Supreme Court of Alabama has repeatedly held that evidence concerning the financial condition of a litigant is improper and inadmissible. See Bowers v. Wal-Mart Stores, Inc., 827 So. 2d 63, 72 (Ala. 2001); Holt v. State

Farm Auto. Ins. Co., 507 So. 2d 388 (Ala. 1986); Southern Life & Health Ins. Co. v. Whitman, 358 So. 2d 1025, 1026 (Ala. 1978); Miller v. Dacovich, 355 So. 2d 1109, 1110 (Ala. 1978).

Furthermore, the fact that the Defendant has children is irrelevant in this case, and any reference to or mention of the Defendant's children will serve no purpose other than to garner sympathy from the jury, confuse the issues, mislead the trier of fact, and unfairly prejudice the Plaintiff. Any evidence or testimony concerning the Defendant's children should therefore be excluded under Rules 401, 402, and 403 of the Alabama Rules of Evidence. See Ala. R. Evid. 401-03. The Defendant's status as a father also constitutes improper character evidence and is therefore inadmissible under Rule 404 of the Alabama Rules of Evidence. See Ala. R. Evid. 404.

**2.      Death of Defendant's Second Child**

The Defendant should be precluded from offering any evidence concerning the death of his second child. Such evidence has no bearing on any issue to be decided by the jury in this case, and any reference to or mention of this evidence will garner sympathy from the jury, confuse the issues, mislead the trier of fact, and unfairly prejudice the Plaintiff. Ala. R. Evid. 401-03.

**3.      Cancer Diagnosis and Death of Defendant's Brother, David Snyder**

The Defendant should be precluded from offering any evidence concerning the cancer diagnosis and resulting death of the Defendant's brother, David Snyder. Such evidence has no bearing on any issue to be decided by the jury in this case, and any reference or mention of the same will garner sympathy from the jury, confuse the issues, mislead the trier of fact, and unfairly prejudice the Plaintiff. Ala. R. Evid. 401-03.

**4.      Evidence or testimony that no criminal charges have been brought against Daniel Snyder**

The Defendant should be precluded from making any statements or offering any evidence or testimony that no criminal charges have been brought against the Defendant in connection with

the subject accident. The burden of proof in a criminal case is much higher than the burden of proof in a civil case, and the fact that the Defendant has not been criminally charged is neither relevant nor material to any issue to be decided by the jury in this case. See Ala. R. Evid 401-02; Gadsden v. Head, 429 So. 2d 1005, 1007 (Ala. 1983) ("An acquittal in a criminal case is not dispositive of the issues presented in a civil proceeding arising out of the same set of operative facts . . . . [A] judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto . . . . A judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved."); Bredeson v. Croft, 326 So. 2d 735, 736 (Ala. 1976) ("a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different"). In addition to being irrelevant, the admission of this evidence would create unfair prejudice, confusion of the issues, and mislead the jury. See Ala. R. Evid. 401-403.

## 5.    Defendant's Character

The Defendant should be precluded from introducing evidence of or making references to his character at trial. The Defendant and his counsel should specifically be prohibited from making any character remarks in opening statement, closing argument, or otherwise in front of the jury in an attempt to establish the "good character" of the Defendant, including, but not limited to, the Defendant's awards, accomplishments, charity fundraiser(s), campaign(s), and/or contributions, etc. It is black letter law that character evidence is not admissible to prove action in conformity

3

therewith, and none of the limited exceptions under which character evidence is admissible apply to this case. See Ala. R. Evid. 404(a); Smith v. Civil Serv. Bd., 289 So. 2d 614, 620 (Ala. 1974) ("The longstanding general rule in Alabama is that the character of a party to a civil action is not admissible to show conduct on a specific occasion").

**6.     Defendant's Alleged "Habit" of Using Kill Switch While Driving SeaDoo**

The Defendant should be precluded from making any statements, arguments, or suggestions in the presence of the jury that the Defendant has a habit of using the engine cutoff switch (a/k/a "kill switch") while driving his SeaDoo. As an initial matter, the Defendant has not laid a sufficient foundation to establish the existence of a "habit" in this regard. Nor has the Defendant established that using an engine cutoff switch while operating a SeaDoo qualifies as a "habit" or "routine practice" within the meaning of Alabama law. See Ala. R. Evid. 406; DeLeon v. Kmart Corp., 735 So. 2d 1214, 1218 (Ala. Civ. App. 1998).  A "[h]abit refers to the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that makes it probative . . . . Habits have a reflexive, almost instinctive quality . . . . If conduct 'entails some amount of judgment and decision making, [it] is too complex and is susceptible to too much variation to qualify as habit evidence.'" DeLeon v. Kmart Corp., 735 So. 2d 1214, 1218 (Ala. Civ. App. 1998). The decision to use of an engine cutoff switch on a SeaDoo is not an involuntary or reflexive reaction to a repeated situation, as required by Rule 406. Furthermore, even if using an engine cutoff switch could somehow qualify as evidence of a "habit" (though it does not), there is no evidence in the record regarding the Defendant's use of an engine cutoff switch while operating his SeaDoo at night in an intoxicated condition. See Advisory Committee Notes to Ala. R. Evid. 406 ("[h]abit requires a regular response to a repeated situation").

In addition to being inadmissible under Rule 406, any self-serving evidence or testimony concerning the Defendant's alleged "habit" of using a kill switch should be excluded as improper character evidence, unfairly prejudicial to the Plaintiff, and confusing/misleading to the jury. See Ala. R. Evid. 403-404; Smith v. Civil Serv. Bd., 289 So. 2d 614, 620 (Ala. 1974) ("The longstanding general rule in Alabama is that the character of a party to a civil action is not admissible to show conduct on a specific occasion").

### 7.    Any suggestion that the Plaintiff's decedent, Albina Sharifullina, had a propensity to partake in high-risk activities

The Defendant should be precluded from making any statements, arguments, suggestions, or accusations in the presence of the jury that the Plaintiff's decedent, Albina Sharifullina, had a propensity to partake in high-risk activities. Such "propensity" evidence is nothing more than improper character evidence forbidden under Rule 404 of the Alabama Rules of Evidence and is precisely the type of evidence that is virtually never admissible in a civil case. See Ala. R. Evid. 404 ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"); Smith v. Civil Serv. Bd., 289 So. 2d 614, 620 (Ala. 1974) ("The longstanding general rule in Alabama is that the character of a party to a civil action is not admissible to show conduct on a specific occasion"); Charles W. Gamble & Robert J. Goodwin, McElroy's Alabama Evidence, § 34.01(1) (6th ed. 2009).

Any propensity allegations concerning the Plaintiff's decedent should also be excluded as lacking proper foundation, unfairly prejudicial to the Plaintiff, and misleading to the jury. See Ala. R. Evid. 403, 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Although the Defendant claims to have met the Plaintiff's decedent in May of 2014, the Defendant did not exchange telephone numbers with the Plaintiff's decedent until June 19, 2014 – i.e., only two

weeks prior to the date of the subject accident. To allow the Defendant to launch a character attack on the Plaintiff's decedent based on the limited amount of time he spent with her would mislead the jury and be unfairly prejudicial to the Plaintiff. See Ala. R. Evid. 403.

**8.      Documents, Records, and Materials Not Produced in Discovery**

The Defendant should be precluded from offering any documents, records, or other materials which were not identified or produced by the Defendant in response to Plaintiff's discovery requests or pursuant to the Defendant's obligations under the Alabama Rules of Civil Procedure and/or the Standing Pre-Trial Scheduling Order of the Circuit Court of Cullman County (Doc. 26). The Plaintiff would be unfairly surprised and substantially prejudiced by the admission of such documents, records, and/or materials. See Ala. R. Evid. 403.

**9.      Undisclosed Expert Testimony and Opinions**

The Defendant should be precluded from offering any undisclosed expert testimony and opinions at trial.  The Defendant should likewise be precluded from calling any expert witnesses who were not properly and timely identified in response to the Plaintiff's discovery requests or pursuant to the Defendant's obligations under the Alabama Rules of Civil Procedure and/or the Standing Pre-Trial Scheduling Order of the Circuit Court of Cullman County See Doc. 26, ¶ 3; Ala. R. Civ. P. 26(a), 37(c); Ala. R. Evid. 403.

**10.     Additional Evidence to be Excluded**

In addition to the foregoing evidentiary matters, Plaintiff respectfully moves the Court for an Order excluding the following:

- **Golden Rule Arguments.** Any suggestion that the jurors should place themselves in the position of the Defendant. Such "Golden Rule" arguments are inappropriate under Alabama law and are due to be excluded under Rules 402 and 403 of the Alabama Rules of Evidence.

- **Offers of Settlement or Compromise.** Any evidence, testimony, or statements regarding any offers of settlement or compromise between the parties and/or their representatives in this case. <u>See</u> Ala. R. Evid. 401-03, 408.

Respectfully submitted this 26th day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that I have on this 26th day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
10/27/2020 4:48 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

JARED JOHNSON

CRANE HILL FIRE DEPT.
15123 COUNTY RD. 222
CRANE HILL, AL 35053

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

| | | **ADDITIONAL INSTRUCTIONS** |
| --- | --- | --- |
| **DATE:** | 11/02/2020 09:00 AM | Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** | 3rd Floor Courtroom | |
| **ADDRESS:** | Cullman County Courthouse | Please be on call for testimony during the week of November 2, 2020 - November 6, 2020. |
| | 500 2nd Avenue SW | |
| | Cullman, AL 35055 | For questions, please contact Kendall Lee at klee@pljpc.com or (205) 566-8164. |
| **DATE ISSUED:** | 10/27/2020 | |

/s/ LISA MCSWAIN
_____
Signature of Court Clerk             Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**        court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff             Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENT 487



ELECTRONICALLY FILED
10/28/2020 10:43 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

ALBINA AGDASOVNA SHARIFULLINA,
DECEASED MARINA STE,
Plaintiff,

V.

SNYDER DANIEL B.,
WHITLOCK JEFFREY HOWARD,
WHITLOCK JEFFREY HUNTER,
Defendants.

Case No.:    CV-2016-900001.00

**ORDER**

Plaintiff shall file any objections to  MOTION FOR IN LIMINE filed by the Defendant by noon Friday, October 30, 2020. Any objection shall be taken up prior to trial.

**DONE this 28th day of October, 2020.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
10/28/2020 10:43 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

ALBINA AGDASOVNA SHARIFULLINA,  )
DECEASED MARINA STE,  )
Plaintiff,  )
)
V.  )  Case No.:      CV-2016-900001.00
)
SNYDER DANIEL B.,  )
WHITLOCK JEFFREY HOWARD,  )
WHITLOCK JEFFREY HUNTER,  )
Defendants.  )

## ORDER

Defendant shall file any objections to  MOTION FOR IN LIMINE filed by the Plaintiff by noon Friday, October 30, 2020. Any objection shall be taken up prior to trial.

**DONE this 28th day of October, 2020.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/28/2020 4:33 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
   **(For Juvenile cases only):**
☐ **In the Matter of** _____

MR. JOHN BARNES

60 BROOKLINE DRIVE
HATTIESBURG, MS 39402

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☑ Appear at trial
2. ☐ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

**DATE:** 11/04/2020 09:00 AM
**ROOM:** 3rd Floor Courtroom
**ADDRESS:** Cullman County Courthouse
500 2nd Avenue SW
Cullman, AL 35055
**DATE ISSUED:** 10/28/2020

Please appear for testimony on Wednesday, November 4, 2020.

For questions, please contact Mark Lee (mlee@pljpc.com) or Kendall Lee (klee@pljpc.com).

/s/ LISA MCSWAIN
_____
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)   Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
10/30/2020 11:00 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY

ALBINA AGDASOVNA SHARIFULLINA,    )
DECEASED MARINA STE,              )
Plaintiff,                        )
                                  )
V.                                )   Case No.:    CV-2016-900001.00
                                  )
SNYDER DANIEL B.,                 )
WHITLOCK JEFFREY HOWARD,          )
WHITLOCK JEFFREY HUNTER,          )
Defendants.                       )

## ORDER

As a result of recently adopted COVID-19 protocols, changes have been made to the normal court procedure for jury trials.  Only the lawyers and parties in the first case that is set for trial, MARINA STEWART-MAGEE, AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE v. DANIEL B. SNYDER, et al., CV-2016-900001, will need to appear in person by 10:00 a.m. in circuit courtroom number one on November 2, 2020.  *Voir dire* is planned to begin in that case around 10:00 that morning.  Witnesses in that case should be placed on call until shortly before their testimony is needed.

The remaining cases set for trial on the November 2, 2020 civil jury trial docket will NOT need to appear at the courthouse at 10:00 a.m. for docket call.  <u>However, attorneys having cases on the November 1, 2020 jury trial docket should contact their clients and all witnesses expected to be called by a party no later than the Friday preceding the start of civil jury trials and inform them they are being placed on and should be ready to appear at 9:00 a.m. Tuesday, November 3, 2020, if necessary</u>.  If your case is called for trial, you will be notified as soon as possible by phone either at your office or at any other telephone number that you have provided to my judicial assistant.  Notification will also be posted on

the new court website, cullman.alacourt.gov.  All attorneys, parties and witnesses will remain on call for the remainder of the week or until such time as the jury venire is released.

**DONE this 30th day of October, 2020.**

**/s/ GREGORY A NICHOLAS** _____
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
10/30/2020 11:52 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA**, | ) | **CIVIL ACTION NO.** |
| | ) | **25-CV-2016-900001** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT DANIEL B. SNYDER'S
### OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

Defendant Daniel B. Snyder ("Snyder") respectfully submits this Opposition to the Motion *in* Limine filed by Plaintiff Marina Stewart-Magee ("Plaintiff") (Doc. 483). Plaintiff's Motion is due to be DENIED. In Opposition, Snyder states as follows:

I.    **ARGUMENT**

1.    **Evidence concerning Trooper John Williams' efforts to bring charges against Snyder and the District Attorney Wilson Blaylock's refusal to do so is relevant for impeachment evidence and to show bias against Snyder**

Plaintiff's Motion in *Limine* should be denied concerning her efforts to exclude any statements or offering any evidence that no criminal charges have been brought against Snyder in connection with the Sea-Doo accident. Plaintiff's primary witness in support of her claims against Snyder is Trooper John Williams ("Trooper Williams"), an Alabama Law Enforcement Agency marine patrol officer who served as the primary investigator of the accident. Snyder has moved to exclude Trooper Williams from testifying as a fact or expert witness. Trooper Williams did not witness the accident and for the reasons stated in Snyder's Motion in *Limine*, Trooper Williams is neither reliable nor qualified to provide expert testimony on biomechanics to give a competent

opinion on whether Snyder was the driver of the Sea-Doo.  Should this Court allow Trooper Williams to testify in any capacity, Snyder must be allowed to introduce evidence that no charges were brought against him even though Trooper Williams persistently lobbied the District Attorney Wilson Blaylock ("District Attorney Blaylock") to do so.  This evidence will be used to impeach Trooper Williams and demonstrate his bias against Snyder.  Snyder further proposes that the Court provide a jury instruction explaining what inferences the may and may not draw from the lack of a criminal charge.

In *Maffett v. Roberts*, 388 So. 2d 972 (Ala. 1980), the Alabama Supreme Court held that the trial court did not err by allowing a state trooper to testify that no charges were brought against an alleged intoxicated driver who was the defendant in a wrongful case.  The plaintiff appealed following a defense verdict, arguing that the trial court improperly allowed evidence that the defendant was not charged.  *Id.*  During the trial, the court allowed evidence of the defendant's blood-alcohol level over his objection, but let the investigating state trooper testify that no charges were brought against him arising from the accident.  *Id.* at 976-977.  Because the trial court admitted the defendant's blood-alcohol level, the Alabama Supreme Court held, "the court properly allowed by way of cross-examination of the plaintiff's witness, Trooper Bishop, to elicit for the jury's consideration the fact that the defendant was not charged with driving while intoxicated." *Id.*  The trial court gave an instruction concerning the testimony:

> The trial court told the jury that the defendant had a right to argue that the lack of charges against him might have an inference as to whether or not he had committed a wrongful act. The court at the same time said that "they don't have to bring an action for the defendant to be guilty.... (T)he fact that (Trooper Bishop) didn't bring a charge doesn't mean that he didn't commit the crime.... Not the crime, the wrong." The instruction above was not reversible, prejudicial error as it did not probably injuriously affect substantial rights of the parties.

*Id.* at 977.  In affirming the lower court, the Alabama Supreme Court held that "[t]he trial court clearly explained the purpose for which the testimony was introduced, and that the lack of charges did not mean lack of liability by the defendant."  388 So. 2d at 977.

Evidence of Snyder's non-arrest is relevant to raise an inference to the jury that Snyder did not commit a wrongful act on the night in question.  Like the *Maffett* case, it is especially true if the Court allows Snyder's blood results into evidence.  In all fairness, if the Court allows Plaintiff to argue that Snyder was not only driving the Sea-Doo, but was also doing so while intoxicated, then Snyder must be able to argue that District Attorney Blaylock declined to prosecute Snyder because there was insufficient evidence to support Snyder was the driver.

The efforts of Trooper Williams to lobby District Attorney Blaylock to indict Snyder, and District Attorney Balylock's failure to do so, is additionally relevant to show Trooper Williams' bias against Snyder.  Under Alabama Rule of Evidence 606, "[a] party may attack the credibility of a witness by presenting evidence that the witness has a bias or prejudice for or against a party to the case or that the witness has an interest in the case."  *See also Ex parte Baggett*, 297 So. 3d 1168, 1173 (Ala. 2019) ("Evidence that provides insight into witness credibility or bias, however, is admissible.").  Trooper Williams, who has serious credibility issues arising from his varying conclusions of the accident, is hugely biased against Snyder.  In his deposition, Trooper Williams admitted that he did not bring a boating under the influence charge against Snyder because, in his words, "Gotta have a driver first."  After Trooper Williams expended great amounts of time and effort investigating Snyder, Trooper Williams unsuccessfully lobbied District Attorney Blaylock to indict Snyder.  District Attorney Blaylock's refusal to do so was a clear disappointment to Trooper Williams that Trooper Williams now seeks to remedy by testifying in favor of Plaintiff.  Snyder should be allowed to show his bias.

    **2.**    **Evidence concerning Snyder's practice of using the kill switch while driving the Sea-Doo is admissible as habit evidence**

Contrary to Plaintiff's Motion *in Limine*, Snyder's pattern and practice of consistently using the kill switch when driving the Sea-Doo is properly admissible as habit evidence.

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Ala. R. Evid. 406. Snyder has previously given sworn testimony that he has a habit of using the Sea-Doo's kill switch, a cord that he attaches to himself when driving that will automatically cut the engine off when he falls off the vessel. After the accident, the first responders found the Sea-Doo's engine running with the kill switch attached. Evidence of Snyder's habit of using the kill switch contrasted with the evidence of the attached kill switch to the Sea-Doo (rather than attached to Snyder) his evidence is probative to show that Snyder was not driving at the time of impact.

Plaintiff mistakenly reliefs upon *DeLeon v. Kmart Corp.*, 735 So. 2d 1214 (Ala. Civ. App. 1998) to argue that Snyder's habit of using the kill switch is not admissible habit evidence under Alabama Rule of Evidence 406. The *DeLeon* case involved Kmart customers who sued the store for false imprisonment and assault and battery. *Id.* At issue on appeal was whether the trial court properly admitted as habit evidence the fact that plaintiffs had previously made thirty-six prior complaints to the police department. *Id.* at 1217. The Alabama Supreme Court reversed a judgment as a matter of law in favor of Kmart because the so-called "habit" evidence of calling the police belittled the plaintiffs' claims in the eyes of the jury. *Id.* at 1218. In explaining habit evidence, the Court described it as "the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that makes it probative....Habits have

a reflexive, almost instinctive quality." *Id.* (quoting *Weil v. Seltzer*, 873 F.2d 1453, 1460 (D.C. Cir. 1989)).

Snyder's practice of using a kill switch is nothing similar to the complex decision making process of calling the police to report a potential crime like in *DeLeon*. Rather, using a kill switch is a reflexive and instinctive quality like attaching seat-belt when getting in a motor vehicle. In *Babcock v. General Motors Corp.,* 299 F.3d 60, 66 (1st Cir. 2002), a federal appeals court held that evidence that the decedent "always wore his seat belt, regardless of whether he was the driver or a passenger and regardless of the length of the trip" was properly admitted as habit evidence to prove the decedent was wearing a seatbelt at the time of the accident in question. Similar to *Babcock*, this Court should allow Snyder to introduce evidence that the detached kill switch is probative to support he was not the Sea-Doo driver.

### 3.   Evidence concerning Alya's propensity to partake in high-risk activities is relevant to show that she had the knowledge and opportunity to drive the Sea-Doo

The Court should allow Snyder to introduce evidence of Alya's high-risk activities, including driving the Sea-Doo, to show that she had the opportunity and knowledge to be the Sea-Doo driver at the time of the accident. Under Alabama Rule of Evidence 404(b), evidence of this quality is properly admissible:

> (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Ala. R. Evid. 404(b).

Snyder expects that Plaintiff will attempt to introduce evidence that Alya was not the driver of the Sea-Doo because she was unlicensed nor had experience.  Snyder's intends to use evidence's of Alya's high-risk activities, not to attack Alya's character or prove conformity in the accident, but to directly rebut any inferences Plaintiff will make that Alya could not have been the driver based upon her skills or practices.  Snyder will present evidence that Alya was knowledgeable and had the opportunity to drive the Sea-Doo by showing she actually could and did drive the Sea-Doo during their trip to the lake.  Additional evidence of Alya's propensity to indulge in other high-risk activities like jumping off bridges is further relevant and probative to rebut any argument Plaintiff may make that Alya was not the driver.

### 4.    Snyder's character

Because Plaintiff has no direct evidence to support her theory that Snyder was driving the Sea-Doo at the time of the accident, Snyder anticipates Plaintiff will attempt to invoke the passion of the jury by placing Snyder's character on trial.  Plaintiff has already listed his blood results as an exhibit and will try to use a uniformed law enforcement officer – Trooper Williams  - as her primary witness against Snyder.  To rebut Plaintiff's inferences of Snyder's wrongful conduct or poor judgment, Snyder should be allowed to introduce items into evidence concerning his accomplishments and contributions to society.  This is especially relevant when the only measure of damages under Alabama's wrongful death act is punitive.

Furthermore, even though Snyder suffered a serious concussion in the collision and was airlifted to a hospital, Snyder believes Plaintiff will accuse him of being a liar because he cannot remember who was driving the Sea-Doo at the time of the accident.  Under Alabama Rule of Evidence 608, Snyder can rightfully present evidence of his good truthful character when his

credibility is attacked.  Snyder's array of accomplishment certainly are probative of his truthfulness and would be properly admissible.

**5.      Snyder's children should not be barred from attending the trial**

Snyder fears that Plaintiff's efforts to bar any testimony about Snyder's children is a predicate to prevent Snyder from having his family attend the trial.  Indeed, Plaintiff argues that any reference or mention of Snyder's children "will serve no purpose other than to garner sympathy from the jury, confuse the issues, mislead the trier of fact, and unfairly prejudice the Plaintiff."  Plaintiff's Motion *in Limine* at 2.  Plaintiff has no legal basis to prevent any child of Snyder from attending the trial.  Snyder is proud of his family and should not be forced to hide his family when he testifies on the stand or is in the courtroom.

**6.  Snyder's Response to Plaintiff's other evidentiary matters**

For all other evidentiary matters that Plaintiff seeks to exclude, Snyder respectfully requests and reserves his right to object and oppose any rulings on these issues until and as they may arise during trial.

**II.      <u>CONCLUSION</u>**

For all the foregoing reasons, Plaintiff's Motion *in Limine* should be denied.

DATED:  October 30, 2020                              Respectfully submitted,


                                                                    */s/ Daniel S. Wolter*
                                                                    Daniel S. Wolter
                                                                    ***Attorney for Daniel B. Snyder***

DOCUMENT 495

**OF COUNSEL:**
Daniel S. Wolter ([dwolter@wolterlawfirm.com](mailto:dwolter@wolterlawfirm.com))
**DANIEL WOLTER LAW FIRM, INC.**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:      205-983-6440
Facsimile:      205-983-6443
***Attorney for Daniel B. Snyder***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 30, 2020.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
***Attorney for Marina Stewart-Magee***

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
***Attorney for Daniel B. Snyder***

*/s/ Daniel S. Wolter*
OF COUNSEL

ELECTRONICALLY FILED
10/30/2020 2:53 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

### IN THE CIRCUIT COURT OF CULLMAN CO

| | |
|---|---|
| **MARINA STEWART-MAGEE,** ) | |
| **as Administrator and Personal** ) | |
| **Representative of the Estate of** ) | |
| **ALBINA AGDASOVNA** ) | |
| **SHARIFULLINA** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| **VS.** ) | **25-CV-2016-900001** |
| ) | |
| **DANIEL B. SNYDER,** ) | |
| ) | |
| **Defendant.** ) | |

### NOTICE OF APPEARANCE

COMES NOW, Matthew K. Carter, Attorney at Law, and files this Notice of Appearance as attorney of record for the Defendant, Daniel B. Snyder, in the above referenced matter.

By:    /s/ *Matthew K. Carter*
Matthew K. Carter (CAR155)
Attorney for Defendant

OF COUNSEL:
FULLER, WILLINGHAM
 & CARTER, LLC
Attorneys at Law
413 1st Avenue SW
Cullman, AL 35055
(256) 734-2023 (telephone)
(256) 734-2086 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon counsel for all parties at interest in this cause by placing a true and exact copy of said pleading in the United States Mail, addressed to said counsel at his office, with sufficient postage thereupon to carry the same to its destination or by placing in the appropriate mail box at the Cullman County Courthouse or by electronic mail.

Marcus W. Lee, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
**Attorney for Marina Stewart-Magee**

Floyd D. Gaines, Esq.
Gaines, LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205
**Attorney for Daniel B. Snyder**

Daniel S. Wolter
Daniel Wolter Law Firm, INC.
402 Office Park Drive, Suite 100
Mountain Brook, AL 35223-2435
**Attorney for Daniel B. Snyder**

This the 30th day of October, 2020.

By:   /s/ *Matthew K. Carter*
Matthew K. Carter (CAR155)
Attorney for Defendant

ELECTRONICALLY FILED
10/30/2020 3:37 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

MARINA STEWART-MAGEE,       )
as Administrator and Personal    )
Representative of the ESTATE    )
OF ALBINA AGDASOVNA     )
SHARIFULLINA, deceased,     )       CIVIL ACTION NO.
                             )       CV-2016-900001
     Plaintiff,          )
                             )
v.                         )
                             )
DANIEL B. SNYDER,        )
                             )
     Defendant.        )

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION IN LIMINE

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased,** and responds the Defendant's Motion in Limine (Doc. 470) filed on October 26, 2020 as follows:

## OBJECTIONS

The Plaintiff objects to the following matters sought to be excluded by the Defendant in his Motion in Limine (Doc. 470):

| MIL Page Nos. | Subject |
|---|---|
| 1-4, 6-23 | Plaintiff objects to the exclusion of any testimony or opinions of Agent John Williams (f/k/a Trooper Williams) of the Alabama Law Enforcement Agency. |
| 1, 4, 6-23 | Plaintiff objects to the exclusion of any testimony or opinions of Lieutenant Daniel Cummings of the Cullman County Sheriff's Office. |
| 1, 4-6, 23-26 | Plaintiff objects to the exclusion of her own testimony. |
| 1, 5, 26-27 | Plaintiff objects to the exclusion of evidence concerning the age and physical condition of the Plaintiff's decedent, Albina Sharifullina. |

| | |
|---|---|
| 1, 5, 27-28 | Plaintiff objects to the exclusion of pre-accident photographs of the Plaintiff's decedent, Albina Sharifullina. |
| 1, 5, 28 | Plaintiff objects to the exclusion of relevant Facebook messages and text messages sent to and received by the Plaintiff's decedent, Albina Sharifullina. |
| 1, 5,  28-29 | Plaintiff objects to the exclusion of evidence regarding the Defendant's occupational status at the time of the subject accident. |
| 1, 5, 29-31 | Plaintiff objects to the exclusion of the Defendant's blood alcohol level at all times pertinent to the subject accident. |
| 1, 5, 31-32 | Plaintiff objects to the exclusion of evidence concerning the Defendant's possession (or lack thereof) of a valid vessel license at the time of the subject accident. |
| 1, 5, 31-32 | Plaintiff objects to the exclusion of evidence concerning the Defendant's vessel registration history at the time of the subject accident. |
| 1, 5, 32 | Plaintiff objects to the exclusion of evidence concerning the contents of the storage compartment in the Defendant's SeaDoo at the time of the subject accident. |
| 1, 5, 32 | Plaintiff objects to the exclusion of references to the Defendant's liability insurer(s) to the extent that the jury will need to be qualified regarding the same. |

Respectfully submitted this 30th day of October, 2020.

/s/ Kendall A. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

2

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30<u>th</u> day of October, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com

/s/ Kendall A. Lee
OF COUNSEL

ELECTRONICALLY FILED
11/1/2020 1:16 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, | ) | |
| | ) | 01-CV-2016-900001 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO CONTINUE

COMES NOW counsel for Daniel Snyder and hereby moves the Court to continue the case from the November 2, 2020 trial setting and reset the case on the next available trial docket. As grounds for this motion counsel asserts the following:

1.    At approximately 11:30 a.m. on November 1, 2020 undersigned counsel received a call from Robert Taylor. Mr. Taylor is serving as an accident reconstruction expert witness on behalf of Defendant. Mr. Taylor lives in Michigan.

2.    Late on the evening of October 31, 2020 Mr. Taylor learned that his son and daughter-in-law both received positive tests for COVID-19. Mr. Taylor and his wife were in contact with their son and daughter-in-law throughout the weekend. Pursuant to CDC and State of Michigan protocols Mr. Taylor is required to quarantine for fourteen (14) days.

3.    Mr. Taylor will not be allowed to fly due to his being in close contact with persons that have tested positive for COVID-19 in the past fourteen (14) days.

4.    This is a wrongful death case that involves detailed accident reconstruction. It is vital for the defendant's defense to have all expert witnesses giving live testimony as opposed to video or Zoom.

5.   Defendant fears that it will be prejudicial to his case if Mr. Taylor is not allowed to give live testimony.

6.   Counsel is attaching correspondence from Mr. Taylor regarding this information as well as positive test results of his son and daughter-in-law with privacy information redacted as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, undersigned counsel respectfully request the Court to continue the case from the November 2, 2020 to the next available trial docket.


/s/ Daniel S. Wolter_____
Daniel S. Wolter
***Attorney for Daniel B. Snyder***


**OF COUNSEL:**
Daniel S. Wolter (dwolter@wolterlawfirm.com)
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:     205-983-6440
Facsimile:      205-900-8095
***Attorney for Daniel B. Snyder***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on November 1, 2020.

Marcus W. Lee, Esq.
Kendall A. Lee, Esq.
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
*Attorney for Plaintiff Marina Stewart-Magee*

David R. Wells, Esq.
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Ave. N.
Birmingham, AL  35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd St. SE
Cullman, AL  35055-3508
*Attorneys for Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock*

/s/ Daniel S. Wolter
OF COUNSEL

3

# EXHIBIT A

## Carol Graves

| | |
|---|---|
| **From:** | Danny Wolter |
| **Sent:** | Sunday, November 1, 2020 12:32 PM |
| **To:** | Carol Graves |
| **Subject:** | FW: Covid Exposure to Bob Taylor |
| **Attachments:** | MyUofMHealth - Test Details - Cally Covid.pdf; MyUofMHealth - Test Details - Scott Covid.pdf |

Daniel S. Wolter
Daniel Wolter Law Firm, Inc.
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile
(205) 500-2781 Cell
dwolter@wolterlawfirm.com



**DANIEL WOLTER**
LAW FIRM, INC.

CONFIDENTIALITY NOTICE AND DISCLAIMER:  This electronic mail transmission may contain information that is confidential, privileged, proprietary in nature, or is otherwise legally exempt from disclosure.  If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, in whole or in part, including any attachments thereto.  If you have received this transmission in error, please delete the message and any attachments from your system without reading the content, and notify the sender immediately of the inadvertent transmission.  There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege that may attach to this communication.  Unless otherwise stated, the content of this message and its attachments.

**From:** Robert Taylor <Taylor@dreng.com>
**Sent:** Sunday, November 1, 2020 12:20 PM
**To:** Danny Wolter <dwolter@wolterlawfirm.com>
**Cc:** Carol Graves <cgraves@wolterlawfirm.com>; Robert Taylor <Taylor@dreng.com>
**Subject:** Covid Exposure to Bob Taylor

Mr. Wolter,
As we discussed attached are the two positive Covid test results from my son and daughter in law.  We all learned of these Covid positive results last night at around 11 pm.  Unfortunately my wife was in direct contact with them helping with grandchildren at the end of last week and I was in contact with my daughter in law yesterday.

According to the rules, my wife and I are now quarantined for 14 days and I am unable to fly as well.

I am sorry this occurred but for a variety of reasons we did not believe they were exposed to Covid and then they tested positive and now show symptoms.

Bob Taylor

Design Research Engineering
46475 DeSoto Ct
Novi, Mi 48377

taylor@dreng.com
248.761.8502 cell
248.668.5530 office direct

Assistant: Cindy Prossen
　　　　prossen@dreng.com
　　　　248.668.5532

11/1/2020                                 MyUofMHealth - Test Details

Name: ▓▓▓▓▓▓ ▓▓▓▓▓▓ | MRN: 039737681 | PCP: Jeffrey Robert Borgeson, MD

# SARS-CoV-2 by PCR - Details

## Component Results

| Component | Your Value | Standard Range |
|---|---|---|
| SARS-CoV-2 (COVID-19) by PCR | **Your Value**<br>**Detected by TaqPath Assay** | *Standard Range*<br>*Not detected by Abbott m2000,Not detected by Alinity,Not det* |
| SARS-CoV-2 Comment | **Your Value**<br>**2019 NOVEL CORONAVIRUS (COVID-19), PCR**<br>**Positive for 2019 Novel Coronavirus RNA**<br>**\*\* This is a Reportable Infection \*\***<br>**Report this result to UMHS Infection Control, 734-936-6355**<br>**or the county health department.**<br>**Testing was performed using the TaqPath COVID-19 Combo kit. This assay is**<br>**only for use under the Food and Drug Administration's Emergency Use**<br>**Authorization. Amplification of the three targets (SARS-CoV-2 ORF1ab, N**<br>**and S) as well as an internal control**<br>**takes place with in the same reaction.**<br>**Assay lower limit of detection: 250 virus copies/mL (10 copies per reaction)**<br>**Reference range: Not detected**<br>**Additional information about the interpretation and use of this test can be**<br>**found in the Pathology handbook and from the following fact sheets:**<br>**Healthcare Providers: https://www.fda.gov/media/136111/download**<br>**Patients: https://www.fda.gov/media/136114/download** | |
| Device: | **Your Value**<br>**TaqPath COVID-19 Combo kit** | |

## General Information

Ordered by Alexandra Christina Tiefel, PA-C

Collected on 10/30/2020 12:39 PM

11/1/2020

MyUofMHealth - Test Details

Resulted on 10/31/2020 11:59 AM

Result Status: Final result

This test result has been released by an automatic process.

MyChart® licensed from Epic Systems Corporation © 1999 - 2020

PRINT THIS PAGE  |  CLOSE THIS WINDOW

Name:  | MRN: 032708079 | PCP: Jeffrey Robert Borgeson, MD

## SARS-CoV-2 by PCR - Details

### Component Results

| Component | Your Value | Standard Range |
|---|---|---|
| SARS-CoV-2 (COVID-19) by PCR | Detected by TaqPath Assay | Not detected by Abbott m2000, Not detected by Alinity, Not det |

| SARS-CoV-2 Comment | 2019 NOVEL CORONAVIRUS (COVID-19), PCR |
|---|---|
| | Positive for 2019 Novel Coronavirus RNA |
| | ** This is a Reportable Infection ** |
| | Report this result to UMHS Infection Control, 734-936-6355 |
| | or the county health department. |
| | Testing was performed using the TaqPath COVID-19 Combo kit. This assay is only for use under the Food and Drug Administration's Emergency Use Authorization. Amplification of the three targets (SARS-CoV-2 ORF1ab, N and S) as well as an internal control takes place with in the same reaction. |
| | Assay lower limit of detection: 250 virus copies/mL (10 copies per reaction) |
| | Reference range: Not detected |
| | Additional information about the interpretation and use of this test can be found in the Pathology handbook and from the following fact sheets: |
| | Healthcare Providers: https://www.fda.gov/media/136111/download |
| | Patients: https://www.fda.gov/media/136114/download |

Device:   TaqPath COVID-19 Combo kit

### General Information

Ordered by Nastassia Cassandra Sylvestre, MD

Collected on 10/30/2020 12:05 PM (Nasopharyngeal)

Resulted on 10/31/2020 4:26 PM

Result Status: Final result

MyChart® licensed from Epic Systems Corporation © 1999 - 2020

DOCUMENT 502

DOCUMENT 504

ELECTRONICALLY FILED
11/1/2020 4:20 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

ALBINA AGDASOVNA SHARIFULLINA, )
DECEASED MARINA STE, )
Plaintiff, )
)
V. ) Case No.:       CV-2016-900001.00
)
SNYDER DANIEL B., )
WHITLOCK JEFFREY HOWARD, )
WHITLOCK JEFFREY HUNTER, )
Defendants. )

**ORDER**

Upon consideration of Defendant Synyder's motion to continue, it is hereby ORDERED that this case is continued and will be reset by the court at a later date.

**DONE this 1st day of November, 2020.**

                              **/s/ GREGORY A NICHOLAS**
                              **CIRCUIT JUDGE**

ELECTRONICALLY FILED
11/1/2020 5:05 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | **CIVIL ACTION NO.** |
| SHARIFULLINA, deceased, | ) | **CV-2016-900001** |
| | ) | |
| Plaintiff, | ) | **HEARING AND ORAL** |
| | ) | **ARGUMENT REQUESTED** |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT DANIEL B. SNYDER'S MOTION TO CONTINUE TRIAL SETTING AND MOTION TO SET THE MATTER FOR A HEARING ON NOVEMBER 2, 2020

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased**, and respectfully moves this Honorable Court to reconsider and set aside its Order granting the third Motion to Continue filed by the Defendant, Daniel B. Snyder, on November 1, 2020 (Doc. 502), and allow the parties to be heard on this matter in person on November, 2020. In support of said Motion, Plaintiff submits the following:

1.      The above-captioned lawsuit was filed on January 5, 2016 (Doc. 2) and involves a fatal SeaDoo collision which occurred in the early morning hours of Sunday, July 6, 2014 on Smith Lake in Cullman County, Alabama. Plaintiff Marina Stewart-Magee filed this lawsuit on behalf of the estate of her daughter, Albina Sharifullina, who died in the collision.

2.      The trial of this matter has already been continued four times, three of which were at the request of the Defendant. The trial was originally set for February 11, 2019, rescheduled to June 24, 2019, rescheduled August 26, 2019, rescheduled again to May 18, 2020, and again to

November 2, 2020. Defendant Daniel B. Snyder is now requesting another continuance based on the unavailability of an expert witness, Robert Taylor. The trial should not be continued on this ground alone. The video deposition of Mr. Taylor was taken by the parties on September 4, 2020, and the Defendant can present his deposition testimony to the jury, or alternatively, call Mr. Taylor to testify via remote video conference (e.g., Zoom). See Ala. R. Civ. P. 32 (a)(3)(F) ("the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . . upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.").

3.    The trial setting of November 2, 2020 should remain as scheduled. The continuances obtained by the Defendant have required the undersigned to repeatedly make arrangements with a myriad of witnesses, many of which are out of town, to ensure that they would be available to testify. These witnesses include a nurse, several law enforcement officers, emergency medical technicians, and other first responders who have had to alter their busy work schedules in order to be present at the trial this week. The Plaintiff's expert witnesses are also available to appear and testify at the November 2 trial setting. The Defendant's other expert witness, Dr. Chris Van Ee, is presumably available as well.

4.    Given the number of witnesses that will be called by the Plaintiff at trial, the Plaintiff anticipates that the Defendant will not be calling any witnesses – experts or otherwise – until the latter portion of next week – i.e., either Thursday or Friday. The length of time between the date of this motion and next Thursday would allow Mr. Taylor to be tested for COVID-19 and, if the results are negative, fly to Cullman to testify live and in person. Alternatively, Mr. Taylor can testify via Zoom.

2

5.      The Plaintiff is prepared to proceed with trial as scheduled on November 2, 2020 and should not have to further postpone the resolution of this matter. Another continuance of the trial would be prejudicial to the Plaintiff and her interests. Plaintiff therefore objects to yet another continuance requested by the Defendant (Doc. 502) and respectfully requests that this Honorable Court reconsider and set aside its Order granting the same. The Plaintiff also requests that the Court set this matter for a hearing on November 2, 2020.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Marina Stewart-Magee respectfully requests this Honorable Court to reconsider and set aside its Order granting the Motion to Continue filed by Defendant Daniel B. Snyder, and allow the trial to proceed as previously scheduled on November 2, 2020. The Plaintiff also requests that the Court set this matter for a hearing on November 2, 2020 and allow the attorneys for the parties to be heard on this issue.

Respectfully submitted this 1st day of November, 2020.

/s/ Kendall A. Lee
**Mark W. Lee (LEE003)**
**Kendall A. Lee (LEE091)**
Attorneys for Plaintiff
Marina Stewart-Magee

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of November, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com


                                        /s/ Kendall A. Lee_____
                                        OF COUNSEL

ELECTRONICALLY FILED
11/2/2020 10:00 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

ALBINA AGDASOVNA SHARIFULLINA,  )
DECEASED MARINA STE,
Plaintiff,                                )
                                           )
V.                                  )  Case No.:     CV-2016-900001.00
                                           )
SNYDER DANIEL B.,            )
WHITLOCK JEFFREY HOWARD,   )
WHITLOCK JEFFREY HUNTER,    )
Defendants.                  )

**ORDER**

MOTION TO RECONSIDER ORDER GRANTING CONTINUANCE filed by ALBINA
AGDASOVNA SHARIFULLINA, DECEASED MARINA STE is hereby DENIED.

**DONE this 2nd day of November, 2020.**

                                   **/s/ GREGORY A NICHOLAS**
                                   **CIRCUIT JUDGE**

ELECTRONICALLY FILED
11/4/2020 10:39 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | CIVIL ACTION NO. |
| | ) | CV-2016-900001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY
## ALABAMA LAW ENFORCEMENT AGENCY (DEPARTMENT
## OF PUBLIC SAFETY, DRIVER LICENSE DEPARTMENT)

**PLEASE TAKE NOTICE** that, upon the expiration of fifteen (15) days from the date of service of this notice, Plaintiff Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased, will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Alabama Law Enforcement Agency, Department of Public Safety, Driver License Department, Attn: Custodian of Records, 301 South Ripley Street, Montgomery, Alabama 36104,** to produce and certify copies of the documents, materials and/or electronically stored information specified in the attached subpoena.

Respectfully submitted this 4<u>th</u> day of November, 2020.

/s/ Kendall A. Lee
**Mark W. Lee (LEE003)**
**Kendall A. Lee (LEE091)**
Attorneys for Plaintiff
Marina Stewart-Magee

**<u>OF COUNSEL:</u>**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I have on this <u>4th</u> day of November, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com

/s/ Kendall A. Lee
OF COUNSEL

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
|     Defendant. | ) | |

---

**CIVIL SUBPOENA FOR PRODUCTION OF
DOCUMENTS UNDER ALA. R. CIV. P. 45**

---

**TO:**    **Alabama Law Enforcement Agency
Department of Public Safety
Driver License Department
Attn: Custodian of Records
301 South Ripley Street
Montgomery, Alabama 36104**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff, Marina Stewart-Magee, within fifteen (15) days after service of this subpoena:

That you produce a <u>certified</u>, accurate, legible, and complete copy of original records and permit the Plaintiff to inspect and copy the following documents:

**All documents and records concerning the below-named individual including, without limitation, a complete driving history report (MVR); driver's license information, including a front and back copy of the actual driver's license; boat/vessel license information, including any applications for a boat/vessel license; registration of all motor vehicles, boats, vessels, and personal watercrafts; license suspensions, revocations, and reinstatements; traffic tickets and/or citations; license/identification cards; Alabama Uniform Traffic Crash Reports and all other accident or incident reports; court-ordered driving courses; driving school records and/or training; and all other documents, records, or correspondence pertaining to the following individual:**

    **Daniel Benjamin Snyder
Alabama Driver's License No. 6493531**

**DOB: 8/26/1974**
**SSN: xxx-xx-6318**
**Sex: Male**
**Race: White**

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You may mail a certified, accurate, legible and complete copy of the requested documents or things to **Kendall A. Lee, Parsons, Lee & Juliano, P.C., 600 Vestavia Parkway, Suite 300, Birmingham, Alabama 35216**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in relevant part, as follows:

(c)   **Protection of Persons Subject to Subpoenas.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the

subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    **Duties in Responding to Subpoena.**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ala. R. Civ. P. 45(c)-(d)(1)(2).

Dated this _____ day of November, 2020.

/s/ Kendall A. Lee
Kendall A. Lee (LEE091)
Attorney for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com

**RETURN ON SERVICE:**
Executed by leaving a copy with

_____

_____

on this the _____ day of _____, 2020.

By: _____
    Deputy Sheriff or Process Server

_____
Clerk of the Court

By: _____
    Deputy Clerk

ELECTRONICALLY FILED
11/4/2020 10:39 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, deceased, | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY ALABAMA LAW ENFORCEMENT AGENCY (DEPARTMENT OF PUBLIC SAFETY, MARINE PATROL DIVISION)

**PLEASE TAKE NOTICE** that, upon the expiration of fifteen (15) days from the date of service of this notice, Plaintiff Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased, will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Alabama Law Enforcement Agency, Department of Public Safety, Marine Patrol Division, Attn: Custodian of Records, 301 South Ripley Street, Montgomery, Alabama 36104,** to produce and certify copies of the documents, materials and/or electronically stored information specified in the attached subpoena.

Respectfully submitted this 4th day of November, 2020.

/s/ Kendall A. Lee
**Mark W. Lee (LEE003)**
**Kendall A. Lee (LEE091)**
Attorneys for Plaintiff
Marina Stewart-Magee

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600

Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that I have on this 4th day of November, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Daniel S. Wolter, Esq.
**DANIEL WOLTER LAW FIRM, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

Floyd D. Gaines, Esq.
**GAINES LLC**
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com

/s/ Kendall A. Lee
OF COUNSEL

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **as Administrator and Personal** | ) | |
| **Representative of the ESTATE** | ) | |
| **OF ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, deceased,** | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2016-900001** |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**CIVIL SUBPOENA FOR PRODUCTION OF
DOCUMENTS UNDER ALA. R. CIV. P. 45**

**TO:    Alabama Law Enforcement Agency
       Department of Public Safety
       Marine Patrol Division
       Attn: Custodian of Records
       301 South Ripley Street
       Montgomery, Alabama 36104**

Pursuant to Rule 45 of the Alabama Rules of Civil Procedure, you are hereby commanded to do each of the following acts at the instance of the Plaintiff, Marina Stewart-Magee, within fifteen (15) days after service of this subpoena:

That you produce a <u>certified</u>, accurate, legible, and complete copy of original records and permit the Plaintiff to inspect and copy the following documents:

> **All documents and records concerning the below-named individual including, without limitation, boat/vessel license information; a front and back copy of the actual license and/or operator certification(s); a copy of all applications for a boat/vessel license; registration of all boats, vessels, and personal watercrafts; boat/vessel license suspensions, revocations, and reinstatements; all boating tickets and/or citations; license/identification cards; all accident or incident reports involving the below-named individual; boating education courses and testing; boating education records and/or training; and all other documents, records, and correspondence pertaining to the following individual:**
>
>     **Daniel Benjamin Snyder
>     Alabama Driver's License No. 6493531**

**DOB:** 8/26/1974
**SSN:** xxx-xx-6318
**Sex:** Male
**Race:** White

Plaintiff agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You may mail a certified, accurate, legible and complete copy of the requested documents or things to **Kendall A. Lee, Parsons, Lee & Juliano, P.C., 600 Vestavia Parkway, Suite 300, Birmingham, Alabama 35216**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Rule 45 of the Alabama Rules of Civil Procedure provides, in relevant part, as follows:

(c)     **Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the

subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)   If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    **Duties in Responding to Subpoena.**

      (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

      (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ala. R. Civ. P. 45(c)-(d)(1)(2).

      Dated this \_\_\_\_\_ day of November, 2020.


                                /s/ Kendall A. Lee_____
                                  Kendall A. Lee (LEE091)
                                  Attorney for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
klee@pljpc.com


**RETURN ON SERVICE:**
Executed by leaving a copy with

_____         Clerk of the Court

_____

_____         By: _____
                                                             Deputy Clerk

on this the \_\_\_\_\_ day of _____, 2020.


By: _____
      Deputy Sheriff or Process Server

ELECTRONICALLY FILED
11/5/2020 10:06 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARINA STEWART-MAGEE, | ) | |
| Who sues as Administrator and | ) | |
| Personal Representative of the Estate of | ) | |
| ALBINA AGDASOVNA | ) | |
| SHARIFULLINA, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  CV 16-900001 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL B. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE TO CLERK OF FILING DISCOVERY

TO:   Circuit Clerk of Cullman County
       Cullman County Courthouse

Please take notice that the following discovery document has been filed on behalf of defendant:

(X)     Non-Party Rule 45 Subpoena to Alabama Marine Patrol

/s/ Daniel S. Wolter_____
Daniel S. Wolter (WOL012)
Attorney for Daniel B. Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama  35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of November, 2020 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216

David R. Wells
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205

/s/ Daniel S. Wolter_____
OF COUNSEL

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARINA STEWART-MAGEE,** | ) | |
| **Who sues as Administrator and** | ) | |
| **Personal Representative of the Estate of** | ) | |
| **ALBINA AGDASOVNA** | ) | |
| **SHARIFULLINA, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  CV 16-900001** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DANIEL B. SNYDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF INTENT TO SERVE SUBPOENA ON A NON-PARTY**

     Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this notice that the **DEFENDANT** will apply to the Clerk

of this Court for issuance of a subpoena directed to:

       Records Custodian
       ALEA Marine Patrol
       301 S. Ripley Street
       Montgomery, Alabama 36104

to produce the documents or things at the time and place specified on the subpoena.


                           /s/ Daniel S. Wolter_____
                           Daniel S. Wolter (WOL012)
                           Attorney for Daniel B. Snyder

**OF COUNSEL:**
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, Alabama 35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile

DOCUMENT 514

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2020 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following:

Mark Lee
Kendall A. Lee
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216

David R. Wells
MUDD, BOLVIG, LUKE & WELLS, LLC
2011 4th Avenue North
Birmingham, AL 35203

Jason P. Knight, Esq.
KNIGHT & KNIGHT, LLC
210 2nd Street SE
Cullman, AL 35055

Floyd D. Gaines, Esq.
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, AL 35205

/s/ Daniel S. Wolter_____
OF COUNSEL

4

**IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA**

| | |
|---|---|
| **MARINA STEWART-MAGGE,** | ) |
| **Who sues as Administrator and** | ) |
| **Personal Representative of the Estate of** | ) |
| **ALBINA AGDASOVNA** | ) |
| **SHARIFULLINA, Deceased,** | ) |
| | ) |
| **Plaintiff,** | )   **Case No.:  CV 16-900001** |
| | ) |
| **v.** | ) |
| | ) |
| **DANIEL B. SNYDER,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**CIVIL SUBPOENA FOR PRODUCTION**</u>
<u>**OF DOCUMENTS UNDER RULE 45**</u>

**TO:**        Records Custodian
               ALEA Marine Patrol
               301 S. Ripley Street
               Montgomery, Alabama 36104

        You are hereby commanded, at the instance of the **Defendant**, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A COPY OF the personnel file for Trooper Mark John Williams.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. This subpoena does not expire and shall remain valid and enforceable throughout the duration of the aforementioned litigation.

        You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

        **You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  <u>**Please advise us if the reasonable copy cost will be over $50.00.  If the cost exceeds $50.00 and advance notice is not given, the undersigned reserved the right to return records and refuse payment.**</u>

**Should you choose to mail legible copies of the records requested,** Please deliver or mail them to: <u>**Daniel Wolter,**</u> **Daniel Wolter Law Firm, Inc, 402 Office Park Drive, Suite 100, Birmingham, Alabama, 35223,** within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

**(c)      Protection of Persons Subject to Subpoenas:**

   (1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

     (B)      Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party service the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

     (i)      fails to allow reasonable time for compliance.

     (ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the

provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)    Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

DATED: _____

/s/ Daniel S. Wolter
Daniel S. Wolter (WOL012)
Attorney for Defendant

ELECTRONICALLY FILED
12/3/2020 8:56 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-C |
|---|---|---|

# IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

ALEA MARINE PATROL

301 S. RIPLEY STREET
MONTGOMERY, AL 36104

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   DANIEL SERENUS WOLTER MR. 402 Office Park Drive, Ste 100 BIRMINGHAM, AL 35223 (205) 983-6440

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:**   12/18/2020 09:00 AM

**ROOM:**   Daniel Wolter Law Firm

**ADDRESS:**   402 Office Park Drive, Ste 100

Birmingham, AL 35223

**DATE ISSUED:**   12/3/2020

/s/ LISA MCSWAIN

Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

Please see attached subpoena.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**          court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order to

_____    on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
1/25/2021 1:51 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

**IN THE CIRCUIT COURT OF CULLMAN COUN**

ALBINA AGDASOVNA SHARIFULLINA,  )
DECEASED MARINA STE,             )
Plaintiff,                       )
                                 )
V.                               )   Case No.:      CV-2016-900001.00
                                 )
SNYDER DANIEL B.,                )
WHITLOCK JEFFREY HOWARD,         )
WHITLOCK JEFFREY HUNTER,         )
Defendants.                      )

**ORDER**

After consultation with Judge Martha Williams and Circuit Court Clerk Lisa

McSwain, it is hereby ordered that the civil trials set to begin the week of February 8, 2021

are hereby postponed and are tentatively reset for May 3, 2021, provided that public

health concerns do not necessitate another delay in the resumption of jury trials.

**DONE this 25th day of January, 2021.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
4/8/2021 1:29 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>25-( |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **MARINA STEWART-MAGEE, WHO SUES AS ADMINISTRATOR AND PERSONAL REPRESENT**
   **(For Juvenile cases only):**
☐ **In the Matter of** _____

ALEA - DEPT. OF PUBLIC SAFETY

MARINE PATROL DIVISION
301 SOUTH RIPLEY STREET
MONTGOMERY, AL 36104

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  KENDALL A. LEE POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 (205) 326-6600

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:**  04/24/2021 12:00 AM
**ROOM:**
**ADDRESS:**  600 Vestavia Parkway, Suite 300
             Birmingham, AL 35216

**DATE ISSUED:**  4/8/2021

/s/ LISA MCSWAIN
Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Please produce the documents, records, and information requested in the attached subpoena. For questions, please contact Kendall Lee at (205) 566-8164.

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**          court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                          Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENT 544

ELECTRONICALLY FILED
8/18/2021 4:59 PM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

|                                                      |   |                           |
|------------------------------------------------------|---|---------------------------|
| ALBINA AGDASOVNA SHARIFULLINA, DECEASED MARINA STE,  | ) |                           |
| Plaintiff,                                           | ) |                           |
|                                                      | ) |                           |
| V.                                                   | ) | Case No.:   CV-2016-900001.00 |
|                                                      | ) |                           |
| SNYDER DANIEL B.,                                    | ) |                           |
| WHITLOCK JEFFREY HOWARD,                             | ) |                           |
| WHITLOCK JEFFREY HUNTER,                             | ) |                           |
| Defendants.                                          | ) |                           |

## ORDER

A Suggestion of Bankruptcy having been filed in this action, it is hereby ORDERED that this action is stayed and the trial set for the week of August 23, 2021 is canceled.  It is further ORDERED that this case shall be placed on the administrative docket for a period of 12 months Counsel for the Defendant shall promptly file a notice in this action if the bankruptcy action is dismissed, a discharge entered or any other ruling of the bankruptcy court that might have a bearing on this case.

**DONE this 18th day of August, 2021.**

**/s/ GREGORY A NICHOLAS**
**CIRCUIT JUDGE**